| | |
|---|---|
| 1 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 2 | Margret Caruso (Bar No. 243473) |
| 3 | 555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, California 94065 |
| 4 | Telephone: (650) 801-5000 |
| | Fax: (650) 801-5100 |
| 5 | margretcaruso@quinnemanuel.com |
| 6 | Sam S. Stake (Bar No. 257916) |
| 7 | 50 California Street, 22nd Floor<br>San Francisco, California 94111 |
| 8 | Telephone: (415) 875-6600 |
| | Facsimile: (415) 875-6700 |
| 9 | samstake@quinnemanuel.com |
| 10 | Attorneys for Defendant/Counter-Plaintiff |
| 11 | BABYBUS (FUJIAN) NETWORK<br>TECHNOLOGY CO., LTD |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MOONBUG ENTERTAINMENT LIMITED and TREASURE STUDIO, INC., <br><br>Plaintiffs,<br><br>v.<br><br>BABYBUS (FUJIAN) NETWORK TECHNOLOGY CO., LTD,<br><br>Defendant. | CASE NO. 4:21-CV-06536-EMC<br><br>**BABYBUS (FUJIAN) NETWORK TECHNOLOGY CO., LTD'S ANSWER AND COUNTERCLAIMS**<br><br>Judge: Honorable Edward M. Chen<br><br>Courtroom: 5, 17th Floor |
| BABYBUS (FUJIAN) NETWORK TECHNOLOGY CO., LTD,<br><br>Counter-Plaintiff,<br><br>v.<br><br>MOONBUG ENTERTAINMENT LIMITED and TREASURE STUDIO, INC.,<br><br>Counter-Defendants. | |

# BABYBUS' ANSWER

Defendant/Counter-Plaintiff BabyBus (Fujian) Network Technology Co., LTD ("BabyBus"), hereby submits this Answer and Affirmative Defenses to the Complaint of Plaintiffs Moonbug Entertainment Limited and Treasures Studio, Inc. (collectively "Plaintiffs" or "Moonbug"). To the extent any of the headings of the Complaint require a response, BabyBus denies such allegations. BabyBus denies each and every allegation in the Complaint not expressly admitted below.

1. Paragraph 1 contains legal conclusions and arguments to which no response is required. To the extent a response is required, BabyBus denies the allegations in this paragraph.

2. BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2, and therefore denies them.

3. BabyBus admits it offers YouTube channels under its "Super JoJo" brand. BabyBus denies that it copied Plaintiffs' intellectual property. Further, to the extent the allegations in paragraph 3 purport to describe or quote one or more documents or webpages, BabyBus asserts that those documents or webpages are the best source of their full content and context. BabyBus denies the allegations to the extent they do not accurately represent the documents' or webpages' full content and context. Paragraph 3 contains legal conclusions and arguments to which no response is required. To the extent a response is required, BabyBus denies the allegations in this paragraph. Except as expressly admitted, BabyBus denies the remaining allegations in paragraph 3.

4. BabyBus admits that Plaintiffs have submitted copyright complaints to YouTube for BabyBus' videos. BabyBus admits that it has removed certain videos from public view on YouTube. Paragraph 4 contains legal conclusions and arguments to which no response is required. To the extent a response is required, BabyBus denies the allegations in this paragraph. Except as expressly admitted, BabyBus denies the remaining allegations in paragraph 4, including the allegation that its flagship Super JoJo channel remains available on YouTube.

5. Paragraph 5 contains legal conclusions and arguments to which no response is required. To the extent a response is required, BabyBus denies the allegations in this paragraph.

6. BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6, and therefore denies them.

7. BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7, and therefore denies them.

8. BabyBus admits that BabyBus has its business address at 2nd Floor, Building 10, Hongfang, No. 1 Jingong Road, Fuzhou City, Fujian Province, China 350007. BabyBus admits that, along with its parent company and affiliates, BabyBus provides digital content for children through apps and platforms in 12 languages and 160 countries. BabyBus admits that BabyBus, its parent company, and affiliates together had, at one point, more than 99 million monthly active users for all such Super JoJo and non-Super JoJo content. BabyBus admits that its parent company submitted IPO application materials to the Shenzhen Stock Exchange on June 18, 2021. BabyBus further admits that on June 29, 2021, the Shenzhen Stock Exchange accepted and publicly disclosed its parent company's prospectus. BabyBus admits that BabyBus, its parent company, and affiliates together earned over $100 million in 2020. BabyBus denies that any of its content infringes on any of Plaintiffs' copyrights. Except as expressly admitted, BabyBus denies the remaining allegations in paragraph 8.

9. BabyBus admits the allegations in Paragraph 9.

10. BabyBus admits that the Court has personal jurisdiction over BabyBus for this action. BabyBus admits that BabyBus submitted counter notifications under Section 512(g)(3)(D) of the Copyright Act through YouTube in response to Plaintiffs' notifications of claimed infringement with the quoted language. BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 regarding YouTube's operations, and therefore denies them. Except as expressly admitted, BabyBus denies the remaining allegations in paragraph 10.

11. BabyBus admits the allegations in Paragraph 11.

12. BabyBus admits that the Court has personal jurisdiction over BabyBus for this action. BabyBus admits that it conducts ongoing business with customers in the United States and California. BabyBus admits that BabyBus chose to distribute Super JoJo content in the United States and in the State of California through the YouTube platform, and denies the Super JoJo content infringed on Plaintiffs' alleged copyrights. BabyBus admits it entered into one or more agreements regarding the YouTube platform for the use, distribution, publication, advertising, marketing, and/or sale of its

Super JoJo works.  BabyBus admits that it collected revenues derived from the marketing and distribution of its Super JoJo content on the YouTube platform in the United States.  BabyBus denies the remaining allegations in Paragraph 12.

13. BabyBus admits that venue is proper in this district.

14. BabyBus admits that Civil Local Rule 3-2(c) is applicable and that assignment to any division in this district is proper.

15. BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15, and therefore denies them.

16. BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16, and therefore denies them.

17. BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17, and therefore denies them.

18. BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18, and therefore denies them.

19. BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19, and therefore denies them.

20. BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20, and therefore denies them.

21. BabyBus admits that it operates the Super JoJo show on multiple channels on YouTube, including channels in various languages and those identified in Exhibit 1 to the Complaint, but denies the "infringing" characterization.  BabyBus admits that Super JoJo content has been on YouTube and Amazon video services.  BabyBus denies the remaining allegations in Paragraph 21.

22. Paragraph 22 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, BabyBus denies the allegations in this paragraph.

23. Paragraph 23 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, BabyBus denies the allegations in this paragraph.

24. BabyBus admits that JoJo has a large head relative to the size of his body, large eyes, and teeth.  BabyBus further admits that JoJo has been depicted in yellow and blue clothing.  BabyBus

further admits that JoJo has been depicted in 3-D animation. BabyBus denies the implication that any identified, alleged similarities encompass copyright protectable elements or constitute copyright infringement. Paragraph 24 contains legal conclusions and arguments to which no response is required. To the extent a response is required, BabyBus denies the remaining allegations in this paragraph, including on the ground they are vague.

25. BabyBus admits JoJo has been depicted as happy, positive, eager, and curious. BabyBus admits JoJo has a brother and sister with whom he sometimes plays. BabyBus admits that JoJo is the youngest of the three siblings. BabyBus admits that JoJo's name is "JoJo." BabyBus denies the implication that any identified, alleged similarities encompass copyright protectable elements or constitute copyright infringement. Paragraph 25 contains legal conclusions and arguments to which no response is required. To the extent a response is required, BabyBus denies the remaining allegations in this paragraph, including on the ground they are vague.

26. BabyBus admits that JoJo's family consists of a mother, father, older sister, older brother, and a dog named Bingo. BabyBus denies the implication that any identified, alleged similarities encompass copyright protectable elements or constitute copyright infringement. Paragraph 26 contains legal conclusions and arguments to which no response is required. To the extent a response is required, BabyBus denies the remaining allegations in this paragraph, including on the ground they are vague.

27. BabyBus admits that JoJo's family is wholesome and idealistic, and assist in instructing children in necessary life skills. BabyBus denies the implication that any identified, alleged similarities encompass copyright protectable elements or constitute copyright infringement. Paragraph 27 contains legal conclusions and arguments to which no response is required. To the extent a response is required, BabyBus denies the remaining allegations in this paragraph, including on the ground they are vague.

28. BabyBus admits that stuffed animals are featured in Super JoJo works, including to assist in instructing children. BabyBus denies the implication that any identified, alleged similarities encompass copyright protectable elements or constitute copyright infringement. Paragraph 28

contains legal conclusions and arguments to which no response is required. To the extent a response is required, BabyBus denies the allegations in this paragraph, including on the ground they are vague.

29. Paragraph 29 contains legal conclusions and arguments to which no response is required. To the extent a response is required, BabyBus denies the allegations in this paragraph.

30. Paragraph 30 contains legal conclusions and arguments to which no response is required. To the extent a response is required, BabyBus denies the allegations in this paragraph.

31. BabyBus admits that JoJo has been depicted as happy. BabyBus admits that JoJo has been depicted with supportive siblings and parents. BabyBus denies the implication that any identified, alleged similarities encompass copyright protectable elements or constitute copyright infringement. Paragraph 31 contains legal conclusions and arguments to which no response is required. To the extent a response is required, BabyBus denies the remaining allegations in this paragraph, including on the ground they are vague.

32. Paragraph 32 contains legal conclusions and arguments to which no response is required. To the extent a response is required, BabyBus denies the allegations in this paragraph.

33. BabyBus admits that there is a Super JoJo work called "The Boo Boo Song" and that Exhibit 2 to the Complaint appears to reflect screenshots of the same. BabyBus denies the characterization of the work as "infringing." BabyBus denies the implication that any identified, alleged similarities encompass copyright protectable elements or constitute copyright infringement. Paragraph 33 contains legal conclusions and arguments to which no response is required. To the extent a response is required, BabyBus denies the remaining allegations in this paragraph.

34. BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 34, and therefore denies them.

35. BabyBus admits that it published a video for Super JoJo titled "The Boo Boo Song." BabyBus denies the remaining allegations in Paragraph 35.

36. Paragraph 36 contains legal conclusions and arguments to which no response is required. To the extent a response is required, BabyBus denies the allegations in this paragraph.

37. BabyBus admits that the screenshots in paragraph 37 reflect JoJo with a bright red bruise on his forehead, fading in intensity from the center. BabyBus admits that in this work JoJo's

mother wipes a tear away from one of JoJo's eyes, while his other blue eye remains open, and she kisses his head above a brightly colored bandage. BabyBus admits that the subtitles for the screenshots that include JoJo include that "Mommy will help you" and "make your boo boo better." BabyBus denies the implication that any identified, alleged similarities encompass copyright protectable elements or constitute copyright infringement. Paragraph 37 contains legal conclusions and arguments to which no response is required. To the extent a response is required, BabyBus denies the remaining allegations in this paragraph.

38. BabyBus admits that the screenshots in paragraph 38 reflect JoJo's sister's bright pink, purple, and light pink sneaker-clad foot, hitting against a solid, white surface. BabyBus admits that JoJo's red-haired mother in a green shirt high fives her brown-haired daughter, who is wearing a blue dress with a white tee shirt underneath. BabyBus denies the implication that any identified, alleged similarities encompass copyright protectable elements or constitute copyright infringement. Paragraph 38 contains legal conclusions and arguments to which no response is required. To the extent a response is required, BabyBus denies the remaining allegations in this paragraph.

39. BabyBus admits that the screenshots in paragraph 39 show JoJo's orange-haired brother receiving a kiss from JoJo's red haired mother, who is shown in profile, and JoJo's brother inspecting a bandage on his right arm. BabyBus denies the implication that any identified, alleged similarities encompass copyright protectable elements or constitute copyright infringement. Paragraph 39 contains legal conclusions and arguments to which no response is required. To the extent a response is required, BabyBus denies the remaining allegations in this paragraph.

40. BabyBus admits that the screenshots in paragraph 40 reflect a bandaged JoJo, his orange haired brother, and brown-haired sister peering through a door, and one of the children placing a polka dotted red bandage on the mother's hand, and JoJo kissing his mother, alone on a blue couch with a blue pillow, and the siblings' bare heads in the foreground. BabyBus denies the implication that any identified, alleged similarities encompass copyright protectable elements or constitute copyright infringement. Paragraph 40 contains legal conclusions and arguments to which no response is required. To the extent a response is required, BabyBus denies the remaining allegations in this paragraph.

41. Paragraph 41 contains legal conclusions and arguments to which no response is required. To the extent a response is required, BabyBus denies the allegations in this paragraph.

42. Paragraph 42 contains legal conclusions and arguments to which no response is required. To the extent a response is required, BabyBus denies the allegations in this paragraph.

43. BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 43, and therefore denies them.

44. BabyBus admits the existence of a BabyBus work called "Yes Yes Vegetable Song." BabyBus denies the implication that any identified, alleged similarities encompass copyright protectable elements or constitute copyright infringement. Paragraph 44 contains legal conclusions and arguments to which no response is required. To the extent a response is required, BabyBus denies the allegations in this paragraph.

45. BabyBus admits that Exhibit 3 contains screenshots depicting the BabyBus work called "Yes Yes Vegetables Song." BabyBus admits that the work includes peas and carrots, in that order. BabyBus denies the implication that any identified, alleged similarities encompass copyright protectable elements or constitute copyright infringement. Paragraph 45 contains legal conclusions and arguments to which no response is required. To the extent a response is required, BabyBus denies the remaining allegations in this paragraph.

46. BabyBus admits that Exhibit 3 contains screenshots depicting the BabyBus work called "Yes Yes Vegetables Song." BabyBus admits that in the work the mother offers JoJo peas, which he then drops. BabyBus denies the implication that any identified, alleged similarities encompass copyright protectable elements or constitute copyright infringement. Paragraph 46 contains legal conclusions and arguments to which no response is required. To the extent a response is required, BabyBus denies the remaining allegations in this paragraph.

47. BabyBus admits that Exhibit 3 contains screenshots depicting the BabyBus work called "Yes Yes Vegetables Song." BabyBus admits that in the work a stuffed lamb is used to encourage eating. BabyBus denies the implication that any identified, alleged similarities encompass copyright protectable elements or constitute copyright infringement. Paragraph 47 contains legal conclusions

-7-

Case No. 4:21-cv-06536-EMC
BabyBus' Answer and Counterclaims

and arguments to which no response is required. To the extent a response is required, BabyBus denies the remaining allegations in this paragraph.

48. BabyBus admits that Exhibit 3 contains screenshots depicting the BabyBus work called "Yes Yes Vegetables Song." BabyBus admits that in the work JoJo eats the vegetable by himself. BabyBus admits that in the work JoJo shows an empty bowl to his mother. BabyBus denies the implication that any identified, alleged similarities encompass copyright protectable elements or constitute copyright infringement. Paragraph 48 contains legal conclusions and arguments to which no response is required. To the extent a response is required, BabyBus denies the remaining allegations in this paragraph.

49. BabyBus admits that Exhibit 3 contains screenshots depicting the BabyBus work called "Yes Yes Vegetables Song." BabyBus admits that the work shows JoJo in a high chair, looking up at his mother with an empty bowl, resting his hand on his protruding belly, and then touching the stuffed sheep. BabyBus denies the implication that any identified, alleged similarities encompass copyright protectable elements or constitute copyright infringement. Paragraph 49 contains legal conclusions and arguments to which no response is required. To the extent a response is required, BabyBus denies the allegations in this paragraph.

50. Paragraph 50 contains legal conclusions and arguments to which no response is required. To the extent a response is required, BabyBus denies the allegations in this paragraph.

51. Paragraph 51 contains legal conclusions and arguments to which no response is required. To the extent a response is required, BabyBus denies the allegations in this paragraph.

52. Paragraph 52 contains legal conclusions and arguments to which no response is required. To the extent a response is required, BabyBus denies the allegations in this paragraph.

53. Paragraph 53 contains legal conclusions and arguments to which no response is required. To the extent a response is required, BabyBus denies the allegations in this paragraph.

54. The first sentence of Paragraph 54 contains legal conclusions and arguments to which no response is required; to the extent a response is required, BabyBus denies the allegations in this paragraph. BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 54, and therefore denies them.

55. Paragraph 55 contains legal conclusions and arguments to which no response is required. To the extent a response is required, BabyBus denies the allegations in this paragraph.

56. Paragraph 56 contains legal conclusions and arguments to which no response is required. To the extent a response is required, BabyBus denies the allegations in this paragraph.

57. BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the second sentence of the allegations contained in paragraph 57, and therefore denies it. Paragraph 57 contains legal conclusions and arguments to which no response is required. To the extent a response is required, BabyBus denies the allegations in this paragraph.

58. BabyBus admits its "Rainbow Ice Cream – Colors Song" work had an associated thumbnail. Paragraph 58 contains legal conclusions and arguments to which no response is required. To the extent a response is required, BabyBus denies the allegations in this paragraph.

59. BabyBus admits that it received from Moonbug's counsel a letter concerning allegations by Moonbug concerning its copyrights and BabyBus' works. Paragraph 59 contains legal conclusions and arguments to which no response is required. To the extent a response is required, BabyBus denies the remaining allegations in this paragraph.

60. BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 60, and therefore denies them. Paragraph 60 contains legal conclusions and arguments to which no response is required. To the extent a response is required, BabyBus denies the remaining allegations in this paragraph.

61. BabyBus admits that it informed Plaintiffs that it was "having an urgent meeting with [its] legal department on this issue to give a response ASAP."

62. BabyBus admits that it removed videos from public view the works referenced in Exhibit 8 to the Complaint while it investigated Plaintiffs' claims. BabyBus denies the remaining allegations in Paragraph 62.

63. BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 63, and therefore denies them.

64. BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 64, and therefore denies them.

65.   BabyBus admits that it removed videos while it investigated Plaintiffs' claims, but denies that any video infringes on Plaintiffs' alleged copyrights. BabyBus denies the remaining allegations in Paragraph 65.

66.   BabyBus denies the first sentence of Paragraph 66. BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 66, and therefore denies them.

67.   BabyBus denies the allegations in Paragraph 67.

68.   BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 68, and therefore denies them.

69.   BabyBus denies that no Super JoJo channel has been terminated. BabyBus admits that Plaintiffs trigged termination of a Super JoJo channel. Paragraph 69 contains legal conclusions and arguments to which no response is required. To the extent a response is required, BabyBus denies the remaining allegations in this paragraph.

70.   BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 70, and therefore denies them.

71.   BabyBus admits that on or about August 11 and 12, 2021 BabyBus submitted counter notifications for the four videos listed in paragraph 71.

72.   BabyBus denies it has displayed or distributed any works that infringe any copyright of Moonbug.

73.   BabyBus repeats and incorporates by reference, as if fully set forth herein, its responses to all of the allegations in the preceding paragraphs

74.   Paragraph 74 contains legal conclusions and arguments to which no response is required. To the extent a response is required, BabyBus denies the allegations in this paragraph.

75.   BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 75, and therefore denies them.

76.   Paragraph 76 contains legal conclusions and arguments to which no response is required. To the extent a response is required, BabyBus denies the allegations in this paragraph.

77. Paragraph 77 contains legal conclusions and arguments to which no response is required. To the extent a response is required, BabyBus denies the allegations in this paragraph.

78. Paragraph 78 contains legal conclusions and arguments to which no response is required. To the extent a response is required, BabyBus denies the allegations in this paragraph.

79. BabyBus admits that it had no license from Plaintiffs, but denies the implication that it needed one to create its videos. Paragraph 79 contains legal conclusions and arguments to which no response is required. To the extent a response is required, BabyBus denies the allegations in this paragraph.

80. Paragraph 80 contains legal conclusions and arguments to which no response is required. To the extent a response is required, BabyBus denies the allegations in this paragraph.

81. Paragraph 81 contains legal conclusions and arguments to which no response is required. To the extent a response is required, BabyBus denies the allegations in this paragraph.

82. Paragraph 82 contains legal conclusions and arguments to which no response is required. To the extent a response is required, BabyBus denies the allegations in this paragraph.

## **AFFIRMATIVE DEFENSES**

BabyBus identifies the following affirmative defenses and reserves the right to raise additional defenses as discovery proceeds. BabyBus does not assume the burden of proof on any issue, however characterized, on which it does not bear that burden. BabyBus reserves all affirmative defenses not stated herein under Rule 8(c) of the Federal Rules of Civil Procedure and any other defense at law or in equity that may now exist or in the future be available based upon discovery and further investigation in this case.

1. The Complaint, and each cause of action within it, fails to state facts sufficient to constitute a cause of action.

2. The equitable relief Moonbug seeks is barred by the doctrine of laches, including because Moonbug has unreasonably delay in alleging copyright infringement.

3. Moonbug's claims are barred by the doctrine of copyright misuse, including because Moonbug has knowingly asserted copyright monopolies that violate copyright laws and public policy.

4. Moonbug's failure to mitigate any alleged damages bars its claims or limits their

recovery.

## BABYBUS' COUNTERCLAIMS

In accordance with Rule 13 of the Federal Rules of Civil Procedure, Counter-Plaintiff BabyBus (Fujian) Network Technology Co., Ltd. ("BabyBus") hereby alleges and asserts the following counterclaims against Counterclaim-Defendants Moonbug Entertainment Limited and Treasure Studio, Inc. (collectively "Moonbug").

## SUMMARY OF THE ACTION

1. Within days of learning about BabyBus' initial public offering, Moonbug began using baseless DMCA notices to effectively shut down BabyBus' lawful, competitive business operated for over two years through its flagship Super JoJo YouTube channel.

2. As reflected by Moonbug's Complaint, Moonbug's 70-plus DMCA notices were premised on numerous meritless claims, such as allegedly infringed copyrights in an animated rendering of a human baby—in which its claimed character has blond hair and brown eyes, and BabyBus' character has red hair and blue eyes. Generic characteristics shared among countless, human babies—large heads, front teeth, tuft of hair, half-moon smiles, "happy state," and a "positive, eager, curious, exploring" nature (Compl. ¶ 31)—add no merit to Moonbug's claims.

3. Moonbug's repeated claims in copyright of blatantly-unprotected features violate both 17 U.S.C. § 512(f)'s prohibition on knowingly and materially misrepresenting works as infringing and California's unfair competition laws.

## PARTIES

4. BabyBus is a corporation organized under the laws of China, with its principal place of business at 2nd Floor, Building 10, Hongfang, No. 1 Jingong Road, Fuzhou City, Fujian Province, China 350007.

5. On information and belief, Moonbug Entertainment Limited is a private limited company organized and existing under the laws of the United Kingdom, with an address at 3-6, 2nd Floor, LABS Upper Lock, Water Ln, London NW1 8JZ, United Kingdom.

6. On information and belief, Treasure Studio Inc. is a California corporation with an address at 18100 Von Karman #400, Irvine, California, 92612. On information and belief, Treasure

Studio is a wholly owned subsidiary of Moonbug.

**JURISDICTION AND VENUE**

7. These Counterclaims arise under the copyright laws of the United States. This Court has subject matter jurisdiction over BabyBus' Counterclaims under 17 U.S.C. Section 512(f).

8. This Court has personal jurisdiction over Moonbug at least by virtue of Moonbug's consent to the personal jurisdiction of this Court by the filing of the Complaint against BabyBus in this Court.

9. For purposes of BabyBus' Counterclaims set forth herein, venue is proper in this district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because this action was filed in this district by Moonbug and Moonbug has thus submitted to personal jurisdiction in this Court and has consented to this venue.

**FACTUAL ALLEGATIONS**

**A.  JoJo Version 1.0:  Doudou**

10. The origin of Baby JoJo began in 2016, when BabyBus created and published a children's show on YouTube titled "Barber" featuring a baby named Doudou. Doudou's look was inspired by the "New Year Doll." *See* Table 2 below:



| Table 2 | |
|---|---|
| BabyBus' Doudou | New Year Doll |

11. In traditional Chinese culture, families post a picture of the New Year Doll on its door during the holiday—a picture that includes a baby boy with a big head and comparatively small body, a single-color hair tuft on the top of his head, big eyes and thin, rounded eyebrows, and thin lips with a half-moon smile—just like Doudou.

12. To protect its work, BabyBus applied for and was granted a copyright in Doudou in

China.

**B.    2-D Doudou's Evolution Into 3-D JoJo**

13.     Shortly after Doudou's introduction, the market trended from 2-D to 3-D animation. To meet the demand, in early 2019, BabyBus sought licenses to 3-D digital models of a baby boy and his family. BabyBus took a license to one set of 3-D models for sale that included a baby boy who resembles Doudou.

14.     Both have a brown monolithic swirl of hair on the top of head, brown, thin rounded eyebrows, oversized eyes with large irises and pupils, rosy cheeks, large ears, and a half-moon mouth with thin lips. *See* Table 3 below.



| Table 3 |||
|---|---|---|
| Doudou | Licensed 3-D Model | JoJo |

15.     The 3-D model set also included a sister and brother—well-suited for BabyBus since Doudou also has both siblings. *See* Table 4, below, for comparison of JoJo and JJ's family members.

//
//
//
//
//
//
//
//
//
//

| Table 4 | |
|---|---|
| JoJo Father 1, JoJo Father 2, CoCo Father | JoJo Mother 1, JoJo Mother 2, CoCo Mother |
| **JoJo Father v. JJ Father** | **JoJo Mother v. JJ Mother** |
| JoJo Brother 1, JoJo Brother 2, CoCo Brother | JoJo Sister 1, JoJo Sister 2, CoCo Sister |
| **JoJo Brother v. JJ Brother** | **JoJo Sister v. JJ Sister** |
| JoJo Dog, CoCo Dog ||
| **JoJo Dog v. JJ Dog** ||

16. Since BabyBus launched its flagship Super JoJo channel on YouTube in 2019, the total number of subscribers for to it exceeded 20,000,000 subscribers, and it has been viewed more than 12 billion times. Building this following took massive investment of time and resources, including millions of dollars.

**C.     Moonbug and Its Takedown Campaign**

17. Beginning on July 20, 2021, within days of learning about BabyBus' initial public

offering, Moonbug launched its campaign to terminate the Super JoJo channels.

18. YouTube removed works corresponding to only nine (of 70) takedown notices, and those notices relied almost exclusively on Moonbug's copyright registration of JJ paired with identification of one or more allegedly infringing videos. For example, the first two takedown requests do not concern any of the five works Moonbug alleges are copies or near copies of its works. Rather, they target two BabyBus works as allegedly infringing Copyright Reg. No. VAu001379978, the 2-D artwork titled "JJ" (reflecting a creation date *afte*r Doudou's publication), and Reg. No. VAu001322038, which is for 2-D artwork titled "Unpublished Family Characters."

19. YouTube's processing of these DMCA notices, however, triggered the removal of the entire Super JoJo Channel. The result is a complete loss of search-engine standing on YouTube that BabyBus built up over the past two years and damage to search-engine standing of BabyBus' other channels.

20. Before the termination of the English-language Super JoJo Channel, its videos were viewed on an average of 27 million times per day and received about 40,000 new subscribers per day. With the closure, any growth has ceased, there is immense risk of harm to the Super JoJo brand, and losses are at least $400,000 to $500,000 per month.

21. BabyBus' inability to do and grow business through its flagship channel is especially harmful now, in the fourth quarter of the year, because it is the peak season of the YouTube advertising ecosystem. A Court order or judgment of non-infringement, or a retraction by Moonbug of its copyright claims, would lead to the reinstatement of the flagship Super JoJo channel on YouTube.

## COUNT ONE
### (Copyright Misrepresentation under 17 U.S.C. § 512(f))

22. BabyBus repeats and incorporates by reference, as if fully set forth herein, its allegations in the preceding paragraphs.

23. Moonbug sent copyright infringement notices to YouTube that contained inaccurate information, including but not limited to the misrepresentation that BabyBus had infringed Moonbug copyrights.

-16-

CASE NO. 4:21-CV-06536-EMC
BABYBUS' ANSWER AND COUNTERCLAIMS

24. Moonbug knew that its copyright infringement notices contained false allegations of infringement at the time the notices were sent, or deliberately avoided confirming a high probability that their copyright infringement notices contained false allegations of infringement prior to the notices being sent.

25. For example, Moonbug claimed infringement by two BabyBus 3-D animated videos based solely on claimed infringement of 2-D artwork of "JJ" and "Unpublished Family Characters." As Moonbug's Complaint makes clear, Moonbug seeks to claim copyright ownership of common, physical features among babies (*e.g.*, large head, large eyes) and staples of the genre (*e.g.*, two parents, siblings, a pet, and bright colors). Moonbug cannot monopolize those features and, upon information and belief, Moonbug knew its notices to YouTube contained false allegations of infringement at the time they were sent for that reason, among others.

26. As a result of Moonbug's misrepresentations and violation of 17 U.S.C. Section 512(f), BabyBus has suffered immense harm, including but not limited to lost viewership, lost growth, lost revenue, and damage to its brands and good will. Moonbug is liable for all damages, including costs and attorneys' fees, incurred by BabyBus.

### COUNT TWO

### (Unfair Competition under Cal. Bus. & Prof. Code §§ 17200, *et seq.*)

27. BabyBus repeats and incorporates by reference, as if fully set forth herein, its allegations in the preceding paragraphs.

28. Moonbug's 70 copyright infringement notices to YouTube contain inaccurate information including but not limited to the misrepresentation that BabyBus had infringed Moonbug copyrights.

29. Moonbug knew that its copyright infringement notices contained false allegations of infringement at the time the notices were sent, or deliberately avoided confirming a high probability that their copyright infringement notices contained false allegations of infringement prior to the notices being sent.

30. Moonbug nonetheless served those notices on YouTube, and later refused to retract them after BabyBus identified their impropriety, in a concerted attempt to leverage monopoly power

to foreclose competition by BabyBus, destroy Super JoJo, or—at a minimum—gain an improper competitive advantage.

31. As a result of Moonbug's anticompetitive actions violative of Cal. Bus. & Prof. Code §§ 17200, *et seq.*, BabyBus has suffered immense harm, including but not limited to lost viewership, lost growth, lost revenue, and damage to its brands and good will. BabyBus is entitled to injunctive relief and restitution.

## COUNT THREE

### (Common Law Unfair Competition / Misappropriation)

32. BabyBus repeats and incorporates by reference, as if fully set forth herein, its allegations in the preceding paragraphs.

33. BabyBus has invested massive time and resources into the development of its Super JoJo YouTube user base, including through Super JoJo character development, animation, storytelling and more—all in view of the latest childhood education and market research.

34. Through its concerted campaign of letters to YouTube misrepresenting that BabyBus infringes on Moonbug copyrights, Moonbug has willfully misappropriated that user base at little or no cost. The allegations in Moonbug's letters were objectively unreasonable given the scope of copyright Moonbug claimed to own, given that the scope plainly included unprotectible ideas.

35. As a result, BabyBus has suffered immense harm, including but not limited to lost viewership, lost growth, lost revenue, and damage to its brands and good will. BabyBus is entitled to damages, including exemplary damages.

## PRAYER FOR RELIEF

WHEREFORE, BabyBus respectfully requests that the Court enter judgment in its favor and against Moonbug as follows:

A. Dismissing, with prejudice, Moonbug's Complaint against BabyBus;

B. Denying all relief that Moonbug seeks in its Complaint and any amendments thereto;

C. Entering judgment in favor of BabyBus and against Moonbug on BabyBus' Counterclaims;

D. Awarding BabyBus its damages, restitution, costs, attorney fees, and exemplary

damages, and punitive damages, including pursuant to 17 U.S.C. Section 512(f), Cal. Bus. & Prof. Code §§ 17200, *et seq*, and/or California common law misappropriation.

  E.  Enjoining Moonbug from misrepresenting that BabyBus had infringed Moonbug copyrights, including pursuant to 17 U.S.C. Section 512(f) and of Cal. Bus. & Prof. Code §§ 17200, *et seq*; and

  F.  Awarding any other relief the Court deems just and equitable.

DATED: September 28, 2021    QUINN EMANUEL URQUHART & SULLIVAN, LLP

              By  */s/ Sam S. Stake*
                Margret Caruso (Bar No. 243473)
                555 Twin Dolphin Drive, 5th Floor
                Redwood Shores, California 94065
                Telephone: (650) 801-5000
                Fax:    (650) 801-5100
                margretcaruso@quinnemanuel.com

                Sam S. Stake (Bar No. 257916)
                50 California Street, 22nd Floor
                San Francisco, California 94111
                Telephone: (415) 875-6600
                Facsimile: (415) 875-6700
                samstake@quinnemanuel.com

                Attorneys for Defendant/Counter-Plaintiff
                BABYBUS (FUJIAN) NETWORK
                TECHNOLOGY CO., LTD