| | |
|---|---|
| 1 | JENNIFER KELLY (CSB No. 193416) |
| | jennifer@tyzlaw.com |
| 2 | RYAN TYZ (CSB No. 234895) |
| | ryan@tyzlaw.com |
| 3 | ERIN JONES (CSB No. 252947) |
| | ejones@tyzlaw.com |
| 4 | CIARA MCHALE (CSB No. 293308) |
| | ciara@tyzlaw.com |
| 5 | TYZ LAW GROUP PC |
| | 4 Embarcadero Center, 14th Floor |
| 6 | San Francisco, CA 94111 |
| | Telephone: 415.868.6900 |

Attorneys for Plaintiffs
Moonbug Entertainment Limited and
Treasure Studio, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| MOONBUG ENTERTAINMENT LIMITED and TREASURE STUDIO, INC., <br><br>Plaintiffs, <br><br>v. <br><br>BABYBUS (FUJIAN) NETWORK TECHNOLOGY CO., LTD, <br><br>Defendant. | Case No: 3:21-cv-06536-EMC <br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DISMISS AND TO STRIKE COUNTERCLAIMS UNDER CALIFORNIA ANTI-SLAPP LAW** <br><br>Date: November 30, 2021 <br>Time: 10:00 am <br>Judge: Hon. Edward M. Chen <br>Courtroom: 5, 17th Floor <br><br>Complaint Filed: August 24, 2021 <br>Counterclaims Filed: September 28, 2021 |
| BABYBUS (FUJIAN) NETWORK TECHNOLOGY CO., LTD, <br><br>Counter-Plaintiff, <br><br>v. <br><br>MOONBUG ENTERTAINMENT LIMITED and TREASURE STUDIO, INC., <br><br>Counter-Defendants. | |

Defendant indicated in its non-opposition to Plaintiffs' motion to dismiss and anti-SLAPP special motion to strike under Section 425.16 of the California Code of Civil Procedure that it intends to amend its counterclaims on November 9, 2021—the same day that this reply is due. Docket No. 34. Defendant does not oppose Plaintiffs' motion—nor could it, and instead asserts that its *anticipated* amended counterclaims will "moot plaintiffs' motion to dismiss." *Id*. at 1:7. As of the close of business on November 9, 2021, however, Defendant has yet to amend. To the extent it fails to do so, the Court should grant Plaintiffs' motion in its entirety.

But even if Defendant does file an amendment at the last moment, it would not entirely moot Plaintiffs' anti-SLAPP motion, "because the anti-SLAPP statute mandates that 'a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs.'" *See Collins v. Allstate Indem. Co.*, 428 F. App'x 688, 690 (9th Cir. 2011) (quoting Cal. Civ. Proc. Code § 425.16(b)(1)). When a complaint facing an anti-SLAPP challenge is dismissed or amended to remove the allegations subject to the anti-SLAPP motion, the next step is analysis of the moving party's entitlement to fees. *See Robinson v. Alameda Cty.*, 875 F. Supp. 2d 1029, 1046 (N.D. Cal. 2012) ("Because the issue of attorney fees and costs is not rendered moot by a dismissal, the Court proceeds to an analysis of the Defendant's Motion to Strike."); *Art of Living Found. v. Doe*, No. 5:10-cv-05022-LHK, 2012 U.S. Dist. LEXIS 61582, at *76 (N.D. Cal. May 1, 2012) (finding Defendant entitled to move for attorneys' fees, because amendment of the complaint to remove claims that "would likely have become subject to another anti-SLAPP motion" is "tantamount to a voluntary dismissal of those claims"). Likewise, Plaintiffs' entitlement to attorneys' fees and costs here from its anti-SLAPP motion is not rendered moot by Defendant's stated intent to amend, and the Court must now consider Plaintiffs' entitlement to fees, as requested in their opening motion. *See* Docket No. 31 at 20 ("Assuming the Court grants Moonbug's motion to strike, Moonbug is entitled to its attorneys' fees and requests the opportunity to file a motion for its reasonable attorneys' fees in bringing that motion.").

Here, faced with detailed argument that its state law counterclaims violated the California anti-SLAPP statute, Defendant indicated an intent to amend them. *See* Docket No. 31 at 14-20 (detailing Defendant's anti-SLAPP violation). This leaves Defendant two possible options.

1  Either Defendant will remove the state law claims entirely or it will restate them to remove the
2  references to protected activity subject to the anti-SLAPP statute.  Either way, such amendment
3  is "tantamount to a voluntary dismissal" of the original counterclaims and Plaintiffs are entitled
4  to their fees as a result.  *See, e.g., Art of Living*, 2012 U.S. Dist. LEXIS 61582, at *76.

If Defendant removes the state law counterclaims subject to the anti-SLAPP motion entirely, Plaintiffs are the prevailing parties and should be granted their fees.  Defendant's non-opposition suggests it is amending its counterclaims voluntarily, and not for any reason other than to avoid the anti-SLAPP statute.  Defendant's voluntary removal of the challenged claims is therefore a voluntary dismissal, which demonstrates that Plaintiffs "realized [their] objectives in the litigation," dismissing the state law counterclaims.  *See id.* (finding entitlement to fees, quoting *Plevin v. City & Cty. of S.F.*, No. C 11-02359 CW, 2011 U.S. Dist. LEXIS 83285, at *13 (N.D. Cal. July 29, 2011)); *see also VACC, Inc. v. Davis*, No. 18-cv-03454-JCS, 2019 U.S. Dist. LEXIS 57293, at *33 (N.D. Cal. Apr. 2, 2019).  Accordingly, Plaintiffs are the prevailing party if Defendant drops the state law counterclaims.

Likewise, Plaintiffs are the prevailing party and entitled to their fees if Defendant amends the counterclaims to remove references to protected activity.  An anti-SLAPP motion obtains meaningful results supporting an award of attorneys' fees where it causes the claimant "to remove references to [protected activity] from its amended complaint" or "alter the asserted theories of its claims," even if the cause of action is not removed.  *VACC, Inc. v. Davis*, No. 18-cv-03454-JCS, 2019 U.S. Dist. LEXIS 57293, at *33 (N.D. Cal. Apr. 2, 2019); *see also Art of Living Found. v. Doe*, No. 5:10-cv-05022-LHK, 2012 U.S. Dist. LEXIS 61582, at *76 (N.D. Cal. May 1, 2012); *Plevin v. City & Cty. of S.F.*, No. C 11-02359 CW, 2011 U.S. Dist. LEXIS 83285, at *13 (N.D. Cal. July 29, 2011).  Plaintiffs are thus the prevailing party under this scenario as well because they obtained meaningful results in causing Defendant to amend its counterclaims to remove reference to the protected activity.

Accordingly, Plaintiffs as the prevailing party should be afforded an opportunity to file a motion for attorneys' fees and costs within fourteen days of the Court's order.  Plaintiffs have provided a revised proposed order with this reply for this purpose.

Dated: November 9, 2021

Respectfully submitted,

/s/ Ryan Tyz
Ryan Tyz

Attorneys for Plaintiffs
Moonbug Entertainment Limited and
Treasure Studio, Inc.