QUINN EMANUEL URQUHART &
SULLIVAN, LLP
   Margret Caruso (Bar No. 243473)
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:   (650) 801-5000
Fax:             (650) 801-5100
margretcaruso@quinnemanuel.com

   Sam S. Stake (Bar No. 257916)
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:   (415) 875-6600
Facsimile:    (415) 875-6700
samstake@quinnemanuel.com

Attorneys for Defendant/Counter-Plaintiff
BABYBUS (FUJIAN) NETWORK
TECHNOLOGY CO., LTD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MOONBUG ENTERTAINMENT LIMITED and TREASURE STUDIO, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BABYBUS (FUJIAN) NETWORK TECHNOLOGY CO., LTD, <br><br> Defendant. | CASE NO. 4:21-CV-06536-EMC <br><br> **BABYBUS (FUJIAN) NETWORK TECHNOLOGY CO., LTD'S AMENDED ANSWER, COUNTERCLAIMS, AND JURY DEMAND** <br><br> Judge:  Honorable Edward M. Chen <br><br> Courtroom:  5, 17th Floor |
| BABYBUS (FUJIAN) NETWORK TECHNOLOGY CO., LTD, <br><br> Counter-Plaintiff, <br><br> v. <br><br> MOONBUG ENTERTAINMENT LIMITED and TREASURE STUDIO, INC., <br><br> Counter-Defendants. | |

## BABYBUS' ANSWER

Defendant/Counter-Plaintiff BabyBus (Fujian) Network Technology Co., LTD ("BabyBus"), hereby submits this Amended Answer and Affirmative Defenses to the Complaint of Plaintiffs Moonbug Entertainment Limited and Treasures Studio, Inc. (collectively "Plaintiffs" or "Moonbug").  To the extent any of the headings of the Complaint require a response, BabyBus denies such allegations.  BabyBus denies each and every allegation in the Complaint not expressly admitted below.

1.      Paragraph 1 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, BabyBus denies the allegations in this paragraph.

2.      BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2, and therefore denies them.

3.      BabyBus admits it offers YouTube channels under its "Super JoJo" brand.  BabyBus denies that it copied Plaintiffs' intellectual property.  Further, to the extent the allegations in paragraph 3 purport to describe or quote one or more documents or webpages, BabyBus asserts that those documents or webpages are the best source of their full content and context.  BabyBus denies the allegations to the extent they do not accurately represent the documents' or webpages' full content and context.  Paragraph 3 also contains legal conclusions and arguments to which no response is required; to the extent a response is required, BabyBus denies the allegations in this paragraph.  Except as expressly admitted, BabyBus denies the remaining allegations in paragraph 3.

4.      BabyBus admits that Plaintiffs have submitted notices to YouTube that allege (wrongfully) BabyBus' videos infringe one or more copyrights; BabyBus denies the allegations in those notices.  BabyBus admits that it has removed certain videos from public view on YouTube.  Paragraph 4 also contains legal conclusions and arguments to which no response is required; to the extent a response is required, BabyBus denies the allegations in this paragraph.  Except as expressly admitted, BabyBus denies the remaining allegations in paragraph 4,

5.      Paragraph 5 contains legal conclusions and arguments to which no response is required; to the extent a response is required, BabyBus denies the allegations in this paragraph.

6.      BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6, and therefore denies them.

7.      BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7, and therefore denies them.

8.      BabyBus admits that BabyBus has its business address at 2nd Floor, Building 10, Hongfang, No. 1 Jingong Road, Fuzhou City, Fujian Province, China 350007.  BabyBus admits that, along with its parent company and affiliates, BabyBus provides digital content for children through apps and platforms in 12 languages and 160 countries.  BabyBus admits that BabyBus, its parent company, and affiliates together had, at one point, more than 99 million monthly active users for all such Super JoJo and non-Super JoJo content.  BabyBus admits that its parent company submitted IPO application materials to the Shenzhen Stock Exchange on June 18, 2021.  BabyBus further admits that on June 29, 2021, the Shenzhen Stock Exchange accepted and publicly disclosed its parent company's prospectus.  BabyBus admits that BabyBus' parent company and affiliates together earned over $100 million in 2020.  BabyBus denies that any of its content infringes on any of Plaintiffs' copyrights.  Except as expressly admitted, BabyBus denies the remaining allegations in paragraph 8.

9.      BabyBus admits the allegations in Paragraph 9.

10.     BabyBus admits that the Court has personal jurisdiction over BabyBus for this action.  BabyBus consented to personal jurisdiction in this judicial district by submitting counter notifications under Section 512(g)(3)(D) of the Copyright Act through YouTube in response to Plaintiffs' false notifications of claimed infringement.  BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 regarding YouTube's operations, and therefore denies them.  Except as expressly admitted, BabyBus denies the remaining allegations in paragraph 10.

11.     BabyBus admits the allegations in Paragraph 11.

12.     For the purposes of the above captioned litigation, BabyBus consents to the jurisdiction of this Court, and thus admits this Court has personal jurisdiction pursuant to BabyBus' consent.  BabyBus admits that it makes its Super JoJo branded videos available through YouTube's

platform, and that it has entered into an agreement with YouTube to use that platform; but BabyBus denies any connection between YouTube and the Court's personal jurisdiction over BabyBus. BabyBus further admits that it publishes, displays, and advertises its Super JoJo branded videos on YouTube. BabyBus denies the its Super JoJo branded videos infringe on any of Plaintiffs' alleged copyrights. BabyBus admits that it collected revenues derived from the marketing and distribution of its Super JoJo content on the YouTube platform. Paragraph 12 also contains legal conclusions and arguments to which no response is required, and BabyBus denies the remaining allegations in Paragraph 12.

13.     BabyBus admits that venue is proper in this district.

14.     BabyBus admits that Civil Local Rule 3-2(c) is applicable and that assignment to any division in this district is proper.

15.     BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15, and therefore denies them.

16.     BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16, and therefore denies them.

17.     BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17, and therefore denies them.

18.     BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18, and therefore denies them.

19.     BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19, and therefore denies them.

20.     BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20, and therefore denies them.

21.     BabyBus denies any allegations of "infringement," or characterizations of content as "infringing," contained in Paragraph 21. BabyBus admits that it operates the Super JoJo show on multiple channels on YouTube, including channels in various languages and those identified in Exhibit 1 to the Complaint. BabyBus admits that Super JoJo content has appeared on YouTube and Amazon video services. BabyBus denies the remaining allegations in Paragraph 21.

22.     Paragraph 22 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, BabyBus denies the allegations in this paragraph.

23.     Paragraph 23 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, BabyBus denies the allegations in this paragraph.

24.     BabyBus admits that, like all infants, JoJo has a large head relative to the size of his body, large eyes, and teeth.  BabyBus further admits that JoJo has been depicted in yellow and blue clothing.  BabyBus further admits that JoJo has been depicted in 3-D animation.  BabyBus denies that any identified, alleged similarities between JoJo and any other fictional character reach elements of the characters that are protectable in copyright or constitute copyright infringement.  Paragraph 24 also contains legal conclusions and arguments to which no response is required; to the extent a response is required, BabyBus denies the remaining allegations in this paragraph, including on the ground that they are vague.

25.     BabyBus admits that JoJo has been depicted as happy, positive, eager, and curious.  BabyBus admits JoJo has a brother and sister with whom he sometimes plays.  BabyBus admits that JoJo is the youngest of the three siblings.  BabyBus admits that JoJo's name is "JoJo."  BabyBus denies that any identified, alleged similarities between JoJo and any other fictional character reach elements of the characters that are protectable in copyright or constitute copyright infringement.  Paragraph 25 also contains legal conclusions and arguments to which no response is required; to the extent a response is required, BabyBus denies the remaining allegations in this paragraph, including on the ground that they are vague.

26.     BabyBus admits that JoJo's family consists of a mother, father, older sister, older brother, and a dog named Bingo.  BabyBus denies that any identified, alleged similarities between JoJo and any other fictional character reach elements of the characters that are protectable in copyright or constitute copyright infringement.  Paragraph 26 also contains legal conclusions and arguments to which no response is required; to the extent a response is required, BabyBus denies the remaining allegations in this paragraph, including on the ground that they are vague.

27.     BabyBus admits that JoJo's family is wholesome and idealistic, and assist in instructing children in necessary life skills.  BabyBus denies that any identified, alleged similarities

between JoJo and any other fictional character reach elements of the characters that are protectable in copyright or constitute copyright infringement.  Paragraph 27 also contains legal conclusions and arguments to which no response is required; to the extent a response is required, BabyBus denies the remaining allegations in this paragraph, including on the ground that they are vague.

28.     BabyBus admits that stuffed animals are featured in Super JoJo works, including for the purposes of teaching instructional lessons to children.  BabyBus denies that any identified, alleged similarities between JoJo and any other fictional character reach elements of the characters that are protectable in copyright or constitute copyright infringement.  Paragraph 28 also contains legal conclusions and arguments to which no response is required; to the extent a response is required, BabyBus denies the remaining allegations in this paragraph, including on the ground that they are vague.

29.     Paragraph 29 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, BabyBus denies the allegations in this paragraph.

30.     Paragraph 30 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, BabyBus denies the allegations in this paragraph.

31.     BabyBus admits that JoJo has been depicted as happy.  BabyBus admits that JoJo has been depicted with supportive siblings and parents.  BabyBus denies that any identified, alleged similarities between JoJo and any other fictional character reach elements of the characters that are protectable in copyright or constitute copyright infringement.  Paragraph also 31 contains legal conclusions and arguments to which no response is required; to the extent a response is required, BabyBus denies the remaining allegations in this paragraph, including on the ground that they are vague.

32.     Paragraph 32 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, BabyBus denies the allegations in this paragraph.

33.     BabyBus admits that there is a Super JoJo work entitled "The Boo Boo Song" and that Exhibit 2 to the Complaint appears to reflect screenshots of the Super JoJo video with that title.  BabyBus denies the characterization of that work as "infringing."  BabyBus denies the allegation, or alleged implication, that any identified, alleged similarities encompass copyright protectable

elements or constitute copyright infringement.  Paragraph 33 also contains legal conclusions and arguments to which no response is required; to the extent a response is required, BabyBus denies the remaining allegations in this paragraph.

34.     BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 34, and therefore denies them.

35.     BabyBus admits that it published a video for Super JoJo entitled "The Boo Boo Song."  BabyBus denies the remaining allegations in Paragraph 35.

36.     Paragraph 36 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, BabyBus denies the allegations in this paragraph.

37.     BabyBus admits that the screenshots in Paragraph 37 depict JoJo with a bruise on his forehead, which is appropriately colored to reflect how a bruise naturally occurs in the context human anatomy, including coloration that fades in intensity from the center of the bruise.  BabyBus admits that in the work depicted in the screenshots appearing in Paragraph 37, JoJo's eyes are blue in color, and JoJo's mother wipes a tear away from one of JoJo's eyes, while his other eye remains open; and after that, JoJo's mother kisses his head above a brightly colored bandage.  BabyBus admits that the subtitles for the screenshots appearing in Paragraph 37, which screenshots also include JoJo, state "Mommy will help you" and "make your boo boo better."  BabyBus denies that any identified, alleged similarities between JoJo and any other fictional character reach elements of the characters that are protectable in copyright or constitute copyright infringement.  Paragraph 37 also contains legal conclusions and arguments to which no response is required.  To the extent a response is required, BabyBus denies the remaining allegations in this paragraph.

38.     BabyBus admits that the screenshots in paragraph 38 depict JoJo's sister wearing a bright pink, purple, and light pink sneaker on her foot, and further depicts JoJo's sister hitting her foot against a solid, white surface.  BabyBus admits that the screenshots in paragraph 38 further depict JoJo's mother with red hair and wearing a green shirt, and depict JoJo's sister with brown hair and wearing a blue dress with a white tee shirt underneath it.  BabyBus admits that the screenshots in paragraph 38 as depict JoJo's mother giving a "high-five" to JoJo's sister.  BabyBus denies that any identified, alleged similarities between JoJo and any other fictional character reach

elements of the characters that are protectable in copyright or constitute copyright infringement. Paragraph 38 also contains legal conclusions and arguments to which no response is required; to the extent a response is required, BabyBus denies the remaining allegations in this paragraph.

39.     BabyBus admits that the screenshots in paragraph 39 depict JoJo's brother with orange-hair and JoJo's mother with red hair.  BabyBus admits that the screenshots in paragraph 39 further depict JoJo's mother kissing JoJo's brother as well as JoJo's brother inspecting a bandage on his right arm.  BabyBus denies that any identified, alleged similarities between JoJo and any other fictional character reach elements of the characters that are protectable in copyright or constitute copyright infringement.  Paragraph 39 also contains legal conclusions and arguments to which no response is required; to the extent a response is required, BabyBus denies the remaining allegations in this paragraph.

40.     BabyBus admits that the screenshots in paragraph 40 depict a bandaged JoJo, as well as his orange haired brother and brown-haired sister, peering through a door.  BabyBus admits that the screenshots in paragraph 40 further depict one of the children placing a polka dotted red bandage on the mother's hand, as well as JoJo kissing his mother alone on a blue couch with a blue pillow, and with JoJo's siblings' bare heads in the foreground.  BabyBus denies that any identified, alleged similarities between JoJo and any other fictional character reach elements of the characters that are protectable in copyright or constitute copyright infringement.  Paragraph 40 also contains legal conclusions and arguments to which no response is required; to the extent a response is required, BabyBus denies the remaining allegations in this paragraph.

41.     Paragraph 41 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, BabyBus denies the allegations in this paragraph.

42.     Paragraph 42 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, BabyBus denies the allegations in this paragraph.

43.     BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 43, and therefore denies them.

44.     BabyBus admits the existence of a BabyBus work called "Yes Yes Vegetable Song."  BabyBus denies that any identified, alleged similarities between BabyBus' works and any other

1   works reach elements that are protectable in copyright or constitute copyright infringement.

2   Paragraph 44 also contains legal conclusions and arguments to which no response is required; to the

3   extent a response is required, BabyBus denies the remaining allegations in this paragraph.

4        45.     BabyBus admits that Exhibit 3 contains screenshots depicting a BabyBus work called

5   "Yes Yes Vegetables Song."  BabyBus admits that work includes peas and carrots, in that order.

6   BabyBus denies that any identified, alleged similarities between BabyBus' works and any other

7   works reach elements that are protectable in copyright or constitute copyright infringement.

8   Paragraph 45 also contains legal conclusions and arguments to which no response is required; to the

9   extent a response is required, BabyBus denies the remaining allegations in this paragraph.

10        46.     BabyBus admits that Exhibit 3 contains screenshots depicting the BabyBus work

11   called "Yes Yes Vegetables Song."  BabyBus admits that in that work JoJo's mother offers JoJo

12   peas, which JoJo subsequently drops.  BabyBus denies that any identified, alleged similarities

13   between BabyBus' works and any other works reach elements that are protectable in copyright or

14   constitute copyright infringement.  Paragraph 46 also contains legal conclusions and arguments to

15   which no response is required; to the extent a response is required, BabyBus denies the remaining

16   allegations in this paragraph.

17        47.     BabyBus admits that Exhibit 3 contains screenshots depicting the BabyBus work

18   called "Yes Yes Vegetables Song."  BabyBus admits that work depicts a stuffed lamb which is used

19   to encourage eating.  BabyBus denies that any identified, alleged similarities between BabyBus'

20   works and any other works reach elements that are protectable in copyright or constitute copyright

21   infringement.  Paragraph 47 also contains legal conclusions and arguments to which no response is

22   required; to the extent a response is required, BabyBus denies the remaining allegations in this

23   paragraph.

24        48.     BabyBus admits that Exhibit 3 contains screenshots depicting the BabyBus work

25   called "Yes Yes Vegetables Song."  BabyBus admits that work depicts JoJo eating vegetable by

26   himself, after which JoJo shows an empty bowl to his mother.  BabyBus denies that any identified,

27   alleged similarities between BabyBus' works and any other works reach elements that are

28   protectable in copyright or constitute copyright infringement.  Paragraph 48 also contains legal

conclusions and arguments to which no response is required; to the extent a response is required, BabyBus denies the remaining allegations in this paragraph.

49.     BabyBus admits that Exhibit 3 contains screenshots depicting the BabyBus work called "Yes Yes Vegetables Song."  BabyBus admits that in that work JoJo is depicted in a high chair, looking up at his mother with an empty bowl, resting his hand on his protruding belly, and then touching a stuffed sheep.  BabyBus denies that any identified, alleged similarities between BabyBus' works and any other works reach elements that are protectable in copyright or constitute copyright infringement.  Paragraph 49 also contains legal conclusions and arguments to which no response is required; to the extent a response is required, BabyBus denies the allegations in this paragraph.

50.     Paragraph 50 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, BabyBus denies the allegations in this paragraph.

51.     Paragraph 51 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, BabyBus denies the allegations in this paragraph.

52.     Paragraph 52 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, BabyBus denies the allegations in this paragraph.

53.     Paragraph 53 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, BabyBus denies the allegations in this paragraph.

54.     The first sentence of Paragraph 54 contains legal conclusions and arguments to which no response is required; to the extent a response is required, BabyBus denies the allegations in this paragraph.  BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 54, and therefore denies them.

55.     Paragraph 55 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, BabyBus denies the allegations in this paragraph.

56.     Paragraph 56 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, BabyBus denies the allegations in this paragraph.

57.     BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the second sentence of the allegations contained in paragraph 57, and therefore

1   denies them.  Paragraph 57 also contains legal conclusions and arguments to which no response is

2   required; to the extent a response is required, BabyBus denies the allegations in this paragraph.

3       58.     BabyBus admits its "Rainbow Ice Cream – Colors Song" work had an associated

4   thumbnail image.  Paragraph 58 also contains legal conclusions and arguments to which no response

5   is required; to the extent a response is required, BabyBus denies the remaining allegations in this

6   paragraph.

7       59.     BabyBus admits that it received a letter from Moonbug's counsel containing

8   allegations by Moonbug concerning its copyrights and BabyBus' works.  Paragraph 59 also contains

9   legal conclusions and arguments to which no response is required; to the extent a response is

10  required, BabyBus denies the remaining allegations in this paragraph.

11      60.     BabyBus currently lacks knowledge or information sufficient to form a belief as to

12  the truth or falsity of the allegations contained in paragraph 60, and therefore denies them.

13  Paragraph 60 also contains legal conclusions and arguments to which no response is required; to the

14  extent a response is required, BabyBus denies the remaining allegations in this paragraph.

15      61.     BabyBus admits that it transmitted a message to Plaintiffs which stated that BabyBus

16  was "having an urgent meeting with [its] legal department on this issue to give a response ASAP."

17  BabyBus denies the remaining allegations in Paragraph 61.

18      62.     BabyBus admits that the videos identified Exhibit 8 to the Complaint were removed

19  from public view while BabyBus investigated Plaintiffs' claims.  BabyBus denies the remaining

20  allegations in Paragraph 62.

21      63.     BabyBus currently lacks knowledge or information sufficient to form a belief as to

22  the truth or falsity of the allegations contained in paragraph 63, and therefore denies them.

23      64.     BabyBus currently lacks knowledge or information sufficient to form a belief as to

24  the truth or falsity of the allegations contained in paragraph 64, and therefore denies them.

25      65.     BabyBus admits that certain videos identified by Plaintiffs were removed from

26  public view while BabyBus investigated Plaintiffs claims, but denies that those removals indicated

27  any alleged infringement of any copyrights.  BabyBus expressly denies that it has infringed any of

28  Plaintiffs' alleged copyrights.  BabyBus denies the remaining allegations in Paragraph 65.

66. BabyBus denies the first sentence of Paragraph 66. BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 66, and therefore denies them.

67. BabyBus denies the allegations in Paragraph 67.

68. BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 68, and therefore denies them.

69. BabyBus denies that no Super JoJo channel has been terminated. BabyBus admits that Plaintiffs previously trigged termination of a Super JoJo channel. Paragraph 69 also contains legal conclusions and arguments to which no response is required; to the extent a response is required, BabyBus denies the remaining allegations in this paragraph.

70. BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 70, and therefore denies them.

71. BabyBus admits that on or about August 11 and 12, 2021 BabyBus submitted counter notifications for the four videos listed in Paragraph 71. BabyBus denies the remaining allegations in Paragraph 71.

72. BabyBus denies that it has displayed or distributed any works that infringe any of Plaintiffs' alleged copyrights. BabyBus denies the remaining allegations in Paragraph 72.

73. BabyBus repeats and incorporates by reference, as if fully set forth herein, its responses to all of the allegations in the preceding paragraphs.

74. Paragraph 74 contains legal conclusions and arguments to which no response is required. To the extent a response is required, BabyBus denies the allegations in this paragraph.

75. BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 75, and therefore denies them.

76. Paragraph 76 contains legal conclusions and arguments to which no response is required. To the extent a response is required, BabyBus denies the allegations in this paragraph.

77. Paragraph 77 contains legal conclusions and arguments to which no response is required. To the extent a response is required, BabyBus denies the allegations in this paragraph.

78.     Paragraph 78 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, BabyBus denies the allegations in this paragraph.

79.     BabyBus admits that it has not acquired a license from Plaintiffs, because it did not need any such license.  BabyBus denies any implication that it needed a license from Plaintiffs. Paragraph 79 also contains legal conclusions and arguments to which no response is required; to the extent a response is required, BabyBus denies the allegations in this paragraph.

80.     Paragraph 80 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, BabyBus denies the allegations in this paragraph.

81.     Paragraph 81 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, BabyBus denies the allegations in this paragraph.

82.     Paragraph 82 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, BabyBus denies the allegations in this paragraph.

## AFFIRMATIVE DEFENSES

BabyBus identifies the following affirmative defenses and reserves the right to raise additional defenses as discovery proceeds.  BabyBus does not assume the burden of proof on any issue, however characterized, on which it does not bear that burden.  BabyBus reserves all affirmative defenses not stated herein under Rule 8(c) of the Federal Rules of Civil Procedure and any other defense at law or in equity that may now exist or in the future be available based upon discovery and further investigation in this case.

1.     Moonbug's claims are barred by the doctrine of copyright misuse, including because Moonbug has knowingly asserted copyright monopolies that violate copyright laws and public policy.  Moonbug is attempting to use expand whatever monopoly it may own (if any) over its own copyrighted works into areas not protectable in copyright; that constitutes copyright misuse. Moonbug has accomplished this misuse by transmitting false and/or misleading Digital Millenium Copyright Act ("DMCA") takedown notices to YouTube, for the purpose of enticing YouTube to take down BabyBus videos that do not infringe Moonbug's copyrights.  Additionally, Moonbug's assertion of improper copyright claims against BabyBus, a competitor in the children's entertainment marketplace, represents an attempt to force its competitor out of the market entirely.

1    Moonbug's transmission of multiple, improper DMCA takedown notices through the YouTube

2    platform and continued maintenance of those claims despite action taken by BabyBus to address

3    Moonbug's concerns show that Moonbug's interest is not the protection of its alleged copyrights,

4    but harming BabyBus, a competitor in the same marketplace.  Moonbug's assertion of unprotectable

5    copyright features of its character JJ and tropes regarding family structure or topics common in

6    children's media represents Moonbug's attempt to secure a monopoly over the uncopyrightable

7    features of its works.

8         2.    Moonbug's failure to mitigate any alleged damages further bars its claims or limits

9    their recovery.  BabyBus first created the DouDou character in or around 2016, which was the basis

10   for the 3-D Model that became JoJo in 2019.  BabyBus began creating videos on YouTube and other

11   platforms full time in 2019 utilizing the JoJo character.  Moonbug only asserted allegations of

12   copyright infringement, however, years later in or around June 2021 after BabyBus had filed its IPO

13   application materials to the Shenzhen Stock Exchange.  Moonbug's delay of over a year before

14   attempting to assert its alleged copyrights increased Moonbug's alleged damages as it coincided

15   with the growth of the BabyBus channel over that same period.

16        3.    Moonbug's claims are also barred by the doctrine of *de minimis* use.  Moonbug's

17   allegations of similarities between its works and BabyBus' works are based on ideas and expressions

18   that are not protectable in copyright, including but not limited to, anatomical features of human

19   infants (*i.e.* large head, spare hair, large eyes), the composition of a traditional nuclear family as

20   found in family-friendly and children's media (*i.e.* two parents, three children, and a pet), and

21   abstract lessons learned by children while they grow up (*i.e.* eating vegetables, treating bruises, etc.).

22   To the extent that any similarities may extend to protectable content, the similarities are so minor,

23   and make up such a small feature of the works as to constitute *de minimis* use that is not actionable.

24        4.    Moonbug's claims are further barred by the doctrine of fair use.  As stated above,

25   Moonbug's allegations of similarities between its works and BabyBus' works are based on ideas

26   and expressions that are not protectable in copyright, including but not limited to, anatomical

27   features of human infants (*i.e.* large head, spare hair, large eyes), the composition of a traditional

28   nuclear family as found in family-friendly and children's media (*i.e.* two parents, three children, and

a pet), and abstract lessons learned by children while they grow up (*i.e.* eating vegetables, treating bruises, etc.).  To the extent that any similarities may extend to protectable content, the similarities are so minor that they do not make up a substantial portion of Moonbug's works, which weighs in favor of a finding of fair use.  Additionally, because Moonbug's works have already been published, and BabyBus' works are educational in nature (teaching lessons to children), the nature of the works also weighs in favor of a finding of fair use.  Moonbug is further unable to demonstrate any diminishment in the value of its own works in the marketplace, demonstrating that BabyBus' works have not had a negative impact on the potential market for, or value of, Moonbug's works—which also weighs in favor of a finding of fair use.

5.      The injunctive relief Moonbug seeks is barred by the doctrine of laches, including because Moonbug has unreasonably delayed in alleging copyright infringement.  BabyBus first created the DouDou character in or around 2016, which was the basis for the 3-D Model that became JoJo in 2019.  BabyBus began creating videos on YouTube and other platforms full time in 2019 utilizing the JoJo character.  Moonbug only asserted allegations of copyright infringement, however, years later in or around June 2021 after BabyBus had filed its IPO application materials with the Shenzhen Stock Exchange.  As a result of Moonbug's unreasonable delay in alleging copyright infringement, timed specifically to coincide with BabyBus' announcement of its IPO, BabyBus' overall business has been threatened to a much greater degree than if the copyright allegations or suit would have been filed in a reasonable time.  Moonbug's unreasonable delay in alleging copyright infringement, timed specifically to coincide with BabyBus' announcement of its IPO, also appears to be designed to unreasonably increase the damages that Moonbug seeks to claim.

## BABYBUS' COUNTERCLAIMS

In accordance with Rule 13 of the Federal Rules of Civil Procedure, Counter-Plaintiff BabyBus (Fujian) Network Technology Co., Ltd. ("BabyBus") hereby alleges and asserts the following counterclaims against Counterclaim-Defendants Moonbug Entertainment Limited and Treasure Studio, Inc. (collectively "Moonbug").

## SUMMARY OF THE ACTION

1.      Within days of learning about BabyBus' initial public offering, Moonbug began

attempting to use baseless Digital Millennium Copyright Act ("DMCA") takedown notices to effectively shut down BabyBus' lawful, competitive business, which had previously operated for over two years including through BabyBus' flagship Super JoJo YouTube channel.

2.      As reflected in Moonbug's Complaint, Moonbug submitted over 70 DMCA takedown notices under its alleged copyrights associated with the "CoComelon" YouTube channel and the character "baby JJ" and JJ's family.  These notices were premised on numerous, meritless claims and allegations, including claims for infringement based on 3D animated renderings of a human baby based on the characteristics of infants found in nature (i.e. large heads, large eyes, heads sparsely-covered with hair, etc., *see* Compl. ¶ 31).  Such generic characteristics are found in nature and shared among countless, human babies, and Moonbug's allegations cannot support a copyright claim.

3.      Moonbug's repeated assertions of copyright infringement premised on such blatantly-unprotected features violates the DMCA's prohibition on knowingly and materially misrepresenting works as infringing.  *See* 17 U.S.C. § 512(f).

4.      Moonbug's conduct and misuse of DMCA requests have continued throughout this lawsuit, even after BabyBus retracted its request for a Temporary Restraining Order ("TRO") and after YouTube reinstated BabyBus' English-language channel.  Following BabyBus' retraction of its TRO application, Moonbug transmitted at least an additional 55 false and misleading DMCA takedown notices to YouTube.

5.      Moonbug's continued use of false and misleading DMCA notices that relate to unprotectable physical features and themes common to children's entertainment represents a continued campaign of anti-competitive harassment designed to remove potential competition through knowing misuse of Moonbug's allegedly copyrighted works.  Moonbug's continued use of false and misleading DMCA notices to target videos based only on generic character features and story themes shows Moonbug's continued bad faith use of the DMCA notice-and-takedown process.

### PARTIES

6.      BabyBus is a corporation organized under the laws of China, with its principal place of business at 2nd Floor, Building 10, Hongfang, No. 1 Jingong Road, Fuzhou City, Fujian Province,

China 350007.

7.      On information and belief, Moonbug Entertainment Limited is a private limited company organized and existing under the laws of the United Kingdom, with an address at 3-6, 2nd Floor, LABS Upper Lock, Water Ln, London NW1 8JZ, United Kingdom.

8.      On information and belief, Treasure Studio Inc. is a California corporation with an address at 18100 Von Karman #400, Irvine, California, 92612.  On information and belief, Treasure Studio is a wholly owned subsidiary of Moonbug.

## JURISDICTION AND VENUE

9.      These Counterclaims arise under the copyright laws of the United States.  This Court has subject matter jurisdiction over BabyBus' Counterclaims under 17 U.S.C. § 512(f) and 28 U.S.C. § 1338.

10.     This Court has personal jurisdiction over Moonbug at least by virtue of Moonbug's consent to the personal jurisdiction of this Court by the filing of the Complaint against BabyBus in this Court.

11.     For purposes of BabyBus' Counterclaims set forth herein, venue is proper in this district under 28 U.S.C. § 1391(b)-(c) and 1400(b) because this action was filed in this district by Moonbug and Moonbug has thus submitted to personal jurisdiction in this Court and has consented to this venue.

## FACTUAL ALLEGATIONS

**A.      JoJo Version 1.0:  Doudou**

12.     The origin of Baby JoJo began in 2016, when BabyBus created and published a children's show on YouTube titled "Barber" featuring a baby named Doudou.  Doudou's look was inspired by a "New Year Doll," which is commonly depicted in Chinese cultural celebrations.  *See* Table 2 below:



| Table 2 | |
|---|---|
| **BabyBus' Doudou** | **New Year Doll** |

13.     In traditional Chinese culture, families post a picture of the New Year Doll on their door during the Lunar New Year holiday—a picture that includes a baby boy with a big head and comparatively small body, a single-color hair tuft on the top of his head, big eyes and thin, rounded eyebrows, and thin lips with a half-moon smile—just like Doudou.

14.     To protect its work, BabyBus applied for and was granted a copyright in Doudou in China.  China and the United States are both signatories to the Berne Convention for the Protection of Literary and Artistic Works, meaning that BabyBus' registration of a copyright in Doudou in China entitles BabyBus to copyright protection over Doudou in both the China and the United States.

**B.     2-D Doudou's Evolution Into 3-D JoJo**

15.     Shortly after Doudou's introduction, trends in the market for children's entertainment programming moved from 2-D to 3-D animation.  To meet the growing demand for 3-D animation, in early 2019, BabyBus sought licenses for a 3-D digital models of a baby boy and his family.  BabyBus ultimately licensed a set of 3-D models which included a baby boy who resembles Doudou.

16.     Both the licensed model and Doudou have a brown monolithic swirl of hair on the top of head, brown, thin rounded eyebrows, oversized eyes with large irises and pupils, rosy cheeks, large ears, and a half-moon mouth with thin lips.  *See* Table 3 below.

| Table 3 | | |
|---|---|---|
|  | | |
| **Doudou** | **Licensed 3-D Model** | **JoJo** |

17.     The 3-D model set also included a sister and brother—well suited to BabyBus since Doudou also has both a sister and a brother.  *See* Table 4, below, for comparison of JoJo and JJ's family members.

| Table 4 | |
|---|---|
| JoJo Father 1   JoJo Father 2   CoCo Father | JoJo Mother 1   JoJo Mother 2   CoCo Mother |
| **JoJo Father v. JJ Father** | **JoJo Mother v. JJ Mother** |
| JoJo Brother 1   JoJo Brother 2   CoCo Brother | JoJo Sister 1   JoJo Sister 2   CoCo Sister |
| **JoJo Brother v. JJ Brother** | **JoJo Sister v. JJ Sister** |



**JoJo Dog v. JJ Dog**

18.     After licensing the 3-D models, BabyBus made further changes to the 3-D models to create the characters JoJo and his family.

**C.      BabyBus' YouTube Channels**

19.     BabyBus used the Super JoJo characters to create a series of videos, which BabyBus uploaded to YouTube.  These videos were designed for young children, and covered well-known subjects of that genre, including encouraging children to have good hygiene and eat vegetables. Several of the videos use songs to help convey their intended message.

20.     BabyBus launched its flagship Super JoJo channel on YouTube in 2019.  Since that time, BabyBus' total number of YouTube subscribers has exceeded 20,000,000, and videos on the Super JoJo channel have been viewed more than 12 billion times.

21.     BabyBus' flagship Super JoJo YouTube channel English-language videos primarily aimed at an American audience.  In addition to its English-language Super JoJo channel, BabyBus also created additional versions of its videos for other, foreign-language themed channels that are aimed at viewers outside of the United States.  For example, Super JoJo - 童謡と子供の歌 is a Japanese-language channel, aimed at viewers in Japan, which has 1.58 million subscribers; أغاني أطفال - Super JoJo is an Arabic-language channel, aimed at viewers in Arabic-speaking countries, which has 2.68 million subscribers; and Super JoJo Bahasa Indonesia is a channel in the Bahasa Indonesia dialect, aimed at viewers in Indonesia, which has 4.57 million subscribers.

22.     BabyBus was only able to build such a large, international following, and reliable customer base, as the result of massive investments of time and resources, including millions of

dollars in creating the videos and localizing the videos in so many different languages.

**D.      Moonbug and Its Illicit Takedown Campaign**

23.      Beginning on July 20, 2021, within days of learning about BabyBus' initial public offering, Moonbug launched an unlawful campaign to terminate the Super JoJo channels.

24.      As of the date of this filing, Moonbug's campaign has involved the transmission of at least 120 false and/or misleading DMCA takedown notices through YouTube's platform, targeting several of BabyBus' YouTube channels including its flagship English-language channel, its Indonesia channel, its Spanish language channel, and others.

25.      Following the receipt of the initial copyright strikes on its channels, BabyBus began submitting counter-notifications to YouTube in or around August 2021.  YouTube's automated system relies on counter-notifications (among other measures) to protect against unlawful takedown attempts exactly like the one Moonbug is attempting against BabyBus; accordingly, BabyBus submitted counter-notifications.   In its counter-notifications, BabyBus described, in part, the development of its JoJo character as it evolved from the 2016 2D-model of DouDou into the later 3D-model of JoJo, including the use of general characteristics of a little boy including big eyes, ears, a laughing mouth, and how JoJo was originally derived from the New Year doll of traditional Chinese culture.  BabyBus also detailed differences from its Super JoJo characters and those of Moonbug's characters, including differences in the physical features of the family, differences in employment and interest of the parent characters, and the educational status of the JoJo character when compared with Moonbug's JJ character.  BabyBus continued to submit counter-notifications in response to Moonbug's YouTube DMCA notices both prior to and following the temporary suspension of BabyBus's English-language Super JoJo channel.

26.      In response to Moonbug's submission of 70 false and/or misleading DMCA notices, and as a result of BabyBus' counter-notifications, YouTube removed works corresponding to only nine of Moonbug's improper notices.  The Moonbug notices that resulted in removals relied almost exclusively on Moonbug's copyright in its JJ character and relied on false and/or misleading allegations of character "copying" to demand that YouTube take down entire videos.  For example, Moonbug's first two improper DMCA takedown notices claimed that two BabyBus works allegedly

infringed Copyright Reg. No. VAu001379978, which only covers a 2-D artwork titled "JJ" (and which reflects a creation date *after* Doudou's publication), as well as Copyright Reg. No. VAu001322038, which is for 2-D artwork titled "Unpublished Family Characters."

27.     Moonbug has at various times provided both YouTube and BabyBus the reasoning for its claims of copyright infringement.  Moonbug's attempts to explain its improper takedown notices reveal the improper nature of its claims.

28.     Moonbug has, in part, focused on alleged similarities in the face of its character JJ and BabyBus's character JoJo—but the "similarities" alleged by Moonbug are limited to naturally occurring features of all infants.  For example, Moonbug has previously argued that depicting an infant with a single tuft of hair, thin eyebrows, big eyes, and colorful clothing somehow "infringes" its copyrights.  As these features are common to both fictional and non-fictional babies, it appears that Moonbug simply wants to prevent a competitor from depicting infants altogether, thus driving a competitor from the marketplace.

29.     Moonbug has suggested that its copyrights prevent competitors from depicting infants as "happy, positive, eager and curious boys, phenomenally open to learning things and helping others, and easily coaxed through any less-than-upbeat emotions in the time it takes to sing an instructive song."  Moonbug's suggestion that it can prevent a competitor from depicting curious children eager to learn things shows the frivolous nature of Moonbug's claims.

30.     Moonbug has argued that its copyrights prevent competitors from depicting traditional "nuclear" families.  For example, Moonbug has argued that its copyrights cover a "family consisting of mother, father, older sister and older brother," as well as a dog named Bingo.  But that sort of traditional family structure is common in the media, including media designed for young children.  Moonbug's suggestion that depicting a family with a mother, father, two older siblings, and a dog is somehow an act of "infringement" once again shows the false and improper nature of Moonbug's copyright clams.

**E.     Moonbug Did Not Form the Required Good Faith Belief Before Submitting Its False and/or Misleading DMCA Notices.**

31.     In each of its false and/or misleading DMCA takedown notices, Moonbug's alleged

and asserted copyrights were based on the character "baby JJ" and JJ's family which were characters on Moonbug's "CoComelon" YouTube channel. JJ's family is made up of a mother, father, older sister, older brother, and dog. However, and despite representing to YouTube that it had allegedly formed a "good faith belief" that BabyBus was infringing its copyrights, Moonbug submitted its takedown notices *without* forming a good faith belief regarding BabyBus' alleged infringement.

32.   Moonbug did not form a good faith belief regarding BabyBus' alleged infringement because Moonbug did not consider whether it was alleging copyright protection for elements of its works that are not protectable in copyright. For example, on July 20, 2021, Moonbug sent a letter to YouTube that claimed "copyright protection" for various elements of its infant baby JJ character that have previously been found unprotectable in copyright, such as a large head, with a single tuft of hair, large eyes, etc. By failing to consider whether it was asserting similarities only in protectable elements of its work, Moonbug failed to form a good faith belief regarding its allegations of infringement against BabyBus.

33.   On information and belief, Moonbug did not form a good faith belief regarding BabyBus' alleged infringement because Moonbug did not reasonably consider the doctrine of fair use. As noted above, Moonbug submitted a letter to YouTube that unlawfully claimed copyright protection over multiple elements of its JJ character that are not protectable in copyright. Accordingly, to the extent that any of the similarities may have been protectable in copyright, those similarities would be very minor, and not a substantial portion of the works at issue. The insubstantial nature of the similarities, coupled with the nature of the works (published, educational works), and the lack of cognizable injury to Moonbug (because the market value of Moonbug's works does not appear to have diminished), means that any alleged copying by BabyBus would be protected under the doctrine of fair use. Moonbug failed to consider this doctrine, as evinced by the fact that it is not discussed in Moonbug's July 20, 2021 letter to YouTube. Accordingly, Moonbug also failed to form a good faith belief regarding whether any similarities between its works and BabyBus' could be attributed to the doctrine of fair use.

34.   On information and belief, Moonbug also failed to form a good faith belief regarding BabyBus' alleged infringement under the doctrine of willful blindness. Moonbug is aware that its

accusations against BabyBus rely on, *inter alia*, features of its JJ character that are not protectable in copyright, and thus Moonbug rendered itself willfully blind by purposefully avoiding an in-depth, reasoned analysis regarding whether any similarities between Moonbug and BabyBus' works reached elements that were protectable in copyright.

35.      After receiving Moonbugs improper and illicit DMCA takedown notices, YouTube placed "copyright strikes" on BabyBus' channels.  YouTube uses copyright strikes to comply with the DMCA's requirement that internet service providers develop a "policy that provides for the termination in appropriate circumstances of subscribers and account holders of the service provider's system or network who are repeat infringers."  17 U.S.C. § 512(i).  YouTube's system of detecting repeat infringers is fully automated, meaning that YouTube will automatically place copyright strikes against *non*-infringing channels that are the subject of false and/or misleading DMCA takedown notices.  On information and belief, Moonbug is fully aware of the automated nature of YouTube's copyright strike system, and Moonbug intended to exploit that system in order to unlawfully remove a competitor's—BabyBus'—products from the marketplace.

**F.      BabyBus Has Been Harmed By Moonbug's Unlawful Takedown Campaign**

36.      Despite the indefensible nature of Moonbug's false and/or misleading allegations, the automated nature of YouTube's DMCA notice process trigged the temporary removal of the entire Super JoJo Channel on or around August 26, 2021.  That temporary removal resulted in a complete loss of search-engine standing on YouTube that BabyBus had built up over the past two years, as well as damage to search-engine standing of BabyBus' other channels.  Without that standing, BabyBus' videos appear much lower on the list of videos when a parent or child searches for videos designed for young children, and that has the practical effect of reducing view ship of BabyBus' videos.  Similarly, BabyBus' videos are less likely to be recommended to viewers in that market who regularly view videos designed for young children.

37.      Before the termination of BabyBus' English-language Super JoJo Channel, the videos on that channel were viewed on an average of *27 million times per day* and received about 40,000 new subscribers per day.  While the channel was down, any growth ceased and BabyBus' losses amounted to between $400,000 and $500,000 per month.

38.     BabyBus later engaged in YouTube's appeal process on or around September 10, 2021 in an effort to get its channel restored.  In this appeal, BabyBus again detailed the number of ways in which Moonbug's claims of infringement were deficient and did not warrant termination of BabyBus' English-language channel.  BabvBus also reiterated what it had stated in its counter-notifications, namely that Moonbug had identified generic and non-protectable characteristics such as a round head with small tuft of hair, a small body, pajamas, two top teeth, and a positive demeanor as Moonbug's basis for its claims of infringement.

39.     Following BabyBus' filing of detailed TRO papers in this action explaining the unfounded nature of Moonbug's claims, YouTube reinstated BabyBus' English-language Super JoJo Channel on or around October 5, 2021.  However, despite being restored, BabyBus' English-language Super JoJo Channel has not seen the same customer and viewer growth that it did before Moonbug's unlawful takedown campaign.  Moonbug's false and/or misleading DMCA notices may have caused BabyBus permanently to lose both current and prospective viewers, subscribers, and revenue.

40.     Beginning on or around October 7, 2021, the day after BabyBus' channel was reinstated and after BabyBus withdrew its TRO application seeking an order requiring Moonbug to withdraw its false and/or misleading DMCA notices and barring Moonbug from submitting any more, Moonbug began a renewed campaign against BabyBus by sending even more false and/or misleading infringement notices to YouTube.  In total, Moonbug has sent at least 55 new false and/or misleading notices in addition to its prior 70 requests.  These new notices, like Moonbug's prior notices, target all of BabyBus' content generally including in videos and songs that are in the public domain.

41.     The harm Moonbug caused to BabyBus' ability to do and grow business through its flagship English-language Super JoJo channel is especially acute now, in the fourth quarter of the year, because it is the peak season of the YouTube advertising ecosystem.

42.     Moonbug has continued its campaign to stop BabyBus' English-language channel through its new and repetitive bad faith, false and/or misleading DMCA requests based on unprotectable characteristics, such as a baby depicted with a "large head."  Moonbug has continued

1   these actions despite knowing that their alleged copyrights and attempted enforcement are based on

2   unprotectable characteristics and themes.  Moonbug has already harmed—and without relief will

3   continue to harm—BabyBus through the submission of false and misleading DMCA notices to

4   YouTube.

**COUNT ONE**

**(Copyright Misrepresentation under 17 U.S.C. § 512(f))**

7       43.     BabyBus repeats and incorporates by reference, as if fully set forth herein, its

8   allegations in the preceding paragraphs.

9       44.     Moonbug sent copyright infringement notices to YouTube that contained misleading,

10   inaccurate, or false information, including but not limited to the misrepresentation that BabyBus had

11   infringed one or more copyrights allegedly owned by Moonbug.  Moonbug's illicit behavior

12   continued after BabyBus's English-language Super JoJo channel was reinstated by YouTube, and

13   despite BabyBus' filing of its counterclaims.  Moonbug thus appears intent on continuing its

14   unlawful campaign to remove BabyBus as a competitor.

15       45.     On information and belief, Moonbug knew that its copyright infringement notices

16   contained misleading, inaccurate, or false allegations of infringement at the time the notices were

17   sent; or, in the alternative, Moonbug deliberately avoided confirming the high probability that its

18   copyright infringement notices contained misleading, inaccurate, or false allegations of

19   infringement prior to the notices being sent.  Despite being on notice that it sought to enforce

20   unprotectable elements in its copyrighted works, Moonbug knowingly and in bad faith continued to

21   file misleading, inaccurate, or false DMCA notices.  On information and belief, Moonbug

22   purposefully timed these notices to circumvent BabyBus' prior TRO application in order to shield

23   its false and/or misleading notices and anti-competitive conduct from judicial scrutiny.

24       46.     For example, Moonbug submitted DMCA notices alleging infringement by two

25   BabyBus 3-D animated videos based solely on claimed infringement of 2-D artwork of "JJ" and

26   "Unpublished Family Characters."  As Moonbug's Complaint makes clear, Moonbug seeks to claim

27   copyright ownership of naturally occurring physical features common to all human babies (*e.g.*,

28   large head, large eyes) and staples of the genre of children's entertainment (*e.g.*, households with

1   two parents, siblings, a pet, and bright colors).  Moonbug cannot monopolize these generic features

2   and, upon information and belief, Moonbug knew its notices to YouTube contained misleading,

3   inaccurate, or false allegations of infringement at the time they were sent for that reason, among

4   others.

5       47.     As a result of Moonbug's misrepresentations and violation of 17 U.S.C. Section

6   512(f), BabyBus has suffered immense harm, including but not limited to lost viewership, lost

7   growth, lost revenue, and damage to its brands and good will.  Moonbug is liable for all damages,

8   including costs and attorneys' fees, incurred by BabyBus.

9                                **COUNT TWO**

10                  **(Intentional Interference with Economic Expectations)**

11      48.     BabyBus has an economic relationship with the overseas subscribers of its foreign

12   language YouTube channels, including but not limited to the 4.57 million subscribers of BabyBus'

13   Indonesian channel.  BabyBus earns revenue when those overseas subscribers watch its videos on

14   YouTube.

15      49.     Moonbug was aware of BabyBus' economic relationship with its overseas

16   subscribers, including because Moonbug specifically identified BabyBus' foreign language

17   channels in a July 20, 2021 letter that Moonbug sent to YouTube.  In the same letter, Moonbug also

18   stated that BabyBus had "113 million" subscribers, which number reflects the combination of

19   BabyBus' domestic and overseas subscribers.

20      50.     Moonbug intentionally interfered with BabyBus' economic relationship with its

21   overseas subscribers by sending false and/or misleading DMCA takedown notices to YouTube,

22   which falsely alleged that BabyBus' foreign language videos were infringing on Moonbug's

23   copyrights.  Moonbug's intent is demonstrated not only by the false and/or misleading nature of its

24   accusations, but also by the timing of its accusations.  Moonbug waited to submit takedown notices

25   until *after* it became aware that BabyBus was preparing for an initial public offering.  That timing

26   demonstrates that Moonbug's true goal was economic harm to BabyBus.

27      51.     BabyBus' relationships with its overseas viewers has been actually disrupted as a

28   result of Moonbug's conduct.  For example, as a result of false and/or misleading DMCA notices

submitted by Moonbug, at least two videos on BabyBus' Indonesia channel were removed by YouTube's automated removal system.  As explained above, BabyBus was harmed by these removals because BabyBus' overseas subscribers cannot view removed videos, and BabyBus cannot earn YouTube revenue from them.

52.     Moonbug's transmission of the false and/or misleading DMCA takedown notices to YouTube was both the but-for and proximate cause of YouTube's automated takedowns targeted at BabyBus' foreign language videos.  Moonbug is this liable to BabyBus for intentionally interfering with BabyBus' economic expectations regarding its relationships with overseas viewers.

53.     On information and belief, Moonbug submitted the false and/or misleading DMCA takedown notices at issue to YouTube with the specific intent to oppress, defraud, or otherwise maliciously harm BabyBus.  Accordingly, BabyBus is entitled to punitive damages pursuant to California Civil Code § 3294.

## COUNT THREE

### (Intentional Interference with Contractual Relations)

54.     YouTube's terms of service ("YouTube's Terms") represent a contract between YouTube and BabyBus, which governs both BabyBus' uploading of videos to YouTube, and YouTube's revenue sharing with BabyBus.  YouTube's Terms govern all of the videos uploaded by BabyBus to YouTube, including but not limited to foreign language videos aimed at overseas audiences.

55.     Moonbug was aware of YouTube's Terms, as indicated by Moonbug's references to clauses found in YouTube's Terms in a July 20, 2021 letter Moonbug sent to YouTube.

56.     Moonbug's decision to submit false and/or misleading DMCA takedown notices to YouTube was intended to disrupt, and did disrupt, BabyBus' contract with YouTube by causing YouTube to take down numerous videos (and whole channels) created by BabyBus.  As alleged above, the takedowns included foreign language videos aimed at overseas subscribers to BabyBus' YouTube channels.  Moonbug's intent to interfere with BabyBus' contract with YouTube is evinced by Moonbug's explicit demand, stated in a July 20, 2021 letter, that YouTube take down BabyBus' videos and channels.

57.     Moonbug's conduct actually disrupted BabyBus' contract with YouTube.   For example, as a result of false and/or misleading DMCA notices submitted by Moonbug, at least two videos on BabyBus' Indonesia channel were removed by YouTube's automated removal system. As explained above, BabyBus was harmed by these removals because BabyBus' overseas subscribers cannot view removed videos, and BabyBus cannot earn YouTube revenue from them. Here, the contract between BabyBus and YouTube governs the uploading of videos and the sharing of revenue between BabyBus and YouTube, and thus Moonbug's actions have interfered with the contract by disrupting BabyBus' revenue stream.

58.     Moonbug's transmission of the false and/or misleading DMCA takedown notices to YouTube was both the but-for and proximate cause of YouTube's automated takedowns targeted at BabyBus' foreign language videos.   Moonbug is this liable to BabyBus for intentionally interfering with BabyBus' contractual relationship with YouTube.

59.     On information and belief, Moonbug submitted the false and/or misleading DMCA takedown notices at issue to YouTube with the specific intent to oppress, defraud, or otherwise maliciously harm BabyBus.   Accordingly, BabyBus is entitled to punitive damages pursuant to California Civil Code § 3294.

## COUNT FOUR

### (Unfair Competition, California Business and Professions Code § 17200, *et seq*)

60.     As alleged above, Moonbug has engaged in a purposeful, targeted campaign of sending false and/or misleading DMCA notices regarding BabyBus' works to YouTube, including false and/or misleading DMCA notices regarding BabyBus' foreign language works which are targeted at overseas consuemrs.   Moonbug submitted these false and/or misleading DMCA notices without first forming the requisite good-faith belief that BabyBus was actually engaged in infringing conduct.

61.     On information and belief, Moonbug submitted these false and/or misleading DMCA notices for the express purpose of harming a competitor and driving a competitor from the market. This includes sending false and/or misleading DMCA notices for the purpose of driving out a competitor for overseas viewers of foreign language videos.

62.    Moonbug thus engaged in conduct that is fundamentally unfair and an incipient violation of the antitrust laws by transmitting false and/or misleading information to YouTube for the express purpose of attempting to drive a competitor out of the marketplace.  Moonbug is thus liable for unfair competition pursuant to California Business and Professions Code § 17200, *et seq*.

63.    On information and belief, Moonbug submitted the false and/or misleading DMCA takedown notices at issue to YouTube with the specific intent to oppress, defraud, or otherwise maliciously harm BabyBus; accordingly, BabyBus is entitled to punitive damages pursuant to California Civil Code § 3294.

## PRAYER FOR RELIEF

WHEREFORE, BabyBus respectfully requests that the Court enter judgment in its favor and against Moonbug as follows:

A.    Dismissing, with prejudice, Moonbug's Complaint against BabyBus;

B.    Denying all relief that Moonbug seeks in its Complaint and any amendments thereto;

C.    Entering judgment in favor of BabyBus and against Moonbug on BabyBus' Counterclaims;

D.    Awarding BabyBus its damages, restitution, costs, attorney fees, and exemplary damages, and punitive damages, including pursuant to 17 U.S.C. § 512(f) and California Civil Code § 3294.

E.    Enjoining Moonbug from misrepresenting that BabyBus had infringed Moonbug copyrights, including pursuant to 17 U.S.C. § 512(f), California Business and Professions Code § 17200, *et seq*; and the common law of California.

F.    Awarding any other relief the Court deems just and equitable.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), BabyBus hereby demands trial by jury of all issues properly triable thereby, including but not limited to all such issues raised in Moonbug's Complaint and BabyBus' Counterclaims.

1   DATED:  November 9, 2021                QUINN EMANUEL URQUHART & SULLIVAN, LLP

2

3                                          By _____/s/ Sam S. Stake_____

4                                             Margret Caruso (Bar No. 243473)
                                              555 Twin Dolphin Drive, 5th Floor
5                                             Redwood Shores, California 94065
                                              Telephone:     (650) 801-5000
6                                             Fax:           (650) 801-5100
                                              margretcaruso@quinnemanuel.com
7

8                                             Sam S. Stake (Bar No. 257916)
                                              50 California Street, 22nd Floor
9                                             San Francisco, California 94111
                                              Telephone:    (415) 875-6600
10                                            Facsimile:    (415) 875-6700
                                              samstake@quinnemanuel.com
11

12                                            Attorneys for Defendant/Counter-Plaintiff
                                              BABYBUS (FUJIAN) NETWORK
13                                            TECHNOLOGY CO., LTD

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28