JENNIFER KELLY (CSB No. 193416)
jennifer@tyzlaw.com
RYAN TYZ (CSB No. 234895)
ryan@tyzlaw.com
ERIN JONES (CSB No. 252947)
ejones@tyzlaw.com
CIARA MCHALE (CSB No. 293308)
ciara@tyzlaw.com
SEAN APPLE (CSB No. 305692)
sapple@tyzlaw.com
CHIEH TUNG (CSB No. 318963)
chieh@tyzlaw.com
TYZ LAW GROUP PC
4 Embarcadero Center, 14th Floor
San Francisco, CA 94111
Telephone: 415.868.6900

Attorneys for Plaintiffs
Moonbug Entertainment Limited and
Treasure Studio, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

MOONBUG ENTERTAINMENT LIMITED and TREASURE STUDIO, INC.,

Plaintiffs,

v.

BABYBUS (FUJIAN) NETWORK TECHNOLOGY CO., LTD,

Defendant.

---

BABYBUS (FUJIAN) NETWORK TECHNOLOGY CO., LTD,

Counter-Plaintiff,

v.

MOONBUG ENTERTAINMENT LIMITED and TREASURE STUDIO, INC.,

Counter-Defendants.

Case No: 3:21-cv-06536-EMC

**DECLARATION OF RYAN TYZ IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**

I, Ryan Tyz, hereby declare as follows:

1.  I am an attorney licensed to practice in the State of California and the Northern District of California. I am the owner of Tyz Law Group PC, and lead counsel of record for Plaintiffs Moonbug Entertainment Limited and Treasure Studio, Inc. in this action. I have personal knowledge of the facts set forth in this declaration, and if called to testify, I could and would testify competently and under oath to the same.

2.  On September 28, 2021, Defendant filed its original answer and counterclaims in this action, asserting three counterclaims: (1) copyright misrepresentation under 17 U.S.C. § 512(f); (2) unfair competition under Cal. Bus. & Prof. Code §§ 17200; and (3) common law unfair competition and misappropriation. (D.I. 20). On October 19, 2021, Plaintiffs filed a Motion to Dismiss Counterclaims and to Strike Counterclaims under California's Anti-SLAPP Law. (D.I. 31). Instead of opposing Plaintiffs' motion, Defendant amended its answer and counterclaims.

3.  On November 9, 2021, Defendant filed an amended answer and counterclaims, reasserting a counterclaim for copyright misrepresentation under 17 U.S.C. § 512(f) and asserting three California state law counterclaims: (1) intentional interference with economic expectation, (2) intentional interference with contractual relations, and (3) unfair competition under Cal. Bus. & Prof. Code §§ 17200 (D.I. 36). On November 23, 2021, Plaintiffs filed a Motion to Strike Amended Answer and Defenses, Dismiss Amended 512(f) Counterclaim, and Strike or Dismiss State Law Counterclaims. On February 25, 2022, the Court issued an order dismissing Defendant's fair use and copyright misuse defenses, and 512(f) counterclaim, and striking defendant's three state law counterclaims under California's anti-SLAPP statute.

4.  I submit this declaration in support of Plaintiffs' motion for attorneys' fees, and in response to the Court's Order of February 25, 2022 (D.I. 71) striking Defendant's state law counterclaims under California's anti-SLAPP statute and finding that Moonbug is entitled to attorneys' fees. I have met and conferred with Defendant's counsel by email and telephone for the purpose of attempting to resolve this fee motion, but the parties remain at an impasse. I reached out to Defendant's counsel by email the first business day after the Court's order, on

Monday, February 28, 2022, stating that while we have spent roughly 324 hours, which is $192,305 in fees, Moonbug would be willing to accept $96,152 to resolve the fees without motion practice, but if forced to prepare and file such a motion it will seek all recoverable fees. Defendant's counsel responded rejecting that proposal and asking to see our billing records. In response, I provided Defendant's counsel a spreadsheet showing time incurred in the amount of 310 total hours related to the two motions, and that we are only seeking recovery of a portion of those hours. Defendant responded offering $15,580 for attorneys' fees related to the anti-SLAPP motion, stating that "Moonbug's anti-SLAPP motion should only have taken 25–35 hours to prepare." Ex. 9. Based on this response, I went through the time entries and prepared this declaration. I then followed up with Defendant's counsel by telephone on March 8 explaining in detail the hours and amounts Moonbug would be seeking by way motion, which I memorialized by email after. Defendant did not respond within the time requested for a response.

## TYZ LAW GROUP ATTORNEYS

5. **Ryan Tyz**: I am the founder and owner of Tyz Law Group. I am a member in good standing with the California State Bar and have practiced law in the State of California since 2004. I have roughly 18 years of experience litigating complex intellectual property and business disputes. I have participated as counsel in numerous other matters in this District, including copyright matters. I was ranked as one of the Top Intellectual Property Lawyers in California for 2020 and 2021 by the *Daily Journal*. Prior to founding Tyz Law Group, I spent roughly ten years as an attorney in Fenwick & West's intellectual property litigation group where I represented technology clients in intellectual property matters. I graduated from the University of Oregon School of Law in 2004, where I was an editor of the Oregon Law Review. My time spent working on this case has involved overseeing all aspects of Plaintiffs' claims and responding to Defendant's counterclaims, including developing strategy, reviewing and editing Plaintiffs' motions, attending the hearing on Plaintiffs' motion, and conferring with opposing counsel. My hourly rate is $690.

6. **Jennifer Kelly**: Ms. Kelly is a senior attorney at Tyz Law Group. She is a member of good standing with the California State Bar and has practiced law in the State of California

since 1997. She has roughly 25 years of experience representing clients in the technology and entertainment sectors, with an emphasis on copyright matters. Prior to joining Tyz Law Group, Ms. Kelly was a partner at Fenwick & West, where she served as Chair of the firm's Intellectual Property & Commercial Litigation group. Ms. Kelly has participated as counsel in numerous other matters in this District, many of which have been copyright matters. She has been named by The Daily Journal as one of the Top Intellectual Property Lawyers in California in back-to-back years as well as one of California's Top Entertainment Lawyers. The Legal 500 has also recognized Ms. Kelly as a leading copyright attorney. Ms. Kelly graduated from the University of California, Los Angeles School of Law in 1997, where she was Order of the Coif and a member of the UCLA Entertainment Law Review. Ms. Kelly's time on this case has focused on developing strategy, reviewing and advising on Plaintiffs' motions, and interacting with the client. Ms. Kelly's hourly rate is $690.

7. **Erin Jones**: Erin Jones is a senior attorney at Tyz Law Group. She is a member of good standing with the California State Bar and has practiced law in the State of California since 2007. Dr. Jones graduated from the University of California, Berkeley School of Law, where she was an editor for the Berkeley Technology Law Journal and was awarded a Law & Technology Certificate and a Prosser Prize in Quantitative Methods in Law. Prior to joining Tyz Law Group, Dr. Jones litigated complex intellectual property cases for eight years in the Silicon Valley offices of Fish & Richardson PC, Weil, Gotshal and Manges, LLP and Fenwick & West LLP. She served as a judicial law clerk to the Honorable James Donato, District Judge of the Northern District of California. Dr. Jones has a Ph.D. in Electrical Engineering and Computer Sciences from University of California, Berkeley. Prior to law school, Dr. Jones worked in academia and as a manager and leader in the microelectronics industry. Dr. Jones' time spent working on this case involved assisting with strategy, overseeing and revising Plaintiffs' motions, managing the day-to-day activities in this matter, and leading technical aspects of the case. Dr. Jones' hourly rate is $650.

8. **Ciara McHale**: Ciara McHale is an attorney at Tyz Law Group. She is a member of good standing with the California State Bar and has practiced law in the State of California

since 2013. Ms. McHale graduated from the University of California, Berkeley School of Law, where she was received the American Jurisprudence Award in Evidence and a Prosser Prize in Written & Oral Advocacy. Ms. McHale regularly represents clients in copyright matters, including issues involving the Digital Millennium Copyright Act. Prior to joining Tyz Law Group, Ms. McHale litigated complex intellectual property cases for 6 years at Fenwick & West in the firm's Intellectual Property & Commercial Litigation group. Ms. McHale's time spent working on this case involved drafting and reviewing portions of Plaintiffs' motions, including factual investigation and gathering, and handling day-to-day activities in this matter. Ms. McHale's hourly rate is $600.

9. **Sean Apple**: Sean Apple is an attorney at Tyz Law Group. He is a member of good standing with the California State Bar and has practiced law in the State of California since 2015. Mr. Apple graduated *magna cum laude* from the University of California, Hastings College of the Law, where he was elected Order of the Coif and served as a senior production editor of the Hastings Law Journal. Prior to joining Tyz Law Group, Mr. Apple spent roughly three years as an intellectual property litigator at the Silicon Valley office of Baker Botts LLP. Mr. Apple's time spent working on this case involved drafting Plaintiffs' motions, including legal research, investigating facts, reviewing documents, preparing court submissions, and assisting with discovery. Mr. Apple's hourly rate is $500.

10. **Chieh Tung**: Chieh Tung is an attorney at Tyz Law Group. She is a member of good standing with the California State Bar and has practiced law in the State of California since 2017. Ms. Tung graduated from the University of California, Berkeley School of Law, where she was Order of the Coif. During law school she externed for the Honorable David O. Carter in the United States District Court, Central District of California. Prior to law school, Ms. Tung spent five years as a legal analyst for Google, reviewing legal removal requests concerning intellectual property, among others. Ms. Tung has roughly five years of experience representing technology companies in commercial and intellectual property disputes. Prior to recently joining Tyz Law Group, Ms. Tung was an attorney in the litigation group of Fenwick & West. Ms. Tung's time spent working on this case involved legal and factual research, drafting and revising parts of

motions, preparing court submissions, specifically related to the reply in support of Plaintiffs' motion to dismiss and strike Defendant's amended counterclaims. Mr. Tung's hourly rate is $475.

11. In my role at Tyz Law Group, I am responsible for setting the hourly rates for all attorneys at the firm. The hourly rate for each of the individual attorneys above is based on a variety of factors, including seniority, level of experience and substantive knowledge. I routinely evaluate the firm's hourly rates, so they are competitive with fees of other comparable firms located in Northern California. Because I have experience at large and small law firms and have spent my entire career as an attorney practicing law in the San Francisco Bay Area, I am familiar with the prevailing hourly rates for attorneys in this market. As part of preparing this declaration, I have also reviewed the hourly fees set forth in filings and orders on anti-SLAPP motions by other firms and attorneys, and hourly rates which have been approved in this court range from $710 to $1,085. *See, e.g.*, *Wynn v. Chanos*, No. 14-cv-04329-WHO, 2015 U.S. Dist. LEXIS 80062, at *5 (N.D. Cal. June 19, 2015). I have also reviewed a recent declaration of hourly rates for certain partners and associates at Quinn Emanuel, the firm that represents Defendant in this action, which is attached as Exhibit 8. Based on this information, and given my position at Tyz Law Group, I believe the hourly rate of each attorney at Tyz Law Group set forth above is comparable to prevailing hourly rates that attorneys with similar experience typically command in the San Francisco Bay Area and is lower than the rates of big-firm lawyers. Additionally, that Tyz Law Group's hourly rates appear far less than Quinn Emanual's hourly rates for partners and associates, as set forth in Exhibit 8, is a strong indicator of the value of the services to Plaintiffs in this action, and specifically the value to them of prevailing on Plaintiffs' motion to dismiss and strike all of Defendant's counterclaims.

**TYZ LAW GROUP TIME AND COST RECORDS**

12. Consistent with customary legal practice, Tyz Law Group attorneys keep contemporaneous records of their time each day which are excerpted, compiled by software and sent to Plaintiff each month in the regular course of business. After Defendant filed its original answer and counterclaims in this matter, Tyz Law Group attorneys endeavored to separate their time in a billing matter for work specifically related to anti-SLAPP issues and in a different billing

matter for other work related to Plaintiffs' motion to dismiss and strike Defendant's counterclaims. I have reviewed these time entries as part of preparing this declaration.

TIME EXPENDED ON PLAINTIFFS' FIRST ANTI-SLAPP MOTION TO STRIKE

13. Attached as **Exhibit 1** is a true and correct copy of a report derived from Tyz Law Group's contemporaneous time records of entries for the billing matter related specifically to the anti-SLAPP issues in Plaintiffs' motion to strike Defendant's *original* counterclaims, which span September 28, 2021 to November 9, 2021. Some portions of Exhibit 1 are redacted based on attorney-client privilege. Below is a table of the time and associated fees for each attorney (at their respective hourly rate) on the Tyz Law Group team for work specifically related to the anti-SLAPP issues in Plaintiffs' motion to strike Defendant's *original* counterclaims:

| Time Keeper | Hours | Fees |
|---|---|---|
| Ryan Tyz | 9.51 | $6,561.90 |
| Jennifer Kelly | 4.60 | $3,174.00 |
| Erin Jones | 6.31 | $4,101.50 |
| Sean Apple | 17.97 | $8,985.00 |

14. Accordingly, Tyz Law Group attorneys spent a total of 38.39 hours related specifically to the anti-SLAPP issues in Plaintiffs' motion to strike Defendant's *original* counterclaims, which comes to a total of $22,822.40 in fees.

15. Attached as **Exhibit 2** is a true and correct copy of a report derived from Tyz Law Group's contemporaneous time records of entries for the billing matters related to both Plaintiffs' motion to dismiss and strike Defendant's *original* counterclaims, which span September 28, 2021 to November 9, 2021. Below is a table of the time and associated fees for each attorney (at their respective hourly rate) on the Tyz Law Group team for work generally related to both Plaintiffs' motion to dismiss and strike Defendant's *original* counterclaims:

| Time Keeper | Hours | Fees |
|---|---|---|
| Jennifer Kelly | 0.30 | $207.00 |
| Erin Jones | 15.09 | $9,808.50 |
| Ciara McHale | 5.28 | $3,168.00 |
| Sean Apple | 13.42 | $6,710.00 |

16. Accordingly, Tyz Law Group attorneys spent 34.09 hours related to both Plaintiffs' motion to dismiss and strike Defendant's *original* counterclaims, which comes to $19,893.50 in fees. I believe these entries represent work that was inextricably intertwined and overlap with Plaintiffs' anti-SLAPP motion to strike Defendant's *original* counterclaims, which would have been necessary to defend against the state law counterclaims even without the section 512(f) counterclaim.

17. Plaintiffs therefore seek compensable fees for **72.48 hours** expended in the amount of **$42,715.90** related to Plaintiffs' anti-SLAPP motion to strike Defendant's *original* counterclaims.

18. Attached as **Exhibit 3** is a true and correct copy of a report derived from Tyz Law Group's contemporaneous time records of entries for the billing matters related to Plaintiffs' motion to dismiss Defendant's *original* counterclaims, but unrelated to Plaintiffs' motion to strike those counterclaims, which span September 28, 2021 to November 9, 2021. Some portions of Exhibit 3 are redacted based on attorney-client privilege. These entries include the time expended directly on the § 512(f) counterclaim and other non-compensable time. Plaintiffs do not seek fees for the time entries included in Exhibit 3, which accounts for 26.91 hours of non-compensable time for a total non-compensable fee of $15,276.00.

TIME EXPENDED ON PLAINTIFFS' SECOND ANTI-SLAPP MOTION TO STRIKE

19. Attached as **Exhibit 4** is a true and correct copy of a report derived from Tyz Law Group's contemporaneous time records of entries for the billing matter related specifically to the anti-SLAPP issues in Plaintiffs' motion to strike Defendant's *amended* counterclaims, which span November 9, 2021 to February 26, 2022. Below is a table of the time and associated fees for each attorney (at their respective hourly rate) on the Tyz Law Group team for work specifically related to the anti-SLAPP issues in Plaintiffs' motion to strike Defendant's *amended* counterclaims:

| Time Keeper | Hours | Fees |
|---|---|---|
| Ryan Tyz | 15.70 | $10,833.00 |
| Jennifer Kelly | 3.50 | $2,415.00 |
| Erin Jones | 13.51 | $8,781.50 |
| Ciara McHale | 0.40 | $240.00 |
| Sean Apple | 5.03 | $2,515.00 |

| Time Keeper | Hours | Fees |
|---|---|---|
| Chieh Tung | 16.96 | $8,056.00 |

20. Accordingly, Tyz Law Group attorneys spent a total of 55.10 hours related specifically to the anti-SLAPP issues in Plaintiffs' motion to strike Defendant's *amended* counterclaims, which comes to a total of $32,840.50 in fees.

21. Attached as **Exhibit 5** is a true and correct copy of a report derived from Tyz Law Group's contemporaneous time records of entries in billing matters related to both Plaintiffs' motion to dismiss and strike Defendant's *amended* counterclaims, which span November 9, 2021 to February 26, 2022. Some portions of Exhibit 5 are redacted based on attorney-client privilege. Below is a table of the time and associated fees for each attorney (at their respective hourly rate) on the Tyz Law Group team for work generally related to both Plaintiffs' motion to dismiss and strike Defendant's *amended* counterclaims:

| Time Keeper | Hours | Fees |
|---|---|---|
| Jennifer Kelly | 5.20 | $3,588.00 |
| Erin Jones | 38.32 | $24,908.00 |
| Ciara McHale | 6.01 | $3,606.00 |
| Sean Apple | 13.42 | $6,710.00 |
| Chieh Tung | 21.34 | $10,136.50 |

22. Accordingly, Tyz Law Group attorneys spent 84.29 hours related to both Plaintiffs' motion to dismiss and strike Defendant's *amended* counterclaims, which comes to a total of $48,948.50 in fees. I believe these entries represent work that was inextricably intertwined and overlap with Plaintiffs' anti-SLAPP motion to strike Defendant's *amended* counterclaims, which would have been necessary to defend against the state law counterclaims even without the section 512(f) counterclaim, the motion to strike the answer and affirmative defenses as untimely, the motion to dismiss Defendant's fair use and copyright misuse defenses, or the two post motion supplemental submissions requested by the Court.

23. Plaintiffs therefore seek compensable fees for **139.39 hours** expended in the amount of **$81,789.00** related to Plaintiffs' anti-SLAPP motion to strike Defendant's *amended* counterclaims.

24. Attached as **Exhibit 6** is a true and correct copy of a report derived from Tyz Law Group's contemporaneous time records of entries for the billing matters related to Plaintiffs' motion to dismiss Defendant's *amended* counterclaims, but unrelated to Plaintiffs' motion to strike those counterclaims, which span November 9, 2021 to February 26, 2022. Some portions of Exhibit 6 are redacted based on attorney-client privilege. These entries include time expended directly on the § 512(f) counterclaim, the motion to strike the answer and affirmative defenses as untimely, the motion to dismiss Defendant's fair use and copyright misuse defenses, the two post-motion supplemental submissions requested by the Court, and other non-compensable time. Plaintiffs do not seek fees for the time entries included in Exhibit 6, which accounts for 81.84 hours of non-compensable time for a total non-compensable fee of $49,122.75.

TIME EXPENDED ON PLAINTIFFS' MOTION FOR FEES

25. Attached as **Exhibit 7** is a true and correct copy of a report derived from Tyz Law Group's contemporaneous time records of entries related this motion for attorneys' fees, which span March 1 to March 11, 2022. The following table summarizes the hours spent by each attorney in connection with this motion for attorneys' fees.

| Time Keeper | Hours | Fees |
|---|---|---|
| Ryan Tyz | 15.80 | $10,902.00 |
| Jennifer Kelly | 1.50 | $1,035.00 |
| Erin Jones | 5.23 | $3,399.50 |
| Sean Apple | 29.92 | $14,960.00 |
| Chieh Tung | 1.67 | $793.25 |

26. Accordingly, in connection with this motion for attorneys' fees, the Tyz Law Group team has expended **54.12 hours** to date, which comes to a total of **$31,089.75** in fees. With Plaintiffs' reply, I will supplement time keeping records with additional time spent in connection with this motion for attorneys' fees, from today through that date.

TIME EXPENDED ON OTHER MOTION-RELATED ISSUES

27. Again, as part of preparing this declaration and reviewing time records, I have sought to exclude from Plaintiffs' fee request time entries that I reasonably believe in my judgment relate discretely to (a) the § 512(f) counterclaim, (b) the motion to strike the answer and

affirmative defenses as untimely, (c) the motion to dismiss Defendant's fair use and copyright misuse defenses, or (d) the two post motion supplemental submissions requested by the Court (D.I. 60 and 65). Plaintiffs are not seeking fees for this work, which amounts to 108.75 hours of non-compensable time and $64,398.75 of non-compensable fees.

COSTS

28. Plaintiffs incurred costs in this action related to the services provided by the Tyz Law Group in connection with Plaintiffs' motion to dismiss and strike Defendant's *amended* counterclaims in the amount of **$25.20**, which is the cost for the January 6, 2022 hearing transcript.

OTHER SUPPORT FOR PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

29. Attached as **Exhibit 8** is a true and correct copy of the document filed in *Orthopaedic Hosp. v. Encore Med., L.P.*, Case No. 3:19-cv-00970-JLS-AHG in the United States District Court for the Southern District of California at D.I. 279-1. Exhibit 8 is the Quinn Emanuel declaration referred to above in paragraph 11.

30. Attached as **Exhibit 9** is a true and correct copy of the email chain correspondence with opposing counsel concerning Plaintiffs' fee motion.

31. Attached as **Exhibit 10** is a true and correct copy of an excerpt of the transcript from the January 6, 2022 hearing on Plaintiffs' motion to dismiss and strike Defendant's amended counterclaims. I have added highlighting to the portion of Exhibit 10 cited in Plaintiffs' Motion for Attorneys' Fees.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 11, 2022 in Larkspur, California.

Ryan Tyz