# Exhibit 8

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Lazar Raynal (*pro hac vice*)
lazarraynal@quinnemanuel.com
Brianne M. Straka (*pro hac vice*)
briannestraka@quinnemanuel.com
John P. Poulos (*pro hac vice*)
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Phone: (312) 705-7400
Fax:   (312) 705-7401

Steven Cherny (*pro hac vice*)
stevencherny@quinnemanuel.com
111 Huntington Ave., Suite 520
Boston, MA 02199
Phone: (617) 712-7100
Fax:   (617) 712-720

William Odom (Bar No. 313428)
williamodom@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Fax:   (213) 443-3100

*Attorneys for Defendant Encore Medical, L.P.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORTHOPAEDIC HOSPITAL d/b/a Orthopedic Institute For Children,<br><br>Plaintiff,<br><br>vs.<br><br>ENCORE MEDICAL, L.P.,<br><br>Defendant. | Case No. 3:19-cv-00970-JLS-AHG<br><br>**DECLARATION OF BRIANNE STRAKA IN SUPPORT OF DEFENDANT'S MOTION FOR SANCTIONS**<br><br>Date:   October 12, 2021<br>Time:   2:00 p.m.<br>Judge:  Hon. Allison H Goddard<br>Room:   Courtroom 3B |

**HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

**HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

I, Brianne M. Straka, declare as follows:

1. I am a partner in the Chicago office of Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), and counsel for Defendant Encore Medical, L.P. ("Defendant") in this matter. I make this declaration of my own personal knowledge and, if called as a witness, I could and would competently testify hereto under oath. I submit this declaration in support of Defendant's March 25, 2021 Motion for Sanctions pursuant to Fed. R. Civ. P. 37(b)(2) (Dkt. 173), and in response to the Court's August 23, 2021 Order Regarding Defendant's Motion to Compel and for Sanctions Following *In Camera* Review (Dkt. 256).

2. On March 25, 2021, Defendant moved for discovery sanctions under Fed. R. Civ. P. 37(b)(2), requesting that Plaintiff Orthopaedic Hospital ("OH") compensate Defendant for the attorneys' fees and expenses that Defendant incurred exposing and rectifying OH's discovery misconduct. Dkt. 173, at 13-14. On August 23, 2021, the Court entered an order stating: "Defendant must provide timekeeping records demonstrating the fees and costs Defendant incurred related to the Motion to Compel, including briefing, attending the pre-motion discovery hearing, reviewing the first and second supplemental productions in January and February 2021, and reviewing the production of the DePuy litigation materials at issue in the motion to compel." Dkt. 256, at 18-19. The Court's August 23, 2021 Order further states: "Defendant may also address whether the Court should consider awarding Defendant any portion of the fees and costs it incurred in connection with the first Joint Motion for Resolution of Discovery Dispute filed on October 1, 2020, since Defendant first raised the issue then that many of the redacted DePuy litigation documents were plainly not privileged." *Id.* at 19. I have attached the requested timekeeping records, and provide the following summary of Defendant's relevant attorneys' fees for the Court's convenience.

**Quinn Emanuel Attorneys & Paralegal**

3. <u>Lazar Raynal</u> (partner). Mr. Raynal is lead trial counsel for Defendant in this matter and has worked on the matter since Quinn Emanuel was retained in October

**HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

1 | 2019.  His hourly billing rate was $1,225 from October 2019 to August 2020, then became $1,260 from September 2020 to present.  Mr. Raynal is an internationally recognized, preeminent trial lawyer and a proud Fellow of the International Academy of Trial Lawyers.  He is admitted to practice before the United States Supreme Court, The United States Courts of Appeals for the Third, Seventh, and Tenth Circuits, and the United States District Courts for the Northern District of Illinois and Eastern District of Wisconsin.  He has served as lead trial counsel in dozens of high-stakes cases before judges, juries, and arbitrators, and has been widely recognized by leading publications for his representation of clients in various state and federal trial and appellate courts and arbitration panels throughout the United States.

4. <u>Brianne Straka</u> (partner).  I am trial counsel for Defendant in this matter, and I am largely responsible for managing day-to-day discovery and other case work.  I began working on this matter in August 2020.  My hourly billing rate was $925 in August 2020, then became $1,005 from September 2020 to August 2021, then became $1,140 from September 2021 to present.  I am admitted to practice before the United States Court of Appeals for the Federal Circuit, and the United States District Courts for the Northern District of Illinois and Eastern District of Texas.  I am also registered to practice before the United States Patents and Trademark Office.  I have a Bachelor's of Science in Electrical Engineering, and prior to law school, designed and developed software for enterprise document management systems.  I have represented both plaintiffs and defendants in high-stakes intellectual property disputes through all phases of litigation through trial.  My cases have dealt with a variety of technologies, such as memory design, power control circuitry, cellular communications, antivirus software, backup and recovery software, drug eluting stents, and medical infusion pumps.

5. <u>John Poulos</u> (associate).  Mr. Poulos is trial counsel for Defendant in this matter and has worked on the matter since Quinn Emanuel was retained in October 2019.  He graduated law school in 2016 and is a fifth-year associate as of 2021.  His hourly billing rate was $770 from October 2019 to August 2020, then became $875

**HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

from September 2020 to August 2021. Mr. Poulos has a master's degree in Electrical Engineering and is a registered patent attorney admitted to practice before the United States Patent and Trademark Office. He has represented large technology companies in various federal court litigations across the country and has significant experience with 30(b)(6) and third-party depositions, claim construction briefing, substantive motion writing, and expert reports. His technical experience ranges from telecommunications and software to semiconductors and controls.

6. <u>William Odom</u> (associate). Mr. Odom is trial counsel for Defendant in this matter, and has worked on the matter since September 2020. He graduated law school in 2016, and is a fifth-year associate as of 2021. His hourly billing rate was $875 from September 2020 to August 2021, then became $1,065 from September 2021 to present. Mr. Odom has litigated all types of intellectual property disputes in state and federal court across the United States, and is highly experienced in managing complex and voluminous discovery through several platforms and across a wide range of subject matters. He also has significant experience drafting motions, briefs, and other pleadings for submission to courts and arbitration panels. Prior to joining Quinn Emanuel, he was a law clerk to the Hon. Patrick Higginbotham, United States Court of Appeals for the Fifth Circuit.

7. <u>Katherine Fuller</u> (paralegal). Ms. Fuller is the paralegal working on this matter, and has been since August 2020. Her hourly billing rate was $330 in August 2020, then became $355 from September 2020 to August 2021. Ms. Fuller has been a paralegal at Quinn Emanuel since 2014, where she has served as the only paralegal in more than fifteen patent infringement cases.

**Discount**

8. For client-specific confidential business reasons, Quinn Emanuel has provided a flat percentage discount from the attorneys' fees incurred by Defendant in this matter during the relevant periods. In August 2020 to October 2020 and December 2020 to March 2021, Quinn Emanuel discounted 15% of its fees. In April 2021 and

**HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

August 2021 to September 2021, Quinn Emanuel has discounted 35% of its fees. This discount is accounted for in the attached timekeeping records and Defendant's fee requests, which are summarized below.

**Timekeeping Records**

9. Consistent with customary legal practice, Quinn Emanuel's attorneys and paralegals keep contemporaneous records of their time each day, which are then compiled by software and billed to Defendant each month in the regular course of business. Attached as **Exhibit 1** is a true and correct copy of a report derived from Quinn Emanuel's contemporaneous time records of entries related to Defendant's first motion to compel, which span August 2020 to October 2020. Attached as **Exhibit 2** is a true and correct copy of a report derived from Quinn Emanuel's contemporaneous time records of entries related to Defendant's second motion to compel and for sanctions, which span December 2020 to April 2021. Attached as **Exhibit 3** is a true and correct copy of a report derived from Quinn Emanuel's contemporaneous time records of entries related to the instant supplemental briefing to date, which span August 2021 to September 2021.

10. The time records and narratives represented in Exhibits 1, 2, and 3 were created by each individual attorney or paralegal at or near the time of the events record. The reports in Exhibits 1, 2, and 3 were prepared by reviewing and designating only the relevant time entries from the relevant periods. The substance of the entries has not been altered, but redactions have been applied where necessary to protect Defendant's privileged and work product information. Exhibits 1, 2, and 3 are fair and accurate representations of the fees that Defendant incurred in connection with Defendant's first and second motions to compel and the instant supplemental briefing.

Defendant's First Motion to Compel

11. The report attached as Exhibit 1 details the time entries related to Defendant's first motion to compel, which covers the months of August 2020 through October 2020. The following table summarizes the hours spent by each attorney or

**HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

paralegal in connection with Defendant's first motion to compel, as well as the post-discount (15%) fees that Defendant incurred as a result:

| Timekeeper | Hours | Post-Discount Fees |
|---|---|---|
| Lazar Raynal | 3.1 | $3,299.28 |
| Brianne Straka | 15 | $12,684.55 |
| John Poulos | 2.6 | $1,889.13 |
| William Odom | 23 | $17,106.25 |
| Katherine Fuller | 2 | $603.50 |

12. Accordingly, in connection with its first motion to compel, Defendant incurred $35,582.70 in fees.

<u>Defendant's Second Motion to Compel and for Sanctions</u>

13. The report attached as Exhibit 2 details the time entries related to Defendant's second motion to compel and for sanctions, which covers the months of December 2020 through April 2021. The following table summarizes the hours spent by each attorney or paralegal in connection with Defendant's second motion to compel and for sanctions, as well as the post-discount (15% December to March; 35% April) fees that Defendant incurred as a result:

| Timekeeper | Hours | Post-Discount Fees |
|---|---|---|
| Lazar Raynal | 16.4 | $17,060.40 |
| Brianne Straka | 27.2 | $21,486.90 |
| John Poulos | 32.8 | $24,395.00 |
| William Odom | 56.7 | $36,378.13 |

14. Accordingly, in connection with its second motion to compel and for sanctions, Defendant incurred $99,320.43 in fees.

**HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

Fees-on-Fees

15. The report attached as Exhibit 3 details the time entries related to the instant supplemental briefing, which covers the months of August 20201 through present day. The following table summarizes the hours spent by each attorney or paralegal in connection with the instant supplemental briefing to date, as well as the post-discount (35%) fees that Defendant has incurred as a result to date:

| Timekeeper | Hours | Post-Discount Fees |
|---|---|---|
| Lazar Raynal | 2 | $1,638 |
| Brianne Straka | 6.5 | $4,623.45 |
| John Poulos | 1 | $568.75 |
| William Odom | 47.3 | $28,853.18 |

16. Accordingly, in connection with the instant supplemental briefing, Defendant has incurred $35,683.38 in fees to date. With Defendant's reply brief, I will submit supplemental timekeeping records to demonstrate the fees that Defendant will incur from today through that date.

**Other Exhibits**

17. Attached as **Exhibit 4** is a true and correct copy of an e-mail sent by counsel for OH to counsel for Defendant on March 30, 2021, attaching an errata to Michael Milani's expert report.

18. Attached as **Exhibit 5** is a true and correct copy of the errata to Michael Milani's expert report served by counsel for OH on March 30, 2021.

19. Attached as **Exhibit 6** is a true and correct copy of excerpts from the transcript of the deposition of Michael Milani.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

**HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

1  DATED: September 7, 2021

4                           By  /s/ Brianne Straka
                              Brianne Straka