QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Margret Caruso (Bar No. 243473)
  Michael LaFond (Bar No. 303131)
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:   (650) 801-5000
Fax:              (650) 801-5100
margretcaruso@quinnemanuel.com
michaellafond@quinnemanuel.com

  Sam S. Stake (Bar No. 257916)
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:   (415) 875-6600
Facsimile:    (415) 875-6700
samstake@quinnemanuel.com

Attorneys for Defendant/Counter-Plaintiff
BABYBUS (FUJIAN) NETWORK
TECHNOLOGY CO., LTD

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MOONBUG ENTERTAINMENT LIMITED and TREASURE STUDIO, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BABYBUS (FUJIAN) NETWORK TECHNOLOGY CO., LTD, <br><br> Defendant. | Case No. 3:21-CV-06536-EMC <br><br> **BABYBUS (FUJIAN) NETWORK TECHNOLOGY CO., LTD'S OPPOSITION TO MOONBUG ENTERTAINMENT LIMITED AND TREASURE STUDIO INC.'S MOTION FOR ATTORNEYS' FEES** <br><br> Hearing Date:       April 21, 2022 <br> Hearing Time:       1:30 PM <br> Hearing Location:  5, 17th Floor <br><br> Judge:                  Hon. Edward M. Chen <br><br> Complaint Filed:    August 24, 2021 <br> Answer and <br> Counterclaims Filed: September 28, 2021 |

# **TABLE OF CONTENTS**

**Page**

**INTRODUCTION** ................................................................................................................................ 1

**STATEMENT OF THE ISSUES TO BE DECIDED** ....................................................................... 2

**RELEVANT PROCEDURAL AND FACTUAL BACKGROUND** ............................................... 2

**ARGUMENT** ........................................................................................................................................ 3

**I.   MOONBUG DID NOT MEET AND CONFER IN GOOD FAITH AND MAY NOT SEEK FEES FOR THE MEET AND CONFER.** ........................................................ 3

**II.  MOONBUG IS NOT ENTITLED TO FEES FOR MOVING TO DISMISS BABYBUS' FEDERAL CLAIM OR TO STRIKE ITS AFFIRMATIVE DEFENSES.** ........................................................................................................................ 4

**III. MOONBUG HAS BILLED AN UNREASONABLE NUMBER OF HOURS PREPARING ITS FEES MOTION.** ................................................................................ 7

**IV.  MOONBUG IS NOT ENTITLED TO FEES FOR AN UNNECESSARY REPLY BRIEF FILED IN SUPPORT OF A MOTION THAT WAS ALREADY MOOTED.** ........................................................................................................................ 9

**V.   TIME SPENT RESEARCHING DEFENDANTS' COUNSEL IS NOT COMPENSABLE** ................................................................................................................ 10

**VI.  MOONBUG'S IMPROPER BILLING ENTRIES MERIT A FURTHER DOWNWARD FEES ADJUSTMENT** ..................................................................... 10

**VII. MOONBUG'S UNSUPPORTED FEE JUSTIFICATIONS LACK MERIT** ................. 13

**CONCLUSION** .................................................................................................................................. 14

# TABLE OF AUTHORITIES

Page

**CASES**

*Carter v. Mannion*,
   2021 WL 6752256 (C.D. Cal. Sept. 8, 2021) ........................................................................... 5

*Christian Rsch. Inst. v. Alnor*,
   165 Cal. App. 4th 1315 (2008) ........................................................................... 9, 12, 13, 14

*CoreCivic Inc. v. Candide Grp. LLC*,
   2021 WL 1267259 (N.D. Cal. Apr. 6, 2021) ........................................................................... 1

*Critical Care Diagnostics, Inc. v. Am. Ass'n for Clinical Chemistry, Inc.*,
   2014 WL 2779789 (S.D. Cal. June 19, 2014) .............................................................. 5, 6, 13

*Darling Int'l., Inc. v. Baywood Partners, Inc.*,
   2007 WL 4532233 (N.D. Cal. Dec. 19, 2007) ........................................................................ 12

*Farrar v. Hobby*,
   506 U.S. 103 (1992) ........................................................................................................... 13

*Globetrotter Software, Inc. v. Elan Computer Group. Inc.*,
   63 F. Supp. 2d 1127 (N.D. Cal. 1999) .................................................................................... 6

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983) ................................................................................................... 4, 10, 11

*Herring Networks, Inc. v. Maddow*,
   2021 WL 409724 (S.D. Cal. Feb. 5, 2021) ........................................................................... 11

*Kearney v. Foley & Lardner*,
   553 F. Supp. 2d 1178 (S.D. Cal. 2008) ....................................................................... 5, 6, 13

*Ketchum v. Moses*,
   24 Cal. 4th 1122 (2001) ......................................................................................................... 1

*Malem Med., Ltd. v. Theos Med. Sys., Inc.*,
   2017 WL 5153300 (N.D. Cal. Nov. 7, 2017) .................................................................. 11, 12

*Moreno v. City of Sacramento*,
   534 F.3d 1106 (9th Cir. 2008) ............................................................................................. 13

*Mullan v. Daniels*,
   2021 WL 4932726 (N.D. Cal. Apr. 7, 2021) ....................................................................... 7, 9

*Resolute Forest Prod., Inc. v. Greenpeace Int'l*,
   2019 WL 8377690 (N.D. Cal. Sept. 24, 2019) ............................................................. 5, 6, 13

*Resolute Forest Prod., Inc. v. Greenpeace Int'l*,
   2020 WL 8877818 (N.D. Cal. Apr. 22, 2020) ..................................................................... 6, 7

*Salgado v. T-Mobile USA, Inc.*,
    2020 WL 3127931 (E.D. Cal. June 12, 2020)........................................................................12

*Witte v. Kaufman*,
    141 Cal. App. 4th 1201 (2006)................................................................................................1

**OTHER AUTHORITIES**

California State Bar Arbitration Advisory 2016-02 Analysis of Potential Bill Padding and
    Other Billing Issues (March 25, 2016).................................................................................12

# INTRODUCTION

BabyBus is prepared to pay the *reasonable* fees Moonbug incurred in connection with its successful Anti-SLAPP arguments, but Moonbug's fees request is not reasonable.  BabyBus does not challenge Moonbug's attorney rates, but the hours for which Moonbug seeks compensation.  California's Anti-SLAPP statute awards fees "to compensate the SLAPP defendant for attorney fees incurred in bringing a motion to strike, not to punish the SLAPP plaintiff."  *Witte v. Kaufman*, 141 Cal. App. 4th 1201, 1209 (2006).  Accordingly, an Anti-SLAPP "fee request that appears unreasonably inflated is a special circumstance permitting the trial court to reduce the award or deny one altogether."  *Ketchum v. Moses*, 24 Cal. 4th 1122, 1137 (2001) (citation omitted).  As this District has previously recognized, "courts have determined a reasonable time expenditure for an anti-SLAPP motion to be between 40 and 75 hours," *CoreCivic Inc. v. Candide Grp. LLC*, 2021 WL 1267259, at *7 (N.D. Cal. Apr. 6, 2021), but Moonbug is seeking over 211 hours—more than twice what this District typically allows (and Moonbug sought *even more* during meet and confer, as explained below).  That is because Moonbug has requested fees for an unreasonable number of hours billed, including hours billed to tasks that are not compensable under the Anti-SLAPP statute.

California's Anti-SLAPP statute does not apply to federal claims or affirmative defense, even where those claims or defenses share common facts with pendant state law claims.  Nor does California's statute permit recovery for redundant tasks or tasks that should never have been performed in the first instance.  Despite those well-established limitations, Moonbug is nonetheless seeking to recover 89.19 hours spent on federal claims and affirmative defenses, 27.06 hours of unnecessary work on this fees motion, 10.11 hours attributed to a needless reply brief in support of a mooted motion, 3.3 hours spent on a meet and confer that Moonbug designed to fail, and 1.2 hours spent unnecessarily researching BabyBus' outside counsel.  All of those hours must be removed from any fees award.  Moreover, any remaining hours should be reduced by 30% to account for Moonbug's overstaffing, billing for redundant tasks, billing for internal communications, and use of block billing.  For example, and as shown by a redline comparison, Moonbug reused the entire first page of its Anti-SLAPP argument (significant because the Anti-SLAPP argument was only six pages long), yet failed to reduce its hours to account for this redundancy.  Once these categories of un-compensable and

unnecessary hours are removed, and the remaining hours reduced to account for redundancies, Moonbug is entitled to reasonable attorneys' fees and costs of, at most, $55,356.87.

## STATEMENT OF THE ISSUES TO BE DECIDED

1. Is Moonbug's request for $155,594.65 justified by the evidence submitted by Moonbug and relevant case law, or should Moonbug's fee award be reduced to at most $55,356.87?

## RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

**BabyBus' First Counterclaims and Moonbug's First Motion to Dismiss.** Moonbug initiated this litigation on August 24, 2021. Dkt. 1. BabyBus answered the complaint and asserted three counterclaims on September 28, 2021. Dkt. 20. BabyBus' counterclaims included a federal claim pursuant to 17 U.S.C. § 512(f), two state law claims, and (along with others) a federal affirmative defense of copyright misuse. *See id*.

Moonbug filed a joint motion to dismiss all of BabyBus' counterclaims and strike its affirmative defenses, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f), as well as a special motion to strike BabyBus' state law counterclaims pursuant to California's Anti-SLAPP statute, California Code of Civil Procedure § 425.16. *See* Dkt. 31. Moonbug's motion was 22 pages long, and the Anti-SLAPP argument consisted of just 6 of the 22 pages, or less than a third of the entire motion. *See, id*. at 14-20.

BabyBus responded on November 2, with a filing that explained it would amend its Answer and Counterclaims, and therefore Moonbug's motion was moot. *See* Dkt. 34. BabyBus then filed an Amended Answer and Counterclaims, mooting Moonbug's motion. *See* Dkt. 36. The Court agreed that Moonbug's motion was moot. *See* Dkt. 38 ("Motion to Dismiss is denied as moot."); *see also* Dkt. 71 at 5 ("Moonbug's motion was mooted by Babybus's filing of an amended answer and counterclaims."). Nonetheless, Moonbug inexplicably filed a four page "reply" brief in support of its already-mooted motion. *See* Dkt. 35.

**Moonbug's Second Motion to Dismiss.** After BabyBus filed its Amended Answer and Counterclaims, Moonbug filed a second motion that essentially repeated the arguments of the first and sought the same relief. *Compare* Dkt. 31 *with* Dkt. 40. In fact, as shown by a redline, the first page of Moonbug's Anti-SLAPP argument was lifted essentially *verbatim* from Moonbug's first

motion to dismiss. *See* Declaration of Sam Stake (the "Stake Decl.") Ex. D at 24-25. As with its first motion, the Anti-SLAPP arguments were just a fraction of the briefing, comprising only 6 out of 25 pages, or less than 1/4 of the entire motion. *See* Dkt. 40 at 18-24. The Court granted Moonbug's motion, in part, on February 25, 2022. Dkt. 71.

**Attempts to Meet and Confer Regarding This Fees Motion.** The Court granted Moonbug leave to file a motion for "reasonable attorneys fees" as part of its dismissal order. *See* Dkt. 71 at 26. The Local Rules of this District require a party to meet and confer in good faith, to try and resolve any fees dispute, before a fees motion is filed. *See* N.D. Cal. Local Rule 54-5(a). Moonbug began the meet and confer effort on February 28, 2022, by emailing counsel for BabyBus and claiming that Moonbug had spent "roughly 324 hours" on its Anti-SLAPP motion and was therefore entitled to $192,305 in fees. *See* Dkt. 73-9 (Declaration of Ryan Tyz ("Tyz Decl."), Ex. 9) at 7. BabyBus asked for billing records to backup the claimed hours (*id*. at 6-7), and Moonbug responded by immediately reducing its ask to 310 hours. *Id*. at 6. Moonbug has never explained where the "roughly 324 hours" figure came from. *See* Stake Decl. ¶¶ 3-4.

After BabyBus reviewed the billing records, it explained to Moonbug that 310 hours could not be justified by the case law interpreting the Anti-SLAPP statute. *See* Dkt. 73-9 (Tyz Decl., Ex. 9) at 4-5. During the parties' subsequent telephonic meet and confer, Moonbug further reduced its ask to 211.47 hours. *Compare* Dkt. 73-9 (Tyz Decl., Ex. 9) at 2-3 *with id.* at 7. Three days later, Moonbug filed this motion.

## ARGUMENT

### I. MOONBUG DID NOT MEET AND CONFER IN GOOD FAITH AND MAY NOT SEEK FEES FOR THE MEET AND CONFER.

Moonbug's fees request should be reduced because Moonbug's representations and conduct during meet and confers on the request were inconsistent with local rules and the Supreme Court's guidance regarding fees motions. Local Rule 54-5(a) requires any party bringing a fees motion to "meet and confer for the purpose of resolving all disputed issues relating to attorney's fees before making a motion for award of attorney's fees." As part of that process, the Supreme Court has explained that "Counsel for the prevailing party should make a good faith effort to exclude from a

fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). But Moonbug made no such effort to meet and confer in good faith in regards to the hours requested.

Instead, and as shown in the emails submitted by Moonbug with this motion, Moonbug began the meet and confer process by claiming it expended "roughly 324 hours" on its Anti-SLAPP motion practice. Dkt. 73-9 (Tyz Decl., Ex. 9) at 7 ("To date, we have spent roughly 324 total hours related to Moonbug's motion alone."). When BabyBus requested billing records justifying that number, Moonbug immediately reduced its ask to 310 hours. *Id*. at 6 ("The time entries reflect a total of 310 hours.") The parties then held a telephone conference, during which Moonbug further reduced its ask to 211.47 hours, admitting that its prior request improperly sought fees for dismissal of a federal claim. *Id*. at 2 ("here is what we will be seeking specifically for the two motions … 72.18 compensable hours on the first motion … 139.29 compensable hours on the second motion … This does not include 81.84 hours related to [17 U.S.C.] 512f"). Moonbug's approach to meet and confer was improper: Moonbug opened with an obviously unreasonable number of hours that it could not justify, immediately reduced its claimed hours when asked for evidence, and then further reduced its claimed hours after tacitly admitting that its prior ask was unsupported by case law.

By inflating its own bills and not engaging in good faith meet and confer efforts—which would have required an upfront reasonable hours request—Moonbug ensured that the meet and confer process would fail. Moonbug is thus not entitled to fees related to the meet and confer process, including both the emails sent to BabyBus and the telephonic conference. Those entries are highlighted in yellow in **Exhibit A** to the Stake Declaration, submitted with this opposition, and total 3.3 hours.

II. **MOONBUG IS NOT ENTITLED TO FEES FOR MOVING TO DISMISS BABYBUS' FEDERAL CLAIM OR TO STRIKE ITS AFFIRMATIVE DEFENSES.**

Even though Moonbug claims it "does <u>not</u> seek … time dedicated to the § 512(f) counterclaim," (Dkt. 72 at 6, emphasis in original), elsewhere in Moonbug's brief it argues that such time is compensable, and then in his declaration Ryan Tyz states that he included time related in the

§ 512(f) claim in the hours estimates.  *See* Dkt. 72 at 4-5 ("Moonbug's argument that Defendant did not plausibly allege a material misrepresentation in making its § 512(f) counterclaim applied with equal force to the SLAPP counterclaims … Moonbug should therefore be awarded its fees for such work."); *see also* Dkt, 73 (Tyz Decl.) ¶ 22 ("I believe these entries represent work that was inextricably intertwined and overlap with Plaintiffs' anti-SLAPP motion to strike Defendant's amended counterclaims, which would have been necessary to defend against the state law counterclaims even without the section 512(f) counterclaim.").  In other words, despite claiming that it is "not" seeking fees for work on the 512(f) claim, Moonbug has admitted that it *is* seeking fees precisely for its work on that claim.  That is not permitted.

Moonbug cannot seek fees related to federal claims or questions merely because the federal and state law claims share a common set of facts.  *See, e.g. Resolute Forest Prod., Inc. v. Greenpeace Int'l*, 2019 WL 8377690, at *4 (N.D. Cal. Sept. 24, 2019) ("*Resolute I*") ("[M]ere common issues of fact are insufficient to award all fees when legal theories do not overlap or are not inextricably intertwined.") (quoting *Kearney v. Foley & Lardner*, 553 F. Supp. 2d 1178, 1184 (S.D. Cal. 2008)); *see also Critical Care Diagnostics, Inc. v. Am. Ass'n for Clinical Chemistry, Inc.*, 2014 WL 2779789, at *2 (S.D. Cal. June 19, 2014) (same).  Here, Moonbug argues that BabyBus' state and federal claims were all based on "allegations that Moonbug submitted 'false and/or misleading DMCA takedown notices,'" (Dkt. 72 at 4), but that is a common allegation of *fact*, not overlapping legal theories.  Moonbug tries, but fails to bridge that gap by arguing that its "argument … that § 512(f) provided the 'sole remedy' for objections to a DMCA notice" overlaps with its argument that BabyBus "did not plausibly allege a material misrepresentation."  Dkt. 72 at 4.  Moonbug is wrong: copyright preemption and the plausibility pleading standard are distinct legal theories.  *See, e.g. Carter v. Mannion*, 2021 WL 6752256, at *6 (C.D. Cal. Sept. 8, 2021) ("Defendants' … copyright preemption arguments do not, as a matter of law, prevent Jay-Z from alleging sufficient facts to state plausible claims for relief.").  Moonbug is not entitled to fees attributable to a federal claim dismissed under a distinct legal theory.

Nor is Moonbug entitled to recover fees based on its motion to strike BabyBus' affirmative defenses, or its arguments raised under Federal Rule of Civil Procedure 15.  "The anti-SLAPP statute

may not be applied to matters involving federal questions." *Critical Care Diagnostics*, 2014 WL 2779789, at *2 n.2 (S.D. Cal. June 19, 2014) (citing *Globetrotter Software, Inc. v. Elan Computer Group. Inc.*, 63 F. Supp. 2d 1127, 1130 (N.D. Cal. 1999)).  Here, the affirmative defenses were federal questions because they related to a federal claim: Moonbug's claim for copyright infringement.  Likewise, the Rule 15 argument presented a question of federal procedural law, and it too is not compensable.  The Court rejected Moonbug's Rule 15 argument (*see* Dkt. 71 at 7-8), and struck BabyBus' affirmative defenses based on federal fair use and copyright misuse law—legal theories with no application to BabyBus' dismissed state law claims.  *See id*. at 8-13 (striking defenses based on federal fair use and copyright misuse law).  Moonbug's anti-SLAPP arguments were premised on copyright preemption, which shares no overlapping legal theory with fair use or copyright misuse.  Hours attributable to Moonbug's federal procedural argument, BabyBus' federal claim, and BabyBus' federal copyright defenses are not compensable under the Anti-SLAPP statute.

Here, as Mr. Tyz admits, only Exhibits 1 and 4 to the Tyz declaration claim hours "related specifically to the anti-SLAPP issues in Plaintiffs' motion to strike." Dkt. 73 (Tyz Decl.) ¶¶ 13-14, 19-20.  By contrast, the hours claimed in Exhibits 2 and 5 relate to BabyBus' federal 512(f) claim and federal affirmative defenses (Dkt. 73 (Tyz Decl.) ¶¶ 16, 22)—which means the hours claimed in Exhibits 2 and 5 are not compensable.  *See Resolute I*, 2019 WL 8377690, at *4; *Kearney*, 553 F. Supp. 2d at 1184; *Critical Care Diagnostics*, 2014 WL 2779789, at *2.[1]  Accordingly, the 34.09 hours claimed in Exhibit 2 and the 55.10 hours claimed in Exhibit 4 must be subtracted from any fees award, for a total reduction of 89.19 hours.

Subtracting 89.19 hours from Moonbug's fee request is additionally reasonable because "[m]any courts" "have used … [a] percentage-of-pages metric to reduce attorney time." *Resolute Forest Prod., Inc. v. Greenpeace Int'l*, 2020 WL 8877818, at *3 (N.D. Cal. Apr. 22, 2020) (*"Resolute II"*).  Here, Moonbug is entitled to compensation for the Anti-SLAPP arguments it made in three briefs: the opening brief on its first motion, the opening brief on its second motion, and the reply brief on its second motion (the reply for Moonbug's first motion is not compensable because that

---

[1]  Moonbug does not appear to be seeking compensation for the hours listed in Exhibits 3 and 6, which Mr. Tyz admits have nothing to do with its Anti-SLAPP arguments.  *See* Dkt. 73 ¶¶ 18, 24.

motion was mooted, as explained *infra* Part IV). Excluding caption pages and tables, those briefs are 22 pages, 25 pages, and 15 pages, respectively, and the Anti-SLAPP portions account for 6 page, 6 pages, and 5 pages, respectively. *See* Dkts. 31, 40, 46. That means the Anti-SLAPP arguments accounted for just 17 out of 62 pages, or less than a third of Moonbug's briefing. As stated in exhibits 1 through 6 to Mr. Tyz's declaration, Moonbug alleges that it spent 320.62 total hours on the motions. *See* Dkt. 73-1 (Tyz Decl., Ex. 1) (38.39 hours); Dkt. 73-2 (Tyz Decl., Ex. 2) (34.09 hours); Dkt. 73-3 (Tyz Decl., Ex. 3) (26.91 hours); Dkt. 73-4 (Tyz Decl., Ex. 4) (55.1 hours); Dkt 73-5 (Tyz Decl., Ex. 5) (84.92 hours); Dkt. 73-6 (Tyz Decl., Ex. 6) (81.84 hours). Even accepting Moonbug's numbers, using the "percentage-of-pages metric" (*Resolute II*, 2020 WL 8877818, at *3), Moonbug should only be compensated for 87.91 hours (17/62 x 320.62 = 87.91); yet Moonbug is asking for more than twice that amount: 211.87 hours. *See* Dkt. 72 at 6 (72.48 + 139.39 = 211.87). Subtracting the 89.19 hours claimed in Exhibits 2 and 5—which Mr. Tyz admits related to federal claims and defenses (Dkt. 73 (Tyz Decl.) ¶¶ 16, 22)—is a reasonable reduction. The Court should subtract the 89.19 hours claimed in Exhibits 2 and 5 Mr. Tyz's declaration from Moonbug's fee award.

### III. MOONBUG HAS BILLED AN UNREASONABLE NUMBER OF HOURS PREPARING ITS FEES MOTION.

Moonbug has billed more hours for its fees motion than it did for its initial Anti-SLAPP arguments, in contravention of this District's guidance. For example, when evaluating a fees motion just last year, Magistrate Judge Westmore explained that "[c]onsidering that Defendant's counsel spent approximately 15 hours on the summary judgment reply brief, 17.7 hours on a reply in support of an attorney's fees motion is unreasonable." *Mullan v. Daniels*, 2021 WL 4932726, at *5 (N.D. Cal. Apr. 7, 2021). Moonbug's fees-motion billing is similar. As stated in Mr. Tyz's declaration, Moonbug claims to have spent 38.39 hours on the Anti-SLAPP arguments in its first motion to dismiss. *See* Dkt. 73 (Tyz Decl.) ¶¶ 13-14 & Dkt. 73-1 (Tyz Decl., Ex. 1). Yet Moonbug is also claiming to have already billed 54.12 hours on its fees motion—in other words Moonbug is seeking more hours for its fees motion than it claims to have expended drafting its first Anti-SLAPP argument. *Id*. at 25-26 & 73-7 (Tyz Decl., Ex. 7). As Judge Westmore found, fees motions "are not

complicated, and no additional exhibits or substantive declarations [a]re required," so the fees motion should not consume more time than the underlying arguments. *Mullan*, 2021 WL 4932726, at *5.

Here, it appears that there were two sources of overbilling. First, Mr. Tyz is responsible for more than a quarter of all the hours claimed on the fees motion, even though that work should have been delegated to a junior attorney. *See* Dkt. 73 (Tyz Decl.) ¶¶ 25-26 & Dkt. 73-7 (Tyz Decl., Ex. 7) (stating that Mr. Tyz billed 15.8 out of the claimed 54.12 hours). Second, two attorneys at the Tyz firm appear to have billed for simply "reviewing" the fees motion, or the rules governing fees motions, without actually contributing to researching or authoring the fees motion. Chieh Tung has two entries stating that she "reviewed" the motion and the "rules" for fees motions, but no entries indicating that she contributed to the fees motion. *Id*. Erin Jones has two entries stating that she "reviewed" the motion and "reviewed" redactions, without any indication in those entries that her review resulted in edits. *Id*. Moreover, three attorneys (Erin Jones, Jennifer Kelly, and Ryan Tyz) "reviewed and revised" the fees motion after Sean Apple spent 20.53 hours "draft[ing]" it, and another 6.01 hours "review[ing] and revis[ing]" the motion and the declaration. Much of this time must have been unnecessary or even duplicative—and easily explains why Moonbug is claiming 54.12 hours for its opening fees argument, even though it only spent 38.39 hours on its opening Anti-SLAPP argument.

Separately, the entire fees motion is inherently "overbilled" because it might not have been necessary if Moonbug's counsel had engaged in a good faith meet and confer effort in the first instance. As explained *supra* §1, Moonbug began the meet and confer effort by claiming that it had spent "roughly 324 hours" on the Anti-SLAPP motion (Dkt. 73-9 (Tyz Decl., Ex. 9) at 7)—a figure Moonbug has never been able to produce billing records justifying. When asked to produce billing records, Moonbug immediately reduced its ask to 310 hours (*id*. at 6), and by the time Moonbug presented a fees motion to this court, it claimed to have spent just 211.87 hours on the Anti-SLAPP motion—less than two-thirds of the 324 hours Moonbug originally quoted to BabyBus. *See* Dkt. 72 at 6. It is not surprising that BabyBus and Moonbug were unable to resolve their differences when Moonbug began the meet and confer with such inexplicably inflated numbers. California courts have reduced Anti-SLAPP fee awards where, as here, a party presents inflated hours figures that break

trust and prevent meaningful resolution. *See Christian Rsch. Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1325–26 (2008) (affirming substantial reduction in fee award where attorney inflated the number of claimed hours, explaining "[a]n attorney's chief asset in submitting a fee request is his or her credibility."). Moonbug should not be entitled to more fees because of its own lack of candor during meet and confer.

It is impossible for BabyBus to determine precisely which of the charges associated with Moonbug's fees motion were unnecessary, so BabyBus requests a reduction of 27.06 hours—half of the time Moonbug claims for its fees motion. *See* Dkt. 72 at 10. A 50% reduction in hours is reasonable, and it is substantially *less* than the 75% reduction in hours Judge Westmore applied in a similar situation in *Mullan*. *See Mullan*, 2021 WL 4932726, at *5 ("The Court awards 5 hours – a reduction of 12.7 hours.").

### IV. MOONBUG IS NOT ENTITLED TO FEES FOR AN UNNECESSARY REPLY BRIEF FILED IN SUPPORT OF A MOTION THAT WAS ALREADY MOOTED.

After Moonbug filed its first motion to dismiss (Dkt. 31), BabyBus responded on November 2, 2021, by filing an opposition explaining that the motion to dismiss would be mooted by the filing of an amended Answer and Counterclaims (Dkt. 34), and then BabyBus filed an amended Answer and Counterclaims. *See* Dkt 36. The Court then recognized that Moonbug's motion to dismiss was thus mooted. *See* Dkt. 38 ("Motion to Dismiss is denied as moot."); *see also* Dkt. 71 at 5 ("Moonbug's motion was mooted by Babybus's filing of an amended answer and counterclaims.").

Even though Moonbug was informed on November 2 that its motion to dismiss was moot (*see* Dkt. 34), Moonbug filed an unnecessary reply, in support of a mooted motion, on November 9. *See* Dkt. 35. Moonbug claims to have done this because, "[i]n reply, Moonbug requested a chance to seek its fees in connection with its anti-SLAPP motion." Dkt. 72 at 1. But the Local rules of this District state that a fees motion must be filed separately from other motions, must include a declaration setting forth the amount of fees sought, certifying a meet and confer had taken place, and setting forth the qualifications of the attorneys whose fees are sought. *See* Local Rule 54-5. Moonbug's reply did not include any of that required information. *See* Dkt. 35. In other words, Moonbug filed an unnecessary reply, "to seek fees" knowing full well it would need to file yet

*another* separate fees motion. Indeed, when Moonbug did file its fees motion two weeks ago, that motion reiterates the same points and authorities raised in Moonbug's unnecessary November 9 reply brief. *See* Dkt. 72 at 3-4 (presenting the same arguments presented in Moonbug's unnecessary reply).

Moonbug should not be compensated for driving up its own bills with the unnecessary November 9 reply briefing filed after the mootness of its motion had been brought to its attention. That is the kind of "excessive, redundant, or otherwise unnecessary" (*Hensley*, 461 U.S. at 434) billing that the Supreme Court has stated should be excluded from fees awards. *Id*. The time entries attributable to Moonbug's unnecessary reply are highlighted in yellow in **Exhibit B** to the Stake declaration, and total 10.11 hours.

## V.   TIME SPENT RESEARCHING DEFENDANTS' COUNSEL IS NOT COMPENSABLE

BabyBus devotes an entire section of its fees motion to discussing past fee awards obtained by Quinn Emanuel, BabyBus' attorneys. *See* Dkt. 72 at 9-10. BabyBus presents no authority supporting the proposition that past fee awards obtained by opposing counsel are relevant to a fees motion. *Id*. Accordingly, the time spent researching Quinn Emanuel's past fee awards was "otherwise unnecessary" (*Hensley*, 461 U.S. at 434) and not compensable. *Id*. Moonbug's claimed hours should be further reduced by 1.20 hours to remove charges related to researching Quinn Emanuel's fee awards. *See* Dkt. 73-7 (Tyz Decl. Ex. 7) (claiming 1.20 hours for "Research anti-slapp cases and fee awards involving Quinn Emanuel").

## VI.   MOONBUG'S IMPROPER BILLING ENTRIES MERIT A FURTHER DOWNWARD FEES ADJUSTMENT

In addition to the hours reductions identified above, BabyBus requests a further 30% reduction in Moonbug's fees, for the following four reasons.

*First*, Moonbug overstaffed its Anti-SLAPP motion, as reflected in duplicative and unnecessary time entries submitted with its fees request. As detailed, *supra* at Part III, Moonbug staffed five attorneys on the motion, and many frequently billed for simply "reviewing" briefing and declarations. That is a pervasive problem that extends to all the briefs Moonbug now seeks fees for. *See, e.g.* Dkt. 73-1 (Tyz Decl. Ex. 1) (showing three entries for Erin Jones to "review" brief and a

*separate* entry that says "review <u>and revise</u>"; two entries for Jennifer Kelly to "review" the brief and two *separate* entries to "review <u>and revise</u>"); Dkt. 73-4 (Tyz Decl. Ex. 4) (showing three entries by Erin Jones to "review" the brief and three *separate* entries to "review and revise" the brief; one entry by Jennifer Kelly to "review" the brief and four entries to "review and revise" or "review and comment on"; one entry by Ciara McHale to "review" the brief without any entry claiming to edit or revise the brief). Moonbug may not inflate its bills by having extraneous attorneys review all its briefing—there was simply no need for *five* attorneys, and certainly no need to have attorneys review briefs they do not edit or contribute to. *Christian Rsch. Inst.*, 165 Cal. App. 4th at 1326 (affirming fees reduction where five attorneys were unnecessarily staffed on Anti-SLAPP motion). Moreover, and as explained in Mr. Tyz's declaration, many of the attorneys—such as Ms. Kelly and Mr. Tyz—have similar qualifications, such that not all five should not have been needed. *See* Dkt. 73 (Tyz Decl.) ¶¶ 5-10. That warrants a "haircut." *See, e.g. Malem Med., Ltd. v. Theos Med. Sys., Inc.*, 2017 WL 5153300, at *2 (N.D. Cal. Nov. 7, 2017) (Chen, J.) ("Mr. Craigie billed a significant amount of time for reviewing Mr. Levin's drafts and other documents … As Mr. Craigie and Mr. Levin are of comparable experience … this time was duplicative.").

*Second*, Moonbug filed two Anti-SLAPP motions that make duplicative arguments, and yet Moonbug claims more hours for the second motion than the first motion. *Compare* Dkt. 73-1 (Tyz Decl. Ex. 1) (claiming 38.39 hours for first Anti-SLAPP motion) *with* Dkt. 73-4 (Tyz Decl. Ex. 4) (claiming 55.10 hours for second Anti-SLAPP motion). But a comparison of Moonbug's two briefs reveals that the first page of the Anti-SLAPP argument was lifted nearly *verbatim* from Moonbug's first brief. *See* Stake Decl. Exhibit D at 24-25 (redline comparing Moonbug's second opening brief with Moonbug's first opening brief). Moonbug's use of "cut and paste" does not allow it to charge BabyBus twice. *See Hensley*, 461 U.S. at 434 ("redundant" charges must be removed).

*Third*, as identified in green highlighting in Exhibit C to the Stake declaration, Moonbug's attorneys billed substantial time for team meetings, internal communications, and similar un-compensable activities. *See, e.g. Herring Networks, Inc. v. Maddow*, 2021 WL 409724, at *10 (S.D. Cal. Feb. 5, 2021) ("[C]ounsel should not bill for attending the same meetings, internal communications, and communicating with each other, as such time is unnecessary.") (quoting

*Salgado v. T-Mobile USA, Inc.*, 2020 WL 3127931, at *21–*22 (E.D. Cal. June 12, 2020)). In situations where a party does bill for internal communications, courts will reduce fees by 5 or 10%. *See, id*.

   *Fourth*, Moonbug engaged in block billing that makes it impossible to determine whether the claimed "Anti-SLAPP" hours were actually used on the Anti-SLAPP portions of the motion. Specifically, and as shown in the exhibits to Mr. Tyz's declaration, multiple entries claimed to be associated solely with the Anti-SLAPP motion actually describe a brief that also addressed federal claims, a federal procedural argument, and a motion to strike federal affirmative defenses. *See, e.g.* Dkt. 73-1 (Tyz Decl. Ex. 1) (showing entries for "Review motion to dismiss and supporting declaration; instruct team regarding same," "Discuss with team and review reply brief," and "Review law and rules related to motion," even though none of those entries explain *which part* of the motion brief the work was related to); Dkt. 73-4 (Tyz Decl. Ex. 4) (showing entries for "Research authorities to support motion to dismiss counterclaims," "Research authorities to support motion to dismiss," "Draft reply brief in support of motion to dismiss," "Finalize reply brief for filing," and "Review reply brief," even though none of those entries explain *which part* of the motion brief the work was related to). When attorneys engage in this sort of block billing—which obscures which portions of the motion they are billing for—courts typically apply a percentage-based reduction to the claimed hours. *See Darling Int'l., Inc. v. Baywood Partners, Inc.*, 2007 WL 4532233, at * 9 (N.D. Cal. Dec. 19, 2007) (as a percentage penalty for block billing, most courts make a reduction "ranging from 5% to 30%"); *see also* California State Bar Arbitration Advisory 2016-02 Analysis of Potential Bill Padding and Other Billing Issues, at 10 (March 25, 2016) (noting that "block billing hides accountability and may increase time by 10% to 30%"); *Malem Med., Ltd*, 2017 WL 5153300, at *3 ("If the party engages in block billing, it is reasonable for the district court to reduce the hours, since it is difficult to determine how much time was spent on particular activities."); *Christian Rsch. Inst.*, 165 Cal. App. 4th at 1325-26 (affirming reduction in fees requested with an Anti-SLAPP motion where attorney block billed).

   For all four reasons combined, a further reduction of at least 30% on the remaining hours claimed by Moonbug is appropriate.

## VII. MOONBUG'S UNSUPPORTED FEE JUSTIFICATIONS LACK MERIT

At several points in its briefing, Moonbug attempts to justify its inflated hours totals. Moonbug's arguments lack merit.

*First*, Moonbug argues that "these fees are reasonable because … Moonbug seeks only reimbursement for work reasonably and necessarily performed in connection with its anti-SLAPP motions." Dkt. 72 at 6. Not so. As explained, *supra* Part II, nearly 40% of Moonbug's fees request is related to a federal claim under 17 U.S.C. § 512(f) and federal affirmative defenses to a copyright claim. Work spent on federal questions is not compensable under the Anti-SLAPP statute. *See Resolute I*, 2019 WL 8377690, at *4; *Kearney*, 553 F. Supp. 2d at 1184; *Critical Care Diagnostics*, 2014 WL 2779789, at *2. Accordingly, Moonbug has not limited its fees request as it claims.

*Second*, Moonbug argues "the most critical factor in determining the reasonableness of a fee award is the degree of success obtained," citing *Farrar v. Hobby*, 506 U.S. 103, 114 (1992). Dkt. 72 at 7. However, *Farrar* is not an Anti-SLAPP case, and in the context of Anti-SLAPP the California courts have explained that "[a] fee request that appears unreasonably inflated is a special circumstance permitting the trial court to reduce the award or deny one altogether." *Christian Rsch. Inst.*, 165 Cal. App. 4th at 1322. As demonstrated, *supra* Parts I-VI, this case falls under that "special circumstance" because Moonbug has unreasonably inflated its fees request.

*Third*, Moonbug claims "the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case" citing *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Dkt. 72 at 7. Once again, *Moreno* is not an Anti-SLAPP case, and it is well established that the Anti-SLAPP statute does not permit certain types of recovery—such as fees related to federal claims—*regardless* of the "winning lawyer's professional judgment." *See Resolute I*, 2019 WL 8377690, at *4; *Kearney*, 553 F. Supp. 2d at 1184; *Critical Care Diagnostics*, 2014 WL 2779789, at *2. Whether Moonbug "judges" that it is entitled to certain fees is irrelevant if the Anti-SLAPP statute does not permit an award of those fees.

*Fourth*, Moonbug argues that "the hours spent by Tyz Law Group are reasonable considering the nature and complexity of this litigation." Dkt. 72 at 8. But Moonbug's attempt to describe this litigation as "complex" falls short. Moonbug argues the dispute was complex because it dealt with

"asserted false or misleading statements made in Moonbug's multiple DMCA notices, detailed in several exhibits," as well as two separate Anti-SLAPP motions. *Id*. But a case is not complex merely because it relates to allegedly false or misleading statements. *See Christian Rsch. Inst.*, 165 Cal. App. 4th at 1327 (affirming reduced Anti-SLAPP fees because lawsuit over allegedly libelous false statements was not complex). Moreover, a comparison of Moonbug's Anti-SLAPP motions reveals that Moonbug re-used many of the same arguments. *See* Stake Decl. Ex. D. There is nothing "complex" about recycling arguments from an earlier brief. Moonbug has not justified its claim that this was a "complex" dispute.

*Fifth*, Moonbug argues that its hours are justifiable because they "are commensurate with fees awarded under the anti-SLAPP statute in other cases." Dkt. 72 at 8. But Moonbug presents no authority demonstrating that hours reasonably spent on *other cases* have any relevance to determining the number of hours that would be reasonable in *this case*. That is because there is no such authority. Moonbug's unsupported argument must be rejected.

*Sixth*, Moonbug argues that it was BabyBus' "litigation tactics" that resulted in the inflated hours. Dkt. 72 at 8. However, as demonstrated herein, that is not the case. It was Moonbug, *not* BabyBus, who filed a reply brief in support of a mooted motion, claimed fees for work on federal questions, presented inflated hours estimates in meet and confer, and staffed five attorneys on a single fees motion. Moonbug's decision to seek fees that are unreasonable was entirely its own, and those fees are not permitted by California's Anti-SLAPP statute.

## CONCLUSION

Moonbug has requested $155,594.35 in attorneys' fees, based upon 265.99 hours worked. For the reasons stated above, 130.86 of those hours are not compensable under the Anti-SLAPP statute.[2] Additionally, the remaining 135.13 hours should be further reduced by 30% to reflect overstaffing, redundant entries, and billing for internal communications, bringing the total permissible hours to 94.59. Using a blended billing rate of $584.96/hour, calculated by dividing

---

[2] *See, supra* Parts I, II, III, IV, and IV (requesting reductions of 3.3 hours, 89.19 hours, 27.06 hours, 10.11 hours, and 1.2 hours, respectively, for a total deduction of 130.86 hours).

$155,594.35 by 265.99, Moonbug is entitled to no more than $55,331.37 ($584.96 x 104.64) in fees. Including the $25.50 in claimed costs, Moonbug's total award should not exceed $55,356.87.

DATED:  March 25, 2022                         QUINN EMANUEL URQUHART & SULLIVAN, LLP

                                               By      /s/ Sam S. Stake
                                                  Margret Caruso (Bar No. 243473)
                                                  Michael LaFond (Bar No. 303131)
                                                  555 Twin Dolphin Drive, 5th Floor
                                                  Redwood Shores, California 94065
                                                  Telephone:    (650) 801-5000
                                                  Fax:          (650) 801-5100
                                                  margretcaruso@quinnemanuel.com

                                                  Sam S. Stake (Bar No. 257916)
                                                  50 California Street, 22nd Floor
                                                  San Francisco, California 94111
                                                  Telephone:    (415) 875-6600
                                                  Facsimile:    (415) 875-6700
                                                  samstake@quinnemanuel.com

                                                  Attorneys for Defendant/Counter-Plaintiff
                                                  BABYBUS (FUJIAN) NETWORK
                                                  TECHNOLOGY CO., LTD