JENNIFER KELLY (CSB No. 193416)
jennifer@tyzlaw.com
RYAN TYZ (CSB No. 234895)
ryan@tyzlaw.com
ERIN JONES (CSB No. 252947)
ejones@tyzlaw.com
CIARA MCHALE (CSB No. 293308)
ciara@tyzlaw.com
SEAN APPLE (CSB No. 305692)
sapple@tyzlaw.com
CHIEH TUNG (CSB No. 318963)
chieh@tyzlaw.com
TYZ LAW GROUP PC
4 Embarcadero Center, 14th Floor
San Francisco, CA 94111
Telephone: 415.868.6900

Attorneys for Plaintiffs
Moonbug Entertainment Limited and
Treasure Studio, Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOONBUG ENTERTAINMENT LIMITED, and TREASURE STUDIO, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BABYBUS CO., LTD. and BABYBUS (FUJIAN) NETWORK TECHNOLOGY CO., LTD, <br><br> Defendant. | Case No: 3:21-cv-06536-EMC <br><br> **AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

1    Plaintiffs Moonbug Entertainment Limited ("Moonbug") and Treasure Studio, Inc.

2    ("Treasure Studio"), for their Complaint for Copyright Infringement against Defendants BabyBus

3    Co., Ltd. and BabyBus (Fujian) Network Technology Co., Ltd (collectively, "Defendants"),

4    allege as follows:

5                                    **NATURE OF THE CASE**

6        1.    This action arises from Defendants' willful infringement of Plaintiffs Moonbug

7    and Treasure Studio's copyrights in the beloved CoComelon franchise, including its works on the

8    CoComelon Nursery Rhymes YouTube Channel ("CoComelon").

9        2.    Moonbug's CoComelon channel on YouTube is today ranked the #1 Kids

10   YouTube channel and the #1 YouTube educational channel.[1]   CoComelon's hard work

11   developing its signature characters, colorful animations and unique plots and storylines have

12   resonated with fans worldwide, propelling CoComelon to great success and garnering tremendous

13   goodwill among audiences.  It enjoys 117 million subscribers and its videos have been viewed

14   over one hundred billion times on YouTube.[2]

15       3.    Defendants' copycat YouTube channels offered under their "Super JoJo" brand

16   willfully infringe Plaintiffs' intellectual property rights in CoComelon.  Defendants have built

17   their Super JoJo YouTube business by blatantly copying CoComelon.  The striking similarity of

18   Super JoJo's channel to CoComelon's – including hundreds of videos containing replicated video

19   characters, settings, song titles, lyrics, videos and/or images, among other things – is without a

20   doubt the product of deliberate copying.  Super JoJo shamelessly freerides on CoComelon's

21   success by closely copying and exploiting every possible element of the CoComelon channel.

22   Even CoComelon fans remark with amazement how pervasively "Super JoJo rips off

23

24   _____
     [1] Moonbug's CoComelon channel: https://www.youtube.com/c/CoComelon/featured; *see* Top 100
25   YouTubers      made-for-kids      Channels,      Social      Blade      Stats,
     https://socialblade.com/youtube/top/category/made-for-kids (last accessed August 24, 2021);
26   CoComelon – Nursery Rhyme's YouTube Stats (Summary Profile), Social Blade Stats,
     https://socialblade.com/youtube/c/cocomelon (last accessed August 24, 2021).

27   [2]    *See*    "About"    page    of    Moonbug's    CoComelon    channel:
     https://www.youtube.com/c/CoComelon/about.
28

CoComelon!! Sometimes even frame by frame!"[3]

4.      As of August 24, 2021, Plaintiffs had submitted copyright complaints to YouTube for at least 70 of Defendants' infringing videos.  YouTube had taken action to remove just 9 of those videos.  Defendants have taken down or otherwise made unavailable to the public over 100 infringing videos to avoid YouTube taking them down, including 22 that were among Moonbug's 70 copyright complaints to YouTube.  Plaintiffs have since submitted additional copyright complaints to YouTube.  Still, Defendants' Super JoJo channels and videos remain available on YouTube, causing harm to Plaintiffs.

5.      By this action, Plaintiffs seek to stop Defendants' unlawful conduct and recover the losses they have suffered and will continue to suffer every day that Super JoJo remains in the market with its copycat videos and characters, including all profits that Defendants have  gained from unlawful infringement.

## **PARTIES**

6.      Moonbug Entertainment Limited is a private limited company organized and existing under the laws of the United Kingdom, with an address at 3-6, 2nd Floor, LABS Upper Lock, Water Ln, London NW1 8JZ, United Kingdom.

7.      Treasure Studio Inc. is a California corporation with an address at 18100 Von Karman #400, Irvine, California, 92612.  Treasure Studio is a wholly owned subsidiary of Moonbug.

8.      Plaintiffs believe and therefore allege that Defendant BabyBus Co. Ltd. ("BabyBus"), formerly known as Fuzhou Zhiyong Information Technology Co., Ltd., is a Chinese limited company with an address at 15th Floor, Building 3, F Zone, Fuzhou Software Park, No. 89, Software Avenue, Gulou District, Fuzhou, Fujian, China 350001.  Plaintiffs believe and therefore allege that Defendant BabyBus Co. Ltd. owns and operates a Chinese enterprise that provides and monetizes digital content for children on hundreds of apps and platforms worldwide

[3] *See, e.g.*, https://www.mumsnet.com/Talk/am_i_being_unreasonable/3937765-super-jojo-vs-cocomelon (last accessed July 14, 2021).

in 12 languages and 160 countries, including multiple YouTube channels, such as the Super JoJo YouTube channels.[4]  Recently, the enterprise reportedly had over 99 million monthly active users worldwide.  *Id.*  The enterprise's revenue, reported to exceed $100 million in 2020, derives primarily from online advertising – including through its infringing content.  *Id.*  In July 2021, the enterprise applied for an initial public offering on Hong Kong's Growth Enterprise Market with a fundraising target of RMB 1.85 billion (USD 285.8 million).  *Id.*  Having built its business by copying and freeriding on the success of CoComelon, the enterprise plans to use these funds for "upgrading its own content creation" and creating "independent IP."[5]  Plaintiffs believe and therefore allege that BabyBus creates and owns the titles to the infringing Super JoJo YouTube videos, and receives revenue attributed to the infringing Super JoJo enterprise.  On information and belief, BabyBus also owns Chinese copyright registrations for the infringing Super JoJo cast of characters.

9.      Plaintiffs believe and therefore allege that Defendant BabyBus (Fujian) Network Technology Co., Ltd ("BabyBus Fujian") is a Chinese limited company with addresses at 2nd Floor, Building 10, Hongfang, No. 1 Jingong Road, Fuzhou City, Fujian Province, China 350007. Plaintiffs believe and therefore allege that Defendant BabyBus Fujian is a wholly owned subsidiary of BabyBus Co. Ltd., and has admitted participating in the publication, display, and advertisement of Super JoJo branded videos on YouTube.  *See* Dkt. 36 ¶ 12.  Plaintiffs believe and therefore allege that BabyBus Fujian receives revenue attributed to the infringing Super JoJo enterprise.  *See id.*

## JURISDICTION AND VENUE

10.      Plaintiffs bring this action pursuant to 17 U.S.C. §§ 101, 106, 501, and 512 *et seq.* (the United States Copyright Act).  The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (original jurisdiction of copyright claims).

---

[4] https://kr-asia.com/childrens-content-creator-babybus-seeks-hong-kong-ipo.

[5] https://min.news/en/economy/02e43db2fedd896ae287ba43d91432cb.html.

11.     This Court has specific personal jurisdiction over Defendants because Defendants have consented to the jurisdiction in this judicial district pursuant to 17 U.S.C § 512(g)(3)(D). Specifically, after Moonbug submitted to YouTube scores of notifications of claimed infringement of the CoComelon works by Defendant's Super JoJo channels under Section 512(c) of the Copyright Act, Defendants submitted to YouTube counter notifications under Section 512(g)(3)(D) of the Copyright Act, referring generally to "BabyBus" but without specifying the BabyBus entity for which it was submitting the counter notification.  In each counter notification, Defendant made the following statement under penalty of perjury:

> I consent to the jurisdiction of the Federal District Court for the district in which my address is located, or if my address is outside of the United States, the judicial district in which YouTube is located, and will accept service of process from the claimant.

Plaintiffs believe and therefore allege that YouTube, owned and operated by Google LLC, is located in this judicial district, with its principal place of business in San Bruno, California.  Based on these notices, both Defendants consented to specific personal jurisdiction over them in this judicial district and agreed to accept service of process from Moonbug.  Defendant BabyBus Fujian has already admitted in its Amended Answer that it is subject to personal jurisdiction by virtue of having submitted these counter notifications, and also "pursuant to BabyBus' consent." *See* Dkt. 36 ¶¶ 10, 12.  Defendant BabyBus is also subject to personal jurisdiction in this district based on these counter notifications because they were submitted by Mr. Naiyong Yan, co-founder and head of the Video Business Department for Defendant Babybus.

12.     This Court has specific personal jurisdiction over Defendants for additional reasons because they have purposefully directed their activities at the United States and at California specifically and have purposefully availed themselves of the benefits of doing business in the United States and California.  Defendant BabyBus Fujian has admitted these allegations. Dkt. 36 ¶ 11.

13.     Plaintiffs believe and therefore allege that:

a.     Defendants conduct extensive and ongoing business with customers in the United States and in the State of California;

b.      Defendants purposefully chose to distribute infringing Super JoJo works in the United States and the State of California, specifically through the services provided by at least California company Google LLC (through the YouTube platform), with YouTube acting as their agent for distribution;

c.      Defendants entered into one or more agreements concerning the use, distribution, publication, advertising, marketing, and/or sale of Super JoJo works with at least California company Google LLC (through the YouTube platform);

d.      Defendants directed their unlawful activities at Plaintiffs, knowing and intending that Plaintiffs would be harmed by Defendants' conduct in the United States and in the State of California specifically, where Plaintiff Treasure Studio is located; and

e.      Defendants collect revenues derived from the marketing and distribution of the infringing Super JoJo works within the United States and the State of California specifically.

f.      Defendant BabyBus Co. Ltd. has participated in this litigation by having its co-founder and head of its Video Business Department submit a sworn declaration in support of BabyBus Fujian's motion for temporary restraining order.  *See* Dkt. 23.

14.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), because this is a judicial district in which Defendants are subject to the Court's personal jurisdiction with respect to this action.

## INTRADISTRICT ASSIGNMENT

15.     Because this is an intellectual property case, it is subject to assignment to any division pursuant to Civil Local Rule 3-2(c).

## PLAINTIFFS' RIGHTS IN COCOMELON

16.     Plaintiffs own extensive copyrights in connection with CoComelon. These rights include, without limitation, copyrights in the characters of the CoComelon universe and in hundreds of original CoComelon videos and images made available on YouTube and elsewhere.

17.     For instance, Plaintiffs own copyrights in the original, creative and expressive central CoComelon character, baby JJ, including visual art depicting baby JJ.  Baby JJ is depicted

with a charming large rounded square head, a blond tuft of hair above his forehead, thin rounded eyebrows, extra-large eyes with large irises and pupils, a button nose with no bridge, two front teeth, thin lips on a mouth mainly fashioned into a half moon smile, and a comparatively small body below, often clothed in a yellow and turquoise pajama onesie at home or other bright, decorated clothing for school or play.  As developed in copyrighted videos, baby JJ also possesses original and expressive conceptual qualities: he is a happy, positive, eager, and curious boy, excited to learn things and help others as he grows in the CoComelon universe.

18.    Plaintiffs also own copyrights in baby JJ's nuclear family characters.  Specifically, baby JJ has a mother, father, older sister and brother, and a dog named Bingo.  The CoComelon family share similar faces and body shape, eyes, lips, bridgeless noses and other facial features, and the same chunky hair and hairstyles.  The family is unflaggingly wholesome and idealistic, always available to play, dance, and patiently instruct the children in necessary life skills.  The family also includes a cast of stuffed animals that comes to life to dance and play with the family in their adventures and "help" the parents instruct the children in life lessons.

19.    The characters of baby JJ and his family were introduced on YouTube in 2017.

20.    In addition, Plaintiffs own copyrights in hundreds of original CoComelon videos, its "Yes, Yes" and "No, No" song series, unique thumbnail art, and other images.

21.    Plaintiffs have dozens of copyrights relating to CoComelon registered with the United States Copyright Office, including:

a.    U.S. Copyright No. VAu001379978 (JJ), issued November 12, 2019; U.S. Copyright No. VAu001322038 (Unpublished Family Characters 2017), issued November 15, 2017; U.S. Copyright No. VAu001319613 (Animal Characters 2017), issued November 15, 2017 (collectively, the "**CoComelon Character Works**");

b.    U.S. Copyright No. SRu001310748 (The Happy Shapes Song, et al., Best Original Songs), issued October 6, 2017; and U.S. Copyright No. SRu001317776 (No No Play Safe Song, et al., Original Songs for Children 1), issued January 9, 2018 (collectively, the "**CoComelon Song Works**"); and

c.    U.S. Copyright No. PA0002181622 (The Boo Boo Song), issued April 9,

2019; U.S. Copyright No. PA0002149483 (Yes Yes Vegetables Song), issued December 6, 2018; U.S. Copyright No. PA0002159137 (Yes Yes Vegetables Song), issued January 21, 2019; U.S. Copyright No. PA0002191424 (Car Wash Song), issued May 22, 2019; U.S. Copyright No. PA0002146326 (Bath  Song), issued November 16, 2018; U.S. Copyright No. PA0002145951 Yes Yes Playground Song), issued November 13, 2018; U.S. Copyright No. PA0002177791 (Yes Yes Bedtime Song), issued March 25, 2019; and U.S. Copyrights Nos. PA0002177782 ("No No" Play Safe Song), issued March 25, 2019; U.S. Copyright No. PA0002149484 ("No No" Bedtime Song), issued December 6, 2018; U.S. Copyright No. PA0002177781 ("No No" Playground Song), issued March 25, 2019; U.S. Copyright No. PA0002177787 ("No No" Table Manners Song), issued March 25, 2019; U.S. Copyright No. PA0002181041 (Doctor Checkup Song), issued April 3, 2019; U.S. Copyright No. PA0002168575 (Animal Dance Song), issued February 22, 2019; U.S. Copyright No. PA0002184736 (First Day of School), issued April 23, 2019;  U.S. Copyright No. PA0002192144 (Five Little Monkeys), issued May 29, 2019;  U.S. Copyright No. PA0002169923 (Getting Ready for School Song), issued February 25, 2019; U.S. Copyright No. PA0002183993 (Hello Song), issued April 16, 2019;  U.S. Copyright No. PA0002191932 (Jobs and Career Song), issued May 24, 2019; U.S. Copyright Nos. PA0002209528 and PA0002156496 (Laughing Baby with Family), issued March 13, 2019; U.S. Copyright No. PA0002190861 (Looby Loo), issued May 17, 2019; U.S. Copyright No. PA0002159136 (One Potato, Two Potatoes), issued January 21, 2019; U.S. Copyright No. PA0002146866 (Opposites Song), issued November 19, 2018; U.S. Copyrights Nos. PA0002209504 (Peek A Boo Song), issued March 13, 2019 and PA0002156528 (Peek A Boo Song), issued January 8, 2019; U.S. Copyright No. PA0002190862 (Rock-a-bye Baby), issued May 17, 2019; U.S. Copyright No. PA0002190382 (Shape Song), issued May 15, 2019; U.S. Copyright No. PA0002161511 (Sick Song), issued January 23, 2019; U.S. Copyright No. PA0002184313 (Soccer Song (Football Song)), issued April 19, 2019; U.S. Copyright No. PA0002161510 (Swimming Song), issued January 23, 2019; U.S. Copyright No. PA0002184737 (Teacher Song), issued April 23, 2019; U.S. Copyright No. PA0002190864 (Thank You Song), issued May 17, 2019; U.S. Copyright No. PA0002169623 (This Is the Way), issued February 25, 2019; U.S. Copyright No. PA0002190384 (Traffic Safety

Song), issued May 15, 2019; U.S. Copyright No. PA0002181071 (Wheels on the Bus), issued April 3, 2019; U.S. Copyright No. PA0002181080 (Winter Song (Fun in the Snow)), issued April 3, 2019; and PA0002146325 (Colors Song – Learn Colors, displayed on YouTube as "Colors Song (with Popsicles)"), issued November 16, 2018  (the "**CoComelon Video Works**" and, together with the CoComelon Character Works and CoComelon Song Works, the "**CoComelon Works**").

## DEFENDANTS' EXTENSIVE COPYING OF COCOMELON

22.      Plaintiffs believe and therefore allege that Defendant BabyBus owns and operates, and Defendant BabyBus Fujian operates and supports a YouTube account under the brand "Super JoJo – Nursery Rhymes" or simply "Super JoJo."  The Super JoJo account includes thirteen separate channels in various languages, listed in **Exhibit 1**.  Plaintiffs believe and therefore allege that Defendants also publicly display and distribute the Infringing Super JoJo Works through Amazon's Prime Video streaming platform.

23.      The Super JoJo channels owned by Defendant BabyBus, and operated by Defendants BabyBus and BabyBus Fujian, including the replicated video characters, settings, song titles, lyrics, videos and images in them as catalogued in Exhibits 1–8 (collectively the "**Infringing Super JoJo Works**") willfully infringe Plaintiffs' rights in the CoComelon Works.

### Super JoJo's Infringement of the CoComelon Characters

24.      First, substantial similarities between Super JoJo and CoComelon are immediately apparent just from observing their main characters.

25.      Super JoJo's main character, baby JoJo, is an illegal copy of CoComelon's character baby JJ.  JoJo copies distinctive, persistent and recognizable physical features of CoComelon's baby JJ, including JJ's large rounded square head, monolithic, monocolor tuft of hair above JJ's forehead, thin rounded eyebrows, extra-large eyes with large irises and pupils, a button nose with no bridge, two front teeth, thin lips on a mouth mainly fashioned into a half moon smile, and a comparatively small body below, generally clothed in a yellow and turquoise pajama onesie at home or other bright, decorated clothing for school or play.  Both characters are rendered in images and videos using the same style of 3-D animation and depicted in similar

bright, saturated colors.



26.   Super JoJo's main character also copies JJ's distinctive conceptual qualities as developed in the CoComelon Video Works.  As shown in the parties' respective videos, both characters are happy, positive, eager and curious boys, open to learning things and helping others, and easily coaxed through any less-than-upbeat emotions in the time it takes to sing an instructive song.  Each boy has a wonderfully loving and helpful older brother and sister always willing to help, teach and play with him, though he sometimes struggles to keep up.  Each boy exhibits a mix of qualities suggesting both a baby and an older child.  For example, although they both gurgle, laugh, and clap their hands like babies, and are fed in a high hair, JJ and JoJo both attend school and can sing songs with the same linguistic skill as the older characters.  All of these conceptual characteristics of CoComelon's well-known JJ character are reproduced precisely in Super JoJo's videos.  Super JoJo copies CoComelon's main character right down to his name, adding a couple of o's to change "baby JJ" to "baby JoJo."

27.     Defendants' Infringing Super JoJo Works also copy the characters of baby JJ's family.  Like CoComelon's JJ, JoJo has a family consisting of mother, father, older sister and older brother.  Both families have a dog named Bingo.  As shown below, the physical animations of the characters are strikingly similar, with similar face and body shapes, similar eyes, lips, bridgeless noses and other facial features, and the same type of chunky hair and hairstyles.

28.     Super JoJo's family is a conceptual copy of the CoComelon family too.  Both families are unflaggingly wholesome and idealistic, with parents that are omnipresent in the home and always available to play, dance, and patiently instruct the children in necessary life skills.

29.     Each family also includes a cast of stuffed animals that come to life to dance and play with the family.  Both sets of parents instruct the children by demonstrating desired behaviors using the stuffed animals.

30.     The Super JoJo channels and videos owned by Defendant BabyBus and operated by Defendants BabyBus and BabyBus Fujian improperly misappropriate this distinct and recognizable collection of characters, both in their physical and conceptual elements.  This character misappropriation infringes CoComelon's registered copyrights in the CoComelon Works, both with respect to visual images of the characters and videos featuring them.

31.     The Infringing Super JoJo Works comprise dozens of videos and images that infringe the CoComelon Works.  This includes, by way of example and without limitation:

        a.      "Johnny Johny Yes Papa | Super JoJo Nursery Rhymes & Kids Songs", previously available at https://www.youtube.com/watch?v=siGAR-tWOcA;

        b.      "Doctor Checkup Song | Super JoJo Nursery Rhymes & Kids Songs", previously available at https://www.youtube.com/watch?v=m3bn0GsUxTg;

        c.      "Clean Up Song | Tidy Up Song | Super JoJo Nursery Rhymes & Kids Songs", previously available at https://www.youtube.com/watch?v=-h8ej3PWcgY; and

        d.      "Farm Animals Song | Animal Sounds Song | Super JoJo Nursery Rhymes

& Kids Songs", previously available at https://www.youtube.com/watch?v=bm1SI82h6Xs.[6]

32.     All of these videos improperly misappropriate the distinctive and recognizable CoComelon characters, as developed in Plaintiffs' copyrighted CoComelon Works.  For example, they feature the Super JoJo character in a happy state, positive, eager, curious, exploring.  They show the Super JoJo character dancing and/or singing with one or more of his unflaggingly supportive siblings and parents, both gurgling like a baby while singing with equal linguistic skill and/or engaging in physical activities with equal dexterity as his elders.  All videos display the characters with those physical and visual characteristics that are strikingly similar to CoComelon's original characters.

**Super JoJo's Frame-by-Frame Copying of CoComelon Video Works**

33.     While Super JoJo's infringement of the CoComelon Works, including their characters, images, and style, permeates each of Super JoJo's thirteen YouTube channels, Super JoJo slavish copying does not end with just the characters – Super JoJo has in many instances copied entire CoComelon Video Works.

34.     For example, Super JoJo has slavishly copied, frame-by-frame, the CoComelon work titled "The Boo Boo Song" in its own, identically titled video.  A side-by-side comparison of the CoComelon Work "The Boo Boo Song" and the Infringing Super JoJo Work "The Boo Boo Song" is attached as **Exhibit 2** to the complaint.

35.     "The Boo Boo Song" video launched on the CoComelon YouTube channel on or about April 9, 2019, with the U.S. copyright registration for the song issuing the same day (U.S. Reg. No. PA0002181622).

36.     Plaintiffs believe and therefore allege that Defendant BabyBus first created, and Defendants BabyBus and BabyBus Fujian published and distributed their copycat video with the exact title—"The Boo Boo Song," after CoComelon created and published its original "The Boo Boo Song" work.  Based on this timing, Moonbug believes and therefore alleges that Defendant

---

[6] YouTube removed these four Infringing Super JoJo Works pursuant to notifications of claimed infringement by Moonbug under section 512 of the Digital Millennium Copyright Act.

BabyBus accessed, studied, and copied that video, rather than creating its own original, creative expression independently. Plaintiffs believe and therefore allege that Defendants first published their infringing version of "The Boo Boo Song" on or about July 9, 2019 on the Super JoJo YouTube channel.

37.     As shown in detail in Exhibit 2, the infringing "The Boo Boo Song" video maps to CoComelon's precisely, copying frame-by-frame the graphics, angles, character movements, plot, and specific sequence of events in the CoComelon Work.

38.     First, the baby (baby JJ in the CoComelon Work and baby JoJo in the Infringing Super JoJo Work) falls and gets an injury, then goes to the mom for help; the mom looks alarmed, then helps the baby by wiping his tears, retrieving a first aid kit and putting a band aid on the injury; the mom then kisses the baby on the forehead as he closes his eyes; she then pats his head and they hold each other's hands.

| CoComelon<br>"The Boo Boo Song" | Infringing Super JoJo<br>"The Boo Boo Song" |
|---|---|
|  |  |
|  |  |
| Lyrics: "A bandage and a kiss just right will help your boo boo feel alright." | Lyrics: "A bandage and a kiss will make your boo boo better." |

39.     Second, in both works, the sister character stubs her toe on a wall, then runs to the mom in the garden for help; the mom looks alarmed and then helps the sister by wiping her tears,

picking her up and putting her on a chair, getting out her first aid kit, and bandaging the foot; she then kisses the sister on the forehead as the sister closes her eyes; the sister then stands to test her foot and the sister and mom high five.

| CoComelon "The Boo Boo Song" | Infringing Super JoJo "The Boo Boo Song" |
|---|---|
| | |

40.     Third, the brother falls off of a bike or scooter, injures his elbow, and goes inside the house to ask the mom for help; the mom looks alarmed, then helps the brother by checking his elbow, getting her first aid kit, bandaging his elbow, and wiping his tears; she kisses the brother on the temple; he closes one eye for the kiss, examines his elbow, and hugs his mom.





41.     Fourth, the final injury in both videos is to a parent's hand—the father in the CoComelon Work and the mother in the Super JoJo video; the kids all rush to the parent's aid, getting out the first aid kit and bandaging the hand; the video concludes with the family sitting around together after fixing all the injuries.



1
2
3
4
5
6
7

| CoComelon "The Boo Boo Song" | Infringing Super JoJo "The Boo Boo Song" |
| --- | --- |
|  |  |

8   42.   Defendants' extensive copying of the CoComelon "The Boo Boo Song" video is

9  wholesale copying, not coincidence.  This copying extends not only to characters, plot, sequence

10  of events, and pacing, but also granular details like camera angles and precise character

11  movements.  Indeed, in some frames, Super JoJo's copying of nearly every detail is so meticulous

12  its video essentially literally copies the CoComelon original.

13   43.   Defendants similarly slavishly copied the CoComelon Work "Yes Yes Vegetables

14  Song" frame-by-frame with their own copycat Super JoJo "Yes Yes Vegetables Song."

15   44.   "Yes Yes Vegetables Song" launched on the CoComelon YouTube channel on or

16  about August 10, 2018, and related U.S. copyright registrations issued December 6, 2018 (U.S.

17  Reg. No. PA0002149483) and January 21, 2019 (U.S. Reg. No. PA0002159137).

18   45.   Plaintiffs believe and therefore allege that Defendant BabyBus first created, and

19  Defendants BabyBus and BabyBus Fujian publicly displayed, and distributed their copycat

20  video, "Yes Yes Vegetables Song," after CoComelon created and published its original "Yes

21  Yes Vegetables Song" work.  Based on this timing, Moonbug believes and therefore alleges that

22  Defendant BabyBus accessed, studied, and copied that video, rather than creating its own

23  original, creative expression independently.  Plaintiffs believe and therefore allege that

24  Defendants first publicly displayed their infringing version of the "Yes Yes Vegetables Song"

25  on or about August 6, 2019 on the Super JoJo YouTube channel.

26   46.   As shown in **Exhibit 3** in detail, in both videos, the mother offers the baby a series

27  of differently colored vegetables (including peas then carrots, in that order) to the baby in his

28  highchair, coaxing the baby to eat each one in turn.  For each vegetable offering, the two

characters follow a substantially similar sequence, with at most trivial variations.

47.     First, the mom holds the vegetable, swinging it in her arms to offer them to the baby; the baby accepts the vegetable bowl and tries to eat the vegetable himself but drops it from his utensil or otherwise needs help eating it.

| CoComelon "Yes Yes Vegetables Song" | Infringing Super JoJo "Yes Yes Vegetables Song" |
|---|---|
|  |  |
|  |  |
| Baby drops pea off of fork twice. | Baby drops pea off of fork twice. |

48.     Second, the mom uses one of the baby's stuffed animals to help teach him to eat the vegetable, including mimicking eating by the stuffed animal itself as part of the lesson.  Both videos include use of at least one of the same animals: a stuffed elephant.

| CoComelon "Yes Yes Vegetables Song" | Infringing Super JoJo "Yes Yes Vegetables Song" |
|---|---|
|  |  |



| CoComelon “Yes Yes Vegetables Song” | Infringing Super JoJo “Yes Yes Vegetables Song” |
| --- | --- |
|  |  |

49. Third, the baby successfully eats the vegetable by himself.

| CoComelon “Yes Yes Vegetables Song” | Infringing Super JoJo “Yes Yes Vegetables Song” |
| --- | --- |
|  |  |

50. Fourth, the baby shows the mom his empty vegetable bowl, rubs his tummy, and the stuffed animal (with the mom’s assistance) gives the baby a high five.

| CoComelon “Yes Yes Vegetables Song” | Infringing Super JoJo “Yes Yes Vegetables Song” |
| --- | --- |
|  |  |



| CoComelon<br>"Yes Yes Vegetables Song" | Infringing Super JoJo<br>"Yes Yes Vegetables Song" |
|---|---|
|  | <br> |

51.     Again, Defendants' copying of the CoComelon work down to individual frames and sequences is not happenstance, but is deliberate and willful.

52.     Defendants similarly copy many other CoComelon Video Works as to their titles, plot, sequencing, pacing, angles and frames, and specific character movements, including "Colors Song (with Popsicles)" (*see* comparison in Exhibit 4).

53.     In other instances, even when Defendants have made a modicum of effort not to duplicate every frame of a CoComelon Video Work, they still do not hesitate to harvest their protectable elements of plot, themes, dialogue, mood, setting, pace, characters, and sequence of events.   Defendants infringe many CoComelon Video Works in this manner, including "Bath Song" and "Car Wash Song" (*see* comparisons in Exhibits 5 and 6).

**Defendants' Additional Copying of CoComelon**

54.     Defendants' pervasive copying of CoComelon does not end with the identified CoComelon Works; rather, the comprehensive nature of their copying is evidence of their willful intent to infringe every element of the CoComelon world.

55.     For example, Super JoJo's channel also coopts and infringes CoComelon's

original series of "Yes Yes" and "No No" song videos, including the above-described "Yes Yes Vegetables Song."  This series consists of several songs that include "Yes Yes" or "No No" in the titles and lyrics along with a particular activity or experience.  In each video, the main CoComelon character, baby JJ, is encouraged to engage in the given activity or experience—*e.g.* eating his vegetables, getting ready for bed, or playing on the playground—with the help of his family and, often, his stuffed animal friends.   Each video in the series employs the same CoComelon song melody paired with lyrics that follow a distinct pattern adapted to the particular events in that video.  This series is original and unique to CoComelon, and United States Copyrights have been registered for most of the videos in the series.  Copyrights have also been registered for original songs used in the series (*see* CoComelon Song Works).

56.    Super JoJo has produced several videos that improperly copy the titles and framework of CoComelon's "Yes Yes"/ "No No" Series.  As shown in an illustrative list in **Exhibit 7**, Super JoJo has directly copied the titles and framework of many of these original CoComelon Works.  And like in the CoComelon series, Super JoJo adopts the same song melody for each video in its infringing series, pairing that melody with lyrics that follow a similar pattern adapted to the experience in the video.

57.    Defendants' infringement of the "Yes Yes" / "No No" Series also includes copying in detail the plot, pacing, and sequence of events in many of these original CoComelon Works. For example, Exhibit 3 shows that Defendants' infringing Super JoJo "Yes Yes Vegetables Song" is a slavish, frame-by-frame duplication of the plot and events in CoComelon's "Yes Yes Vegetables Song."

58.    The Super JoJo YouTube channels also display "thumbnail" images (teaser images that advertise the content of a particular video) that copy original thumbnail images created by CoComelon and used on the CoComelon channel.  Often, CoComelon's thumbnail images are visual artworks created separately from the accompanying video, and do not merely display an image taken from the corresponding video itself.  In such cases, the similarity of Super JoJo's thumbnails thus shows that Super JoJo deliberately copied and duplicated the CoComelon thumbnail images, separately from and in addition to any copying of the source videos.

1
2
3
4
5
6
7
8

59.     A particularly egregious example of willful copying is Super JoJo's thumbnail image for its video "Rainbow Ice Cream – Colors Song," a video that infringes CoComelon's "The Colors Song (with Popsicles)."  In both videos, the baby and his brother, sister, and mom find fruits of various colors to make a cold treat—in the CoComelon video, rainbow popsicles, and in the Super JoJo video, colorful ice creams placed in separate containers.  But even though Super JoJo's replacement of popsicles with ice cream is the main difference between the two otherwise nearly identical videos, Super JoJo's thumbnail for its infringing video depicts the kids eating *rainbow popsicles*, *not ice cream*.

9
10
11
12
13
14
15



16
17

The rainbow popsicles are completely absent from Super JoJo's actual video.  Instead, they are only a glaring vestige of Super JoJo's shameless and willful copying of CoComelon's work.

18
19

<u>MOONBUG'S TAKEDOWN REQUESTS TO YOUTUBE AND DEFENDANTS'</u>
<u>COUNTER NOTIFICATIONS</u>

20
21
22
23

60.     On July 20, 2021, Moonbug submitted a letter by email to YouTube describing in detail Defendants' pervasive, willful infringement of the CoComelon Works and attaching exhibits that were substantially similar or identical to Exhibits 1–8 to this Complaint.  Moonbug also sent a copy of the letter and exhibits by email to Defendant BabyBus Fujian.

24
25
26
27
28

61.     The same day, Moonbug also submitted three separate copyright complaints to YouTube requesting removal of a total of 22 separate URLs displaying Infringing Super JoJo Works that infringed CoComelon's "The Boo Boo Song," each of which are listed on page one of **Exhibit 8** to the Complaint.  Moonbug intended to continue submitting copyright complaints to YouTube for each of the remaining infringing URLs identified in Exhibit 8.

62.     Within hours, on July 20, 2021, counsel for Moonbug received an email from Defendants claiming that their Super JoJo Team was "having an urgent meeting with [their] legal department on this issue to give a response ASAP."

63.     Plaintiffs believe and therefore allege that, on or about July 20, 2021, after receiving Moonbug's letter to YouTube, Defendants made private each of their infringing videos identified in Exhibit 8.  Plaintiffs believe and therefore allege that Defendants took this course of action to preclude the submission of further copyright complaints to YouTube that could result in removal of the videos and copyright "strikes" against Defendants' Super JoJo channels, three of which would prompt termination of Defendants' Super JoJo YouTube account, pursuant to YouTube's copyright policies.

64.     Each of the copyright complaints that Moonbug had already submitted to YouTube were then marked "Resolved – Video deleted by uploader" by YouTube.

65.     On July 21, 2021, Moonbug sent a further letter to YouTube providing it notice of Defendants' efforts to evade YouTube's copyright policies and procedures.

66.     Defendants' efforts to circumvent YouTube's copyright policies go further.  Plaintiffs believe and therefore allege that, since initially making private over 100 Infringing Super JoJo Works on or about July 20 and 21, 2021, Defendants reinstated many of those Infringing Super JoJo Works or replaced them with different Infringing Super JoJo Works.  For example, on July 21, 2021, Moonbug submitted a copyright complaint for a URL displaying several Infringing Super JoJo Works in a 32-minute compilation video, including without limitation Defendants' infringing "The Boo Boo Song," "Bath Song" and "Yes Yes Playground Song."     The    URL    that    was    the    subject    of    the    complaint    was http://www.youtube.com/watch?v=t_B_3nx5ue0.

67.     As of August 24, 2021, that same URL displayed a new Infringing Super JoJo Works compilation video, spanning approximately 11 minutes and omitting "The Boo Boo Song" and the "Bath Song."   YouTube had not resolved this complaint or removed or disabled access to the material at the infringing URL, and YouTube's policies prevented Moonbug from submitting an additional copyright complaint for the new video because it was displayed at a URL

1   that was already the subject of a complaint.

2       68.    Plaintiffs believe and therefore allege that Defendants have edited, switched out,

3   replaced, or otherwise modified many of their Infringing Super JoJo Works in this manner in a

4   conscious and deliberate effort to evade any consequences for their actions under YouTube's

5   policies.

6       69.    As of August 24, 2021, Moonbug had submitted copyright complaints to YouTube

7   regarding 70 separate Infringing Super JoJo Works of Defendants.  In response, YouTube had

8   taken action and removed only 9 videos.

9       70.    Plaintiffs believe and therefore allege that YouTube's nine removals of Infringing

10  Super JoJo Works should have, pursuant to YouTube's own policies, triggered issuance of at least

11  three "strikes" against Defendants' Super JoJo channel(s), requiring termination of the channel(s).

12  But YouTube has not terminated any Super JoJo channel, and Defendants' extensive Infringing

13  Super JoJo Works remain on public display on YouTube.

14      71.    Moonbug has never received a substantive response from YouTube to its July 20,

15  2021, and July 21, 2021 letters.

16      72.    On or about August 11 and 12, 2021, Defendants submitted counter notifications

17  to YouTube regarding four of  Moonbug's copyright complaints, regarding: (1) "Johnny Johny

18  Yes Papa | Super JoJo Nursery Rhymes & Kids Songs", previously available at

19  https://www.youtube.com/watch?v=siGAR-tWOcA; (2) "Doctor Checkup Song | Super JoJo

20  Nursery Rhymes & Kids Songs", previously available at

21  https://www.youtube.com/watch?v=m3bn0GsUxTg; (3) "Clean Up Song | Tidy Up Song | Super

22  JoJo Nursery Rhymes & Kids Songs", previously available at

23  https://www.youtube.com/watch?v=-h8ej3PWcgY; and (4) "Farm Animals Song | Animal

24  Sounds Song | Super JoJo Nursery Rhymes & Kids Songs", previously available at

25  https://www.youtube.com/watch?v=bm1SI82h6Xs.

26      73.    Defendants have not ceased their public display and distribution of its Infringing

27  Super JoJo Works.

28

**FIRST CAUSE OF ACTION**

**(Federal Copyright Infringement
17 U.S.C. § 101 *et seq.*)**

74.     Plaintiffs reallege and incorporate each and every allegation of the foregoing paragraphs as though fully set forth herein.

75.     The CoComelon Works are each original and creative expressive works that constitute copyrightable subject matter under 17 U.S.C. §§ 101 *et seq.*  Plaintiffs own all rights and privileges for the CoComelon Works.  Registrations for the copyrights in the CoComelon Works were acquired from the United States Registrar of Copyrights by Treasure Studio.  Treasure Studio Inc. is a wholly owned subsidiary of Moonbug.  Moonbug holds exclusive rights to control licensing of these copyrights.

76.     Plaintiffs believe and therefore allege that Defendants had access to the CoComelon Works, including without limitation by virtue of the distribution of the CoComelon Works through YouTube and other platforms.

77.     Defendants copied substantial original elements of the CoComelon Works.

78.     The original elements of the CoComelon Works that Defendants copied were and are copyrightable subject matter owned by Plaintiffs.

79.     By their actions described above, Defendants have infringed Plaintiffs' copyrights by, without limitation, copying, publicly displaying, and distributing the Infringing Super JoJo Works, without authorization from Plaintiffs.

80.     Plaintiffs believe and therefore allege that Defendants knew the CoComelon Works belonged to Plaintiffs and that Defendants did not have permission to copy them.  Defendants' infringement has been deliberate and done with willful disregard of Plaintiffs' rights.

81.     Defendants have realized unjust profits, gains, and advantages as a proximate result of its infringement.  These gains are ongoing as the infringement continues.  On information and belief, Defendants have the right and ability to control the infringing conduct including the ability to determine their own conduct, and Defendants can access and use their revenue from the Infringing Super JoJo Works.  This revenue is a direct financial benefit to Defendants.

82.   As a direct and proximate result of Defendants' infringement, Plaintiffs have suffered, and will continue to suffer, actual damages.  Plaintiffs are entitled to their actual damages and any gains, profits, and advantages Defendants obtained through infringement. Alternatively, Plaintiffs are entitled to maximum statutory damages of $150,000 for each copyright infringed, or in such other amount as may be proper under 17 U.S.C. § 504(c).

83.   Plaintiffs have no adequate remedy at law for their current and prospective injuries.  Defendants' continued wrongful conduct will cause Plaintiffs irreparable injury that cannot be adequately remedied at law unless the Court enjoins Defendants from further infringement.

## **PRAYER FOR RELIEF**

THEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor against Defendants and grant the following relief:

A.   An injunction restraining Defendants, and each of their agents, servants, employees, attorneys, successors and assigns, affiliates and all persons, firms, and corporations acting in concert with them, from directly or indirectly violating Plaintiffs' rights under the Copyright;

B.   An order finding that Defendants' infringement of Plaintiffs' rights under the Copyright Act is willful;

C.   An order directing that Defendants file with the Court and serve upon counsel for Plaintiffs within thirty (30) days after entry of such order or judgment a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

D.   An award to Plaintiffs of damages they have sustained or will sustain by reason of Defendants' conduct and all profits derived by Defendants from such conduct, or, at Plaintiffs' election, statutory damages;

E.   Plaintiffs' costs and reasonable attorneys' fees;

F.   Prejudgment and post-judgment interest; and

G.     All such further and additional relief, in law or in equity, to Moonbug may be entitled or which the Court deems just and proper.

### **JURY DEMAND**

Moonbug hereby demands trial by jury on all issues and claims so triable.

Respectfully submitted,

Dated: May 6, 2022

_/s/Ryan Tyz_
Ryan Tyz

Attorneys for Plaintiffs
Moonbug Entertainment Limited and
Treasure Studio, Inc.