UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOONBUG ENTERTAINMENT LIMITED, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BABYBUS (FUJIAN) NETWORK TECHNOLOGY CO., LTD, et al., <br><br> Defendants. | Case No.  21-cv-06536-EMC   (KAW) <br><br> **ORDER REGARDING DISCOVERY LETTER NOS. 1 AND 2** <br><br> Re: Dkt. Nos. 94, 95 |

Plaintiffs Moonbug Entertainment Limited and Treasure Studio, Inc. filed the instant case against Defendants BabyBus Co. and BabyBus (Fujian) Network Technology Co., alleging infringement of Plaintiffs' copyrights in the CoComelon franchise. (First Am. Compl. ¶ 1, Dkt. No. 87.) Pending before the Court are the parties' discovery letters regarding: (1) Plaintiff's infringement contentions, and (2) copyright violation accusations by and against third-parties. (Discovery Letter No. 1, Dkt. No. 94; Discovery Letter No. 2, Dkt. No. 95.) The Court deems these matters suitable for disposition without a hearing pursuant to Civil Local Rule 7-1(b), and orders as follows.

**A.    Discovery Letter No. 1**

Discovery Letter No. 1 concerns Defendants' Interrogatory No. 2, which seeks Plaintiffs' complete infringement contentions. (Discovery Letter No. 1 at 1.) Plaintiffs previously provided infringement contentions, but Defendants seek further supplementation. (*Id.* at 2, 4.) There is no dispute that Defendants are entitled to supplementation; rather, the parties dispute the timing of such a response. Defendants would require supplementation now, while Plaintiffs contend that complete infringement contentions are premature.

"The purpose of contention interrogatories is to narrow the issues that will be addressed at trial and to enable the propounding party to determine the proof required to rebut the respondent's position." *Campbell v. Facebook Inc.*, No. 13-cv-05996-PJH (MEJ), 2015 U.S. Dist. LEXIS 71961, at *9 (N.D. Cal. June 3, 2015) (internal quotation omitted). Rule 33(a)(2) permits a court to defer an answer to contention interrogatories until other discovery is completed, as "interrogatories involving mixed questions of law and fact may create disputes between the parties which are best resolved after much or all of the other discovery has been completed." Fed. R. Civ. P. 33 advisory committee's note (1970 amendment). Thus, "courts in this district have placed 'a burden of justification' on a party who seeks answers to contention interrogatories before substantial documentary or testimonial discovery has been completed." *Campbell*, 2015 U.S. Dist. LEXIS 71961, at *10; *see also In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 338 (N.D. Cal. 1985).

The Court finds that Defendants have not satisfied this burden. Defendants argue that without the infringement contentions, they cannot seek summary judgment. (Discovery Letter No. 1 at 3.) Defendants, however, fail to explain why the infringements contentions are required *now*, particularly when Plaintiffs state (and Defendants do not dispute) that Defendants have not yet produced the accused videos or copies of the development documents for those videos. (*Id.* at 5.) As Plaintiffs point out, such information is directly relevant to identifying the full extent of Defendants' alleged infringement. To require Plaintiffs to respond to infringement contentions without such discovery appears premature.

Plaintiffs have offered to supplement their infringement contentions within 30 days of receiving Defendants' production and identification of the accused videos and their corresponding developmental documents. (Discovery Letter No. 1 at 5.) The Court finds this to be a reasonable proposal, as it allows Plaintiffs time to review discovery before providing complete infringement contentions. Accordingly, Court ORDERS Plaintiffs to comply with the proposed timeline.

**B.    Discovery Letter No. 2**

The parties' second discovery letter concerns Defendants' Request for Production ("RFP") Nos. 9 and 10. (Discovery Letter No. 2 at 1.) RFP No. 9 seeks all documents and communications

from third-parties accusing Plaintiffs of copyright infringement, while RFP No. 10 seeks all communications between Plaintiffs and third-parties regarding any alleged copyright violations regarding copyrights associated with CoComelon. (*Id.*)

The Court finds that these requests are not proportionate to the needs of this case. With respect to RFP No. 9, Defendants assert that accusations that Plaintiffs committed copyright infringement may demonstrate that portions of Plaintiffs' works are not protectable in copyright if those portions are copied from third-parties. (Discovery Letter No. 2 at 2.) An accusation of copyright infringement does not mean that Plaintiffs infringed. As to RFP No. 10, Defendants contend that such communications may identify other unprotectable expression. (*Id.*) It is unclear how accusations involving third-parties relate to the instant case, or demonstrate that Plaintiffs' copyrights are not actually protectable. Therefore, the Court DENIES Defendants' request for such production.

This order disposes of Docket Nos. 94 and 95.

IT IS SO ORDERED.

Dated: June 16, 2022

_____
KANDIS A. WESTMORE
United States Magistrate Judge