QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Margret Caruso (Bar No. 243473)
  Michael LaFond (Bar No. 303131)
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:  (650) 801-5000
Fax:            (650) 801-5100
margretcaruso@quinnemanuel.com
michaellafond@quinnemanuel.com

  Sam S. Stake (Bar No. 257916)
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:  (415) 875-6600
Facsimile:   (415) 875-6700
samstake@quinnemanuel.com

Attorneys for Defendants
BABYBUS CO., LTD.
BABYBUS (FUJIAN) NETWORK TECHNOLOGY CO., LTD

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MOONBUG ENTERTAINMENT LIMITED and TREASURE STUDIO, INC., <br><br>Plaintiffs, <br><br>v. <br><br>BABYBUS CO., LTD and BABYBUS (FUJIAN) NETWORK TECHNOLOGY CO., LTD, <br><br>Defendant. | Case No: 3:21-cv-06536-EMC <br><br>**MOTION PURSUANT TO CIVIL L.R. 7-11 TO SEAL DEFENDANTS' CONFIDENTIAL INFORMATION CONTAINED IN PLAINTIFFS' EXPERT REPORTS AND TO RESTRICT ACCESS TO ECF NO. 153** <br><br>Complaint Filed:   August 24, 2021 <br>Trial:                     April 3, 2023 |

## I. INTRODUCTION

Pursuant to Northern District of California Civil Local Rule 7-11 Defendants BabyBus Co. Ltd. and BabyBus (Fujian) Network Technology Co. Ltd. (together, "BabyBus") hereby move to file under seal certain information contained in Plaintiffs' expert reports of Jennifer Vanderhart (the "Vanderhart Report") and Fran Krause (the "Krause Report") because BabyBus (1) has a legitimate interest in maintaining the confidentiality of its confidential business information that warrants sealing; (2) BabyBus would be harmed if its request for sealing is denied and its highly confidential information is made publicly available; and (3) there is no less restrictive alternative than sealing the portions of the documents that is sufficient to protect BabyBus's interests. See Civ. L.R. 79-5(c)(1).

BabyBus previously filed a motion pursuant to Local Rule 79-5(f) to Consider Whether Plaintiff Moonbug's Material Should be Sealed. (ECF No. 146.)  As stated in that motion, counsel for BabyBus repeatedly asked Plaintiffs Moonbug Entertainment Limited and Treasure Studio Inc. (together, "Moonbug") to identify which parts of their expert reports, which Moonbug designated in full as "Highly Confidential – Attorneys' Eyes Only," contained Moonbug's confidential information as opposed to public information or BabyBus' confidential information.  Moonbug did not respond to those requests.  Without that information BabyBus was not able to prepare its own sealing motion at the time it filed its emergency motion, because BabyBus could not show the expert reports to its employees, and thus was unable to prepare a sealing declaration based on personal knowledge, as required by this District.  *See, e.g.*, *Brice v. Stinson*, No. 19-CV-01481-WHO, 2020 WL 10618212, at *6 n.12 (N.D. Cal. Aug. 12, 2020) ("If any defendant or any third party wants to maintain any of this information under seal, she shall submit a declaration establishing a compelling justification for sealing based on personal knowledge.").  BabyBus thus stated in its L.R. 79-5(f) motion that "[i]f, when Moonbug files the required response to this motion pursuant to Local Rule 79-5(f)(3), Moonbug identifies information contained in these documents as BabyBus' information, then <u>BabyBus will file a response pursuant to Local Rule 79-5(f)(4)</u>" (emphasis added).  The Court granted Moonbug's motion before BabyBus could file a response. (ECF No. 152.)  Thereafter, and before BabyBus could designate its own confidential materials as appropriately filed under seal, Moonbug filed partially redacted copies of its expert reports containing BabyBus' highly confidential business information.

(ECF No. 153.)  BabyBus now moves to seal portions of Moonbug's expert reports that contain or reflect BabyBus' confidential business or financial information.

Because Moonbug filed partially redacted expert reports before BabyBus was able to file a response to Moonbug's administrative motion, BabyBus also seeks relief in the form of restricted access to ECF No. 153, which are copies of Moonbug's expert reports making publicly available BabyBus' confidential business and financial information.

## II.     BABYBUS MOVES TO SEAL THE FOLLOWING INFORMATION CONTAINED IN PLAINTIFFS' EXPERT REPORTS

| Document | Portion to be Filed Under Seal | Reason |
| --- | --- | --- |
| Redacted version of the October 25, 2022, Expert Report of Fran Krause, as filed on November 15, 2022 | The highlighted portions | The documents and information referenced in these portions and exhibits represents material that BabyBus has designated "Highly Confidential – Attorneys' Eyes Only" under the operative protective order |
| Redacted version of the October 25, 2022, Expert Report of Jennifer Vanderhart, as filed on November 15, 2022 | The highlighted portions | The documents and information referenced in these portions and exhibits represents material that BabyBus has designated "Highly Confidential – Attorneys' Eyes Only" under the operative protective order |

## III.    BABYBUS HAS ESTABLISHED A PROPER BASIS FOR SEALING

"Records attached to nondispositive motions . . . are not subject to the strong presumption of access." *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846 LHK (PSG), 2013 WL 412864, at *1 (N.D. Cal. Feb. 1, 2013).  "[W]hen a party seeks to preserv[e] the secrecy of sealed discovery material attached to non-dispositive motions, the party need only make a particularized showing under the good cause standard of Rule 26(c) to justify sealing the materials." *Norsworthy v. Beard*, No. 14-CV-00695-JST, 2015 WL 12990227, at *1 (N.D. Cal. Mar. 26, 2015) (internal quotation marks and citation omitted).  The court is empowered to keep documents confidential "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* (quoting Fed. R. Civ. P. 26(c)).  Under the "good cause" standard, courts will seal statements reporting on a company's users, sales, investment, or other information that is ordinarily kept secret for competitive purposes. *Hanginout, Inc. v. Google, Inc*, No. 13-CV-02811 AJB (NLS), 2014 WL 1234499, at *1

(S.D. Cal. Mar. 24, 2014).  Even assuming application of the compelling-reason standard applicable to materials attached to dispositive motions, sealing is warranted where the information at issue might be used "as sources of business information that might harm a litigant's competitive standing." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. Oct. 28, 2008) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  BabyBus' confidential information is subject to protection from disclosure under either standard.

As highlighted in the declaration of Naiyong Yan, portions of the Vanderhart Report and the Krause Report contain confidential and sensitive business and financial information the disclosure of which is likely to result in competitive or other commercial injury to BabyBus.

The Krause Report contains statements revealing the contents of BabyBus' competitive intelligence documents, reflecting BabyBus' non-public, proprietary analysis of the marketplace for children's entertainment including analysis of BabyBus' competitor's products in this marketplace that go beyond an analysis of Moonbug's CoComelon program, and statements that reveal the contents of BabyBus' planning and creative development process for its Super JoJo product.  Declaration of Naiyong Yan ("Yan Decl.") ¶ 3.  BabyBus considers this information competitively sensitive and highly confidential and does not disclose to those outside the company as a general matter. Yan Decl. ¶ 4.  This is the kind of commercially sensitive material contemplated by Rule 26(c).  Fed. R. Civ. P. 26(c)(1)(G) (a court may order that "trade secret or other confidential research, development, or commercial information not be revealed").  *See also Carmen Perez, v. Bath & Body Works, LLC*, No. 21-CV-05606-BLF, 2022 WL 16836970, at *2 (N.D. Cal. Nov. 9, 2022) (sealing information related to market research, product positioning, product research and development, and product testing); *Space Data Corp. v. Alphabet Inc.*, No. 16-CV-03260-BLF, 2019 WL 8012582, at *1 (N.D. Cal. July 17, 2019) (sealing information that includes confidential business development practices and the design and operation of a party's products and references to a party's confidential, internal projects).

The Vanderhart Report contains highly confidential and non-public information regarding BabyBus' financials, including its revenues for Super JoJo, and its viewership, revenue, and other commercially sensitive data from YouTube.  BabyBus considers this information competitively

sensitive and highly confidential and does not disclose to those outside the company as a general matter. Yan Decl. ¶ 5. Such information is properly subject to a motion to seal. *See, e.g., City of Birmingham Relief & Ret. Sys. v. Hastings*, No. 18-CV-02107-BLF, 2019 WL 3815720, at *1 (N.D. Cal. Mar. 4, 2019) (sealing streaming revenues due to potential competitive and business harm).

BabyBus' request is narrowly tailored and BabyBus seeks only to redact information disclosure of which is likely to result in competitive or commercial harm to BabyBus. Yan Decl. ¶ 6.

### IV. FOR THE SAME REASONS, ACCESS TO ECF NO. 153 SHOULD BE RESTRICTED

For the foregoing reasons, access to the documents filed at ECF No. 153 is properly restricted to avoid further public disclosure or dissemination of BabyBus' confidential information. The same bases for the redaction and sealing of BabyBus' confidential information support limiting public access to ECF No. 153.

### V. CONCLUSION

For the foregoing reasons, BabyBus respectfully requests that its motion be granted.

DATED: November 16, 2022        Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By   */s/ Sam Stake*
     Sam Stake
     Margret Caruso
     Michael LaFond

Attorneys for Defendants
BABYBUS CO., LTD.
BABYBUS (FUJIAN) NETWORK TECHNOLOGY CO., LTD