QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Margret Caruso (Bar No. 243473)
  Michael LaFond (Bar No. 303131)
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:  (650) 801-5000
Fax:            (650) 801-5100
margretcaruso@quinnemanuel.com
michaellafond@quinnemanuel.com

  Sam S. Stake (Bar No. 257916)
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:  (415) 875-6600
Facsimile:   (415) 875-6700
samstake@quinnemanuel.com

Attorneys for Defendants
BABYBUS CO., LTD.
BABYBUS (FUJIAN) NETWORK TECHNOLOGY CO., LTD

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MOONBUG ENTERTAINMENT LIMITED and TREASURE STUDIO, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BABYBUS CO., LTD and BABYBUS (FUJIAN) NETWORK TECHNOLOGY CO., LTD, <br><br> Defendant. | Case No: 3:21-cv-06536-EMC <br><br> **DECLARATION OF NAIYONG YAN FILED IN SUPPORT OF BABYBUS DEFENDANTS' MOTION TO SEAL** <br><br> Complaint Filed:   August 24, 2021 <br> Trial:                    April 3, 2023 |

I, Naiyong Yan, declare as follows:

1. I am Naiyong Yan, Head of the Video Business Department for Defendant Baby Bus Co., Ltd., the parent company of Defendant BabyBus (Fujian) Network Technology Co., Ltd (collectively "BabyBus") in the above-captioned matter. I submit this declaration in support of BabyBus' Motion to Seal. I have personal knowledge of the facts set forth in this declaration and, if called to testify as a witness, could and would do so competently.

2. As Head of the Video Business Department, I am familiar with BabyBus' Super JoJo content, development process, marketplace analysis, viewership, and revenue information. In this role I am also familiar with documents related with Super JoJo content, development process, marketplace analysis, viewership, and revenue information that have been produced by BabyBus in this litigation, as well as documents that have been designated by BabyBus as "Highly Confidential – Attorneys Eyes Only" under the protective order in this case.

3. I have reviewed the portions of the October 25, 2022, Expert Report of Fran Krause (the "Krause Report") that BabyBus requests to be filed under seal. These portions contain information and documents reflecting competitive marketplace intelligence documents and excerpts that reveal the contents of BabyBus' planning and development process for videos for its Super JoJo product. The competitive marketplace intelligence documents concern analysis that was done by BabyBus employees or by contractors at the direction of BabyBus, and is non-public marketplace research into BabyBus' competitors in children's entertainment. These documents include internal, non-public analysis of Moonbug's CoComelon project, as well as internal, non-public analysis of other competitors that are not parties in this case. Additionally, the documents concerning the planning and development process for Super JoJo videos and content are internal, non-public documents that detail the creative development for Super JoJo videos.

4. Both of the categories of documents referenced, excerpted, and discussed in the Krause Report are highly sensitive documents that detail BabyBus' analysis of its direct competitors in the children's entertainment marketplace as well as the non-public process by which BabyBus develops its Super JoJo videos and content. As a general matter these documents are not publicly disclosed, and are kept internal to the teams within BabyBus that engage in marketplace research

and the development and continued production of Super JoJo. These documents and references to them are considered by BabyBus to be highly sensitive and were designated "Highly Confidential – Attorneys Eyes Only" under the protective order because public disclosure this information offers BabyBus' competitors insight into its analysis and development process that are not otherwise public.

5. I have reviewed the portions of the October 25, 2022, Expert Report of Jennifer Vanderhart (the "Vanderhart Report") that BabyBus requests to be filed under seal. These portions contain highly confidential and non-public information regarding BabyBus' financial records, including revenues for the Super JoJo program, as well as non-public viewership, revenue and other commercially sensitive data from YouTube. The documents referenced and excerpted in the Vanderhart report contain both records of revenues by source, as well as analysis that has been generated by BabyBus for its internal use. Additionally, information regarding BabyBus' viewership, revenue, and commercially sensitive data from YouTube includes detailed analysis of Super JoJo using YouTube analytic tools, and this analysis and reports are not available publicly.

6. The financial records and viewership referenced, excerpted, and discussed in the Vanderhart Report are highly sensitive documents that detail revenue and detailed analytics about its viewership. As a general matter these documents are not publicly disclosed, and are kept internal to the teams within BabyBus that are involved with the creation of Super JoJo and BabyBus' financial record keeping. These documents and references to them are considered by BabyBus to be highly sensitive and were designated "Highly Confidential – Attorneys Eyes Only" under the protective order because public disclosure of this information offers BabyBus' competitors insight into non-public financial records.

1 | I declare under penalty of perjury under the laws of the United States of America that the
2 | foregoing is true and correct.
3 | DATED: November 16, 2021

By _/s/ Naiyong Yan_
Naiyong Yan

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Sam Stake, attest that concurrence in the filing of this Declaration of Naiyong Yan Filed in Support of BabyBus Defendants' Motion to Seal has been obtained from the signatory of this declaration. I declare under penalty of perjury that the foregoing is true and correct. Executed on November 16, 2022.

/s/ *Sam Stake*
Sam Stake