QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Margret Caruso (Bar No. 243473)
   Michael LaFond (Bar No. 303131)
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:   (650) 801-5000
Fax:            (650) 801-5100
margretcaruso@quinnemanuel.com
michaellafond@quinnemanuel.com

   Sam S. Stake (Bar No. 257916)
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:   (415) 875-6600
Facsimile:    (415) 875-6700
samstake@quinnemanuel.com

Attorneys for Defendants
BABYBUS CO., LTD. and
BABYBUS (FUJIAN) NETWORK TECHNOLOGY CO., LTD

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| MOONBUG ENTERTAINMENT LIMITED and TREASURE STUDIO, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BABYBUS CO., LTD and BABYBUS (FUJIAN) NETWORK TECHNOLOGY CO., LTD AND BABYBUS CO., LTD, <br><br> Defendants. | Case No: 3:21-cv-06536-EMC <br><br> **MOTION FOR LEAVE TO SERVE THE SUPPLEMENTAL EXPERT REPORT OF CHRISTIAN TREGILLIS** <br><br> Hearing Date:      February 16, 2023 <br> Hearing Time:      1:30 p.m. <br> Hearing Location:  5, 17th Floor <br><br> Judge: Hon. Edward M. Chen <br> Complaint Filed:     August 24, 2021 <br> Trial:                    April 3, 2023 <br><br> **PUBLIC REDACTED VERSION** |

DEFENDANTS' MOTION FOR LEAVE TO SERVE SUPPLEMENTAL
EXPERT REPORT OF CHRISTIAN TREGILLIS

PLEASE TAKE NOTICE that on February 16, 2023 at 1:30 p.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Edward M. Chen at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California, Defendants BabyBus (Fujian) Network Technology Co. Ltd.'s and BabyBus Co., Ltd ("BabyBus" or "Defendants") shall and hereby do move the Court for leave to file a supplemental expert report of Christian Tregillis or in the alternative to strike portions of the reply report of Dr. Jennifer Vanderhart. This motion is based on this notice of motion and supporting memorandum of points and authorities, reply briefing in further support of this motion and any supporting declarations and accompanying exhibits, as well as other written or oral argument that BabyBus may present to the Court.

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION.................................................................................................1

II.    BACKGROUND..................................................................................................2

    A.     BabyBus Learns in September 2022 That MoonBug Intends to Rely On Detailed YouTube Data For Purposes of Its Lost Profits Analysis............................2

    B.     BabyBus Produces YouTube Data In Its Possession, Custody, and Control.............4

    C.     BabyBus Promptly Serves a Subpoena on YouTube.................................................4

    D.     The Parties' Expert Reports......................................................................................5

    E.     Mr. Tregillis' Supplemental Report..........................................................................7

III.   LEGAL STANDARD..........................................................................................9

IV.    ARGUMENT.....................................................................................................10

    A.     The Opinions Contained in the Supplemental Report Support Mr. Tregillis' Previously Disclosed Opinions..............................................................................10

    B.     The Supplemental Report Relies on Information not Available at the Time of the Tregillis Report..............................................................................................11

    C.     Even Assuming the Supplemental Report is Untimely Under Rule 26, Its Inclusion Under Rule 37 is Warranted....................................................................12

    D.     Good Cause Exists To Alter The Date For Service of Expert Reports to Permit BabyBus To Serve The Supplemental Report........................................................15

V.     CONCLUSION..................................................................................................18

DEFENDANTS' MOTION FOR LEAVE TO SERVE SUPPLEMENTAL
EXPERT REPORT OF CHRISTIAN TREGILLIS

# TABLE OF AUTHORITIES

**Page**

## Cases

*Airwair Int'l Ltd. v. Zoetop Bus. Co., Ltd.*,
  2021 WL 6091263 (N.D. Cal. Dec. 23, 2021) ........................................................14

*AK Futures LLC v. Boyd St. Distro LLC*,
  2022 WL 1843984 (C.D. Cal. Apr. 8, 2022) ..........................................................16

*City of Pomona v. SQM N. Am. Corp.*,
  2015 WL 13766682 (C.D. Cal. Mar. 26, 2015) ......................................................16

*Dey, L.P v. Ivax Pharm., Inc.*,
  233 F.R.D. 567 (C.D. Cal. 2005).........................................................................9, 12

*Finjan, Inc. v. Cisco Systems Inc.*,
  2019 WL 6174936 (N.D. Cal. Nov. 20, 2019) ........................................................11

*Glaukos Corp. v. Ivantis, Inc.*,
  2021 WL 4551173 (C.D. Cal. Aug. 18, 2021) ........................................................12

*Int'l Med. Devices, Inc. v. Cornell*,
  2022 WL 2784806 (C.D. Cal. June 16, 2022)....................................................10, 15

*Johnson v. Mammoth Recreations, Inc.*,
  975 F.2d 604 (9th Cir. 1992) ..................................................................................10

*Kamakahi v. Am. Soc. For Reproductive Med.*,
  2014 WL 1783629 (N.D. Cal. Sept. 15, 2014)....................................................15, 17

*Lanard Toys Ltd. v. Novelty, Inc.*,
  375 F. App'x 705 (9th Cir. 2010)......................................................................10, 12

*Largan Precision Co. v. Samsung Elecs. Co., Ltd.*,
  2016 WL 4098901 (S.D. Cal. Jan. 27, 2016) .........................................................16

*Liberty Mut. Fire Ins. Co. v. Bosa Dev. Cal. II, Inc.*,
  2019 WL 3554938 (S.D. Cal. Aug. 5, 2019).............................................................9

*Liguori v. Hansen*,
  752 F. App'x 389 ....................................................................................................15

*Medtronic Vascular, Inc. v. Abbott Cardiovascular Sys., Inc.*,
  2009 WL 2058245 (N.D. Cal. July 13, 2009) ....................................................11, 16

*P.E.A. Films, Inc. v. Metro-Goldwyn-Mayer, Inc.*,
  2016 WL 6818758 (C.D. Cal. Aug. 10, 2016) ........................................................12

*San Francisco Baykeeper v. W. Bay Sanitary Dist.*,
  791 F. Supp. 2d 719 (N.D. Cal. 2011)................................................................9, 12

CASE NO. 3:21-CV-06536-EMC

DEFENDANTS' MOTION FOR LEAVE TO SERVE SUPPLEMENTAL
EXPERT REPORT OF CHRISTIAN TREGILLIS

*Veliz v. Cintas Corp.*,
    2009 WL 416841 (N.D. Cal. Feb. 19, 2009)..........................................................................12

*Walker v. Life Ins. Co. of the Sw.*,
    2018 WL 6133640 (C.D. Cal. Nov. 9, 2018) ........................................................................16

## **Rules**

Fed. R. Civ. P. 16(b) ......................................................................................................................10

Fed. R. Civ. P. 16(b)(4) .................................................................................................................15

Fed. R. Civ. P. 26(a)(3)....................................................................................................................9

Fed. R. Civ. P. 26(e)(1)(A) ............................................................................................................10

CASE NO. 3:21-CV-06536-EMC
DEFENDANTS' MOTION FOR LEAVE TO SERVE SUPPLEMENTAL
EXPERT REPORT OF CHRISTIAN TREGILLIS

## I.      INTRODUCTION

BabyBus seeks leave to serve the Supplemental Report of its damages expert, Christian Tregillis, dated and served on Moonbug on January 2, 2023 (the "Supplemental Report").[1] Leave is warranted because the opinions offered are either (1) supplemental opinions including additional data produced by, and in the sole possession of, third party YouTube (the "New YouTube Data") *after* the deadline for the service of Mr. Tregillis' rebuttal report, despite diligent efforts by BabyBus, or (2) made in response to a new—and improper—calculation and conclusion offered by Moonbug's expert, Dr. Jennifer Vanderhart, for the first time in a reply report.[2]

The Supplemental Report is proper under Rule 26(e) of the Federal Rules of Civil Procedure, which imposes an obligation to supplement.  Mr. Tregillis' Supplemental Report, does not offer new opinions and completes his prior analysis based on newly available reliance material that BabyBus was diligent in procuring following the parties' agreement regarding the scope of YouTube data production. Mr. Tregillis' response to Dr. Vanderhart's new lost profits analysis is also proper as that opinion was not offered in Dr. Vanderhart's original opinion and, thus, Mr. Tregillis never had the opportunity to respond to it.

Even assuming that Mr. Tregillis' supplementation is untimely, and it is not, the supplementation is permitted pursuant to Federal Rule of Civil Procedure 37(c) because it would be substantially justified and harmless.  Moonbug had ample notice that a Supplemental Report would be forthcoming upon receipt of the new data and

---

[1]  Counsel for BabyBus sent the Supplemental Report to counsel for Moonbug by email on January 2, 2023.  Declaration of Sam Stake ("Stake Decl."), Ex. B.

[2] BabyBus moves in the alternative to strike Dr. Vanderhart's new calculation and conclusion.  BabyBus would withdraw Heading 3.4, Paragraphs 36-40, and Schedules S.5.1, S.5.1.1, S.5.2, and S.5.2.1 of the Supplemental Report—the portion of the Supplemental Report that responds to Dr. Vanderhart's improper introduction of a new calculation and conclusion in her rebuttal report—if the Court were to strike Heading 3.7, Paragraphs 28-31, and Exhibit J-8 of Dr. Vanderhart's reply report.

has adequate opportunity to "cure" any alleged prejudice or surprise from the Supplemental Report given that expert depositions have not been scheduled. The Court should also allow service of the Supplemental Report given the central importance of the New YouTube Data and BabyBus' diligence in obtaining it. Under similar circumstances, courts have allowed such supplemental expert reports.

Finally, if the Court finds that modification of the scheduling order, Dkt. 147, is necessary, good cause exists to reopen the deadline for service of expert reports to permit the Supplemental Report. BabyBus would be prejudiced if Mr. Tregillis is not permitted to rely on data rebutting Moonbug's claimed entitlement to damages. Moonbug, on the other hand, will not be prejudiced by service of the report because Moonbug has not yet deposed Mr. Tregillis and will therefore have the opportunity to depose him concerning his original report and the Supplemental Report.[3] Moreover, BabyBus acted diligently in seeking discovery from YouTube, promptly serving a Supplemental Report, and responding to Dr. Vanderhart's improper new conclusion offered in a reply report.

## II.    BACKGROUND

### A.    BabyBus Learns in September 2022 That MoonBug Intends to Rely On Detailed YouTube Data For Purposes of Its Lost Profits Analysis

Consistent with the Court's instructions to conduct limited discovery prior to the parties' April 11, 2022 settlement conference, Dkt. 48, the parties conducted minimal discovery in the months following Moonbug's filing of its complaint. Stake Decl. ¶ 6. Following this period of limited discovery, Moonbug first requested a meet & confer regarding the production of BabyBus' YouTube analytics on April 21, after the parties unsuccessful mediation. Stake Decl., ¶ 7 and Ex. C. Moonbug was not

---

[3]  While the current case schedule includes a December 23, 2022 cutoff for damages expert discovery, Dkt. 147, the parties have stipulated and agreed to extend that cutoff, and BabyBus has provided Moonbug with permission to file a stipulation to that effect. Stake Decl., Ex. A. Damages expert depositions have not yet been scheduled.

specific regarding the format of the requested data, and BabyBus produced screenshots of YouTube data on July 26. Stake Decl. ¶ 8. Moonbug alleged that BabyBus' production was deficient on August 11. Stake Decl., Ex. D. Moonbug explained during meet and confer that the data BabyBus collected was the correct data, but that they wanted detailed data exports that would allow them to reconstruct monthly data. Stake ¶ 10.

During that meet and confer BabyBus asked Moonbug to tell it specifically how Moonbug would like the YouTube data presented. *Id.* Moonbug responded on August 19, identifying the YouTube data it wanted exported and the format in which it wanted it, including specifically "daily views by video and channel on a monthly basis," Stake Decl., Ex. E, which was different, and more granular, than its RFP No. 54, requesting documents "sufficient to show the number of views by month and in total, for each Super JoJo video on each Super JoJo channel," Stake Decl., Ex. F.

Moonbug's request for day-level data on August 19, 2022, was the first time Moonbug identified with specificity the detailed YouTube data it was seeking. Stake Decl. ¶ 10. Moonbug, at the time of the September 2 meet & confer had not yet disclosed its basis, or methodology, for calculating lost profits damages; its December 7, 2021 initial disclosures included only a general reference to damages, asserting an entitlement to "damages resulting from Defendant's infringement, including without limitation Plaintiffs' actual damages resulting from Defendant's infringement (e.g. lost profits attributable to Defendant's infringement)." Stake Decl., Ex. G. On September 2, 2022, BabyBus agreed to provide YouTube data at the day-level, and on September 5, Moonbug confirmed its agreement that, upon BabyBus' production of day-level data, BabyBus' production from YouTube would be complete. Stake Decl., Ex. H. BabyBus served notice of its YouTube subpoena on Moonbug less than two weeks later, on September 14, Stake Decl. Ex. I, and YouTube was served on September 22, Stake Decl., Ex. J.

Prior to the parties' September 2, 2022 meet and confer, BabyBus lacked a basis for the issuance to YouTube of a subpoena for millions of pieces of video and channel level data.[4]

**B.  BabyBus Produces YouTube Data In Its Possession, Custody, and Control**

In accordance with the parties September 5, 2022 agreement, BabyBus, within weeks, retrieved and produced more than 30,000 Excel documents reflecting YouTube data exports at the day-level detail for every SuperJoJo video and channel then available through BabyBus' online YouTube account portal.  Stake Decl. ¶ 16. Much of the data for videos that YouTube or BabyBus removed from YouTube (the "Removed Videos") was no longer available——*as demanded by Plaintiffs*. Stake Decl. ¶ 19 and Ex. L.   Specifically, for nearly 1,300 accused videos, there was either no data available or the only data still available was the total number of views without any breakdown by time or geography.  Stake Decl. ¶ 19.

**C.  BabyBus Promptly Serves a Subpoena on YouTube**

In order to obtain data for the Removed Videos in the sole possession, custody, and control of YouTube, BabyBus served a subpoena on Google, Inc. d/b/a YouTube,[5] seeking the missing YouTube data.  *See* Stake Decl., Ex. J.

Following service of the subpoena, counsel for BabyBus and YouTube met and conferred repeatedly to address the scope of the subpoena, the technical requirements for compliance by YouTube, and a feasible timeline for production given the deadlines in the case.  Declaration of Enoch Wang ("Wang Decl.") ¶¶ 7-8. Throughout the extended meet and confer process, BabyBus repeatedly informed

---

[4]  It was not until *October 19,* 2022, in a supplemental interrogatory response that Plaintiffs' disclosed their "lost view" theory of lost profits damages.  Stake Decl., Ex. K at Interrogatory No. 14.

[5]  For ease of reference, BabyBus refers to YouTube herein, rather than Google.

DEFENDANTS' MOTION FOR LEAVE TO SERVE SUPPLEMENTAL
EXPERT REPORT OF CHRISTIAN TREGILLIS

YouTube of the case schedule and requested that YouTube produce documents as quickly as possible.  Wang Decl. ¶ 14.

In response to BabyBus' efforts to ensure timely compliance, YouTube explored  possible engineering solutions for faster compliance with the subpoena, investigating, for example, whether YouTube could restore BabyBus' access to the videos without publishing the videos, so that BabyBus could collect the data itself. Wang Decl. ¶¶ 9-11.  Because such an effort would "require significant engineering investment," Wang Decl.  ¶ 10, a production from YouTube was the *only* way for any party to analyze and review daily, video-level data for the Removed Videos.  After weeks of meeting and conferring, on October 28, 2022, YouTube and BabyBus reached agreement regarding YouTube's production; because its engineers were required to write a new script to pull the data, YouTube estimated that the earliest possible date it could produce the data was November 30, 2022.  Wang Decl. ¶ 13. In an effort to speed up production of the data, BabyBus inquired as to whether analytics could be produced on a rolling basis, but YouTube confirmed that this would not be technically feasible.  *Id.*  During the meet and confer process, counsel for BabyBus learned that Moonbug's counsel contacted YouTube's counsel and instructed them that YouTube should not produce the requested documents to BabyBus, a proposal that YouTube's counsel rejected.  Wang Decl. ¶ 12.

On December 2, 2022, YouTube produced raw analytical data to BabyBus and Moonbug.[6]  Wang Decl. ¶ 16.  That data consists of 60 million records contained in 22 .csv files.  Stake Decl., Ex. P ¶ 13.

**D.    The Parties' Expert Reports**

While BabyBus worked diligently with YouTube to obtain data, the parties served their initial reports.  Moonbug served the report of its damages expert, Dr.

---

[6]    YouTube's production does not include analytics for every Removed Video because YouTube was unable to recover data for certain videos.

Vanderhart, on October 25, 2022, ("Vanderhart Report") which included calculations of lost profit and unjust enrichment damages. *See* Stake Decl., Ex. P ¶ 10. BabyBus served Christian Tregillis' rebuttal report ("Tregillis Report") on November 22, 2022. Stake Decl., Ex. N. In his report, Mr. Tregillis offered a rebuttal to Dr. Vanderhart's conclusions regarding lost profits and unjust enrichment damages. As part of his rebuttal of unjust enrichment damages, Mr. Tregillis provided an opinion concerning BabyBus' deductible expenses and apportionment of its profits, issues for which BabyBus bears the burden. *See generally* Stake Decl., Ex. M. With regard to lost profit damages, while Mr. Tregillis based his conclusions on the YouTube data available to him, he was unable to perform a detailed, daily video-level analysis on the Removed Videos because the data for those videos was not yet available. Stake Decl., Ex. M ¶¶ 141, 143. In his report, Mr. Tregillis specifically noted that he ***expected*** to supplement his opinions to account for a complete data set given the outstanding YouTube subpoena. Stake Decl., Ex. M ¶ 82.

Plaintiffs served Dr. Vanderhart's reply report on December 5, 2022, ("Vanderhart Reply"). Stake Decl., Ex. O. The purpose of Dr. Vanderhart's report should have been to rebut Mr. Tregillis' opinion concerning deductible expenses and apportionment of profits as they relate to unjust enrichment. Absent such a reply report, Moonbug would not have had the opportunity to rebut Mr. Tregillis' calculation of deductible expenses and apportionment of profits, issues for which BabyBus bears the burden. Instead of limiting her rebuttal to those issues, however, Dr. Vanderhart introduced an entirely new calculation and conclusion related to her *lost profit* calculation that was not included in her opening report.[7] Specifically, Dr. Vanderhart altered the time period used in her regression analysis for calculating lost

---

[7] Dr. Vanderhart introduced other, new anlyses to the Tregillis Report , but to avoid unnecessary tit-for-tat, BabyBus does not seek to respond to those conclusions through a supplemental report. *See generally* Stake Decl., Ex. O.

profits from that used in her original report, Stake Decl., Ex. O ¶¶ 28-31, and admitted that the calculation was new by listing it under the heading "New Reply Analyses, Data, Log Files," *id.*, pg. iii.  Absent supplementation, BabyBus will have no opportunity to rebut the new calculation and conclusion concerning lost profits, unfairly prejudicing BabyBus.[8]

### E.    Mr. Tregillis' Supplemental Report

On December 2, 2022, after the deadline for service of Mr. Tregillis' rebuttal report, YouTube produced 60 million records reflecting daily, video-level data for the Removed Videos.  *See supra* Part II.C.  Mr. Tregillis and his team diligently reviewed and analyzed those records, and served a supplemental report on January 2, 2023, exactly one month from the receipt of the voluminous records. Stake Decl., Ex. B. Mr. Tregillis offered (1) supplemental expert opinions in support of original opinions offered in the Tregillis Report based on the New YouTube Data, and (2) an opinion regarding the improper new lost-profit calculation and conclusion offered for the first time in the Vanderhart Reply.  *See generally* Stake Decl., Ex. P.  Notably, Mr. Tregillis does not offer any new methodologies or opinions.  Specifically:

- Mr. Tregillis, based on his analysis of the New YouTube Data, opines that "YouTube data produced indicate that the predominant cause of any downturn in CoComelon video views was not the release of BabyBus's accused videos."  Stake Decl., Ex. P at 3.2.  This opinion, relying on video-level analysis, supplements the prior opinion made in the Tregillis Report that "Dr. Vanderhart has identified no evidence that CoComelon video views declined when Super JoJo launched or released videos."  Stake Decl., Ex. M at 3.1.2.

- Mr. Tregillis, based on his analysis of the New YouTube Data, opines

---

[8] The Court could also order that Dr. Vanderhart's improper new calculation and conclusion be struck, which would also cure the prejudice BabyBus currently faces.

that "YouTube data produced indicate that almost none of the views of BabyBus's accused videos came from YouTube searches that included a portion of "coco," "melon," "coco melon," or "cocomelon." Stake Decl., Ex. P at 3.1.  This opinion supplements his prior observation concerning the same.   Stake Decl., Ex. M ¶ 150.

- Mr. Tregillis concludes that Dr. Vanderhart's "analysis is based on a summary of CoComelon and SuperJoJo channel views by country, without analysis of how viewership changed over time and across videos" and that the New YouTube Data "indicate that the regional viewership varies over time and across videos, in ways that were not considered and undermine the opinions of Dr. Vanderhart." Stake Decl., Ex. P at 3.3.  This supports Mr. Tregillis' original opinion that "Dr. Vanderhart's lost profits analysis contains. . . improper or unsupported assumptions." Stake Decl., Ex. M at 3.1.

- In response to Dr. Vanderhart's new and improper lost profits opinion, Mr. Tregillis concludes that even based on the "new" time period used by Dr. Vanderhart in her Reply Report, the effect of the "YouTube shut-down of SJJNR, on CoComelon video views, is not statistically significant at the 0.05 level (reflecting 95% confidence in the direction of the effect)." Ex. P at 3.4.

Service of the Supplemental Report has not impacted the case schedule.  The Supplemental Report was served January 2, 2023.  Stake Decl., Ex. B. The parties have stipulated and agreed to an extension of the damages expert discovery cut-off to January 20.  Stake Decl., Ex. A.  Neither party has scheduled the deposition of the

other party's expert.  Stake Decl. ¶ 4.  MoonBug has sufficient time to review the Supplemental Report, the body of which is 17 double-spaced pages including graphs.[9]

## III.   LEGAL STANDARD

A party must "supplement" its expert reports "if the party learns that in some material respect the disclosure or response is incomplete . . . ."  Fed. R. Civ. P. 26(e)(1).  "For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends . . . to information included in the report" and "[a]ny additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due."[10]  Fed. R. Civ. P. 26(e)(2).

To determine the proper scope of a supplemental report, a court should "consider whether the information in [the] supplemental report[] corresponds to the[] initial report[] and whether that information was available before the[] initial report." *Liberty Mut. Fire Ins. Co. v. Bosa Dev. Cal. II, Inc.*, 2019 WL 3554938, at *2 (S.D. Cal. Aug. 5, 2019) (supplementation means "filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure") (internal quotations and citations omitted).

"In determining whether to preclude introduction of evidence pursuant to FRCP 37, courts consider '(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence, and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *San Francisco Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 733 (N.D. Cal. 2011) (quoting *Dey, L.P v. Ivax Pharm., Inc.,* 233 F.R.D. 567, 571 (C.D. Cal. 2005)

---

[9] In a good-faith effort to resolve this dispute, during meet and confers BabyBus offered Moonbug the opportunity to respond to those portions of the Supplemental Report that utilize the New YouTube Data, but Moonbug refused.  Stake Decl. ¶ 25.

[10]   Generally 30 days before trial. Fed. R. Civ. P. 26(a)(3).

(citation omitted)); *see also Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010) ("Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence.").

Under Federal Rule of Civil Procedure 16(b), a schedule may be modified upon a showing of "good cause." Fed. R. Civ. P. 16(b). The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (quotes and citation omitted).

## IV.   ARGUMENT

Mr. Tregillis' Supplemental Report is a timely and proper supplementation. *See* Fed. R. Civ. P. 26(e)(1)(A). Moonbug claims ██████████ in damages from BabyBus based in part on the premise that Moonbug "lost" views to BabyBus. The Supplemental Report refutes the claims that BabyBus was the cause of any alleged "lost" views or decline in Moonbug's viewership or that BabyBus owed its YouTube traffic to Moonbug. "[I]n light of 'the low risk of prejudice and the public policy disposition of cases on the merits,'" the Supplemental Report should be allowed. *Int'l Med. Devices, Inc. v. Cornell*, 2022 WL 2784806, at *4 (C.D. Cal. June 16, 2022) (stating that courts in the Ninth Circuit have denied motions to strike supplemental expert reports under Rule 37(c)(1) where there is little risk of prejudice).

### A.   The Opinions Contained in the Supplemental Report Support Mr. Tregillis' Previously Disclosed Opinions

Mr. Tregillis' opinions in the Supplemental Report supplement his rebuttal opinions. Mr. Tregillis does not alter the substantive opinions provided in his rebuttal report or change any methodologies. "[C]ourts routinely allow harmless

supplementation 'to the extent, it merely clarifies or amplifies matters expressly referenced in the original report without revising or reversing [the original] opinion[.]'" *Finjan, Inc. v. Cisco Systems Inc.*, 2019 WL 6174936, at *7 (N.D. Cal. Nov. 20, 2019) (alteration in original) (quoting *Medtronic Vascular, Inc. v. Abbott Cardiovascular Sys., Inc.*, 2009 WL 2058245, at *1 (N.D. Cal. July 13, 2009)).

The Tregillis Report included several opinions related to Plaintiffs' failure to establish that CoComelon "lost" views to Super JoJo, including the opinion that "Dr. Vanderhart has identified no evidence that CoComelon video views declined when Super JoJo launched or released videos." Stake Decl., Ex. M at 3.1.2. As described above, armed with a full set of data from YouTube, Mr. Tregillis is now able to analyze viewership data that was previously unavailable and confirm his conclusions that (i) "YouTube data produced indicate that the predominant cause of any downturn in CoComelon video views was not the release of BabyBus's accused videos;" (ii) only a small amount of SuperJoJo views resulting from CoComelon-related YouTube searches; and (iii) Dr. Vanderhart did not consider a number of critical factors in forming her opinion.

Regarding Mr. Tregillis' opinion and analysis responding to Dr. Vanderhart's change in the time period used in her regression analysis, Mr. Tregillis has not altered his methodology or changed his conclusions, but rather has confirmed his earlier opinions with an analysis conducted in response to an opinion made improperly for the first time in the Vanderhart Reply.

**B.      The Supplemental Report Relies on Information not Available at the Time of the Tregillis Report**

There is no dispute that the New YouTube Data was produced on December 2, 2022, and was therefore not available during fact discovery or prior to the deadline for service of expert reports. As described above, BabyBus was diligent in obtaining the New YouTube Data—serving the subpoena promptly after reaching an agreement with Plaintiffs regarding production of YouTube data. Under these circumstances,

-11-

supplementation is permitted. *See Veliz v. Cintas Corp.*, 2009 WL 416841, at *1 (N.D. Cal. Feb. 19, 2009) ("New payroll records not included in the original September 2007 report came in on a rolling basis through October 2008. This new data is relevant to update plaintiffs' damages calculations."); *see also P.E.A. Films, Inc. v. Metro-Goldwyn-Mayer, Inc.*, 2016 WL 6818758, at *7 (C.D. Cal. Aug. 10, 2016) (opinion was "supplemental" where it supported expert's previous opinion based on "evidence . . . that was unavailable at the time [expert] provided his Expert Report"); *Glaukos Corp. v. Ivantis, Inc.*, 2021 WL 4551173, at *3, *8 (C.D. Cal. Aug. 18, 2021) (permitting expert to provide supplemental opinion based on newly available information).

As discussed above, Dr. Vanderhart's opinion offered for the first time in the Vanderhart Reply was not available at the time of service of the Tregillis Report. The Supplemental Report is the first opportunity BabyBus has had to respond to her new analysis and opinion.

**C.     Even Assuming the Supplemental Report is Untimely Under Rule 26, Its Inclusion Under Rule 37 is Warranted**

Service of the Supplemental Report under Rule 37 is proper because allowing supplementation is "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "In determining whether to preclude introduction of evidence pursuant to FRCP 37, courts consider '(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence, and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *San Francisco Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 733 (N.D. Cal. 2011) (quoting *Dey, L.P v. Ivax Pharm., Inc.*, 233 F.R.D. 567, 571 (C.D. Cal. 2005) (citation omitted)); *see also Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010) ("Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are:

(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence."). These factors all support allowing the Supplemental Report.

**Surprise or Prejudice to Moonbug**. There can be no claim of surprise by, or prejudice to, Moonbug—the parties did not come to an agreement regarding YouTube data until September 5, 2022, and Moonbug did not disclose the "lost views" theory of lost profit damages prior to the parties' September 2, 2022 meet and confer. Moonbug was provided notice, and a copy, of the YouTube subpoena prior to service of the subpoena on YouTube on September 22. Mr. Tregillis' stated in his rebuttal report that he may provide a supplemental report following the production by YouTube. Stake Decl., Ex. M at ¶ 82. ("I understand that YouTube video view information regarding Super JoJo videos is expected to be produced by YouTube. I anticipate considering that information once it becomes available, which may cause me to supplement or modify my analysis and opinions."). BabyBus offered Moonbug the opportunity to respond the portions of the Supplemental Report that rely on the New YouTube Data, an offer that Moonbug declined. Finally, and critically, Dr. Vanderhart's analysis relies on an aggregated, total number of views, Stake Decl., Ex. M ¶ 82—data in the parties' possession at the time of the Vanderhart report. Therefore, production of the New YouTube Data and supplemental opinions incorporating it have no impact on her conclusions and would not impact any analysis that she would have done had the data been produced earlier. As evidenced by its attempts to convince YouTube to not produce documents in response to the subpoena, Moonbug is concerned, not that it will be prejudiced by consideration of the YouTube data, but that the data supports BabyBus' position regarding lost-profits damages.

Moonbug also cannot claim prejudice or surprise at the Supplemental Report's rebuttal of an opinion offered for the first time in the Vanderhart Reply.

**Ability of Moonbug to cure the surprise**. Assuming any surprise, and there is

-13-

none, Moonbug can easily cure it.   Moonbug has not requested Mr. Tregillis' deposition, have sufficient time to analyze the Supplemental Report—the body of which is 17 pages long—and can cross examine Mr. Tregillis regarding that report as extensively as it would like.

**Extent to which allowing the evidence would disrupt trial**.  Allowing the Supplemental Report will have no disruptive effects on trial nor will it impact scheduling of trial or pre-trial matters given that the parties have already stipulated and agreed to extension to the expert deposition schedule and no damages expert depositions have been taken or even scheduled.

**The importance of the evidence**. The evidence is of critical importance to BabyBus in rebutting Moonbug's claim for damages, which amount to ███████. The Supplemental Report uses the New YouTube Data to undermine Moonbug's claims for lost profits, which account for approximately ████████ of the total damages.  It is therefore critical that BabyBus be permitted to introduce supplemental opinions based on this data.

**BabyBus' explanation for its failure to disclose the evidence.**   "[A]n important prerequisite for engaging in any kind of third-party discovery is to avoid saddling those third parties with an undue burden; therefore, any party seeking third-party discovery must be able to explain not only why that discovery is relevant and proportional, but also why it could not be obtained from a party to the litigation." *Airwair Int'l Ltd. v. Zoetop Bus. Co., Ltd.*, 2021 WL 6091263, at *2 (N.D. Cal. Dec. 23, 2021).   Therefore prior to September 2021, without knowing the basis for Plaintiffs' lost profits damages, BabyBus could not, under Rule 45, serve a subpoena demanding thousands of video- and channel-level data exports in the hopes that it might be what it needed for its expert reports.

It is undisputed that YouTube did not produce documents in response to the subpoena until December 2, 2022, through no fault of BabyBus.  As described herein, BabyBus acted diligently in obtaining the production of documents by YouTube after

the parties' September 5, 2022 agreement regarding the YouTube data, and it was *Plaintiffs* who waited until October 19, 2022, to disclose their theory of lost profit damages.

In similar circumstances, courts have allowed the inclusion of supplemental expert reports. *See Int'l Med. Devices, Inc.*, 2022 WL 2784806, at *4 ("Plaintiffs filed Drs. Carson and Drewry's declarations before the deadline for the close of expert discovery, provided Defendants the opportunity to depose Drs. Carson and Drewry, and the pre-trial conference has not yet occurred.") (internal quotation marks omitted); *see also Liguori v. Hansen*, 752 F. App'x 389, 392 (9th Cir. 2018) (affirming ruling that an "untimely disclosure was harmless because the underlying assumptions and methodology in the supplemental report were unchanged from the initial report relied on by the expert at the first trial").

Because of the inclusion of new opinions in the Vanderhart Reply, the ample time remaining for expert discovery, the lack of prejudice or harm to Plaintiffs, the importance of the evidence, and the timing of the production of documents by YouTube, exclusion of the Supplemental Report is unwarranted.

**D.**   **Good Cause Exists to Alter the Date Ffor Service of Expert Reports to Permit BabyBus to Serve the Supplemental Report**

To the extent the Court finds a modification of the scheduling order is required to allow the Supplemental Report, good cause exists to modify the deadline for the service of expert reports. *See* Fed. R. Civ. P. 16(b)(4). "... Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Kamakahi v. Am. Soc. For Reproductive Med.*, 2014 WL 1783629 (N.D. Cal. Sept. 15, 2014). Courts have found good cause when new evidence central to issues in the case becomes available. *See Id. See also Walker v. Life Ins. Co. of the Sw.*, 2018 WL 6133640, at *5 (C.D. Cal. Nov. 9, 2018); *AK Futures LLC v. Boyd St. Distro LLC*, 2022 WL 1843984, at *3

(C.D. Cal. Apr. 8, 2022).  "The Ninth Circuit has applied the following factors to determine whether good cause exists to reopen discovery: 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *City of Pomona v. SQM N. Am. Corp.*, 2015 WL 13766682, at *1-2 (C.D. Cal. Mar. 26, 2015) (internal quotations and citation omitted).

Save for Plaintiffs' opposition, all of the above-cited factors support modification of the scheduling order to permit the Supplemental Report (or are neutral).

**Whether trial is imminent and whether Plaintiffs would be prejudiced**. Trial is scheduled to begin April 3, three months from now, and expert depositions are not scheduled.  BabyBus offered Moonbug the opportunity to respond to the analyses of the New YouTube data, an offer Moonbug declined.  The Supplemental Report does not offer any "new" opinions based on the New YouTube Data, but instead supplements and supports those already offered by Mr. Tregillis in his Rebuttal Report *See Medtronic Vascular, Inc. v. Abbott Cardiovascular Sys., Inc.*, 2008 WL 4601038, at *3 (N.D. Cal. Oct. 15, 2008) (permitting supplemental expert report where any prejudice to non-moving party could be cured before trial date); *Largan Precision Co. v. Samsung Elecs. Co., Ltd.*, 2016 WL 4098901, at *3 (S.D. Cal. Jan. 27, 2016) (finding that "any concerns regarding completing the supplemental report and additional deposition before trial, and any potential related concerns as to prejudice to [Plaintiff], are ameliorated" by the fact that trial was months away). Plaintiffs cannot claim prejudice given that their own damages expert's opinions rely on aggregated views at the channel level, data that was already in the parties' possession at the time expert reports were due.

CASE NO. 3:21-CV-06536-EMC
DEFENDANTS' MOTION FOR LEAVE TO SERVE SUPPLEMENTAL
EXPERT REPORT OF CHRISTIAN TREGILLIS

**Whether the moving party was diligent in obtaining discovery within the guidelines established by the court**. BabyBus has been diligent. There is no dispute that the data produced by YouTube was not available to BabyBus absent a subpoena, the basis for which did not exist until, at the earliest, September 5, 2022, when the parties reached agreement regarding the scope of YouTube production. BabyBus promptly served a subpoena on YouTube and worked diligently with YouTube to ensure production of documents as quickly as possible. *See Kamakahi*, 2014 WL 7183629, at *2 ("[A] party is not expected to serve all discovery requests at the outset of the discovery period, but instead naturally follows leads obtained from earlier discovery to determine what further requests are warranted."). There has been no effort to delay or sandbag Moonbug, but rather a concerted effort by BabyBus to ensure prompt production of the data from YouTube to both parties.

**The foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court**. At the time of the entry of the scheduling order, the scope of the need for YouTube data from third parties was not apparent. The scheduling order was entered into on December 17, 2021. Dkt. 49. The parties did not engage in extensive discovery discussions until after their April 2022 mediation and did not agree on the scope of YouTube discovery until September 5, 2022. At the time the scheduling order was entered, Moonbug had not yet disclosed its theory of lost profit damages.

**The likelihood that the discovery will lead to relevant evidence**. The Supplemental Report is highly relevant. As noted above, the Supplemental Report provides a strong, data-driven rebuttal to Moonbug's claim for lost profits, which is based on the notion that any alleged "lost" views or decline in Moonbug's viewership was the result of BabyBus's actions. BabyBus addressed Dr. Vanderhart's lost profits analysis in the Tregillis report as bet it could at the time, but now have additional, relevant data that was previously unavailable. Further, a rebuttal to a new conclusion by Dr. Vanderhart is clearly relevant.

Case 3:21-cv-06536-EMC   Document 198   Filed 01/09/23   Page 23 of 24

Consideration of the above factors confirms that there is good cause to allow service of the Supplemental Report.  The exclusion of the Supplemental Report would deny BabyBus an opportunity to present highly relevant evidence related to Moonbug's damages claims.  In contrast, allowing the Supplemental Report would not prejudice Moonbug given that expert discovery has not closed and trial is not imminent.

## V.   CONCLUSION

Based on the foregoing, BabyBus respectfully request the Court grant this Motion and permit the Supplemental Report.

-18-

CASE NO. 3:21-cv-06536-EMC
DEFENDANTS' MOTION FOR LEAVE TO SERVE SUPPLEMENTAL
EXPERT REPORT OF CHRISTIAN TREGILLIS

DATED:  January 9, 2023

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By       _/s/ Sam S. Stake_
Margret Caruso (Bar No. 243473)
Michael LaFond (Bar No. 303131)
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:  (650) 801-5000
Fax:            (650) 801-5100
margretcaruso@quinnemanuel.com

Sam S. Stake (Bar No. 257916)
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:         (415) 875-6600
Facsimile:   (415) 875-6700
samstake@quinnemanuel.com

Attorneys for BabyBus
BABYBUS    (FUJIAN)    NETWORK
TECHNOLOGY CO., LTD and  BABYBUS
CO., LTD.

CASE No. 3:21-cv-06536-EMC
DEFENDANTS' MOTION FOR LEAVE TO SERVE SUPPLEMENTAL
EXPERT REPORT OF CHRISTIAN TREGILLIS