1  JENNIFER KELLY (CSB No. 193416)
   jennifer@tyzlaw.com
2  RYAN TYZ (CSB No. 234895)
   ryan@tyzlaw.com
3  ERIN JONES (CSB No. 252947)
   ejones@tyzlaw.com
4  DEBORAH HEDLEY (CSB No. 276826)
   deborah@tyzlaw.com
5  CIARA MCHALE (CSB No. 293308)
   ciara@tyzlaw.com
6  SEAN APPLE (CSB No. 305692)
   sapple@tyzlaw.com
7  CHIEH TUNG (CSB No. 318963)
   chieh@tyzlaw.com
8  TYZ LAW GROUP PC
   4 Embarcadero Center, 14th Floor
9  San Francisco, CA 94111
   Telephone: 415.868.6900
10

11 Attorneys for Plaintiffs
   Moonbug Entertainment Limited and
   Treasure Studio, Inc.
12

13

14                    **UNITED STATES DISTRICT COURT**

15                  **NORTHERN DISTRICT OF CALIFORNIA**

16                       **SAN FRANCISCO DIVISION**

17

18  MOONBUG ENTERTAINMENT                    Case No: 3:21-cv-06536-EMC
    LIMITED and TREASURE STUDIO, INC.,
19                                           **PLAINTIFFS' REPLY IN SUPPORT OF**
                Plaintiffs,                  **PLAINTIFFS' MOTION FOR**
20                                           **SUMMARY JUDGMENT**
           v.
21                                           **FILED UNDER SEAL**
    BABYBUS CO., LTD and BABYBUS
22  (FUJIAN) NETWORK TECHNOLOGY              Date:        February 2, 2023
    CO., LTD,                                Time:        1:30 pm
23                                           Judge:       Hon. Edward M. Chen
                Defendants.                  Courtroom:   5, 17th Floor
24
                                             Complaint Filed:   August 24, 2021
25

26

27

28

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      Defendants Concede the CoComelon Works are Valid ................................... 1

II.     Defendants Concede Willfully Infringing CoComelon Works ....................... 2

III.    The Willful Infringement Goes Beyond The Conceded Videos ...................... 3

      A.      Defendants' Perjury Cannot Defeat Summary Judgment ..................... 3

      B.      Defendants Do Not Dispute the Facts Regarding Their Copying ......... 5

      C.      Defendants' Master Plan, which Defendants Executed, Was to Copy
          CoComelon ............................................................................................ 7

IV.     There Is No Dispute the Extrinsic/Intrinsic Tests are Met ........................... 9

      A.      Defendants Concede Access ................................................................. 9

      B.      Defendants Do Not Genuinely Challenge Substantial Similarity ........ 9

      C.      The Characters in the Infringing Works Are Substantially Similar .... 10

           1.      JJ is Not a Stock Character, and JoJo is Substantially Similar to JJ ...... 10

           2.      There is No Issue of Fact that the Family Characters are
               Substantially Similar ................................................................. 12

      D.      Defendants' Remaining Extrinsic Test Arguments Lack Evidence ................. 12

      E.      Super JoJo is Such a Blatant Copy, The Intrinsic Test is Met ........................... 14

V.      Defendants' Independent Development Story Is False ................................... 14

1

## <u>TABLE OF AUTHORITIES</u>

2
<u>Page</u>

3
**CASES**

4
*Azaria v. Bierko*
No. CV 12-9732 GAF (RZX), 2014 WL 12561611 (C.D. Cal. Feb. 21, 2014) ............ 12

5

6
*Bach v. Forever Living Prod. U.S., Inc.*
473 F. Supp. 2d 1127 (W.D. Wash. 2007)......................................................................... 12

7
*Camhe v. Dreamworks, LLC*
No. CV 07-3741-GAF, 2009 WL 10668462 (C.D. Cal. May 14, 2009) .......................... 2

8

9
*DC Comics v. Towle*
802 F.3d 1012 (9th Cir. 2015) ............................................................................... 11, 12

10
*Fulks v. Knowles-Carter*
207 F. Supp. 3d 274 (S.D.N.Y. 2016)............................................................................... 14

11

12
*GoPro, Inc. v. 360Heros, Inc.*
291 F. Supp. 3d 1060 (N.D. Cal. 2017) ........................................................................... 15

13
*High Definition.Net, Inc. v. Rive Gauche Ent. Television*
No. CV 08-5795-GHK (SSX), 2010 WL 11515363 (C.D. Cal. Feb. 11, 2010)............ 16

14

15
*Hodges v. Hertz Corp.*
351 F. Supp. 3d 1227 (N.D. Cal. 2018) ..................................................................... 2, 3

16
*Olson v. Nat'l Board. Co., Inc.*
855 F.2d 1446 (9th Cir. 1988) ............................................................................... 11, 12

17

18
*Perfect 10, Inc. v. Giganews, Inc.*
No. CV 11-07098-AB SHX, 2015 WL 1746406 (C.D. Cal. Mar. 6, 2015) ................... 2

19
*Rentmeester v. Nike, Inc.*
883 F.3d 1111 (9th Cir. 2018) ......................................................................................... 7

20

21
*Schrader Cellars, LLC v. Roach*
No. 21-CV-01431-SK, 2022 WL 17736787 (N.D. Cal. Dec. 16, 2022) ....................... 17

22
*Shaw v. Lindheim*
919 F.2d 1353 (9th Cir. 1990) ....................................................................................... 12

23

24
*Skidmore as T. for Randy Craig Wolfe Tr. V. Led Zeppelin*
952 F.3d 1051 (9th Cir. 2020) ................................................................................. 7, 13

25
*Sobhani v. @Radical.Media Inc.*
257 F. Supp. 2d 1234 (C.D. Cal. 2003) ......................................................................... 16

26

27
*Soremekun v. Thrifty Payless*
509 F.3d 978 (9th Cir. 2007) ........................................................................................... 4

28

*Straughter v. Raymond*
   No. CV 08-2170 CAS CWX, 2011 WL 3651350 (C.D. Cal. Aug. 19, 2011) ............... 11

*Symantec Corp. v. Logical Plus, Inc.*,
   No. C 06-7963 SI, 2009 WL 3416178, at *6 (N.D. Cal. Oct. 20, 2009) ......................... 7

*Teller v. Dogge*
   8 F. Supp. 3d 1228 (D. Nev. 2014) ......................................................................... 13

*Yeager v. Bowlin*
   693 F.3d 1076 (9th Cir. 2012) ............................................................................... 17

**STATUTES**

18 U.S.C. § 1836 ...................................................................................................... 1

18 U.S.C. § 1839 ...................................................................................................... 1

1

2       Instead of raising a triable issue of fact to defeat summary judgment, Defendants'
3  Opposition confirms summary judgment for Moonbug should be granted.  Defendants have not
4  raised or disputed a single fact regarding the validity of the CoComelon Works, upon which
   Moonbug's Motion made its now unrebutted *prima facie* case of validity.

5       Regarding infringement, Defendants now admit—after perjuring themselves repeatedly in
6  depositions, in DMCA notices to YouTube, and in pleadings to this Court, by claiming otherwise,
7  that they willfully infringed Moonbug's copyrights.  Defendants try to limit the consequences of
8  this confession to liability for only six videos. But Defendants' attempt to limit liability is
9  unsupported by the law or facts, which show that the entire Super JoJo series infringes where: (1)
   each of Defendants' "Conceded Videos" infringes many of the CoComelon Works, a fact which
10 Defendants neither dispute nor address; and (2) Defendants reused copied characters, settings and
11 other assets from CoComelon's Works throughout the Super JoJo series to make the videos
12 "consistent."  Copying CoComelon was Defendants' plan and instruction to their production team
13 from the outset.  Defendants call the relief sought here "unprecedented," but it is their willful
14 infringement of the CoComelon Works in over 300 Super JoJo videos that is unprecedented.

15      Defendants do not raise a triable issue of fact regarding the extensive indirect evidence of
16 copying where: (1) they concede access by studying the CoComelon Works prior to copying; and
17 (2) fail to submit evidence, much less expert testimony, to rebut Moonbug's showing that the
18 Infringing Videos and the CoComelon Works are substantially similar.  Nor can Defendants
19 defeat summary judgment through perjured and conclusory witness testimony that they did not
20 copy when they now concede they willfully infringe the CoComelon Works.  There is no genuine
21 dispute that the Infringing Works are substantially similar as shown in Moonbug's Motion.

22      Defendants' last-ditch attempt to argue independent creation fails as a matter of law for
23 several reasons, but the most glaring is that Defendants *admitted* in discovery using a CoComelon
24 Work to make the JoJo character.  This admission alone dooms independent development.

25 **I.       DEFENDANTS CONCEDE THE COCOMELON WORKS ARE VALID**

26      Moonbug made its *prima facie* case for copyright validity in its Motion, Dkt. 162-1 at 13-
27 14 ("Mot."), which Defendants have not addressed, and thus have conceded.  *See Hodges v. Hertz*

28

*Corp.,* 351 F. Supp. 3d 1227, 1238 (N.D. Cal. 2018) (explaining an argument not addressed is conceded for summary judgment); *see also Perfect 10, Inc. v. Giganews, Inc.,* No. CV 11-07098-AB SHX, 2015 WL 1746406, at *7 (C.D. Cal. Mar. 6, 2015).  Thus, the Court should grant summary judgment that the CoComelon Works are valid and enforceable.

## II.   DEFENDANTS CONCEDE WILLFULLY INFRINGING COCOMELON WORKS

Far from contending that none of the Super JoJo videos infringe, as they have throughout this case (Jones Decl., ¶ 7, Ex. C at 18:20-25), Defendants now concede they willfully infringed CoComelon Works.  Defendants try to contain this confession to only six "Conceded Videos." Dkt. 194 at 8, n.4.  But Defendants failed to raise any triable issue of fact that their willful infringement was limited to these six, and the undisputed facts show otherwise.

Defendants admit to willfully infringing only *one* registration (in one case, *two*) for each of the six videos they admit they copied.  Dkt. 194-46.  But each of the Conceded Videos infringes *multiple* CoComelon Works as shown in Moonbug's Motion.  *See, e.g.*, Dkt. 162 at 2-4; Mot. at 16-17, 19, 23, App'x A; *Camhe v. Dreamworks, LLC,* No. CV 07-3741-GAF, 2009 WL 10668462, at *6 (C.D. Cal. May 14, 2009) (infringing work can infringe multiple registered works by infringing protected elements from multiple works).  For example, Defendants now concede that the Super JoJo "Boo Boo Song" copies CoComelon's registered work, the "Boo Boo Song." Dkt. 194, 8 n.4.  However, the Motion alleges that Super JoJo's infringing Boo Boo Song (Dkt. 165, Ex. 149 (BB_00012972)) *also* infringes CoComelon's character registrations in JJ and his family, as well as copyrights to other videos, upon which the Opposition is silent.  Dkt. 162-1 at 19, 23, App'x A.  By failing to address those other CoComelon Works for the six Conceded Videos, Defendants have necessarily conceded that the Conceded Videos infringe all the registrations set forth in the Motion.  *See Hodges,* 351 F. Supp. 3d at 1238.  The Court should find that the Conceded Videos infringe the CoComelon Works in **Appendix A** (also showing that Conceded Videos were uploaded to YouTube repeatedly).  *See also* Jones Decl. ¶ 36.

Defendants' attempt to limit their liability to six videos also ignores that they stipulated that each English-language Super JoJo video serves as a representative work for all foreign language versions of that video, meaning each admission of infringement yields judgment of

infringement of all foreign language equivalents of the Conceded Videos.  *See* Dkt. 93 at 3. Defendants also ignore that their YouTube channels contain dozens of "compilation videos" compiling many short (2-3 minute) videos to create longer works, and all compilations containing any of the six Conceded Videos are also infringing.  Jones Decl. ¶¶ 14, 37 (Conceded Videos on compilation list), Ex. J at App'x B (partial compilation list); Ex. N at 31; Ex. K, P (verifications).

Defendants' admission regarding the Conceded Videos also means that all subsequent Super JoJo videos infringe because they are derivatives and use infringing assets, like character designs, animations, and personalities, setting designs and layouts, and other assets, created for use or used in the Conceded Videos.  *See, e.g.*, Jones Decl. ¶ 13, Ex. I at 66 (RFA 47 response admitting "that BabyBus reuses certain assets across multiple Super JoJo videos" including location settings in the "The Boo Boo Song"); *see also* Section III.B-C, *infra*.  Defendants also admit they created a library of assets that they re-used throughout their series.  Dkt. 165, Apple Decl. ¶ 52, Ex. 553 (Yan) 181:15-182:7, 182:14-23, 184:15-186:7 (admitting reuse of drawings and models made for prior episodes); *id*. ¶ 51, Ex. 552 (X. Lin) 116:1-8 (admitting reuse of models); *id*. ¶ 56, Ex. 557 (Zhang) 72:2-21 (admitting reuse of resources), 77:8-78:21 (admitting reuse of scenes, sets, props, facial poses); Jones Decl. ¶ 11, Ex. G (Sun) 80:12-15 (admitting library); *id*. ¶ 8, Ex. D (Lin) 94:11-25, 97:9-11 ("style needs to be consistent").  Defendants do not address this evidence beyond saying it does not exist.  *See* Dkt. 194 at 14-15.

## III. THE WILLFUL INFRINGEMENT GOES BEYOND THE CONCEDED VIDEOS

### A. Defendants' Perjury Cannot Defeat Summary Judgment

Despite now conceding willful infringement, Defendants ask the court to credit false deposition testimony to defeat the Motion for the remaining videos. *See* Dkt. 194 at 11 (quoting Lin testimony: "Q. Did BabyBus copy CoComelon? A. No."). But false, speculative or conclusory testimony does not create a factual issue.  *See Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).

While couched as a confession made for the sake of "judicial economy," Dkt. 194 at 8 n.4, Defendants' admission of willful infringement of multiple videos comes on the heels of extensive perjured testimony by Defendants' employees denying infringement, which has wasted

1   judicial resources.  For example, Defendants now admit they willfully infringed the Boo Boo

2   Song, but in discovery Super JoJo's development leader testified under oath to the exact opposite:

```
23      Q.    Did BabyBus copy CoComelon's Boo Boo
24  Song video?
25      A.    No.
```

3   Jones Decl, Ex. D (Lin) 81:23-25.  This perjury extended up and down the chain of command.

4   Mr. Sun, Defendants' Head of 3D production and 30(b)(6) representative on the development of

5   Super JoJo testified "we didn't copy CoComelon" and "the production department, were never

6   asked to make videos as identical as possible to CoComelon," when testifying about planning

7   documents stating otherwise.  Jones Decl., Ex. G (Sun) 9:18-11:2, 20:11-12, 71:7-21.  Mr. Yan,

8   Defendants' co-founder testified "we didn't copy," insisting that the very same scenes they now

9   admit they willfully infringed were "all our original scenes." Jones Decl., ¶ 2, Ex. B (Yan) 148:3-

10  149:18 (regarding Yes Yes Playground), 416:20-417:4, 417:8-15.  Ms. Zhang, who became the

11  Super JoJo planning leader in 2019, testified: "It's not possible for the company to do something

12  ·like that" when asked if she was aware of Defendants' early 2019 plan to copy CoComelon.

13  Jones Decl., ¶ 9, Ex. E (Zhang Tr.) 26:25-27:3, 45:21-46:1, 47:23-48:5.  The perjury extends to

14  written discovery in which Defendants repeatedly denied substantial similarity in the Conceded

15  Videos, stating in sworn responses "there has been no copyright infringement," and "absent

16  infringement, there can be no finding of willful infringement."  Jones Decl., Exs. AA at 8-9, 15,

17  P (verification), I (Suppl. Resps. to RFA Nos. 44, 45, 56, 57, 67-68, 89-90, 100-101, 111-112).

18      Defendants also perjured themselves in DMCA counternotices to have YouTube reinstate

19  the Super JoJo channel, with Mr. Yan falsely swearing, under oath, that: (1) the entire Super JoJo

20  channel was "the original work of BabyBus"; (2) "The character image and plot setting are all

21  original and it has nothing to do with CoComelon and does not infringe the copyright of

22  CoComelon"; and (3) Super JoJo's Yes Yes Playground song (a Conceded Video), was "the

23  original content of BabyBus, and it had nothing to do with and is completely different from

24  [CoComelon's] 'Yes Yes Playground Song.'"  Jones Decl., ¶¶ 1-5, Ex. A, at 2, 7.  Far from

25  promoting "judicial economy," these false denials cost extensive resources to address.  In any

event, they do not defeat summary judgment as Defendants argue.

**B.  Defendants Do Not Dispute the Facts Regarding Their Copying**

Outside of Defendants' ineffective perjury, Defendants do not genuinely dispute that they planned to and did copy the CoComelon Works in creating Super JoJo.  Defendants instead try to excuse their infringement because the lead planner was traveling and only a handful of documents containing *explicit* instructions to copy CoComelon.  *See* Dkt. 194 at 8, 11.  But these facts do not create a genuine dispute to defeat summary judgment.

To recap the undisputed evidence:

- Defendants admit they watched/studied dozens of CoComelon videos *before* starting work on Super JoJo. Dkt 165 ¶¶ 7-12, Exs. 517-522; ¶¶ 51-52, Ex. 553 (Yan) at 325:23-326:1, 327:3-328:1, 334:24–337:4, 341:13–347:3, 350:10–353:8, 358:5–360:24, 362:1–21, 378:11-20, Ex. 552 (Lin) 58:24-59:1; Dkt. 194-1 (Lin Decl.) ¶¶ 3-5; Jones Decl, Ex. N at 6-7, 10.

- Defendants admit they identified CoComelon as the No. 1 "top competitor IP channel on YouTube" *before* beginning work on Super JoJo. Dkt. 165, Ex. 553 (Yan) 38:11-21.

- Defendants admit that they used CoComelon's registered Peek-A-Boo Song to develop their JoJo character.  Jones Decl. ¶¶ 19-21, 22, Ex. N at 29, 38, Ex. O, Ex. P (verification).

- Defendants admit that the production specifications for the entire Super JoJo series: (a) were the main plan for producing the entire series, (b) include four copied images of JJ from CoComelon's Work "This is the Way" and two links to CoComelon Works as the "focus of the visuals" for the JoJo series, (Jones Decl. Ex. D (Lin) 66:13-67:16; *see also* Dkt. 165 ¶¶ 14-19, Ex. 524), (c) was presented to "essentially all the leaders of the departments" and co-founder Yan, (Jones Decl. Ex. D (Lin) 48:20-50:20), and (d) were understood by the team as instructions to "create a look and feel similar to CoComelon's."  Dkt. 165 ¶ 53, Ex. 554 (Xue) 57:1–10.

- Defendants admit they instructed their team to: "Use the kids' channel CoComelon as the target setting" for Super JoJo.  Dkt. 165, Ex. 523 at 3; Dkt. 165, Ex. 552 (Lin) 30:12-31:3, 35:1-12.

- Defendants do not dispute that the planning document for their very first Super JoJo Video, "This is the Way We Brush Our Teeth" copies three images of CoComelon's JJ

character and links to CoComelon's registered "This is the Way" video on YouTube, and that the resulting Super JoJo video reproduces these images and other elements from the CoComelon Work. *See* Dkt. 165, ¶ 37, Ex. 538; Dkt. 191 (Krause) ¶¶ 16, 17, Exs. B, C; Dkt. 190, Ex. D (certified translation); Dkt. 194-26 at 2 (publication date June 4, 2019).

- Defendants admit that their planning documents "contain instructions to copy CoComelon." Dkt. 194 at 7; *see, e.g*, Dkt. 165 ¶¶ 25-26, Ex. 529 (plan for Boo Boo Song instructs to make "as identical as possible to CoComelon."); *see also* Dkt. 165 ¶¶ 28, 31, Exs. 531 (Yes Yes Playground), 533 (Yes Yes Vegetables); Jones Decl. ¶33, Ex. T (Yes Yes Table Manners).

- Defendants do not dispute that numerous planning documents from February 2019 to at least February 2021 contain scores of images copied from CoComelon videos and contain links to CoComelon videos for use in creating Super JoJo videos. *See, e.g.,* Dkt. 165, ¶¶ 22-47, Exs. 527-548; Dkt. 190, Exs. D-G; Dkt. 164, Ex.1 ¶ 126; Jones Decl.¶¶ 27-28, Exs. Q, R, T.

- Defendants do not dispute that many Super JoJo videos copy CoComelon scenes, images, and sequences, even when their planning documents did not expressly instruct Defendants' employees to do so. *See, e.g.,* Dkt. 164, Ex. 1 ¶ 241, Appx 4 part 2; Dkt. 191 ¶¶ 16, 20, 22, Exs. B, G, J; Jones Decl.¶¶ 27-29, 31, 32, 34, Exs. Q-S.

- Defendants do not dispute that their development files are riddled with CoComelon videos, screen captures, and links to such videos on YouTube. Dkt. 162-1 at 4-9.

- Defendants admit that once they created the character models, settings, and other assets, they reused them in subsequent episodes. *See cites supra,* Section II (page 3).

- Defendants admit reusing the setting assets created for one of the Conceded Videos, the Boo Boo Song, in later episodes. Jones Decl. ¶ 13, Ex. I at 65-66 (RFA 47 response); *id*. ¶ 35 (Super JoJo Boo Boo Song shows entire downstairs of house and yard); and

- Defendants do not address that as late as April 21, 2021, their 3D drawing team leader admitted that Defendants' copying of CoComelon was too "obvious." Dkt. No. 165, ¶ 50, Ex. 551; *id*. ¶ 55, Ex 556 (Chen) 10:10–21, 44:1–11, 45:9–14, 46:1–17.

This is not "weak" evidence as Defendants argue (Dkt. 194, 10:20-23) but rather so strong that it led Defendants to admit that they willfully copied seven CoComelon Works. Defendants

are incorrect that this direct evidence of copying is insufficient to grant summary judgment, when they argue that plaintiff must prove infringement with *both* direct and indirect evidence.   Dkt. 194, 9:21-10:8.   On the contrary, Defendants' own authority *Rentmeester v. Nike* explains that the substantial similarity test is applied only "[w]hen the plaintiff lacks direct evidence of copying." 883 F.3d 1111, 1116 (9th Cir. 2018), *overruled by Skidmore*, 952 F.3d 1051. "Where, as here, however, there is direct evidence of copying, that is the end of the case." *Symantec Corp. v. Logical Plus, Inc*., No. C 06-7963 SI, 2009 WL 3416178, at *6 (N.D. Cal. Oct. 20, 2009). The direct evidence of copying in this case is overwhelming and undisputed.

### C.  Defendants' Master Plan, which Defendants Executed, Was to Copy CoComelon

Defendants fumble to find excuses to justify their behavior. They try to excuse their willful copying by arguing only two documents (outside of the most egregious ones they ask the Court to ignore) show copying and that the worst copying occurred when the planning lead was out of town.   Dkt. 194 at 8.   But this does not change the undisputed fact that Defendants' master plan for the entire Super JoJo series was, from the outset, to copy CoComelon.

*First*, the "two" documents – the "Super JoJo Specifications" (Dkt. 165, Ex. 524) and the document stating that Super JoJo should "Use the kids' channel CoComelon as the target setting" for the Super JoJo series (*Id*., Ex. 523) – set forth the plan for the entire series, in which Defendants first directed their production team to copy CoComelon.  *See* Mot. at 3-6.   After Defendants spent months studying, and downloading CoComelon videos, Ms. Lin, Super JoJo's lead developer, wrote in December 2018 that they should *use* "CoComelon as the target setting" and identified the chosen "IP settings" for the new show as a family that copied CoComelon's. *Id*., Ex. 523 at 4; *id*. Ex. 552 (Lin) at 48:20–50:20; ¶¶ 7-13 (files dated Mar.-Dec. 2018).  Ms. Lin admitted this specification was the master plan for the series that she shared with her planning team and the rest of the production team.  Jones Decl. Ex. D (Lin) 39:12-14; 48:20-23.  Defendants argue that these documents were intended as *references* while ignoring their admission that the goal of the specifications was for the production team to "create a look and feel similar to CoComelon's" in producing the Super JoJo series.  Dkt. 165 ¶ 53, Ex. 554 (Xue) 56:18–57:10; *id*. ¶ 51, Ex. 552 (Lin) at 69:10–70:4; Ex. 524.  Taken together, Defendants' master plan was to

1  use CoComelon and copy its look and feel – which they did to produce the Super JoJo show.

2      *Second*, Defendants' argument that their earliest videos "do not have the scene-by-scene

3  similarities," like "other, later videos" blatantly do (Dkt. 194 at 7) is unavailing.  Defendants'

4  very first Super JoJo video, This is the Way We Brush Our Teeth (published June 4, 2019),

5  copies multiple images, storyline, plot points, plot sequences, and JJ's precise movements from

6  CoComelon's registered "This is the Way."  *See* Dkt. 191 (Krause) ¶¶ 14, 16, 17, Exs. B, C;

7  Jones Decl ¶ 32.  Not only does the planning document for this video show the plan was to copy,

8  snippets of the copied CoComelon Work were also in the Super JoJo Specifications.  *See* Dkt.

9  165, Ex. 524; *id*. ¶ 37, Ex. 538 (planning document); Dkt. 190, Ex. D (certified transl.).  Copying

10  CoComelon, not just its scenes, was thus part of Super JoJo's DNA from its very first video.

11      *Third*, Defendants' claim that the lead planner was out of town has no import.  *See* Dkt.

12  194 at 7-8.  Ms. Lin communicated with her team electronically, (Jones Decl. Ex. D (Lin) 101:14-

13  102:22), making her location irrelevant, and she directed her team to use CoComelon as the target

14  setting, and to make JJ the focus of Super JoJo's visuals, which they did.  Ms. Lin's staff

15  understood her orders were to make videos that copied CoComelon's "look and feel."  Dkt. 165,

16  Ex. 554 (Xue) 56:18–57:10; Jones Decl. Ex. F (Xue) 9:4-9.  *Three different* Super JoJo planners

17  understood that, and drafted planning documents with instructions to make the Super JoJo videos

18  identical to CoComelon, and Ms. Lin testified she approved them.  *See* Jones Decl. ¶¶ 25-31; *id*.

19  Ex. D (Lin) at 79:24-80:6. Her employees were so conditioned to copy CoComelon that three of

20  the Conceded Videos (Bath Song, Car Wash Song, and Rainbow Ice Cream – Colors Song) and

21  many others were made identical to CoComelon *even without an express instruction to do so* in

22  the planning guides.  Jones Decl. ¶¶ 27-29, 31, 32, 34, Exs. Q-S; Dkt. 165 Ex. 537; Dkt. 191

23  (Krause) ¶¶ 16-22, Exs. B-D, G, J; Dkt. 190, Exs. D-G.

24      *Fourth*, Defendants continue to overlook that Super JoJo videos do not need to be

25  "identical" to infringe.  All of Defendants' Infringing Videos infringe CoComelon Works because

26  they use character and setting assets and animations that were created by copying CoComelon,

27  and are also substantially similar as explained below.  Defendants again argue that "the Conceded

28  Videos were not the first ones" Defendants made. Dkt. 194, 14:21-28; 7:12-20.  But, again, the

very first Super JoJo video was an obvious and direct CoComelon knockoff, and reuse of assets from that video, including the very first JoJo character and family of characters, settings, props, expressions, gestures, etc. makes all later videos infringing as well.  Defendants do not dispute that the JoJo character from that very first video is used in every subsequent one.  And Defendants expressly admitted reusing "setting" assets of the Conceded Video Boo Boo Song (which uses settings for the house's downstairs rooms and yard) in later videos.  Jones Decl. ¶¶ 13, 35 Ex. I at 65-66 (RFA 47 response).  Defendants also ignore (and thus concede) undisputed testimony from multiple witnesses that they maintain a "library of assets or models" to use in animating Super JoJo, including expressions and gestures that are reused in later episodes.  Jones Decl., Ex. G (Sun) 80:12-15; *see cites supra* Section II (page 3).  Defendants' try to minimize their tracing over JJ, arguing that their tracing was done to create a "head nod" animation and character movements are not reused according to Mr. Yan.  Dkt. 194 at 15.  But they overlook that Mr. Yan testified that he did not know whether animations were reused, and that he was later contradicted on this point by his employees, as above.  Jones Decl. Ex B (Yan) 186:19-187:7. And Mr. Krause provided a video showing Defendants' reuse of animations, such as a particular arms-up gesture of excitement and joy that Super JoJo copied from CoComelon in a Conceded Video (Yes Yes Vegetables) and then used repeatedly in later published videos like One Potato, Two Potatoes, and Pat a Cake.  Dkt. 191, Ex. F; Dkt. 194-26 at 2-3 (Yes Yes Vegetables released first among these).  Again, Defendants' master plan was to copy CoComelon and that is what they did.

## IV.   THERE IS NO DISPUTE THE EXTRINSIC/INTRINSIC TESTS ARE MET

### A.   Defendants Concede Access

Defendants do not dispute their access and study of the CoComelon Works prior to and throughout creating the Super JoJo series.  Summary judgment is proper on this element.

### B.   Defendants Do Not Genuinely Challenge Substantial Similarity

Defendants cannot defeat summary judgment on the extrinsic test because they have not submitted any genuine factual challenge to Moonbug's substantial similarity analysis, supported by expert testimony.  In Defendants' response to Interrogatory 10 on the legal and factual basis for Defendants' contention that any accused video did not infringe, for example, Defendants did

1    not mention or examine a single Super JoJo video, much less respond to or rebut Moonbug's

2    video-by-video substantial similarity analysis.  Jones Decl., ¶ 16, Ex. L.  Instead, Defendants only

3    challenged the copyrightability, in isolation, of certain physical and conceptual features of

4    CoComelon's JJ, family characters, and show, and then claimed no similarities in "protectable"

5    expression between Super JoJo and CoComelon on particular individual features of the JJ

6    character.  *Id*.  Tellingly, despite hiring three experts to provide testimony in this matter, none of

7    them analyzed, much less dispute, substantial similarity between the works.  *See, e.g.*, Jones Decl.

8    ¶¶ 51-53; Ex. AB (Saperstein) 26:1-16; Dkt. 190, Ex. A (Seiter) at 106:14-22; Dkt. 194-18

9    (Denson Decl.) ¶ 2, Ex. 1 at 10.  That is unsurprising giving the overwhelming direct evidence of

10   copying discussed above.  More importantly, it means Moonbug's evidence, including its expert

11   testimony, on substantial similarity is unrebutted and the Court can grant summary judgment.

12          **C.     The Characters in the Infringing Works Are Substantially Similar**

13                 1.     JJ is Not a Stock Character, and JoJo is Substantially Similar to JJ

14          Defendants argue it was not unlawful to copy JJ because he is a stock character, citing

15   other babies in "standard baby garb."  Dkt. 194 at 16-17.  But this argument is incompatible with

16   (1) their own expert's admission that JJ is a clearly delineated main character, which makes him

17   not a stock character, (Dkt. 190, Ex. A (Seiter) at 257:24-258:6, *see* Dkt. 188 at 8-9), and (2)

18   Defendants' claimed copyright in JoJo and statement they modified JoJo's design to make it more

19   protectable.  Dkt. 190-08; Dkt. 194-9 (Chen Decl.) ¶ 16.  Beyond that, Defendants cannot rely on

20   purported "prior art" characters because they failed to rebut the originality of the CoComelon

21   Works.  *Straughter v. Raymond*, No. CV 08-2170 CAS CWX, 2011 WL 3651350, at *7 n.3 (C.D.

22   Cal. Aug. 19, 2011) (declining to consider "prior art" expert testimony when defendants did not

23   establish lack of originality).  Defendants' conclusion that JJ is a stock character is unsupported

24   by evidence.  Though the parties agree that *DC Comics v. Towle* controls, Defendants do not cite

25   or evaluate its three-part test for character copyrightability.  802 F.3d 1012, 1021 (9th Cir. 2015).

26          *First*, JJ has both physical and conceptual qualities, unlike the characters described in

27   Defendants' authority.  *See Towle,* 802 F.3d at 1021; *cf Olson*, 855 F.2d 1446, 1449 (9th Cir.

28   1988) (finding literary characters described by three to four line summaries too thinly drawn).

While Defendants quibble with Moonbug's labeling of the twenty-nine expressive elements identified for JJ, or with how prominent certain qualities are, they do not provide any evidence that JJ does not exhibit them.  Dkt. 194 at 15-20.  Defendants argue that JJ's attributes are too generic to warrant protection because each is a "generic baby trait."  Dkt. 194 at 18.  But this is nonsense: babies do not "talk and sing like an adult," possess "fine motor control, diction and pronunciation," and they most certainly do "throw tantrums."  *See id.*  Both sides agree that while CoComelon's JJ is depicted as an animated baby, he possesses the personality and capabilities of a much older child – which makes him unique.  Dkt. 190, 2, Ex. A.  And, despite Defendants' efforts to do so, courts do not dissect a character down to each individual element and evaluate each separately, but instead "look to the combination of those elements to determine whether the character is protectable."  *Bach v. Forever Living Prod. U.S., Inc.*, 473 F. Supp. 2d 1127, 1134-35 (W.D. Wash. 2007) (collecting cases).  It is the unique combination of expressive elements in JJ that makes him protectable.  *Id.* at 1135.

*Second*, Defendants do not dispute (and their expert concedes) that JJ meets the test of being recognizable wherever he appears, whether in billions of views on YouTube or Netflix or on Wal-Mart or Target shelves, for example.  *See Towle,* 802 F.3d at 1021; Dkt. 189 ¶¶ 4-9.

*Third*, JJ is especially distinctive and contains unique elements of expression.  *See Towle,* 802 F.3d at 1021.  Dr. Seiter concedes that JJ contains original expression and that she could not find any other character with his characteristics. Dkt. 190 ¶2, Ex. A (Seiter) 267:17-23, 245:17-21).  Defendants again rely on inapposite authority regarding literary characters to argue that JJ is not distinctive. Dkt. 194 at 17-18; *see Olson*, 855 F.2d at 1452–53.  JJ's expression, from his physical characteristics, mature-for-his-age antics, signature move, to his favorite onesie, are "at least as individualized as several characters whose copyrights have been recognized." *See Azaria v. Bierko*, No. CV 12-9732 GAF (RZX), 2014 WL 12561611, at **4-5 (C.D. Cal. Feb. 21, 2014).  Defendants also argue that subtle differences in the colors of the shading of JoJo's hair, facial features and the pattern on his onesie should save them.  Dkt. 194 at 18.  But there are many ways to express a toddler character – as Defendants' expert agrees – and yet Defendants chose to copy JJ.  Dkt. 190 ¶3, Ex. B (Saperstein) 98:13-99:4; Dkt. 164-1 (Krause) ¶ 236, App'x 10; Dkt. 191

1    (Krause) ¶¶7-13.  Copyright law does not only penalize *exact* replicas which is why the substantial

2    similarity test exists.  *See Shaw v. Lindheim*, 919 F.2d 1353, 1362 (9th Cir. 1990), *overruled by*

3    *Skidmore*, 952 F.3d 1051; *Teller v. Dogge*, 8 F. Supp. 3d 1228, 1236 (D. Nev. 2014) (disagreeing

4    that the law allows "copying a final product and altering a few inconsequential details.")  Here,

5    Defendants fail to submit a single fact to dispute that JoJo and JJ are substantially similar.

6                    2.  There is No Issue of Fact that the Family Characters are Substantially Similar

7            Defendants argue that the CoComelon family are stock characters because other animated

8    works have a five-person family with a dog.  But again, Defendants' arguments rely on

9    improperly dissecting the characters, and fail to show that the *combination* of expressive elements

10   of the family is unoriginal, despite knowing that is what the controlling law requires.  *See* Dkt.

11   194 at 19-21; *see also* Dkt. 71 at 17; *Skidmore*, 952 F.3d at 1071 ("original work may include or

12   incorporate elements taken from prior works or works from the public domain").  It also ignores

13   that Defendants' expert admitted that the 2D CoComelon family of characters contains

14   protectable visual expression.  And Defendants do not put in any expert testimony disputing that

15   JoJo's and JJ's families are substantially similar as demonstrated in Moonbug's Motion.

16   **D.    Defendants' Remaining Extrinsic Test Arguments Lack Evidence**

17           Nor have Defendants offered any evidence disputing that each of their Infringing Videos

18   are substantially similar to CoComelon Works with regard to plot, sequence, mood, setting, pace,

19   or any other elements.  Mot. at 23-35.  None of Defendants' three liability experts testified there

20   is no substantial similarity.  *See* Jones Decl. ¶¶ 51-53.  Although they argue that certain of the

21   various sub-elements identified by Moonbug in these categories are generic in isolation, they do

22   not argue or show that CoComelon's selection and arrangement of these elements is unoriginal,

23   and for that reason, summary judgment of infringement is warranted here.

24           *Plot, Dialogue and Sequence of Events*.  Moonbug created exemplars to show substantial

25   similarities in plot, dialogue, and sequence of events between Infringing Videos and CoComelon

26   Works under the expressive elements numbered 115-121.  Dkt. 164 (Krause) ¶¶ 4-7, Exs. 2-4.

27   Defendants argue, citing to their London Bridge song, that an Infringing Video cannot have the

28   same plot or sequence as multiple CoComelon Works.  Dkt. 194 at 21.  But this is wrong.  Putting

1    aside that London Bridge is not alleged to infringe the plot of an asserted work, it is undisputed

2    that Infringing Videos do copy plot points and sequences from multiple CoComelon Works.  *See,*

3    *e.g.*, Dkt. 191, Ex. B (showing This is the Way pulls plot elements from two different Works).

4         *Mood*.  Defendants argue that CoComelon's mood is not infringed because other works

5    in the genre have a positive, kind mood.  Dkt. 194 at 23-24.  But this high-level argument ignores

6    Mr. Krause's statements that the similarities in mood include mild, passing discontent connected

7    to the narrative and a connection between mood and animation style and non-exaggerated visuals,

8    and fails to raise a triable issue of fact that Super JoJo is not substantially similar.

9         *Pace*.  Ignoring substantial similarity, Defendants try to simplify the element of pace to

10   the 2-3 minute length of the videos, concluding that any similarity in pace is emblematic to the

11   genre.  Dkt. 194 at 24.  But this argument ignores Moonbug's other cited sub-elements of pace

12   and the substantial similarity in cinematography style between the works.  Dkt. 191 (Krause) ¶¶

13   21-22, Exs. J, K.  Defendants' legal argument that the cited cinematography elements are "too

14   generic and unoriginal to warrant copyright protection" overlooks that the cited *Fulks* case

15   pertains to adult-themed, live action music videos, whereas Moonbug's expert Mr. Krause

16   testified that CoComelon's cinematography style and pacing are distinctive for a preschool

17   animation show.  *See* Dkt. 194 at 24 (*citing Fulks v. Knowles-Carter*, 207 F. Supp. 3d 274, 280-

18   288 (S.D.N.Y. 2016)); Dkt. 191 ¶ 25; Dkt. 164, Ex. 1 ¶ 184.  The *Fulks* case also does not pertain

19   to a factual situation, as here, where Defendants' documents show that they analyzed CoComelon

20   Works to replicate their cinematography style.  Dkt. 191 ¶ 26.

21        *Setting*.  Defendants' argument that that the layout and design of the two families'

22   animated houses are not similar is belied by their own sworn testimony in this case. Defendants

23   admit they willfully copied the Conceded Videos, and then reused their settings "across multiple

24   Super JoJo videos." Jones Decl.¶¶13, Ex. I at 65-66; *see also id*. ¶ 35; Dkt. 191 ¶ 24, Ex. H.

25        *Theme*.  Defendants again argue that the themes in CoComelon are universal and thus

26   cannot be infringed.  But whether a theme has broad appeal, or originates from a nursery rhyme,

27   is not dispositive of copying. Rather, the question is whether JoJo copied CoComelon's original

28   expression of themes.  Defendants do not provide any evidence that they do not.

1

**E.  Super JoJo is Such a Blatant Copy, The Intrinsic Test is Met**

2

Where, as here, extrinsic similarity is so strong, a court may conclude as a matter of law

3

that "no reasonable jury could find that the works are not substantially similar in their overall

4

concept and feel."  *GoPro, Inc. v. 360Heros, Inc*., 291 F. Supp. 3d 1060, 1072 (N.D. Cal. 2017)

5

(citations omitted).  Defendants argue that it is inappropriate to rule on the intrinsic test because

6

where courts have done so, the "accused infringer facially and indisputably re-used copyrighted

7

works."  Dkt. 194 at 25.  But that is precisely what Defendants did.  Defendants have now

8

confessed to willfully copying CoComelon.  Defendants' January 2023 admission of copying

9

trumps all prior perjured statements denying copying.  Moonbug has met every factor for

10

summary judgment, proving validity of its copyrights, and Defendants' copying, via both

11

undisputed direct and indirect evidence of copying. What will serve judicial economy is this

12

Court's entry of summary judgment of liability, putting Defendants' infringement to rest.

13

**V.  DEFENDANTS' INDEPENDENT DEVELOPMENT STORY FAILS**

14

Defendants present a new argument that they independently developed the JoJo character

15

based on iterative drawings.  But courts only look at "independent creation" *after* a Plaintiff has

16

made a *prima facie* case with indirect evidence of copying, through access to the registered works

17

and substantial similarity. *Sobhani v. @Radical.Media Inc*., 257 F. Supp. 2d 1234, 1237 (C.D.

18

Cal. 2003).  Implicit in Defendants' defense is a *concession* that Moonbug has proven its case in

19

chief.  But Defendants cannot prove independent development.

20

This defense is unavailable to Defendants because they admittedly accessed the asserted

21

work before creating the accused work.  *See Roth Greeting Cards v. United Card Co*., 429 F.2d

22

1106, 1110–11 (9th Cir. 1970) (finding access where infringer brought copyrighted works to its

23

offices, and asked employees to observe "what the competition was doing"); *Sobhani*, 257 F.

24

Supp. 2d at 1237 (rejecting independent creation defense under such conditions).   Here,

25

Defendants did more than just access CoComelon Works, they used them to create the Super JoJo

26

character and show in 2019.  *See* Dkt. 165 ¶¶ 7-13, Exs. 517-523 (Defendants' competitive

27

intelligence documents listing CoComelon Works);  Dkt. 165, Ex. 553 (Yan) 352:23-353:1,

28

353:6-8, 351:14-17; s*ee* Dkt. 194 at 5.  Most damning, Defendants admitted in discovery that they

developed their JoJo character using CoComelon's registered Peek A Boo song. Jones Decl. ¶¶ 19-22, Ex. N at 29, 38, Exs. O, P; *see also* Dkt. 194-01 (Lin Decl.) Ex. A at 4 (CoComelon's Peek-A-Boo on competitive intelligence document); Dkt. 165, Ex. 553 (Yan) 351:14-17. Defendants' "independent creation" story fails as a matter of law.

Further, the Court can and should disregard this theory because it was not pled or identified in discovery. Defendants did not identify the drawings they now claim show independent development of JoJo in discovery, despite a stipulation and Court order requiring them to do so, so they cannot use them now. *See* Dkt. 93, 103, 114; Jones Decl. ¶¶ 38-50, Exs. J, L, N, U-Z; *see High Definition.Net, Inc. v. Rive Gauche Ent. Television*, No. CV 08-5795-GHK (SSX), 2010 WL 11515363, at *2 (C.D. Cal. Feb. 11, 2010); Fed. R. Civ. P. 37(c)(1). Further, these documents are not competent evidence of independent creation ███████████████████████████ ████████████████████████████████████████████████████ ███████████ but instead created a JoJo that copies JJ. Dkt. 165, ¶ 51, Ex. 552 (Lin) 61:11-15; Jones Decl., ¶12, Ex. H (Chen) 26:25-27:6, 37:17-38:15; *id.* ¶ 50, Ex. Z; Dkt. 165, Ex. 524; Dkt. 164-1 (Krause) ¶ 236. Nor are the cited documents reliable or capable of supporting Defendants' argument, including because all of the DouDou images and the model image were created in 2021 per metadata, long after Defendants' admitted copying had already occurred. Jones Decl. ¶¶ 40-41. The Court should strike Ms. Lin and Mr. Chen's sham declarations[1] purporting to identify the new development documents used for this theory, because they contradict Defendants' prior sworn interrogatory response admitting use of a CoComelon Work to develop JoJo, and otherwise not setting forth this defense in response to multiple interrogatories calling for it. Jones Decl. ¶¶ 46, 47, Exs. J (Interrogatory 9), L (Interrogatory 10), K, P (verifications); *see Schrader Cellars, LLC v. Roach*, No. 21-CV-01431-SK, 2022 WL 17736787, at *14 n.5 (N.D. Cal. Dec. 16, 2022); *Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012) (citations omitted).

For these reasons, Defendants have failed to identify any genuine issue of material fact, and summary judgment should be granted for Moonbug.

---

[1] Moonbug also objects to: Paragraphs 6-16 to the Chen Declaration as inadmissible hearsay, lacking personal knowledge and foundation; Paragraphs 11-18 as lacking personal knowledge and foundation, and containing inadmissible hearsay, and Paragraphs 19-23 as irrelevant.

1    Dated: January 23, 2023                      Respectfully submitted,

2                                     */s/Deborah Hedley*

3                                     Deborah Hedley

4                                     Attorneys for Plaintiffs
                                      Moonbug Entertainment Limited and

5                                     Treasure Studio, Inc.

**APPENDIX A**

**COCOMELON WORKS INFRINGED BY CONCEDED VIDEOS**

Defendants' concession that the six Conceded Videos infringe, necessarily means that other videos that are near identical copies or derivatives of those Conceded Videos also infringe. With their Opposition, Defendants did not identify all the accused copies and derivatives of the Conceded Videos, which the Court should also adjudge infringing. But Defendants have published these same videos multiple times with different titles, in multiple languages, and in longer video compilations on YouTube. Below is a non-exhaustive, exemplary list of additional videos that are necessarily willfully infringing based on Defendants' concession that the Conceded Videos willfully infringe.

| Category of Infringing Work | Infringing Video Location | CoComelon Copyright Registrations Infringed |
|---|---|---|
| **Conceded Willfully Infringing Video[2]** | | Copyright Reg. Nos. VAu001379978 (JJ), VAu001322038 (Unpublished Family Characters), VAu001307362 (Boy), PA0002145951 (Yes Yes Playground Song), PA0002146325 (Colors Song – Learn Colors), PA0002146326 (Bath Song), PA0002146866 (Opposites Song), PA0002149483 (Yes Yes Vegetables Song), PA0002149484 ("No No" Bedtime Song), PA0002156496 (Laughing Baby with Family), PA0002156528 (Peek A Boo |
| | **Boo Boo Song** (Dkt. 165, Ex. 149† (BB_00012972)) | |
| | **Yes Yes Vegetables** (Dkt. 165, Ex. 150† (BB_00012974)) | |
| | **Rainbow Ice Cream - Colors Song** (Dkt. 165, Ex. 155† (BB_00013057)) | |
| | **Car Wash Song** (Dkt. 165, Ex. 163† (BB_00012958)) | |
| | **Bath Song** (Dkt. 165, Ex. 162† (BB_00012948)) | |

---

[2] As described in Jones Decl. ¶ 23, some of the Bates Numbers provided by Defendants for the Conceded Videos in their Proposed Order are incorrect. The corrected Bates Numbers are given here.

| | | |
|---|---|---|
| | **Yes Yes Playground** (Dkt. 165, Ex. 165† (BB_00012978)) | Song), PA0002159136 (One Potato, Two Potatoes), |
| **Additional Copies of Super JoJo's Conceded Willfully Infringing Videos[3]** | | PA0002159137 (Yes Yes Vegetables Song), PA0002161510 (Swimming Song), |
| | **The Boo Boo Song \| Baby Gets a Boo Boo \| Super JoJo Nursery Rhymes & Kids Songs** Dkt. 165 (Apple Decl.), Ex. 204† (BB_00047351) | PA0002161511 (Sick Song), PA0002168575 (Animal Dance Song), PA0002169623 (This Is the Way), |
| | **Yes Yes Vegetables Song \|** Super JoJo Nursery Rhymes & Kids Songs Dkt. 165 (Apple Decl.), Ex. 206† (BB_00047353) | PA0002169923 (Getting Ready for School Song), PA0002177781 ("No No" Playground Song), PA0002177782 ("No No" Play Safe Song), |
| | **Let's Take A Bath \|** Bath Song for Kids \| Baby Shark + Nursery Rhymes & Kids Songs -Super JoJo Dkt. 165 (Apple Decl.), Ex. 176† (BB_00047319) | PA0002177787 ("No No" Table Manners Song), PA0002177791 (Yes Yes Bedtime Song), PA0002181041 (Doctor Checkup Song), |
| | **JoJo Plays Hide and Seek \|** Safety Tips for Kids + More Nursery Rhymes & Kids Songs -Super JoJo Dkt. 165 (Apple Decl.), Ex. 211† (BB_00047358) | PA0002181071 (Wheels on the Bus), PA0002181080 (Winter Song), PA0002181622 (The Boo Boo Song), |
| **Any and All Foreign Language Versions of the Conceded Videos[4]** | | PA0002183993 (Hello Song), PA0002184313 (Soccer Song), PA0002184737 (Teacher |

[3] These videos are believed to be exactly the same as or contain copies of the Conceded Videos, although some add an intro and/or outro that has been appended on the front or end of the material that appears the same as the Conceded Video. *See* Jones Decl. ¶ 36.

[4] The Parties stipulated that an "English-language version of an accused Super JoJo video, including those identified by Plaintiff for BabyBus' primary English language channel, "Super JoJo – Nursery Rhymes," shall be considered sufficiently representative of any and all foreign language versions of the same video that a liability adjudication as to the English language version shall constitute a binding liability adjudication as to the equivalent and corresponding foreign language videos." Dkt. No. 93 ¶ 3. Defendants maintain about 11 different foreign

| Any and All YouTube Compilation Videos containing any of the Conceded Videos[5] | | Song), PA0002184736 (First Day of School), PA0002190382 (Shape Song), PA0002190384 (Traffic Safety Song), PA0002190861 (Looby Loo), PA0002190862 (Rock–a–bye Baby), PA0002190864 (Thank You Song), PA0002191424 (Car Wash Song), PA0002191932 (Jobs and Career Song), PA0002192144 (Five Little Monkeys) |
|---|---|---|
| | Baby Loves to Take A Bath (YouTube ID AjSwP7Tmbhk) (Ex. N at 31); Baby Loves Vegetables Song (YouTube ID s3jVlTYjbrU) (*id.*); Car Wash Song (YouTube ID xPOK93N50r0) (*id.*); Baby Loves to Take A Bath (YouTube ID bWJOFAfMOvA) (*id.*); No No I Don't Want to Take a Bath (YouTube ID xXfTdYgKm-0) (*id.*); Baby Loves Vegetables Song (YouTube ID A0Lr9pGYs_w) (*id.*); Yum Yum Ice Cream (YouTube ID BROTWQSu- | Dkt. 165 (Apple Decl.) ¶¶ 3–4 and corresponding Exhibits |

language channels, and so there are likely to be over 50 foreign language versions of the Conceded Videos that also infringe. *See* Dkt. 92 ¶ 22 ("BabyBus admits that it operates the Super JoJo show on multiple channels on YouTube, including channels in various languages and those identified in Exhibit 1 to the Complaint."); Dkt. 87-1 (Exhibit 1 to the Amended Complaint, listing 11 foreign language Super JoJo channels).

[5] *See* Jones Decl. Ex. N at 30-31 (Defendants' First Amended Response to Interrogatory No. 6, identifying compilations among "YouTube videos deleted by BabyBus on or after July 20, 2021"); *id.* ¶ 37 (identifying compilation videos with same titles as the Conceded Videos), Ex. J (Defendants' Sept. 28, 2022 Sixth Amended Responses to Plaintiffs' Second Interrogatories) at 9 ("Attached hereto as Appendix B is a list of videos that BabyBus has confirmed are compilations of videos that are also listed on Moonbug's Appendix 1 to its Second Supplemental Response to BabyBus' Interrogatory Number 1"); *see* Ex. J, Appendix B.

| | | |
|---|---|---|
| 1 | QE) (*id.*); | |
| 2 | | |
| 3 | Baby Loves Vegetables Song (YouTube ID bBenDx3_194) (*id.*); | |
| 4 | | |
| 5 | Yum Yum Ice Cream (YouTube ID 1EOsm0EoeEA) (*id.*); | |
| 6 | | |
| 7 | | |
| 8 | Boo Boo Song (YouTube ID JpaDYH36rRU) (*id.*); | |
| 9 | The Boo Boo Song \| Baby Gets a Boo Boo + More Nursery Rhymes & Kids Songs - Super JoJo (Ex. J at PDF page 29); | |
| 10 | | |
| 11 | | |
| 12 | Yes Yes Vegetables Song \| Learn Colors & Vegetables + More Nursery Rhymes & Kids Songs - Super JoJo (*id.*); | |
| 13 | | |
| 14 | | |
| 15 | Yes Yes Vegetables \| Kids Learn Colors + More Nursery Rhymes & Kids Songs - Super JoJo (*id.*); | |
| 16 | | |
| 17 | Yes Yes Vegetables Song \| Vegetables Makes Us Strong + More Nursery Rhymes & Kids Songs - Super JoJo (*id.*); | |
| 18 | | |
| 19 | | |
| 20 | Yes Yes Vegetables Song \| Learn Colors & Vegetables + More Nursery Rhymes & Kids Songs - Super JoJo (*id.*); | |
| 21 | | |
| 22 | | |
| 23 | Yes Yes Vegetables Song \| Learn Colors & Vegetables + More Nursery Rhymes & Kids Songs - Super JoJo (Ex. J at PDF page 37); | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | Yes Yes Vegetables Song \| Vegetables Makes Us Strong + | |
| 28 | | |

| | | |
|---|---|---|
| | More Nursery Rhymes & Kids Songs - Super JoJo (*id.*); Yes Yes Vegetables Song \| Learn Colors & Vegetables + More Nursery Rhymes & Kids Songs - Super JoJo (*id.*); Baby Loves to Take a Bath \| Bath Song for Kids + More Nursery Rhymes & Kids Songs - Super JoJo (Ex. J at PDF page 32); Number Song \| Learn Numbers with Toys \| Bath Song + More Nursery Rhymes & Kids Songs - Super JoJo (Ex. J at PDF page 37). | |