JENNIFER KELLY (CSB No. 193416)
jennifer@tyzlaw.com
RYAN TYZ (CSB No. 234895)
ryan@tyzlaw.com
ERIN JONES (CSB No. 252947)
ejones@tyzlaw.com
DEBORAH HEDLEY (CSB No. 276826)
deborah@tyzlaw.com
CIARA MCHALE (CSB No. 293308)
ciara@tyzlaw.com
SEAN APPLE (CSB No. 305692)
sapple@tyzlaw.com
CHIEH TUNG (CSB No. 318963)
chieh@tyzlaw.com
TYZ LAW GROUP PC
4 Embarcadero Center, 14th Floor
San Francisco, CA 94111
Telephone: 415.868.6900

Attorneys for Plaintiffs
Moonbug Entertainment Limited and
Treasure Studio, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MOONBUG ENTERTAINMENT LIMITED and TREASURE STUDIO, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BABYBUS CO., LTD and BABYBUS (FUJIAN) NETWORK TECHNOLOGY CO., LTD, <br><br> Defendants. | Case No: 3:21-cv-06536-EMC <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT PURSUANT TO FED. R. CIV. P. 15(d); MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Date: May 11, 2023 <br> Time: 1:30 p.m. <br> Courtroom: 5 <br><br> Trial Date: July 3, 2023 |

# NOTICE OF MOTION AND MOTION

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 11, 2023 at 1:30 p.m. or as soon thereafter as counsel may be heard in Courtroom 5 – 17th Floor of the above-entitled Court, located at San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiffs Moonbug Entertainment Limited and Treasure Studio, Inc. ("Moonbug") will and hereby do move the Court for leave to file a supplemental complaint pursuant to Federal Rule of Civil Procedure 15(d) against Defendants BabyBus Co., Ltd and BabyBus (Fujian) Network Technology, Ltd.

This motion is made pursuant to Federal Rule of Civil Procedure 15(d), which allows that, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Here, allowing Moonbug to file its Supplemental Complaint, attached hereto as **Exhibit A**[1], would promote judicial economy by having all pending issues between the parties in this case resolved by trial before the same judge.

This Motion is based on the Memorandum of Points and Authorities, the Hedley Declaration and attached exhibits, each filed concurrently herewith, along with the Court's files in this action, the arguments of counsel, and any other matter that the Court may properly consider.

Dated: April 5, 2023

Respectfully submitted,

 */s/ Deborah Hedley*
Deborah Hedley

Attorneys for Plaintiffs
Moonbug Entertainment Limited and
Treasure Studio, Inc.

---

[1] For the sake of brevity, Moonbug only has attached the new exhibits to the supplemental pleading to Exhibit A. If allowed leave to supplement, the supplemental pleading would also attach Exhibits previously filed with Moonbug's First Amended Complaint as Dkt Nos. 87-1 through 87-8.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      ISSUE TO BE DECIDED (CIVIL L.R. 7-4(A)(3))**

Whether Moonbug may supplement its First Amended Complaint under Federal Rule of Civil Procedure 15(d), where such supplementation is necessary under the circumstances and will not prejudice Defendants or delay the resolution of this action.

**II.     INTRODUCTION**

Shortly after the Court ruled that six of Defendants' Super JoJo videos willfully infringed Moonbug copyrights, Defendants submitted a DMCA counter notification to YouTube falsely claiming that one of those videos was its "original creation" and "does not infringe the copyrights of any third party," and accusing Moonbug of "a malicious commercial attack … abusing YouTube's copyright tools." Because Defendants' misrepresentations in this counter notification successfully induced YouTube to reinstate the video for public viewing, Moonbug now seeks to supplement its First Amended Complaint with a claim against Defendants under 17 U.S.C. § 512(f). This supplementation is proper under Rule 15(d), which allows great liberality in supplementing pleadings. Adding a narrow and self-contained 512(f) claim to this case will promote judicial economy, allowing outstanding copyright issues between the parties to be resolved in a single trial, rather than generating a second litigation in this district. As set forth below, all the relevant factors tip in favor of allowing the supplementation, as there has been no bad faith and no undue delay in seeking the supplementation, it is not futile, there has not been a prior supplementation on this issue, and there is no prejudice to Defendants. Moonbug thus respectfully requests the Court allow Moonbug to file its supplemental pleading attached hereto as **Exhibit A**.

**III.    FACTS**

On March 7, 2023, the Court granted partial summary judgment in favor of Moonbug, holding that six of BabyBus' Super JoJo videos and four compilations willfully infringed seven of Moonbug's copyrighted works (the "Adjudged Infringing Videos").[2] Dkt. No. 242 at 10. The

---

[2] The Adjudged Infringing Videos (and the corresponding asserted Moonbug copyrights

1  Court confirmed that this finding of willful infringement also extended a finding of liability to all
2  of Defendants' foreign language videos and compilations containing the Adjudged Infringing
3  Videos. *See id.*

4  One of the Adjudged Infringing Videos is Super JoJo's "Yes Yes Playground" video. *See
5  id.*; *see* Dkt. No. 194 at 8 n.4; *see* Dkt. No. 216 ¶ 23 (identifying location in record of this video
6  as Dkt. 165 (Apple Decl.), Ex. 165† (BB_00012978)). In early March 2023, Moonbug discovered
7  Defendants were still displaying, publishing, and performing this video on YouTube on their
8  Portuguese-language Super JoJo channel. Declaration of Deborah Hedley ("Hedley Decl.") ¶ 3.
9  Moonbug promptly submitted a takedown notice on March 9, 2023. *Id.* ¶ 4, Ex. 1. In the
10 takedown notice, Moonbug specifically noted that the video it sought to take down included
11 material conceded by BabyBus as willfully infringing.

12 But instead of complying with either the letter or spirit of the Court's order, Defendants
13 doubled down on their willful infringement. Although the video taken down contained a copy of
14 the willfully infringing Super JoJo Yes Yes Playground video, on or around March 20, 2023,
15 Defendants submitted a counter notification to YouTube stating under penalty of perjury that the
16 video was BabyBus' original work. Hedley Decl. ¶ 6, Ex. 2 (certified translation). The counter
17 notification was signed by BabyBus's co-founder, Mr. Naiyong Yan, a frequent declarant in this
18 litigation, and Defendants' Rule 30(b)(6) witness on the copying of CoComelon in Super JoJo
19 development. The video's actual content notwithstanding, Mr. Yan wrote in the counter
20 notification that "We would like to clarify that this video, including its characters, plot and setting,
21 is completely BabyBus' original creation and does not infringe the copyrights of any third party."
22 *Id.*, Ex. 2 at 2. He further stated that "All these settings show that BabyBus and CoComelon are
23 completely different in terms of characters and settings." *Id.* at 3. Mr. Yan also wrote, "BabyBus

---

25 which the Court held the Infringing Videos infringe) are: (1) Boo Boo Song (Moonbug U.S. Copyright Reg. No. PA002181622), (2) Yes Yes Vegetables (Moonbug U.S. Copyright Reg.
26 Nos. PA0002159137 and PA0002149483), (3) Colors Song (Moonbug U.S. Copyright Reg. No. PA0021463525), (4) Car Wash Song (Moonbug U.S. Copyright Reg. No. PA002191424), (5)
27 Bath Song (Moonbug U.S. Copyright Reg. No. PA002146326), and (6) Yes Yes Playground (Moonbug U.S. Copyright Reg. No. PA002145951).

28

1  vigorously refuted the legal and factual basis of Moonbug's copyright claims in the lawsuit and
2  sincerely requests YouTube to reinstate these works." *Id*. at 2.  Mr. Yan then signed this false
3  counter notification under penalty of perjury:

> I swear, under penalty of perjury, that I have a good faith belief the material was removed due to a mistake or misidentification of the material to be removed or disabled.
>
> I consent to the jurisdiction of the Federal District Court for the district in which my address is located, or if my address is outside of the United States, the judicial district in which YouTube is located, and will accept service of process from the claimant.

8  *Id.* at 4.
9  On April 3, 2023, YouTube, relying on these misrepresentations Defendants made in
10 their counter notification, restored the compilation video with the willfully infringing Yes Yes
11 Playground for public viewing on the internet at:
12 https://www.youtube.com/watch?v=PJcG1HnTmcE.  *See* Hedley Decl., ¶ 6, Ex. 3.  Defendants
13 have submitted at least one additional counter notification to YouTube in this vein, claiming
14 that a certain compilation is original and non-infringing, despite the presence of videos in that
15 compilations for which Defendants have admitted willful infringement.  *Id.* ¶ 7.

16 **IV.   ARGUMENT**
17   **A.   Legal Standard**
18 Under Federal Rule of Civil Procedure 15(d), "[o]n motion and reasonable notice, the
19 court may, on just terms, permit a party to serve a supplemental pleading setting out any
20 transaction, occurrence, or event that happened after the date of the pleading to be supplemented."
21 Under Rule 15(d), giving leave to supplement is favored as a "tool of judicial economy and
22 convenience."  *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988) (affirming the interests of
23 judicial economy and the liberal interpretation of Rule 15(d) favored granting leave to file a
24 supplemental complaint).  In evaluating a motion for leave to supplement a pleading, the Court
25 considers the following five factors, first set out by the U.S. Supreme Court in *Foman v. Davis*:
26 "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and
27 (5) whether plaintiff has previously amended his complaint."  *Malem Med., Ltd. v. Theos Med.*
28 *Sys., Inc.,* No. C-13-5236 EMC, 2015 WL 270092, at *3 (N.D. Cal. Jan. 20, 2015) (citations

omitted) (granting leave to supplement); *see Foman v. Davis*, 371 U.S. 178, 182 (1962). Absent prejudice or a "strong showing" of any other *Foman* factor, there is a presumption in favor of granting leave to supplement. *See AliveCor, Inc. v. Apple Inc.*, No. 21-CV-03958-JSW, 2022 WL 10719062, at *2 (N.D. Cal. Oct. 18, 2022) (citations omitted). Moreover, since Rule 15 favors a liberal policy towards supplementation, Defendant bears the burden of demonstrating why leave to supplement should not be granted, which it cannot do, as set forth below. *See Genentech, Inc. v. Abbott Lab'ys*, 127 F.R.D. 529, 530–31 (N.D. Cal. 1989).

Here, where all five factors tip in favor of supplementing, Moonbug requests the Court allow Moonbug to file its supplemental complaint, attached hereto as **Exhibit A**.

### B.     Moonbug Should Be Granted Leave to Supplement Its Pleading

The liberal policy of allowing supplementation, as well as each of the *Foman* factors weighs in favor of allowing Moonbug leave to file its supplemental complaint.

Addressing the first and second factors, there has been no bad faith or undue delay on the part of Moonbug in seeking to file this supplemental pleading at this time. The facts at issue in the supplementation only arose in the last month, and Moonbug is filing this motion mere days after its claim became ripe. As described above, Moonbug discovered the infringement in early March 2023 and submitted its DMCA notice regarding the compilation on the Super JoJo Portuguese channel containing the willfully infringing "Yes Yes Playground" video on March 9, 2023. This was shortly after the Court issued its March 7, 2023 order granting partial summary judgment of willful copyright infringement against Super JoJo videos including the "Yes Yes Playground" video. Defendants submitted their false counter notification to YouTube on March 20, 2023, and YouTube just reinstated the video to the internet for public viewing on April 3, 2023. Thus, the final element in Moonbug's claim pursuant to 17 U.S.C. § 512(f) only arose on April 3, 2023. *See* 17 U.S.C. § 512(f) (one element of § 512(f) claim is that access to the removed material is restored). Moonbug promptly filed this motion just days later, and there has been no bad faith or delay on Moonbug's part.

As to the third factor of futility, an amendment is only futile if "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim

or defense." *AliveCor*, 2022 WL 10719062, at *2 (citations omitted). As set forth in Moonbug's proposed supplemental complaint, Moonbug states a claim under § 512(f), where it alleges facts to show that: (1) BabyBus knowingly and in bad faith misrepresented that the compilation containing Yes Yes Playground was removed or disabled by mistake or misidentification; (2) that Moonbug as the copyright owner has incurred damages, including costs and attorneys' fees as a result of BabyBus misrepresentation; (3) which caused YouTube to replace the removed material or ceasing to disable access to it. See **Exhibit A** at ¶¶74-80, 91-99; 17 U.S.C. § 512(f)(2). Supplementation is not futile.

As to the fourth factor of prior amendment, Moonbug has previously amended its complaint on one occasion, but that amendment occurred in May 2022, and addressed adding the BabyBus affiliate entity responsible for YouTube postings. This prior issue was distinct from this new claim, which only arose in the last few days, and could not have been addressed by any earlier amendment.

For the final factor, BabyBus will not suffer prejudice from this supplemental complaint, because it concerns an extremely narrow and self-contained legal issue – whether a document Defendants submitted to YouTube violates 17 U.S.C. § 512(f) – whose resolution will not delay the progress of this action. Accordingly, Moonbug is not seeking to extend the deadlines set forth in the Court's Case Management and Pretrial Order. Dkt. No. 260. Rather, Moonbug aims to resolve all claims between these two parties as quickly as possible, and in the same action, thus promoting the "economical and speedy disposition" of the entire controversy between Moonbug and Defendants. *See Keith*, 858 F.2d at 473. Adding a new claim, in and of itself, and the attendant burden of defending that claim is not undue prejudice under Rule 15.

Nor will this narrow claim require any additional discovery. Mr. Yan, the signatory of the counternotice, is the primary witness to the 512(f) claim, and Defendants have indicated he will be present at trial. Dkt. No. 237. He also submitted similar counternotifications for other willfully infringed videos and has testified already about them. Further, the primary documents related to this issue are already within BabyBus's possession, as it (1) received the takedown notice (as evidence by the fact it was responded to); (2) it drafted, submitted and possesses the

1  false counternotification; (3) it controls the video that was reinstated on YouTube; (4) the matter
2  of the video being reinstated is both publicly available on YouTube, and shown in the attachment
3  to the supplemental pleading; and (5) it possesses view and revenue data about this particular
4  video.  If Defendants choose to now take down the infringing video from YouTube, they can
5  archive that video and provide archival copies to Moonbug.  To the extent Defendants argue
6  discovery is closed and they need discovery to litigate this claim, they should articulate the
7  reasoning for this argument, allowing the Court to remedy any potential prejudice as it has done
8  elsewhere.  *See* Dkt. No. 242, 4 n.3 (finding "the Court believes that any prejudice could be
9  remedied by additional depositions.")

10  Judicial economy also strongly favors allowing the supplemental complaint.  If the Plaintiffs were to file their supplemental complaint as a separate case, that case would almost certainly be reassigned to this Court, and related to this case under the Northern District's Civil Local Rules.  *See* Civil L.R. 3-12(a) (defining related cases as those that "concern substantially the same parties, property, transaction or event" and where it "appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges").  There is no need to litigate this new but related claim under a separate caption where, the claims all involve the same facts and witnesses, and even the same Moonbug copyrights, and the same infringing works.  Judicial economy will best be served by litigating these issues together, instead of in piecemeal trials which would cost the public more resources without any good justification.  It would benefit the parties and the Court to adjudicate Moonbug's Section 512(f) claim in a single case.

## V.    CONCLUSION

For the foregoing reasons, Moonbug respectfully requests that the Court allow Moonbug leave to file its supplemental pleading, attached hereto as **Exhibit A**.

| | | |
|---|---|---|
| 1 | Dated: April 5, 2023 | Respectfully submitted, |
| 2 | | */s/ Deborah Hedley* |
| | | Deborah Hedley |
| 3 | | |
| 4 | | Attorneys for Plaintiffs |
| | | Moonbug Entertainment Limited and |
| 5 | | Treasure Studio, Inc. |