UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOONBUG ENTERTAINMENT LIMITED, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BABYBUS (FUJIAN) NETWORK TECHNOLOGY CO., LTD, et al.,<br><br>Defendants. | Case No. 21-cv-06536-EMC<br><br>**ORDER GRANTING (1) PLAINTIFF'S MOTION TO FILE SUPPLEMENTAL COMPLAINT, AND (2) PLAINTIFF'S ADMINISTRATIVE MOTION**<br><br>Docket Nos. 271, 280 |

A.   Plaintiff's Motion to File Supplemental Complaint

Plaintiffs Moonbug Entertainment Limited and Treasure Studio, Inc. (collectively, "Moonbug") filed a motion for leave to file a supplemental complaint against Defendants BabyBus Co., Ltd. and BabyBus (Fujian) Network Technology Co., Ltd. ("BabyBus Tech.") (collectively, "BabyBus"). Docket No. 271. Pursuant to Civil Local Rule 7-1(b), this matter has been taken under submission and decided without oral argument.

In its summary judgment order, the Court found six infringing videos, including BabyBus' "Yes Yes Playground" video. Docket No. 242 at 10. On March 9, 2023, Moonbug discovered that BabyBus was still displaying and performing this video on its Portuguese language channel on YouTube and submitted a takedown notice to YouTube. Around this time, BabyBus submitted counter-notifications about the hundreds of videos where it still disputes infringement, including a counter-notification to YouTube stating that the Portuguese "Yes Yes Playground" video was BabyBus' "original creation and does not infringe the copyrights of any third party." On April 3, 2023, YouTube then reinstated the video.

1  Moonbug now moves to supplement its complaint with factual allegations that BabyBus
2  continued to upload admittedly infringing videos and false counter-notifications to YouTube.
3  Docket No. 271-1 ¶¶ 74–80.  The new complaint also includes a copyright misrepresentation
4  cause of action.  *Id.* ¶¶ 91–99.  BabyBus opposes, arguing that there is no time to re-open
5  discovery before the July 3 trial date.  Docket No. 284.
6  Under Federal Rule of Civil Procedure 15(d), "[o]n motion and reasonable notice, the court
7  may, on just terms, permit a party to serve a supplemental pleading setting out any transaction,
8  occurrence, or event that happened after the date of the pleading to be supplemented."  Giving
9  leave to supplement is favored as a "tool of judicial economy and convenience."  *Keith v. Volpe*,
10 858 F.2d 467, 473 (9th Cir. 1988).  In *Foman v. Davis*, the Supreme Court set out the following
11 five factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of
12 amendment; and (5) whether plaintiff has previously amended his complaint."  *Malem Med., Ltd.
13 v. Theos Med. Sys., Inc.*, No. C-13-5236 EMC, 2015 WL 270092, at *3 (N.D. Cal. Jan. 20, 2015)
14 (citations omitted); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Absent prejudice or a "strong
15 showing" of any other *Foman* factor, there is a presumption in favor of granting leave to
16 supplement.  *See AliveCor, Inc. v. Apple Inc.*, No. 21-CV-03958-JSW, 2022 WL 10719062, at *2
17 (N.D. Cal. Oct. 18, 2022) (citations omitted). The defendant bears the burden of demonstrating
18 why leave to supplement should not be granted.  *See Genentech, Inc. v. Abbott Lab'ys*, 127 F.R.D.
19 529, 530–31 (N.D. Cal. 1989).
20 As to the first factor of bad faith, there is no indication that Moonbug acted in bad faith.
21 BabyBus does not contest this factor.
22 As to the second factor of undue delay, there is no indication that Moonbug delayed its
23 filing of this motion.  BabyBus does not contest this factor.
24 As to the third factor of prejudice, Moonbug argues that whether BabyBus intentionally
25 submitted false assertions to YouTube is a narrow, self-contained issue that requires no additional
26 discovery because Mr. Yan—the signatory of the counter-notification—will be present as a
27 witness at trial.  BabyBus argues that it would need additional discovery because it does not
28 possess the relevant documents.  The Court finds reasonable Moonbug's contention that the

2

1   relevant documents (the takedown notice, the counter-notifications, the public reinstatement of the
2   video, and the revenue data for the video) are in BabyBus' possession; BabyBus does not specify
3   any particular documents that it needs but does not have.  Moreover, BabyBus' suggestion that
4   Moonbug "can commence a separate action" in this case, Docket No. 284 at 6, does not comport
5   with judicial economy.  The new copyright misrepresentation claim and the original claims all
6   involve the same facts and witnesses, the same copyrights, and the same infringing works.
7   Although it may require additional questions of witnesses as to BabyBus' state of mind, these
8   additional facts should be easily obtained from existing witnesses and would not confuse the jury.

9   As to the fourth factor of futility of amendment, Moonbug argues that it has alleged facts
10  that could plausibly show copyright misrepresentation.  The amended complaint alleges that (1)
11  BabyBus knowingly and in bad faith misrepresented that the compilation containing Yes Yes
12  Playground was removed or disabled by mistake or misidentification; (2) that Moonbug has
13  incurred damages, including costs and attorneys' fees as a result of BabyBus' misrepresentation;
14  (3) which caused YouTube to replace the removed material or ceasing to disable access to it.
15  Although BabyBus argues that copyright misrepresentation requires that BabyBus acted
16  "knowingly," the facts of the complaint—taken as true—could plausibly show that BabyBus did
17  act knowingly.  Contrary to BabyBus' assertion, it is not clear from the briefing that BabyBus'
18  counter-notification was "plainly inadvertent."  Docket No. 284 at 6.

19  As to the fifth factor of previous amendment, Moonbug amended its complaint once before
20  in May 2022 but could not have included these recent facts in that amended complaint.  Docket
21  No. 87.  BabyBus does not contest this factor.

22  The *Foman* factors weigh in favor of the strong presumption of granting leave to
23  supplement.  The Court **GRANTS** Moonbug's motion to supplement the complaint.

24  B.  <u>Plaintiff's Administrative Motion to Supplement the Summary Judgment Order With List
25      of Willfully Infringing Videos</u>

26  Moonbug filed a motion to supplement the summary judgment order with a list of willfully
27  infringing videos. Docket No. 280.  In its summary judgment order, the Court had ordered the
28  parties to meet and confer about the scope of the foreign language videos that corresponded with

3

the six infringing videos.  Docket No. 242 at 10–11.  The parties did so; the foreign language videos are listed in Exhibit 1.  Docket No. 281 Exhibit 1.  Babybus now opposes Moonbug's motion to supplement, contending that the Exhibit 1 list is not accurate.  Docket No. 283.

Babybus does not oppose the supplementation of the vast majority of the list in Exhibit 1. As to the twenty-two videos in dispute, the Court orders the parties to meet and confer as to whether there exist more specific or accurate URLs.  The parties shall report back to the Court by May 12, 2023, after a meet and confer.

This order disposes of Docket No. 271 and 280.

**IT IS SO ORDERED**.

Dated: May 9, 2023

_____
EDWARD M. CHEN
United States District Judge