QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Robert W. Stone (Bar No. 163513)
  Margret Caruso (Bar No. 243473)
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:  (650) 801-5000
Fax:          (650) 801-5100
robertstone@quinnemanuel.com
margretcaruso@quinnemanuel.com

  Sam S. Stake (Bar No. 257916)
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:  (415) 875-6600
Facsimile:   (415) 875-6700
samstake@quinnemanuel.com

Attorneys for BabyBus Co., Ltd. and BabyBus
(Fujian) Network Technology Co., Ltd.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| MOONBUG ENTERTAINMENT LIMITED and TREASURE STUDIO, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BABYBUS CO., LTD and BABYBUS (FUJIAN) NETWORK TECHNOLOGY CO., LTD, <br><br> Defendants. | Case No: 3:21-cv-06536-EMC <br><br> **BABYBUS DEFENDANTS' OPPOSITION TO MOONBUG'S MOTION TO EXCLUDE TESTIMONY OF DR. ELLEN SEITER** <br><br> Hearing Date:  June 13, 2023 <br><br> Judge:  Hon. Edward M. Chen <br> Complaint Filed:           August 24, 2021 <br> Trial:                            July 3, 2023 |

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ........................................................................................................................ 1

BACKGROUND .......................................................................................................................... 2

ARGUMENT ............................................................................................................................... 3

I.      DR. SEITER'S REPORT COMPLIES WITH RULE 26 .................................................. 3

II.     DR. SEITER'S OPINIONS ABOUT GENRE ARE RELIABLE ........................................ 7

III.    DR. SEITER'S OPINIONS ABOUT JJ ARE RELEVANT ............................................... 8

IV.     DR. SEITER'S COMPARISONS TO CHILD BEHAVIOR ARE RELEVANT
        AND ADMISSIBLE ...................................................................................................... 10

CONCLUSION .......................................................................................................................... 11

BABYBUS' OPPOSITION TO MOTION TO EXCLUDE TESTIMONY OF DR. SEITER

# TABLE OF AUTHORITIES

**Page**

## Cases

*In re Aluminum Warehousing Antitrust Litig.*,
  336 F.R.D. 5 (S.D.N.Y. 2020)..............................................................................................8

*Apple Computer, Inc. v. Microsoft Corp.*,
  35 F.3d 1435 (9th Cir. 1994)................................................................................................9

*Brown v. China Integrated Energy Inc.*,
  No. CV1102559BROPLAX, 2015 WL 12720322 (C.D. Cal. Feb. 17, 2015)..............................7

*Cook v. Rockwell Int'l Corp.*,
  580 F. Supp. 2d 1071 (D. Colo. 2006) ..................................................................................6

*Corbello v. Valli*,
  974 F.3d 965 (9th Cir. 2020)................................................................................................9

*Daubert v. Merrell Dow Pharms., Inc.*,
  509 U.S. 579 (1993) ............................................................................................................3

*Headley v. Ferro Corp.*,
  630 F. Supp. 2d 1261 (W.D. Wash. 2008) .............................................................................5

*Holzhauer v. Golden Gate Bridge, Highway & Transportation Dist.*,
  No. 13-CV-02862-JST, 2015 WL 12976923 (N.D. Cal. June 11, 2015)....................................6

*Palmer v. Black & Decker (U.S.) Inc.*,
  No. 3:20-CV-1084, 2022 WL 1721206 (M.D. Pa. May 27, 2022) .............................................5

*Primiano v. Cook*,
  598 F.3d 558 (9th Cir. 2010), *as amended* (Apr. 27, 2010).....................................................3

*Rentmeester v. Nike, Inc.*,
  883 F.3d 1111 (9th Cir. 2018)...............................................................................................9

*Rice v. Fox Broad. Co.*,
  148 F. Supp. 2d 1029 (C.D. Cal. 2001)..................................................................................9

*Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*,
  952 F.3d 1051 (9th Cir. 2020)...............................................................................................9

*In re Toys "R" Us - Delaware, Inc. –*
*Fair & Accurate Credit Transactions Act (FACTA) Litig.*,
  2010 WL 5071073, at *11 (C.D. Cal. Aug. 17, 2010) ..............................................................8

*Woienski v. United Airlines, Inc.*,
  383 F. Supp. 3d 1342 (M.D. Fla. 2019) .................................................................................5

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
  259 F.3d 1101 (9th Cir. 2001)...............................................................................................6

**Rules**

Federal Rule of Evidence 702 .................................................................................................................3

**INTRODUCTION**

In challenging Dr. Ellen Seiter's testimony, Moonbug repeatedly mischaracterizes her report and deposition testimony. In her rebuttal report, Dr. Seiter performs a detailed comparison of elements of CoComelon's works with other works in the genre of children's entertainment. She concludes, among other things, that similarities between the accused videos and CoComelon's works are attributable to features that are **common in the genre**. She also concludes that Mr. Krause's opinions about substantial similarity are flawed because he did not properly consider how the alleged similarities flow from the unprotected elements in the genre. Moonbug does not contest Dr. Seiter's general methodology or her credentials. Instead, its objections rest on purported deficiencies in her Rule 26 expert disclosures. Moonbug's arguments are baseless.

As to Moonbug's argument that Dr. Seiter failed to disclose all the information she considered, Moonbug resorts to cherry-picking testimony from her deposition and depicting it out of context. Those contentions are simply misleading. For example, although Dr. Seiter did not identify the "titles" of videos she considered, she identified the URL links. This is not an issue. Moreover, Dr. Seiter disclosed the videos series against which she compared CoComelon works. Accordingly, Moonbug has everything it needs to cross examine Dr. Seiter at trial, and it cannot claim any surprise. Its Rule 26 argument is thus meritless.

Moonbug's remaining arguments are equally unconvincing. Dr. Seiter's disclosures concerning the genre—children's entertainment—are self-explanatory. Her report also stands in stark contrast to the report of Mr. Krause, who made no effort to identify the genre he considered. Likewise, Dr. Seiter's opinions concerning the CoComelon character "JJ" are relevant. Dr. Seiter identifies the numerous unprotectable, stock elements of JJ and his family, which are numerous, and that will help the jury with its filtration analysis. Moreover, Dr. Seiter will also help assess the level of protection to afford JJ and the visible differences between JJ and Super JoJo. As any finding of infringement requires resolving these remaining issues, Dr. Seiter's opinion remains helpful and thus admissible under *Daubert*.

Accordingly, for these reasons and those set forth below, Moonbug's motion to exclude testimony of Dr. Seiter should be denied.

# **BACKGROUND**

Dr. Seiter has decades of experience studying and writing about cinema and media studies, including in relation to children's entertainment.  Dkt. 291-1 (Seiter Report), Appendix A.  She is currently the Director of the Academy of Film, and Chair Professor for Film and Media Studies, at the Hong Kong Baptist University, Kowloon, Hong Kong Special Administrative Region.  *Id.*  Before that, she was a professor of Cinema and Media Studies and Steven K. Nenno Chair of Television Studies at the School for Cinematic Arts at the University of Southern California.  *Id.*  She was a member of the faculty at the University of Southern California for over 15 years.  *Id.*  And before that, she was a professor in the Department of Communication at the University of California, San Diego from 1995 until 2003.  *Id.*  She was also an associate professor of Telecommunications and Film at the University of Oregon, Eugene from 1987 until 1993, and an assistant professor at the University of Oregon from 1981 to 1987.  *Id.*  She holds a Ph.D. from Northwestern University in Radio-TV-Film.  *Id.*

Dr. Seiter has written extensively on the subjects of television, film, children's entertainment, and similar topics.  As to children's entertainment, she authored the books "The Internet Playground: Children's Entertainment, Access and Mis-Education" (New York: Peter Lang, 2005) and "Sold Separately: Children and Parents in Consumer Culture" (New Brunswick, New Jersey: Rutgers University Press, 1993).  *Id.*  Her articles also include "After Saturday Morning: Diversifying Children's Television" in *The Nickelodeon Book*; "Gotta Catch 'Em All Pokemon: Problems in the Study of Children's Global Multimedia" in *Research in Childhood Sociology, Culture and History*; "Mighty Morphin' Four Year Olds: Heroes, Gun play and Socialization" in *Bang Bang, Shoot Shoot! Essays on Guns and Popular Culture*; "Power Rangers at Preschool: Negotiating Media in Child Care Settings" in *Children's Media Culture*; and "Notes on Children as a Television Audience" in *The Audience and Its Landscape*.  *Id.*

BabyBus retained Dr. Seiter to provide a rebuttal opinion to the report of Mr. Krause, Moonbug's liability expert.  Among other things, Dr. Seiter compared the 121 allegedly "substantially similar" elements of CoComelon works with other works in the children's entertainment genre, such as LooLoo Kids, Little Baby Bum and Dave and Ava, as well as with other

works in the public domain, like nursery rhymes.  She concludes that the elements of CoComelon works are found throughout the genre or are copied from nature (like the natural appearance of a baby) and so are not original to CoComelon.  *Id.* at 3.  Her opinion is also that, even when elements of CoComelon works are considered in combination, the combination of elements is still not original to CoComelon.  *Id.*  She also concludes that Mr. Krause's opinions are flawed because he did not consider how any similarities between the CoComelon works and the accused videos are attributable to both participating in the same genre.  *Id.* at 4.

### ARGUMENT

Dr. Seiter's proffered testimony satisfies the requirements of Federal Rule of Evidence 702.  Under Rule 702,

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.  The test for admitting expert testimony "is a flexible one, and its focus must be solely on principles and methodology, not on the conclusions that they generate."  *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 580 (1993).  "[T]he test under Daubert is not the correctness of the expert's conclusions but the soundness of his methodology."  *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010), *as amended* (Apr. 27, 2010).  "When an expert meets the threshold established by Rule 702 as explained in Daubert, the expert may testify and the jury decides how much weight to give that testimony."  *Id.* at 565.

### I.    DR. SEITER'S REPORT COMPLIES WITH RULE 26

Contrary to Moonbug's contentions (Br. 2), Dr. Seiter's report disclosed the information she considered, and it provided Moonbug with more than sufficient information to examine her at trial.  In Appendix C to the report, Dr. Seiter identified specific links to videos on YouTube that she

considered.  *See* Dkt. 291-1 (Seiter Report) at 16; *see id.*, Appendix C.  Then, to support her conclusion that the allegedly copied elements of CoComelon are not original, Dr. Seiter included Appendix B, which identified other video series (or movies) that use the same combinations of elements that Moonbug claimed were protectable.  *See id.*, Appendix B.  Littered throughout her report are other detailed citations to material that she considered in forming her opinions.  *See id.* at 7 ("[T]o the extent a document or other item is cited elsewhere in the report and not listed here, the omission from this list (and attached Appendix C) is inadvertent; I have considered all of the materials cited anywhere in this report and the appendices to it.").

In contending otherwise (Br. 3), Moonbug mischaracterizes her deposition testimony.  Moonbug's alleged smoking gun is that Dr. Seiter "admitted" she left material undisclosed because Appendix C "does not identify the ***titles*** of the videos [she] considered" (emphasis added; quoting Hedley Decl., Ex. H (Seiter Tr.) at 98:5-8).  To the contrary, that was not remotely the admission Moonbug claims it was.  As Dr. Seiter testified, her Appendix C did not identify the "titles" of the videos; it instead provided the URL links of the videos.  Indeed, Moonbug asked her about the omission of "titles" from Appendix C because in the very next breath counsel introduced an exhibit Moonbug created that added the "titles" to the links Dr. Seiter had identified.  *Id.* at 98:13-16 ("And I will represent for the record that I have added the title and channel to—next to the video cited in your report to help facilitate that.").

Moonbug's assertion (Br. 3) that Dr. Seiter's disclosures were selective is also false.  In making that claim, Moonbug relies on Dr. Seiter's testimony that she "looked at more than the videos that are … listed for the various examples."  Hedley Decl., Ex. H (Seiter Tr.) at 258:20-23.  That testimony was in relation to Appendix B, Dr. Seiter's identification of other video series (or movies) that use the same combinations of elements that Moonbug claimed were protectable.  There, Dr. Seiter's provision of "example" videos was not selective; she disclosed ***the videos series*** that she concluded shared common elements with CoComelon.  There was no reason to identify every video in each series to understand that her conclusions about commonality were based on "LooLoo Kids" or "Dave and Ava" videos.  To cross examine her on those conclusions, Moonbug is fully capable of "search[ing] the Dave & Ava videos and see that they have a large rounded head," for example.  *Id.*

at 259:23-260:1.  Nor was Dr. Seiter's report selective in excluding videos that she watched throughout her decades-long career.  As she testified, she relied in part on her "wealth of knowledge of children's television, children's storybooks, children's material culture."  *Id.* at 91:23-92:10; *see also id.* at 85:4-24 (Q. "Does your report … include all bases and reasons for your opinions?  A. So I didn't list everything under every category, because, as I've said, I'm dealing with decades of experience here with this genre.").  Rule 26 does not require Dr. Seiter to go through the perhaps impossible task of identifying everything she has seen in her career.

Even if Dr. Seiter's disclosures had been inadequate, Moonbug's requested relief of exclusion is still unwarranted.  For starters, Moonbug waived any objection.  After Dr. Seiter's deposition, Moonbug did not move to compel additional disclosures, much less address the issue with BabyBus.  Had there been a genuine dispute, it could have been resolved months ago.  "Where the opponent of the proffered expert fails to either attempt to resolve the defective expert report in good faith or fails to move for an order requiring a more detailed response under Rule 26, that party cannot be heard to complain of prejudice."  *Woienski v. United Airlines, Inc.*, 383 F. Supp. 3d 1342, 1345 (M.D. Fla. 2019); *Palmer v. Black & Decker (U.S.) Inc.*, No. 3:20-CV-1084, 2022 WL 1721206, at *4 (M.D. Pa. May 27, 2022) ("Although Defendants' expert reports at issue were undisputedly late … Plaintiff cannot be heard to complain when counsel does not take steps to try to cure or lessen the prejudice from which he claims he now suffers.").  Moonbug, moreover, has not suffered any prejudice.  Between Appendix C and Appendix B to Dr. Seiter's report (not to mention the specific material she identified in the text of her report), Moonbug has more than sufficient information to contest her conclusions about the lack of originality.  "The specific purpose of the requirement to exchange expert reports is to eliminate unfair surprise to the opposing party and to conserve resources."  *Headley v. Ferro Corp.*, 630 F. Supp. 2d 1261, 1266 (W.D. Wash. 2008).  Here, there is no surprise.  That Dr. Seiter in some instances disclosed video *series*, instead of specific videos, does not ambush Moonbug because it knows the video series and characters Dr. Seiter considered.  Moonbug also is free to cross examine her about any videos within those series.  Moonbug's objection thus goes, if anything, to the weight of Dr. Seiter's testimony, not its admissibility.

Similarly unavailing is Moonbug's claimed inability to replicate her analysis. On that issue, *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071 (D. Colo. 2006), is instructive. The opponent of the expert in that case, like Moonbug here, sought exclusion on the ground that the expert did not disclose enough information to replicate or test his analysis. Finding that this argument that a party "must be able to 'verify' the correctness of an expert's work before it can be admitted [] misstates the standard for admission of expert evidence under Rule 702," the court ruled that any deficiencies in the report's disclosures did not support its exclusion. *Id.* at 1122-23. Neither of Moonbug's cited cases is to the contrary. In *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105 (9th Cir. 2001), a party produced an expert report ***two years*** after the close of discovery and only 28 days before trial. In *Holzhauer v. Golden Gate Bridge, Highway & Transportation Dist.*, No. 13-CV-02862-JST, 2015 WL 12976923, at *4 (N.D. Cal. June 11, 2015), the proffering party had the expert rely on privileged materials that the party then tried to shield from discovery because they were privileged. Neither comes remotely close to the situation here.

Finally, Moonbug's own expert disclosures refute any claim of prejudice. Its liability expert, Fran Krause, also did not disclose every single video he considered in forming his opinions:

A.    I reviewed other videos in this genre, and none of those videos seemed to have the elements that I found in the CoComelon videos that are expressed in the same way as the CoComelon videos, other than the Super JoJo series.

Q.    About how many videos in the genre did you review for this purpose?

A.    ***I didn't keep track of that.***

…

Q.    … In forming your opinions in the opening report, did you view any videos in the LooLoo Kids series?

A.    Yes.

Q.    … Can you show me where in your report you have cited to a LooLoo Kids video?

A.    ***No.***

-6-

Q.     In forming the opinions disclosed in your opening reports, did you review any videos in the ChuChu TV video series?

A.     Yes.

Q.     … Can you direct me to where in your opening report you disclosed ChuChu TV videos?

A.     *No.*

Declaration of Sam Stake, Ex. H (Krause Tr.) 61:4-64:2 (also identifying other videos that Mr. Krause considered but did not identify) (emphasis added).  That Moonbug considers Mr. Krause's report as having complied with Rule 26's disclosure requirements speaks volumes about its claim that Dr. Seiter's disclosures have put it at some disadvantage.  Moonbug's argument about Rule 26 should be disregarded.

## II.     DR. SEITER'S OPINIONS ABOUT GENRE ARE RELIABLE

Moonbug does not contest Dr. Seiter's methodology of comparing elements of CoComelon's works with those commonly found in the genre.  Moonbug's first argument (Br. 4) instead is that her testimony is unreliable because she does not identify all the videos she considered in forming her opinions.  As shown earlier (*supra* Part I), Moonbug's contention about the adequacy of Dr. Seiter's disclosure is wrong.  Thus, so too is Moonbug's argument about her testimony being unreliable.  If Moonbug's argument (Br. 3) instead is that Dr. Seiter should have identified every video she believes to be part of the genre or that "children's entertainment" is an inadequate delineation of the genre so as to make her testimony inadmissible, it is telling that Moonbug cites no authority for these overreaching propositions.  Dr. Seiter, moreover, supplied abundant examples throughout her report of the works that she considers to be part of the genre.  *See, e.g.*, Dkt. 291-1 (Seiter Report), at 27-110 & Appendix B.  Moonbug's argument also cannot be squared with the fact that its expert, Mr. Krause, made no attempt to define the genre.  *See generally* Dkt. 294-2 (Krause Report).  Equally meritless is Moonbug's assertion (Br. 5) that Dr. Seiter disclosed only those videos that supported her position.  Even if true, Dr. Seiter's alleged bias can be tested on cross-examination.  *See Brown v. China Integrated Energy Inc.*, No. CV1102559BROPLAX, 2015 WL 12720322, at *6 (C.D. Cal. Feb. 17, 2015) ("An expert witness's bias goes to the weight, not the admissibility of the testimony,

and should be brought out on cross-examination." (omitting citation and quotation marks)); *In re Toys "R" Us - Delaware, Inc. - Fair & Accurate Credit Transactions Act (FACTA) Litig.*, No. CV 06-08163 MMM FMOX, 2010 WL 5071073, at *11 (C.D. Cal. Aug. 17, 2010) (similar).

Moonbug next incorrectly contends (Br. 5) that Dr. Seiter's reference to the "children's entertainment" genre is unreliable because it "***directly conflict***[*s*]" with the opinions of Frank Saperstein, another of BabyBus' experts (emphasis in original). To the contrary, Mr. Saperstein focused on comparing elements of CoComelon works to animated musical videos for preschoolers. *See* Dkt. 194-17 (Saperstein Report) at 2. His comparison, in other words, involved a subgenre of children's entertainment. He did not opine that animated musical videos for preschoolers were the only appropriate works against which to compare CoComelon's works nor did he opine that animated musical videos were the only works that shared common elements with CoComelon's works. Even if he had, that again goes to weight, not admissibility. If "contradictory expert testimony" were sufficient to "control admissibility," then Mr. Krause's opinion would be unreliable too, and even more so because he does not undertake to define any genre.[1] *In re Aluminum Warehousing Antitrust Litig.*, 336 F.R.D. 5, 30 (S.D.N.Y. 2020).

Moonbug's final argument is easily disposed of. It argues (Br. 6) that Dr. Seiter's opinion is unreliable because she did not consider when works were released and therefore whether they potentially copied CoComelon works or vice versa. That again is a quintessential matter for cross-examination, not preclusion.

## III.     DR. SEITER'S OPINIONS ABOUT JJ ARE RELEVANT

Moonbug errs in contending (Br. 7) that Dr. Seiter's opinions about JJ are irrelevant in light of the Court's ruling that JJ is a protectable character. The Court already dispensed with this argument. While "the copyrightability inquiry requires a binary choice," the Court ruled, "filtration analysis entails more granular determinations." Dkt. 242 (SJ Order) at 21. Thus, expert testimony

---

[1] Indeed, Mr. Krause's failure to consider other works in the genre makes his testimony highly unreliable. As shown in BabyBus' motion to exclude his opinions (Dkt. 294), Mr. Krause fails to exclude from his analysis elements of CoComelon's works that are stock in the genre and instead assumes that all elements are protectable. That is an unreliable and unhelpful comparison and is thus subject to exclusion. *See infra* Part III.

is still required because "[a] reasonable jury may also agree with BabyBus's expert [Seiter] and find the selection and arrangement of the Identified Elements in common have little creativity considering the other works in the Genre." *Id.* at 22.

Indeed, Moonbug's argument side steps its burden of proof. The extrinsic test still requires that Moonbug first identify "similarities between the copyrighted work and the accused work," next dissect the copyrighted work and "disregard[ any similarities] that are based on unprotectable material," and then prove "the scope of protection ('thick' or 'thin') to which the remainder is entitled 'as a whole.'" *Corbello v. Valli*, 974 F.3d 965, 974 (9th Cir. 2020) (quoting *Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1443 (9th Cir. 1994)). The second step in particular requires the jury to "'filter out' the unprotectable elements of the plaintiff's work—primarily ideas and concepts, material in the public domain, and scènes à faire (stock or standard features that are commonly associated with the treatment of a given subject)." *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1118 (9th Cir. 2018), *overruled in part on other grounds by Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020).

Dr. Seiter's opinions about JJ are relevant to completing these steps. This is so especially because Mr. Krause, Moonbug's expert, does not undertake to perform them. In offering his "substantial similarity" opinions, Mr. Krause improperly compares both protectable ***and*** unprotectable elements of CoComelon works to BabyBus' videos, without filtering out unprotectable elements. *See* Dkt. 294 (Mot. to Exclude Mr. Krause). Dr. Seiter, by contrast, identifies the unprotectable, stock elements of JJ and will help the jury with its filtration analysis. Dr. Seiter's testimony will also be helpful to the jury in assessing the level of protection to afford JJ and whether the elements of JJ that are common to the genre entitle the "character … only to 'thin' protection from illicit copying." *Rice v. Fox Broad. Co.*, 148 F. Supp. 2d 1029, 1058 (C.D. Cal. 2001), *aff'd in part, rev'd in part on other grounds*, 330 F.3d 1170 (9th Cir. 2003). Her testimony is also relevant to describing the visible differences between JJ and Super JoJo, and how those differences contribute to each character's expression of the general, unprotectable elements that comprise them. *See* Dkt. 291-1 (Seiter Report) at 199-201. Dr. Seiter's opinions are therefore relevant and admissible under *Daubert*.

## IV.    DR. SEITER'S COMPARISONS TO CHILD BEHAVIOR ARE RELEVANT AND ADMISSIBLE

Moonbug's final challenge to Dr. Seiter strains credulity.  It argues (Br. 8-9) that Dr. Seiter purports to opine about how children physically and mentally develop, a topic about which she is not qualified to testify.  To the contrary, Dr. Seiter is more than qualified to draw comparisons between depictions of children in the media and the common acts or features of children in the real world.  Dr. Seiter has spent decades studying and writing about children's entertainment.  She has authored numerous books and articles in this field, including "The Internet Playground: Children's Entertainment, Access and Mis-Education"; "After Saturday Morning: Diversifying Children's Television"; and "Mighty Morphin' Four Year Olds: Heroes, Gun play and Socialization." *Supra* at 2.  Her comparisons of elements of CoComelon works and the easily observable attributes of children is well within her experience.  Moreover, Dr. Seiter is not, as Moonbug suggests, rendering opinions about the scientific explanations behind child development.  She instead opines that further support for her conclusions about the lack of originality in Moonbug's works comes from how they replicate readily observable events.  *See, e.g.*, Dkt. 291-1 (Seiter Report) at 120, 126-28.  It is hardly surprising, she concludes for example, for an animated video about babies to depict babies "clapping" their hands since clapping is a "milestone in motor development for infants." *Id.* at 126.  Nor is it unexpected to depict babies "laughing" since they typically do that before talking.  *Id.*  Far from undertaking to educate the jury about how children physiologically develop, Dr. Seiter's opinion is that acts of laughing or clapping hands are not unique to CoComelon in part because, as we all know, infants laugh and clap their hands.  That CoComelon works replicate what happens in life, moreover, goes to the question of originality.  Thus, in addition to falling well within her qualifications, Dr. Seiter's testimony is relevant.

## **CONCLUSION**

Moonbug's motion to exclude testimony of Dr. Seiter should be denied.

DATED:  May 16, 2023                         QUINN EMANUEL URQUHART & SULLIVAN, LLP


By  _____ /s/ Sam S. Stake _____
      Sam S. Stake (Bar No. 257916)
      50 California Street, 22nd Floor
      San Francisco, California 94111
      Telephone:      (415) 875-6600
      Facsimile:      (415) 875-6700
      samstake@quinnemanuel.com

      Attorneys for BabyBus Co., Ltd. and BabyBus
      (Fujian) Network Technology Co., Ltd.