QUINN EMANUEL URQUHART &
SULLIVAN, LLP
  Robert W. Stone (Bar No. 163513)
  Margret Caruso (Bar No. 243473)
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:  (650) 801-5000
Fax:        (650) 801-5100
robertstone@quinnemanuel.com
margretcaruso@quinnemanuel.com

  Sam S. Stake (Bar No. 257916)
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:  (415) 875-6600
Facsimile:  (415) 875-6700
samstake@quinnemanuel.com

Attorneys for Defendants
BABYBUS CO., LTD and BABYBUS
(FUJIAN) NETWORK TECHNOLOGY
CO., LTD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| MOONBUG ENTERTAINMENT LIMITED and TREASURE STUDIO, INC., | CASE NO. 3:21-CV-06536-EMC |
|---|---|
| Plaintiffs, | **BABYBUS CO., LTD'S AND BABYBUS (FUJIAN) NETWORK TECHNOLOGY CO., LTD'S ANSWER TO SUPPLEMENTAL AMENDED COMPLAINT AND JURY DEMAND** |
| v. | |
| BABYBUS CO., LTD and BABYBUS (FUJIAN) NETWORK TECHNOLOGY CO., LTD, | Judge:  Honorable Edward M. Chen |
| Defendants. | Courtroom:  5, 17th Floor |

# BABYBUS' ANSWER

Defendants BabyBus Co., Ltd. and BabyBus (Fujian) Network Technology Co., Ltd. (collectively "BabyBus"), hereby submit this Answer and Affirmative Defenses to the Supplemental Amended Complaint of Plaintiffs Moonbug Entertainment Limited and Treasures Studio, Inc. (collectively "Plaintiffs" or "Moonbug").  To the extent any of the headings of the Supplemental Amended Complaint require a response, BabyBus denies such allegations.  BabyBus denies each and every allegation in the Supplemental Amended Complaint not expressly admitted below.

1.    BabyBus admits that, in the interests of judicial economy and the conservation of the parties' resources, BabyBus did not contest partial summary judgment as to six specific videos (BB_00012972, BB_00012974, BB_00013057, BB_00012958, BB_00012948, and BB_00012978) for which Moonbug alleged "Frame-by-Frame" registrations; *i.e.*, (1) Boo Boo Song (Moonbug U.S. Copyright Reg. No. PA002181622), (2) Yes Yes Vegetables (Moonbug U.S. Copyright Reg. Nos. PA0002159137 and PA0002149483), (3) Colors Song (Moonbug U.S. Copyright Reg. No. PA0021463525), (4) Car Wash Song (Moonbug U.S. Copyright Reg. No. PA002191424), (5) Bath Song (Moonbug U.S. Copyright Reg. No. PA002146326), and (6) Yes Yes Playground (Moonbug U.S. Copyright Reg. No. PA002145951) (hereinafter, the six BabyBus videos are collectively referred to as the "Six Conceded Videos" and the seven CoComelon copyrights collectively referred to as the "Seven Conceded Copyrights").  Paragraph 1 also contains legal conclusions and arguments to which no response is required.  To the extent a response is required, BabyBus denies the remaining allegations in this paragraph.

2.    BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2, and therefore denies them.

3.    BabyBus admits it offers YouTube channels under its "Super JoJo" brand.  BabyBus admits that it did not contest partial summary judgment on the Six Conceded Videos with respect to the Seven Conceded Copyrights.  BabyBus denies all other allegations of infringement, including with regard to any copyrights outside of the Seven Conceded Copyrights.  Further, to the extent the allegations in paragraph 3 purport to describe or quote one or more documents or webpages, BabyBus asserts that those documents or webpages are the best source of their full content and

context.  BabyBus denies the allegations to the extent they do not accurately represent the documents' or webpages' full content and context.  Paragraph 3 also contains legal conclusions and arguments to which no response is required; to the extent a response is required, BabyBus denies the allegations in this paragraph.  Except as expressly admitted, BabyBus denies the remaining allegations in paragraph 3.

4.    BabyBus admits that it did not contest partial summary judgment on the Six Conceded Videos for infringement of the Seven Conceded Copyrights.  BabyBus denies all other allegations of infringement, including with regard to any copyrights outside of the Seven Conceded Copyrights.  BabyBus admits that as of August 24, 2021, Plaintiffs had submitted notices to YouTube that alleged BabyBus' videos infringed one or more copyrights; BabyBus denies those notices were accurate when they were submitted to BabyBus' knowledge.  BabyBus admits that it has removed certain videos from public view on YouTube.  BabyBus admits that Plaintiffs have since submitted additional notices to YouTube that alleged BabyBus' videos infringe one or more copyrights; BabyBus denies the allegations in those notices were accurate when they were submitted, except to the extent notices were submitted concerning the Six Conceded Videos with respect to the Seven Conceded Copyrights after the Court granted partial summary judgment as to the Six Conceded Videos with respect to the Seven Conceded Copyrights.  Paragraph 4 also contains legal conclusions and arguments to which no response is required; to the extent a response is required, BabyBus denies the allegations in this paragraph.  Except as expressly admitted, BabyBus denies the remaining allegations in paragraph 4.

5.    Paragraph 5 contains legal conclusions and arguments to which no response is required; to the extent a response is required, BabyBus denies the allegations in this paragraph.

6.    BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6, and therefore denies them.

7.    BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7, and therefore denies them.

8.    BabyBus admits that BabyBus Co., Ltd. was formerly known as Fuzhou Zhiyong Information Technology Co., Ltd., and has its business address at 15th Floor, Building 3, F Zone,

Fuzhou Software Park, No. 89, Software Avenue, Gulou District, Fuzhou, Fujian, China 350001. BabyBus admits that BabyBus Co., Ltd. is the parent company of BabyBus (Fujian) Network Technology Co., Ltd.   BabyBus admits that, along with its affiliates, BabyBus provides digital content for children through apps and platforms in 12 languages and 160 countries.   BabyBus admits that BabyBus and its affiliates together had, at one point, more than 99 million monthly active users for all such Super JoJo and non-Super JoJo content.   BabyBus admits that BabyBus Co., Ltd. submitted IPO application materials to the Shenzhen Stock Exchange on June 18, 2021.   BabyBus further admits that on June 29, 2021, the Shenzhen Stock Exchange accepted and publicly disclosed BabyBus Co., Ltd.'s prospectus.   BabyBus admits that BabyBus and its affiliates together earned over $100 million in 2020.   BabyBus further admits that it collected revenues derived from the marketing and distribution of its Super JoJo content on the YouTube platform.   BabyBus admits that it did not contest partial summary judgment on the Six Conceded Videos with respect to infringement of the Seven Conceded Copyrights.   BabyBus otherwise denies that any of its content infringes on any of Plaintiffs' copyrights.   Paragraph 8 also contains legal conclusions and arguments to which no response is required; to the extent a response is required, BabyBus denies the allegations in this paragraph.   Except as expressly admitted, BabyBus denies the remaining allegations in paragraph 8.

9.      BabyBus admits that BabyBus (Fujian) Network Technology Co., Ltd. has its business address at 2nd Floor, Building 10, Hongfang, No. 1 Jingong Road, Fuzhou City, Fujian Province, China 350007.   BabyBus admits that BabyBus Co., Ltd. is the parent company of BabyBus (Fujian) Network Technology Co., Ltd.   BabyBus admits that its Super JoJo branded videos are published, displayed, and advertised on YouTube.   BabyBus further admits that it collected revenues derived from the marketing and distribution of its Super JoJo content on the YouTube platform.   BabyBus admits that it did not contest partial summary judgment on the Six Conceded Videos with respect to infringement of the Seven Conceded Copyrights.   BabyBus otherwise denies that its Super JoJo branded videos infringe on any of Plaintiffs' alleged copyrights. Paragraph 9 also contains legal conclusions and arguments to which no response is required; to the

1    extent a response is required, BabyBus denies the allegations in this paragraph.  Except as expressly

2    admitted, BabyBus denies the remaining allegations in paragraph 9.

3            10.     BabyBus admits the allegations in Paragraph 10.

4            11.     BabyBus admits that the Court has personal jurisdiction over BabyBus for this

5    action.  BabyBus consented to personal jurisdiction in this judicial district by submitting counter

6    notifications under Section 512(g)(3)(D) of the Copyright Act through YouTube in response to

7    Plaintiffs' false notifications of claimed infringement.  BabyBus admits that it admitted in its

8    Amended Answer that BabyBus is subject to personal jurisdiction by virtue of submitting counter

9    notifications and pursuant to BabyBus' consent.  BabyBus admits that Mr. Naiyong Yan is the co-

10   founder and the Head of the Video Business Department for Baby Bus Co., Ltd., and that he

11   submitted the counter notifications.  BabyBus currently lacks knowledge or information sufficient

12   to form a belief as to the truth or falsity of the allegations contained in paragraph 11 regarding

13   YouTube's operations, and therefore denies them.  Paragraph 11 also contains legal conclusions and

14   arguments to which no response is required.  Except as expressly admitted, BabyBus denies the

15   remaining allegations in paragraph 11.

16           12.     BabyBus admits the allegations in Paragraph 12.

17           13.     For the purposes of the above captioned litigation, BabyBus consents to the

18   jurisdiction of this Court, and thus admits this Court has personal jurisdiction pursuant to BabyBus'

19   consent.  BabyBus admits that it makes its Super JoJo branded videos available through YouTube's

20   platform, and that it has entered into an agreement with YouTube to use that platform; but BabyBus

21   denies any connection between YouTube and the Court's personal jurisdiction over BabyBus.

22   BabyBus further admits that its Super JoJo branded videos are published, displayed, and advertised

23   on YouTube.  BabyBus admits that it did not contest partial summary judgment on the Six Conceded

24   Videos with respect to infringement of the Seven Conceded Copyrights.  BabyBus otherwise denies

25   that its Super JoJo branded videos infringe on any of Plaintiffs' alleged copyrights.  BabyBus admits

26   that it collected revenues derived from the marketing and distribution of its Super JoJo content on

27   the YouTube platform.  BabyBus admits that Mr. Naiyong Yan submitted a sworn declaration in

28   support of the motion for temporary restraining order by BabyBus (Fujian) Network Technology

Co., Ltd.  Paragraph 13 also contains legal conclusions and arguments to which no response is required, and BabyBus denies the remaining allegations in Paragraph 13.

14.     BabyBus admits that venue is proper in this district.

15.     BabyBus admits that Civil Local Rule 3-2(c) is applicable and that assignment to any division in this district is proper.

16.     BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16, and therefore denies them.

17.     BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17, and therefore denies them.

18.     BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18, and therefore denies them.

19.     BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19, and therefore denies them.

20.     BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20, and therefore denies them.

21.     BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21, and therefore denies them.

22.     BabyBus admits that it did not contest partial summary judgment on the Six Conceded Videos with respect to the Seven Conceded Copyrights.  BabyBus otherwise denies any allegations of "infringement," or characterizations of content as "infringing," contained in Paragraph 22.  BabyBus admits that it operates the Super JoJo show on multiple channels on YouTube, including channels in various languages and those identified in Exhibit 1 to the Complaint.  BabyBus admits that Super JoJo content has appeared on YouTube and Amazon video services.  BabyBus denies the remaining allegations in Paragraph 22.

23.     BabyBus admits that it did not contest partial summary judgment on the Six Conceded Videos with respect to infringement of the Seven Conceded Copyrights.  Paragraph 23 also contains legal conclusions and arguments to which no response is required.  To the extent a response is required, BabyBus denies the remainder of the allegations in this paragraph.

24.     Paragraph 24 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, BabyBus denies the allegations in this paragraph.

25.     BabyBus admits that, like all infants, JoJo has a large head relative to the size of his body, large eyes, and teeth.  BabyBus further admits that JoJo has been depicted in yellow and blue clothing.  BabyBus further admits that JoJo has been depicted in 3-D animation.  BabyBus denies that any identified, alleged similarities between JoJo and any other fictional character reach elements of the characters that are protectable in copyright or constitute copyright infringement.  Paragraph 25 also contains legal conclusions and arguments to which no response is required; to the extent a response is required, BabyBus denies the remaining allegations in this paragraph, including on the ground that they are vague.

26.     BabyBus admits that JoJo has been depicted as happy, positive, eager, and curious.  BabyBus admits JoJo has a brother and sister with whom he sometimes plays.  BabyBus admits that JoJo is the youngest of the three siblings.  BabyBus admits that JoJo's name is "JoJo."  BabyBus denies that any identified, alleged similarities between JoJo and any other fictional character reach elements of the characters that are protectable in copyright or constitute copyright infringement.  Paragraph 26 also contains legal conclusions and arguments to which no response is required; to the extent a response is required, BabyBus denies the remaining allegations in this paragraph, including on the ground that they are vague.

27.     BabyBus admits that JoJo's family consists of a mother, father, older sister, older brother, and a dog named Bingo.  BabyBus denies that any identified, alleged similarities between JoJo and any other fictional character reach elements of the characters that are protectable in copyright or constitute copyright infringement.  Paragraph 27 also contains legal conclusions and arguments to which no response is required; to the extent a response is required, BabyBus denies the remaining allegations in this paragraph, including on the ground that they are vague.

28.     BabyBus admits that JoJo's family is wholesome and idealistic, and assist in instructing children in necessary life skills.  BabyBus denies that any identified, alleged similarities between JoJo and any other fictional character reach elements of the characters that are protectable in copyright or constitute copyright infringement.  Paragraph 28 also contains legal conclusions and

arguments to which no response is required; to the extent a response is required, BabyBus denies the remaining allegations in this paragraph, including on the ground that they are vague.

29.     BabyBus admits that stuffed animals are featured in Super JoJo works, including for the purposes of teaching instructional lessons to children.  BabyBus denies that any identified, alleged similarities between JoJo and any other fictional character reach elements of the characters that are protectable in copyright or constitute copyright infringement.  Paragraph 29 also contains legal conclusions and arguments to which no response is required; to the extent a response is required, BabyBus denies the remaining allegations in this paragraph, including on the ground that they are vague.

30.     BabyBus admits that it operates the Super JoJo channels and owns the videos posted on the channel.  BabyBus denies that any identified, alleged similarities between Super JoJo characters and any other fictional character reach elements of the characters that are protectable in copyright or constitute copyright infringement.  Paragraph 30 also contains legal conclusions and arguments to which no response is required.  To the extent a response is required, BabyBus denies the allegations in this paragraph.

31.     Paragraph 31 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, BabyBus denies the allegations in this paragraph.

32.     BabyBus admits that JoJo has been depicted as happy.  BabyBus admits that JoJo has been depicted with supportive siblings and parents.  BabyBus denies that any identified, alleged similarities between JoJo and any other fictional character reach elements of the characters that are protectable in copyright or constitute copyright infringement.  Paragraph 32 also contains legal conclusions and arguments to which no response is required; to the extent a response is required, BabyBus denies the remaining allegations in this paragraph, including on the ground that they are vague.

33.     Paragraph 33 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, BabyBus denies the allegations in this paragraph.

34.     BabyBus admits that there is a Super JoJo work entitled "The Boo Boo Song" and that Exhibit 2 to the Complaint appears to reflect screenshots of the Super JoJo video with that title.

BabyBus admits that it did not contest partial summary judgment on the Six Conceded Videos with respect to infringing the Seven Conceded Copyrights.  BabyBus denies the allegation, or alleged implication, that any identified, alleged similarities encompass copyright protectable elements.  Paragraph 34 also contains legal conclusions and arguments to which no response is required; to the extent a response is required, BabyBus denies the remaining allegations in this paragraph.

35.     BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 35, and therefore denies them.

36.     BabyBus admits that it published a video for Super JoJo entitled "The Boo Boo Song."  BabyBus denies the remaining allegations in Paragraph 36.

37.     BabyBus admits that it did not contest partial summary judgment on the Six Conceded Videos with respect to infringement of the Seven Conceded Copyrights.  Paragraph 37 also contains legal conclusions and arguments to which no response is required.  To the extent a response is required, BabyBus denies the remainder of the allegations in this paragraph.

38.     BabyBus admits that the screenshots in Paragraph 38 depict JoJo with a bruise on his forehead, which is appropriately colored to reflect how a bruise naturally occurs in the context human anatomy, including coloration that fades in intensity from the center of the bruise.  BabyBus admits that in the work depicted in the screenshots appearing in Paragraph 38, JoJo's eyes are blue in color, and JoJo's mother wipes a tear away from one of JoJo's eyes, while his other eye remains open; and after that, JoJo's mother kisses his head above a brightly colored bandage.  BabyBus admits that the subtitles for the screenshots appearing in Paragraph 38, which screenshots also include JoJo, state "Mommy will help you" and "make your boo boo better."  BabyBus denies that any identified, alleged similarities between JoJo and any other fictional character reach elements of the characters that are protectable in copyright.  Paragraph 38 also contains legal conclusions and arguments to which no response is required.  To the extent a response is required, BabyBus denies the remaining allegations in this paragraph.

39.     BabyBus admits that the screenshots in paragraph 39 depict JoJo's sister wearing a bright pink, purple, and light pink sneaker on her foot, and further depicts JoJo's sister hitting her foot against a solid, white surface.  BabyBus admits that the screenshots in paragraph 39 further

depict JoJo's mother with red hair and wearing a green shirt, and depict JoJo's sister with brown hair and wearing a blue dress with a white tee shirt underneath it. BabyBus admits that the screenshots in paragraph 39 as depict JoJo's mother giving a "high-five" to JoJo's sister. BabyBus denies that any identified, alleged similarities between JoJo and any other fictional character reach elements of the characters that are protectable in copyright. Paragraph 39 also contains legal conclusions and arguments to which no response is required; to the extent a response is required, BabyBus denies the remaining allegations in this paragraph.

40.     BabyBus admits that the screenshots in paragraph 40 depict JoJo's brother with orange-hair and JoJo's mother with red hair. BabyBus admits that the screenshots in paragraph 40 further depict JoJo's mother kissing JoJo's brother as well as JoJo's brother inspecting a bandage on his right arm. BabyBus denies that any identified, alleged similarities between JoJo and any other fictional character reach elements of the characters that are protectable in copyright. Paragraph 40 also contains legal conclusions and arguments to which no response is required; to the extent a response is required, BabyBus denies the remaining allegations in this paragraph.

41.     BabyBus admits that the screenshots in paragraph 41 depict a bandaged JoJo, as well as his orange haired brother and brown-haired sister, peering through a door. BabyBus admits that the screenshots in paragraph 41 further depict one of the children placing a polka dotted red bandage on the mother's hand, as well as JoJo kissing his mother alone on a blue couch with a blue pillow, and with JoJo's siblings' bare heads in the foreground. BabyBus denies that any identified, alleged similarities between JoJo and any other fictional character reach elements of the characters that are protectable in copyright. Paragraph 41 also contains legal conclusions and arguments to which no response is required; to the extent a response is required, BabyBus denies the remaining allegations in this paragraph.

42.     Paragraph 42 contains legal conclusions and arguments to which no response is required. To the extent a response is required, BabyBus denies the allegations in this paragraph.

43.     BabyBus admits that it did not contest partial summary judgment on the Six Conceded Videos with respect to infringement of the Seven Conceded Copyrights. Paragraph 43

1    also contains legal conclusions and arguments to which no response is required.  To the extent a

2    response is required, BabyBus denies the remainder of the allegations in this paragraph.

3         44.    BabyBus currently lacks knowledge or information sufficient to form a belief as to

4    the truth or falsity of the allegations contained in paragraph 44, and therefore denies them.

5         45.    BabyBus admits the existence of a BabyBus work called "Yes Yes Vegetable Song."

6    BabyBus admits that it did not contest partial summary judgment on the Six Conceded Videos with

7    respect to infringement of the Seven Conceded Copyrights.  BabyBus otherwise denies that any

8    identified, alleged similarities between BabyBus' works and any other works reach elements that

9    are protectable in copyright.  Paragraph 45 also contains legal conclusions and arguments to which

10   no response is required; to the extent a response is required, BabyBus denies the remaining

11   allegations in this paragraph.

12        46.    BabyBus admits that Exhibit 3 contains screenshots depicting a BabyBus work called

13   "Yes Yes Vegetables Song."  BabyBus admits that work includes peas and carrots, in that order.

14   BabyBus denies that any identified, alleged similarities between BabyBus' works and any other

15   works reach elements that are protectable in copyright.  Paragraph 46 also contains legal conclusions

16   and arguments to which no response is required; to the extent a response is required, BabyBus denies

17   the remaining allegations in this paragraph.

18        47.    BabyBus admits that Exhibit 3 contains screenshots depicting the BabyBus work

19   called "Yes Yes Vegetables Song."  BabyBus admits that in that work JoJo's mother offers JoJo

20   peas, which JoJo subsequently drops.  BabyBus denies that any identified, alleged similarities

21   between BabyBus' works and any other works reach elements that are protectable in copyright.

22   Paragraph 47 also contains legal conclusions and arguments to which no response is required; to the

23   extent a response is required, BabyBus denies the remaining allegations in this paragraph.

24        48.    BabyBus admits that Exhibit 3 contains screenshots depicting the BabyBus work

25   called "Yes Yes Vegetables Song."  BabyBus admits that work depicts a stuffed lamb which is used

26   to encourage eating.  BabyBus denies that any identified, alleged similarities between BabyBus'

27   works and any other works reach elements that are protectable in copyright.  Paragraph 48 also

28

contains legal conclusions and arguments to which no response is required; to the extent a response is required, BabyBus denies the remaining allegations in this paragraph.

49.     BabyBus admits that Exhibit 3 contains screenshots depicting the BabyBus work called "Yes Yes Vegetables Song."  BabyBus admits that work depicts JoJo eating vegetable by himself, after which JoJo shows an empty bowl to his mother.  BabyBus denies that any identified, alleged similarities between BabyBus' works and any other works reach elements that are protectable in copyright.  Paragraph 49 also contains legal conclusions and arguments to which no response is required; to the extent a response is required, BabyBus denies the remaining allegations in this paragraph.

50.     BabyBus admits that Exhibit 3 contains screenshots depicting the BabyBus work called "Yes Yes Vegetables Song."  BabyBus admits that in that work  JoJo is depicted in a high chair, looking up at his mother with an empty bowl, resting his hand on his protruding belly, and then touching a stuffed sheep.  BabyBus denies that any identified, alleged similarities between BabyBus' works and any other works reach elements that are protectable in copyright.  Paragraph 50 also contains legal conclusions and arguments to which no response is required; to the extent a response is required, BabyBus denies the allegations in this paragraph.

51.     BabyBus admits that it did not contest partial summary judgment on the Six Conceded Videos with respect to infringement of the Seven Conceded Copyrights.  Paragraph 51 also contains legal conclusions and arguments to which no response is required.  To the extent a response is required, BabyBus denies the remaining allegations in this paragraph.

52.     BabyBus admits that it did not contest partial summary judgment on the Six Conceded Videos with respect to infringement of the Seven Conceded Copyrights.  Paragraph 52 also contains legal conclusions and arguments to which no response is required.  To the extent a response is required, BabyBus denies the remaining allegations in this paragraph.

53.     BabyBus admits that it did not contest partial summary judgment on the Six Conceded Videos with respect to infringement of the Seven Conceded Copyrights.  Paragraph 53 also contains legal conclusions and arguments to which no response is required.  To the extent a response is required, BabyBus denies the remaining allegations in this paragraph.

54.     BabyBus admits that it did not contest partial summary judgment on the Six Conceded Videos with respect to infringement of the Seven Conceded Copyrights.  Paragraph 54 also contains legal conclusions and arguments to which no response is required.  To the extent a response is required, BabyBus denies the remaining allegations in this paragraph.

55.     BabyBus admits that it did not contest partial summary judgment on the Six Conceded Videos with respect to infringement of the Seven Conceded Copyrights.  The first sentence of Paragraph 55 otherwise contains legal conclusions and arguments to which no response is required; to the extent a response is required, BabyBus denies the allegations in this sentence. BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 55, and therefore denies them.

56.     Paragraph 56 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, BabyBus denies the allegations in this paragraph.

57.     Paragraph 57 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, BabyBus denies the allegations in this paragraph.

58.     BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the second sentence of the allegations contained in paragraph 58, and therefore denies them.  Paragraph 58 also contains legal conclusions and arguments to which no response is required; to the extent a response is required, BabyBus denies the allegations in this paragraph.

59.     BabyBus admits its "Rainbow Ice Cream – Colors Song" work had an associated thumbnail image.  BabyBus admits that it did not contest partial summary judgment on the Six Conceded Videos with respect to infringement of the Seven Conceded Copyrights.  Paragraph 59 also contains legal conclusions and arguments to which no response is required; to the extent a response is required, BabyBus denies the remaining allegations in this paragraph.

60.     BabyBus admits that BabyBus (Fujian) Network Technology Co., Ltd. received a letter from Moonbug's counsel containing allegations by Moonbug concerning its copyrights and BabyBus' works.  Paragraph 60 also contains legal conclusions and arguments to which no response is required; to the extent a response is required, BabyBus denies the remaining allegations in this paragraph.

61.     BabyBus admits that it did not contest partial summary judgment on the Six Conceded Videos with respect to infringement of the Seven Conceded Copyrights.  BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 61, and therefore denies them.  Paragraph 61 also contains legal conclusions and arguments to which no response is required; to the extent a response is required, BabyBus denies the remaining allegations in this paragraph.

62.     BabyBus admits that it transmitted a message to Plaintiffs which stated that BabyBus was "having an urgent meeting with [its] legal department on this issue to give a response ASAP." BabyBus denies the remaining allegations in Paragraph 62.

63.     BabyBus admits that the videos identified Exhibit 8 to the Complaint were removed from public view while BabyBus investigated Plaintiffs' claims.  BabyBus admits that it did not contest partial summary judgment on the Six Conceded Videos with respect to infringement of the Seven Conceded Copyrights.  BabyBus denies the remaining allegations in Paragraph 63.

64.     BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 64, and therefore denies them.

65.     BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 65, and therefore denies them.

66.     BabyBus admits that certain videos identified by Plaintiffs were removed from public view while BabyBus investigated Plaintiffs claims, but denies that those removals indicated any alleged infringement of any copyrights.  BabyBus admits that it did not contest partial summary judgment on the Six Conceded Videos with respect to infringement of the Seven Conceded Copyrights.  BabyBus otherwise expressly denies that it has infringed any of Plaintiffs' alleged copyrights.  BabyBus denies the remaining allegations in Paragraph 66.

67.     BabyBus admits that it did not contest partial summary judgment on the Six Conceded Videos with respect to infringement of the Seven Conceded Copyrights.  BabyBus otherwise denies the first sentence of Paragraph 67.  BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 67, and therefore denies them.

68.     BabyBus admits that it did not contest partial summary judgment on the Six Conceded Videos with respect to infringement of the Seven Conceded Copyrights.  BabyBus otherwise expressly denies that it has infringed any of Plaintiffs' alleged copyrights.  BabyBus denies the remaining allegations in Paragraph 68.

69.     BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 69, and therefore denies them.

70.     BabyBus denies that no Super JoJo channel has been terminated.  BabyBus admits that Plaintiffs previously trigged termination of a Super JoJo channel.  BabyBus admits that it did not contest partial summary judgment on the Six Conceded Videos with respect to infringement of the Seven Conceded Copyrights.  Paragraph 70 also contains legal conclusions and arguments to which no response is required; to the extent a response is required, BabyBus denies the remaining allegations in this paragraph.

71.     BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 71, and therefore denies them.

72.     BabyBus admits that, on or about August 11 and 12, 2021, BabyBus submitted counter notifications for the four videos listed in Paragraph 72.  BabyBus denies the remaining allegations in Paragraph 72.

73.     BabyBus admits that it did not contest partial summary judgment on the Six Conceded Videos with respect to infringement of the Seven Conceded Copyrights.  BabyBus otherwise denies that it has displayed or distributed any works that infringe any of Plaintiffs' alleged copyrights.  BabyBus denies the remaining allegations in Paragraph 73.

74.     BabyBus admits that, on or around March 7, 2023, the Court granted in part and denied in part Moonbug's motion for summary judgment with respect to infringement of the Seven Conceded Copyrights.  BabyBus admits that it did not contest partial summary judgment on the Six Conceded Videos with respect to infringement of the Seven Conceded Copyrights, including any corresponding compilations and foreign language versions, and that the Court granted partial summary judgment on the Six Conceded Videos with respect to infringement of the Seven Conceded Copyrights.  Paragraph 74 also contains legal conclusions and arguments to which no response is

required; to the extent a response is required, BabyBus denies the remaining allegations in this paragraph.

75.     BabyBus admits that it did not contest partial summary judgment on the Six Conceded Videos with respect to infringement of the Seven Conceded Copyrights.  BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 75, and therefore denies them.

76.     BabyBus admits that it did not contest partial summary judgment on the Six Conceded Videos with respect to infringement of the Seven Conceded Copyrights.  BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 76, and therefore denies them.

77.     BabyBus admits that, on or around March 20, 2023, YouTube disabled the video.

78.     BabyBus admits that, on or about March 20, 2023, Naiyong Yan mistakenly signed a counter notification to reinstate the video.  BabyBus denies the remaining allegations to the extent they suggest that Mr. Yan acted with subjective bad faith and/or with actual knowledge that he was making a misrepresentation at the time he signed the counter-notification because, among other things, Moonbug has been engaged in a years-long campaign of sending erroneous, knowingly false, and/or misleading DMCA takedown notices targeting BabyBus' YouTube channels and hundreds of BabyBus videos, including at least seven YouTube takedown notices in November 2021 in relation to 24 videos, such as *Super JoJo*'s "I Can Make Donuts" and "I Love My Mommy" songs, for which Moonbug erroneously, falsely, knowingly, and/or misleadingly asserted that the grounds for the takedown were the *Super JoJo* videos themselves, not any of Moonbug's videos, characters, or other protectable elements.  Paragraph 78 also contains legal conclusions and arguments to which no response is required; to the extent a response is required, BabyBus denies the remaining allegations in this paragraph.

79.     BabyBus admits that YouTube restored the video for public viewing on or around April 3, 2023.

80.     BabyBus admits that it has submitted other counter notifications to YouTube because, among other things, Moonbug has been engaged in a years-long campaign of sending

erroneous, knowingly false, and/or misleading DMCA takedown notices targeting BabyBus'
YouTube channels and hundreds of BabyBus videos, including at least seven YouTube takedown
notices in November 2021 in relation to 24 videos, such as *Super JoJo*'s "I Can Make Donuts" and
"I Love My Mommy" songs, for which Moonbug erroneously, knowingly falsely, and/or
misleadingly asserted that the grounds for the takedown were the *Super JoJo* videos themselves, not
any of Moonbug's videos, characters, or other protectable elements.  BabyBus denies that those
other counter notifications it submitted to YouTube were improperly submitted.  BabyBus admits
that it did not contest partial summary judgment on the Six Conceded Videos with respect to
infringement of the Seven Conceded Copyrights.  Paragraph 80 also contains legal conclusions and
arguments to which no response is required; to the extent a response is required, BabyBus denies
the remaining allegations in this paragraph.

81.    BabyBus repeats and incorporates by reference, as if fully set forth herein, its
responses to all of the allegations in the preceding paragraphs.

82.    Paragraph 82 contains legal conclusions and arguments to which no response is
required.  To the extent a response is required, BabyBus denies the allegations in this paragraph.

83.    BabyBus currently lacks knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations contained in paragraph 83, and therefore denies them.

84.    Paragraph 84 contains legal conclusions and arguments to which no response is
required.  To the extent a response is required, BabyBus denies the allegations in this paragraph.

85.    Paragraph 85 contains legal conclusions and arguments to which no response is
required.  To the extent a response is required, BabyBus denies the allegations in this paragraph.

86.    BabyBus admits that it did not contest partial summary judgment on the Six
Conceded Videos with respect to infringement of the Seven Conceded Copyrights.  Paragraph 86
otherwise contains legal conclusions and arguments to which no response is required.  To the extent
a response is required, BabyBus denies the remaining allegations in this paragraph.

87.    BabyBus admits that it did not contest partial summary judgment on the Six
Conceded Videos with respect to infringement of the Seven Conceded Copyrights.  BabyBus admits
that it has not acquired a license from Plaintiffs, because it did not need any such license.  BabyBus

1   otherwise denies any implication that it needed a license from Plaintiffs.  Paragraph 87 also contains

2   legal conclusions and arguments to which no response is required; to the extent a response is

3   required, BabyBus denies the remaining allegations in this paragraph.

4        88.     BabyBus admits that it did not contest partial summary judgment on the Six

5   Conceded Videos with respect to infringement of the Seven Conceded Copyrights.  Paragraph 88

6   otherwise contains legal conclusions and arguments to which no response is required.  To the extent

7   a response is required, BabyBus denies the remaining allegations in this paragraph.

8        89.     BabyBus admits that it did not contest partial summary judgment on the Six

9   Conceded Videos with respect to infringement of the Seven Conceded Copyrights.  Paragraph 89

10  otherwise contains legal conclusions and arguments to which no response is required.  To the extent

11  a response is required, BabyBus denies the remaining allegations in this paragraph.

12       90.     Paragraph 90 contains legal conclusions and arguments to which no response is

13  required.  To the extent a response is required, BabyBus denies the allegations in this paragraph.

14       91.     BabyBus repeats and incorporates by reference, as if fully set forth herein, its

15  responses to all of the allegations in the preceding paragraphs.

16       92.     BabyBus admits that it did not contest partial summary judgment on the Six

17  Conceded Videos with respect to infringement of the Seven Conceded Copyrights.  BabyBus

18  otherwise denies that it has displayed or distributed any works that infringe any of Plaintiffs' alleged

19  copyrights.  BabyBus admits that it has submitted counter notifications to YouTube.  BabyBus

20  admits that Naiyong Yan mistakenly signed one counter notification to YouTube; however,

21  BabyBus denies that Mr. Yan acted with subjective bad faith and/or with actual knowledge that he

22  was making a misrepresentation at the time he signed the counter-notification.  Paragraph 92 also

23  contains legal conclusions and arguments to which no response is required; to the extent a response

24  is required, BabyBus denies the remaining allegations in this paragraph.

25       93.     BabyBus admits that it did not contest partial summary judgment on the Six

26  Conceded Videos with respect to infringement of the Seven Conceded Copyrights.  BabyBus

27  otherwise denies that it has displayed or distributed any works that infringe any of Plaintiffs' alleged

28  copyrights.  BabyBus admits that Naiyong Yan mistakenly signed one counter notification to

YouTube; however, BabyBus denies that Mr. Yan acted with subjective bad faith and/or with actual knowledge that he was making a misrepresentation at the time he signed the counter-notification. Paragraph 93 also contains legal conclusions and arguments to which no response is required; to the extent a response is required, BabyBus denies the remaining allegations in this paragraph.

94.     BabyBus admits that it did not contest partial summary judgment on the Six Conceded Videos with respect to infringement of the Seven Conceded Copyrights.  BabyBus otherwise denies that it has displayed or distributed any works that infringe any of Plaintiffs' alleged copyrights.  BabyBus admits that Naiyong Yan mistakenly signed one counter notification to YouTube; however, BabyBus denies that Mr. Yan acted with subjective bad faith and/or with actual knowledge that he was making a misrepresentation at the time he signed the counter-notification. BabyBus further denies that it was readily apparent that the counter notice was erroneous at the time it was signed, because, among other things, Moonbug has been engaged in a years-long campaign of sending erroneous, false, and/or misleading DMCA takedown notices targeting BabyBus' YouTube channels and hundreds of BabyBus videos, including at least seven YouTube takedown notices in November 2021 in relation to 24 videos, such as *Super JoJo*'s "I Can Make Donuts" and "I Love My Mommy" songs, for which Moonbug erroneously, knowingly falsely, and/or misleadingly asserted that the grounds for the takedown were the *Super JoJo* videos themselves, not any of Moonbug's videos, characters, or other protectable elements.  BabyBus further denies that it did "no investigation whatsoever" and did not "care" whether the counter notice was erroneous. Paragraph 93 also contains legal conclusions and arguments to which no response is required; to the extent a response is required, BabyBus denies the remaining allegations in this paragraph.

95.     BabyBus admits that Naiyong Yan mistakenly signed one counter notification to YouTube; however, BabyBus denies that Mr. Yan acted with subjective bad faith and/or with actual knowledge that he was making a misrepresentation at the time he signed the counter-notification. Paragraph 95 also contains legal conclusions and arguments to which no response is required; to the extent a response is required, BabyBus denies the remaining allegations in this paragraph.  BabyBus currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 95, and therefore denies them.

96.      BabyBus denies that it has submitted any counter notification in response to any Moonbug notification with subjective bad faith and/or with actual knowledge that BabyBus made a misrepresentation at the time it signed the counter-notification.  Paragraph 96 also contains legal conclusions and arguments to which no response is required; to the extent a response is required, BabyBus denies the remaining allegations in this paragraph.

97.      BabyBus admits that it did not contest partial summary judgment on the Six Conceded Videos with respect to infringement of the Seven Conceded Copyrights.  BabyBus otherwise denies that it has displayed or distributed any works that infringe any of Plaintiffs' alleged copyrights.  Paragraph 97 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, BabyBus denies the allegations in this paragraph.

98.      BabyBus admits that it did not contest partial summary judgment on the Six Conceded Videos with respect to infringement of the Seven Conceded Copyrights.  BabyBus otherwise denies that it has displayed or distributed any works that infringe any of Plaintiffs' alleged copyrights.  Paragraph 98 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, BabyBus denies the allegations in this paragraph.

## **AFFIRMATIVE DEFENSES**

BabyBus identifies the following affirmative defenses and reserves the right to raise additional defenses based on further investigation in this case.  BabyBus does not assume the burden of proof on any issue, however characterized, on which it does not bear that burden.  BabyBus reserves all affirmative defenses not stated herein under Rule 8(c) of the Federal Rules of Civil Procedure and any other defense at law or in equity that may now exist or in the future be available based further investigation in this case.

1.      The equitable relief Moonbug seeks is barred by the doctrine of laches, including because Moonbug has unreasonably delayed in alleging copyright infringement.  BabyBus first created and published the DouDou character in or around 2016, which served as inspiration for the drawings and 3-D Model that became JoJo in 2019.  BabyBus began creating videos on YouTube and other platforms full time in 2019 utilizing the JoJo character.  Moonbug only asserted allegations of copyright infringement, however, years later in or around June 2021 after BabyBus had filed its

1    IPO application materials with the Shenzhen Stock Exchange.   As a result of Moonbug's

2    unreasonable delay in alleging copyright infringement, timed specifically to coincide with BabyBus'

3    announcement of its IPO, BabyBus' overall business has been threatened to a much greater degree

4    than if the copyright allegations or suit would have been filed in a reasonable time.   Moonbug's

5    unreasonable delay in alleging copyright infringement, timed specifically to coincide with BabyBus'

6    announcement of its IPO, also appears to be designed to unreasonably increase the damages that

7    Moonbug seeks to claim.

8           2.      Moonbug's failure to mitigate any alleged damages further bars its claims or limits

9    their recovery.  BabyBus first created and published the DouDou character in or around 2016, which

10   served as inspiration for the drawings and 3-D Model that became JoJo in 2019.   BabyBus began

11   creating videos on YouTube and other platforms full time in 2019 utilizing the JoJo character.

12   Moonbug only asserted allegations of copyright infringement, however, years later in or around

13   June 2021 after BabyBus had filed its IPO application materials to the Shenzhen Stock Exchange.

14   Moonbug's years-long delay before attempting to assert its alleged copyrights increased Moonbug's

15   alleged damages as it coincided with the growth of the BabyBus channel over that same period.

16   Moreover, as to Moonbug's claim under 17 U.S.C. § 512(f)(2), Moonbug failed to reply to

17   BabyBus' counter-notification submitted on March 20, 2023, even though BabyBus has routinely

18   done so in other instances.   Moonbug also failed to alert BabyBus to the video at issue, despite

19   pleading that it knew of the video's existence at least by early March 2023, and despite representing

20   to BabyBus in mid-March 2023 that it would identify any videos concerning the Six Conceded

21   Videos with respect to the Seven Conceded Copyrights where Moonbug was aware of those videos.

22          3.      Moonbug's claims are also barred by the doctrine of *de minimis* use.  Moonbug's

23   allegations of similarities between its works and BabyBus' works are based on ideas and expressions

24   that are not protectable in copyright, including but not limited to, anatomical features of human

25   infants (*i.e.* large head, spare hair, large eyes), the composition of a traditional nuclear family as

26   found in family-friendly and children's media (*i.e.* two parents, three children, and a pet), and

27   abstract lessons learned by children while they grow up (*i.e.* eating vegetables, treating bruises, etc.).

28

To the extent that any similarities may extend to protectable content, the similarities are so minor, and make up such a small feature of the works as to constitute *de minimis* use that is not actionable.

4.     Moonbug's claims are also barred by the unclean hands doctrine.  Moonbug has been engaged in a years-long campaign of sending erroneous, knowingly false, and/or misleading DMCA takedown notices targeting BabyBus' YouTube channels and hundreds of BabyBus videos.   In November 2021, for example, Moonbug submitted at least seven takedown notices in relation to 24 videos, including *Super JoJo*'s "I Can Make Donuts" and "I Love My Mommy" songs.  When doing so, Moonbug knowingly falsely and/or misleadingly asserted that the grounds for the takedown were the *Super JoJo* videos themselves, not any of Moonbug's videos, characters, or other protectable elements.  Specifically, for each of those videos, Moonbug described the work it was purportedly protecting by providing a link to a *Super JoJo* video, and Moonbug described the work it claimed was infringing by providing a link to the same *Super JoJo* video.  Moonbug has similarly continued its campaign to eliminate BabyBus' videos from YouTube through its new and repetitive, knowingly false, and/or misleading DMCA requests.  For example, other takedown notices submitted by Moonbug have been premised on other meritless claims and allegations, including claims for infringement based on 3D animated renderings of a human baby based on the characteristics of infants found in nature (i.e. large heads, large eyes, heads sparsely-covered with hair, etc.).  Such generic characteristics are found in nature and shared among countless, human babies, and Moonbug's allegations cannot support a copyright claim.  As this Court acknowledged in its order denying in part Moonbug's summary judgment motion, "[s]imilarity only as to unprotected aspects of a work does not result in liability for copyright infringement," Dkt. 242 at 9, and there is no dispute that "many of the characters' shared elements, standing alone, are not protectable," *id*. at 20.

5.     Furthermore, during the Court's February 2, 2023 hearing regarding the parties' motions for summary judgment, Moonbug's counsel asserted to the Court that Moonbug was aware of certain foreign language BabyBus channels that made available and displayed the Six Conceded Videos with respect to the Seven Conceded Copyrights.  On March 10, 2023, three days after the Court issued its partial summary judgment ruling, BabyBus' counsel requested that Moonbug's counsel provide any information Moonbug may have regarding any videos uploaded on any

BabyBus channel that contained any of the Six Conceded Videos with respect the Seven Conceded Copyrights, including on any foreign language channel and any compilation videos, so that BabyBus may investigate.  On March 16, 2023, Moonbug's counsel agreed that where Moonbug was aware of specific instances of any of the Six Conceded Videos with respect the Seven Conceded Copyrights on any of BabyBus' channels, they would advise BabyBus' counsel of such instances. Despite Moonbug's counsel's representations to the Court and to BabyBus' counsel, and despite being aware of the video which forms the basis of Moonbug's claim under 17 U.S.C. 512(f)(2), Moonbug never identified the video BabyBus in March 2023.  Instead, on April 5, 2023, Moonbug sought leave to amend their pleading to add a claim for copyright misrepresentation under 17 U.S.C. § 512(f).  On information and belief, Moonbug acted in bad faith and/or with fraudulent intent in withholding its knowledge of the existence of the video at issue from BabyBus—despite its representations otherwise—in an effort to manufacture Moonbug's copyright misrepresentation claim.  Moonbug's unclean hands therefore bar this claim.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), BabyBus hereby demands trial by jury of all issues properly triable thereby, including but not limited to all such issues raised in Moonbug's Complaint.

DATED:  May 23, 2023                    QUINN EMANUEL URQUHART & SULLIVAN, LLP


                                    By _____/s/ Sam S. Stake_____
                                        Robert W. Stone (Bar No. 163513)
                                        Margret Caruso (Bar No. 243473)
                                        555 Twin Dolphin Drive, 5th Floor
                                        Redwood Shores, California 94065
                                        Telephone:     (650) 801-5000
                                        Fax:           (650) 801-5100
                                        robertstone@quinnemanuel.com
                                        margretcaruso@quinnemanuel.com

                                        Sam S. Stake (Bar No. 257916)
                                        50 California Street, 22nd Floor
                                        San Francisco, California 94111
                                        Telephone:     (415) 875-6600
                                        Facsimile:     (415) 875-6700
                                        samstake@quinnemanuel.com

                                        Attorneys for Defendants
                                        BABYBUS CO., LTD and BABYBUS (FUJIAN)
                                        NETWORK TECHNOLOGY CO., LTD