UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOONBUG ENTERTAINMENT LIMITED, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BABYBUS (FUJIAN) NETWORK TECHNOLOGY CO., LTD, et al.,<br><br>Defendants. | Case No. 21-cv-06536-EMC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>Docket No. 389 |

On May 9, 2023, Plaintiffs Moonbug Entertainment Limited and Treasure Studio, Inc. (collectively, "Moonbug") filed a supplemental complaint against Defendants BabyBus Co., Ltd. and BabyBus (Fujian) Network Technology Co., Ltd. ("BabyBus Tech.") (collectively, "BabyBus"). Docket No. 307. Defendants filed an answer to the supplemental complaint on May 23, 2023, asserting, in part, the affirmative defenses of laches and unclean hands. Docket No. 338. Moonbug now moves to strike these affirmative defenses.

## I.   BACKGROUND

At summary judgment, the Court found that six of BabyBus' videos, including the "Yes Yes Playground" video, infringed Moonbug's copyrights. Docket No. 242 at 10. On March 9, 2023, Moonbug discovered that BabyBus was still displaying and performing this video on its Portuguese language channel on YouTube and submitted a takedown notice to YouTube. BabyBus later submitted counter-notifications regarding hundreds of videos where infringement was still in dispute. It also submitted a counter-notification to YouTube stating that the Portuguese "Yes Yes Playground" video was BabyBus' "original creation and does not infringe

the copyrights of any third party." On April 3, 2023, YouTube reinstated the video. Moonbug then moved the Court to allow a supplemental complaint, which the Court allowed. Based on these factual allegations, the supplemental complaint included two causes of action: a copyright infringement cause of action, and a copyright misrepresentation cause of action. Docket No. 271-1 ¶¶ 91–99. In its answer to the supplemental complaint, Babybus asserted the affirmative defenses of laches and unclean hands. Docket No. 338 at 19-20.

## II. LEGAL STANDARD

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009), the U.S. Supreme Court heightened the pleading requirements for stating a claim under Fed. R. Civ. P. 8(a). Neither the Supreme Court nor the Ninth Circuit has ruled on whether the plausibility standard set forth in *Twombly* applies to stating affirmative defenses. The only circuit court to rule on this issue was the Second Circuit, which held that "*Twombly* applies to determining the sufficiency of all pleadings, including the pleading of an affirmative defense, but with recognition that, as the Supreme Court explained in *Iqbal*, applying the plausibility standard to any pleading is a "context-specific" task." *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 98 (2d Cir. 2019).

Courts in this district have consistently required affirmative defenses to meet the *Twombly*/*Iqbal* standard. *See Neo4j, Inc. v. PureThink, LLC*, 480 F. Supp. 3d 1071, 1075 (N.D. Cal. 2020) (collecting cases). Accordingly, "[w]hile a defense need not include extensive factual allegations in order to give fair notice, bare statements reciting mere legal conclusions may not be sufficient." *Perez v. Gordon & Wong Law Group, P.C.*, No. 11-CV-03323-LHK, 2012 WL 1029425, at *8 (N.D. Cal. Mar. 26, 2012) (internal quotation and citation omitted); *United States v. Acad. Mortg. Corp.*, No. 16-CV-02120-EMC, 2020 WL 7056017, at *2 (N.D. Cal. Dec. 2, 2020). "With a motion to strike, just as with a motion to dismiss, the court should view the pleading in the light most favorable to the nonmoving party." *Platte Anchor Bolt v. IHI, Inc.*, 352 F.Supp.2d 1048, 1057 (N.D. Cal. 2004).

2

### III.     DISCUSSION

A.   Motion to Strike the Affirmative Defense of Laches

   1.   Laches as a Defense to Legal Relief

The Supreme Court has held that laches may not be used to bar a claim for legal relief for copyright infringement brought within the 3-year statute of limitations. *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 677 (2014). However, Defendants did not raise laches as an affirmative defense to Moonbug's claim for legal relief. In the answer, Babybus wrote: "[t]he *equitable* relief Moonbug seeks is barred by the doctrine of laches, including because Moonbug has unreasonably delayed in alleging copyright infringement." Docket No. 338 at 20:23-24. Accordingly, Moonbug's motion to strike the defense of laches as to legal relief is **DENIED** as moot.

   2.   Laches as a Defense to Equitable Relief

      a.   Extraordinary Circumstances

The Supreme Court held in *Patrella* that laches is theoretically available as an affirmative defense to copyright but should only bar relief in "extraordinary circumstances." *Petrella*, 572 U.S. at 685. Defendants make the following allegations in support of their laches defense: (1) that Moonbug unreasonably delayed in alleging copyright infringement, (2) that Moonbug failed to mitigate damages by failing to reply to BabyBus' erroneous counter-notification submitted on March 20, 2023, despite having knowledge by early March 2023 that the video in question did in fact infringe, (3) that Moonbug intentionally timed the litigation to coincide with BabyBus' IPO, by filing soon after BabyBus submitted its IPO application materials to the Shenzhen Stock Exchange. The Court need not reach the question of whether these allegations are sufficient to plead laches because there is an alternate ground on which to dispose of this motion.

      b.   Willful Infringement Exception

Even if laches applied, the Ninth Circuit has held that willful infringement is an exception to latches. *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 957 (9th Cir. 2001). "For purposes of the willfulness exception to laches, just as for the willfulness augmentation of statutory copyright damages, the term "willful" refers to conduct that occurs "with knowledge that the defendant's

conduct constitutes copyright infringement.'"" *Id.*

BabyBus has conceded willful infringement of the "Frame by Frame" Registrations by six of the accused videos as well as four compilations that include them. MSJ Order Docket No. 242. The affirmative defense of laches is therefore not available to BabyBus. Accordingly, Plaintiffs' motion to strike the affirmative defense of laches is **GRANTED**, and the laches defense is **DISMISSED** with prejudice.

B.   Motion to Strike the Affirmative Defense of Unclean Hands

The Ninth Circuit has endorsed the application of the doctrine of unclean hands as a defense to a copyright infringement claim. *See Supermarket of Homes, Inc. v. San Fernando Valley Bd. of Realtors*, 786 F.2d 1400, 1408 (9th Cir. 1986). Unclean hands "bars relief to a plaintiff who has violated conscience, good faith or other equitable principles in his prior conduct. [and] requires balancing the alleged wrongdoing of the plaintiff against that of the defendant. *Certified Nutraceuticals, Inc. v. Avicenna Nutraceutical, LLC*, 821 F. App'x 701, 703 (9th Cir. 2020) (internal citations omitted). In *Certified*, the Ninth Circuit clarified that injury to the defendant is not required in order to establish a defense of unclean hands. *Id.* Therefore, it is sufficient to demonstrate that "(1) the plaintiff's conduct is inequitable, and (2) the conduct relates to the subject matter of the plaintiff's claims. *Japan Telecom, Inc. v. Japan Telecom Am. Inc.*, 287 F.3d 866, 870 (9th Cir. 2002). Babybus appears to assert the unclean hands defense as to the copyright infringement cause of action in Moonbug's First Amended Complaint in addition to the copyright infringement and copyright misrepresentation causes of action in the Supplemental Complaint. This order disposes of this defense as to all three claims.

1.   Unclean Hands Defense to Copyright Infringement Claims

Babybus makes two allegations in support of Defendants' unclean hands defense. First, BabyBus accuses Moonbug of engaging in "a years-long campaign of sending erroneous, knowingly false, and/or misleading DMCA takedown notices targeting BabyBus' YouTube channels and hundreds of BabyBus videos." Answer, Docket No. 338 at 22:3-10. As an example, BabyBus alleges that Moonbug submitted seven takedown notices in relation to 24 videos in November 2021 where it knowingly falsely and/or misleadingly asserted that the grounds for the

1    takedown were infringement of Babybus' videos themselves, not any of Moonbug's videos,
2    characters, or other protectable elements.  This was supposedly done by attaching the link to the
3    Babybus-owned Super JoJo video to the DCMA notice.  In essence, Babybus contends that, read
4    literally, some of Moonbug's DCMA notices accused Babybus' videos of infringing themselves.
5    Second, Babybus contends that Moonbug is to blame for its filing of an inaccurate counter-notice
6    because Moonbug failed to alert Babybus to the fact that the video at issue in that particular
7    DMCA takedown request had been deemed to infringe by this Court's summary judgment order.

8           The Court need not reach the question of whether these actions satisfy the inequitable
9    conduct prong of the unclean hands analysis because they lack the necessary nexus to the merits of
10   this case to satisfy the second prong of the analysis.  *See King.com Ltd. V. 6 Waves, LLC*, No. C-
11   13-3977 MMC, 2014 WL 12704998, at *1 (N.D. Cal. July 11, 2014).  In *King.com*, defendants
12   alleged that: (1) elements of plaintiff's games are "commonplace," (2) plaintiffs' games were
13   "derived by plaintiff from existing games," and (3) plaintiff "has a history of doing exactly what it
14   now claims defendants have done." *Id.*  The district court found that the allegations were not
15   "directly related to the merits of the controversy between the parties[.]" *Id.* (quoting *Dream
16   Games of Arizona, Inc. v. PC Onsite*, 561 F.3d 983, 990 (9th Cir. 2009)).

17          In *Dream Games*, the Ninth Circuit stated in dicta that the unclean hands defense has been
18   recognized when plaintiff misused the process of the courts by falsifying a court order or evidence,
19   or by misrepresenting the scope of his copyright to the court and opposing party.  *Dream Games* at
20   991.  The Ninth Circuit held in *Dream Games* that the plaintiff operating its online gaming
21   company illegally did not give rise to an unclean hands defense as to a trademark claim because it
22   did not bear on the merits of the case between the parties.  *Id.* at 991-92.  Accordingly, there must
23   be a tight nexus between the allegedly inequitable conduct and the merits of the case before the
24   Court, which Babybus has not sufficiently alleged.  Even if Moonbug submitted misleading
25   DMCA takedown requests to YouTube, that does not directly bear on the merits of the copyright
26   infringement dispute before the Court.  The motion to strike the affirmative defense of unclean
27   hands as to the copyright infringement causes of action is **GRANTED**, and the unclean hands
28   defense is **DISMISSED** with prejudice.

2. <u>Unclean Hands Defense to Copyright Misrepresentation Claim</u>

The unclean hands analysis with respect to the copyright misrepresentation claim asserted in the Supplemental Complaint yields the same result. The alleged "campaign" of erroneous DMCA takedown notices does not include the takedown notice for the Portuguese "Yes Yes Playground" video at issue in the Supplemental Complaint. Therefore, this assertedly inequitable conduct does not relate to the Supplemental Complaint and is inapposite. As to Babybus' second allegation, the Court is not aware of any case, and Babybus has not cited one, where an unclean hands defense was based on the failure of a plaintiff to notify the defendant of the defendant's own infringement. Even if it did, the DMCA takedown request itself served to notify Babybus of the claim of infringement. Accordingly, Plaintiffs' motion to strike the affirmative defense of unclean hands as to the copyright misrepresentation cause of action is **GRANTED**, and the unclean hands defense is **DISMISSED** with prejudice.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to strike is **GRANTED**, and the affirmative defenses of laches and unclean hands are **DISMISSED**. The Court urges the parties to use their limited time wisely throughout the upcoming trial.

This order disposes of Docket No. 389.

**IT IS SO ORDERED**.

Dated: June 21, 2023

_____
EDWARD M. CHEN
United States District Judge