UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOONBUG ENTERTAINMENT LIMITED, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>BABYBUS (FUJIAN) NETWORK TECHNOLOGY CO., LTD, et al.,<br><br>    Defendants. | Case No. 21-cv-06536-EMC<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO COMPEL NAIYONG YAN'S ATTENDANCE AND TESTIMONY AT TRIAL**<br><br>Docket No. 416 |

On June 23, 2023, following representations by Defendants BabyBus Co., Ltd. and BabyBus (Fujian) Network Technology Co., Ltd. ("BabyBus Tech.") (collectively, "BabyBus") that they would call their witness Mr. Naiyong Yan as a live witness at trial, Babybus made ambiguous statements on whether they intended to do so. *Compare* Docket No. 237 at 4 (Babybus stating that Mr. Yan "will testify live at trial") *with* Docket No. 417-1 Exh. A (Declaration of Chieh Tung) (Babybus stating that Mr. Yan "may not be physically present for trial"). Plaintiffs Moonbug Entertainment Limited and Treasure Studio, Inc. (collectively, "Moonbug") filed an Administrative Motion to Compel Naiyong Yan's Attendance and Testimony. Docket No. 416. Moonbug argues that because Babybus has repeatedly represented that it would bring Mr. Yan to trial as a live witness and, given the importance of his credibility and testimony, Babybus should be ordered to procure Mr. Yan's attendance at trial. *Id.* At the Court's request, Babybus filed an opposition to the motion and Moonbug a reply. Docket Nos. 421, 427.

## I.     **DISCUSSION**

A.    Subpoena

Without a subpoena, the Court cannot compel Mr. Yan's attendance. No subpoena has been issued in this case. *See Hardisty v. Moore*, 2014 WL 4472718, at *1 (S.D. Cal. Sept. 10, 2014) ("The Court does not . . . have authority to compel the attendance of Defendants at trial absent service of trial subpoenas.").

This court cannot issue a subpoena over Mr. Yan because he is outside the jurisdiction of this Court. Under the Federal Rules of Civil Procedure Rule 45(c), a court "may command a person to attend a trial, hearing, or deposition only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. Proc. 45(c); *see also Ashton Woods Holdings L.L.C. v. USG Corp.*, No. 15-CV-01247-HSG, 2021 WL 8084334, at *1 (N.D. Cal. Apr. 5, 2021). As Babybus explained, Mr. Yan lives and works in China. This trial is held in San Francisco, California, which is not within 100 miles of where Mr. Yan resides, is employed, or regularly transacts business in person. Neither is this trial in the same state as where Mr. Yan resides, is employed, or regularly transacts business in person. Moonbug provides no factual rebuttal to the assertion that Mr. Yan "resides in China" and thus "outside the Court's subpoena power." Repl. at 2. And "Rule 45 contains no exception that would permit the Court to decree that out-of-state witnesses are within 100 miles of a trial in [San Francisco], California because streaming facilities exist in their states, and the fact that the witnesses at issue are beyond that radius and unwilling to travel voluntarily to this district to testify disposes of Plaintiffs' motion." *Ashton Woods*, at *1.

The fact that Mr. Yan is a corporate officer does not mean he can be subpoenaed to attend trial. The Rule 45 Amendments confirm the geographic limits of Rule 45, as explained above, apply regardless of a witness's status as an officer. *See* Fed. R. Civ. P. 45(c), Adv. Com. Notes to 2013 Am. ("These changes resolve a conflict that arose after the 1991 amendment about a court's authority to compel a party or party officer to travel long distances to testify at trial; such

1   testimony may now be required only as specified in new Rule 45(c)."); 9A Charles Alan Wright et
2   al., Fed. Prac. & Proc. Civ. § 2454 (3d ed.) ("The 2013 amendments make clear that all subpoenas
3   are subject to the geographical limitations of the new Rule 45(c).").

4       The fact that Mr. Yan is a 30(b)(6) designee does not alter the reach of the court's
5   subpoena power. *See Adde Issagholi v. McLaren Auto., Inc. et al*, 2021 WL 4352297, at *1 (C.D.
6   Cal. July 9, 2021) ("Dahlberg's previous status as the Rule 30(b)(6) witness does not render the
7   geographical limits of Rule 45(c) inapplicable to this trial subpoena.").

8   B.   Adverse Inference

9       However, if Mr. Yan does not appear at trial, the Court will give an adverse inference
10  instruction to the jury. A "missing witness instruction" permits the court to instruct the jury that
11  they may "draw an adverse inference from a party's failure to call a witness." *United States v.*
12  *Crawford*, 142 F. App'x 295, 296 (9th Cir. 2005); *United States v. Bramble*, 680 F.2d 590, 591
13  (9th Cir. 1982); *see also United States v. Ramirez*, 714 F.3d 1134, 1136 (9th Cir. 2013)
14  (describing, for instance, that a missing witness instruction could inform the jury that it could
15  "conclude that the government did not call [the missing witness] as a witness because his
16  testimony would have hurt the government case"). "A missing witness instruction is appropriate if
17  two requirements are met: (1) the party seeking the instruction must show that the witness is
18  peculiarly within the power of the other party and (2) under the circumstances, an inference of
19  unfavorable testimony against the non-moving party from an absent witness is a natural and
20  reasonable one." *Id.* at 1137 (cleaned up). Given that Babybus originally intended to call Mr. Yan
21  at trial, it is clear that Mr. Yan is peculiarly within the power of Babybus. Given Mr. Yan's
22  importance to the events and documents at issue in trial, it would be a natural and reasonable
23  inference to weigh his absence against Babybus' case if Babybus fails to call him live at trial.

24      In this case, Mr. Yan's testimony and credibility are central to this case. He is the co-
25  founder, managing agent, owner, Head of the Video Business Department, and 30(b)(6) designee
26  of Babybus and has personal knowledge as to the claims and issues here. *See, e.g.*, Docket No.
27  307-11 (DMCA counternotification signed by Mr. Yan, relevant to Moonbug's copyright
28  misrepresentation claim); Docket No. 194-15 (declaration by Mr. Yan containing an image of

Doudou, the authenticity of which the parties vigorously dispute); Docket No. 394 at 1 (the Court explaining that the "resolution of this issue [of the authenticity of the Doudou image] hinges upon the credibility of witnesses and factual evidence to be presented at trial"). Moreover, Mr. Yan is clearly available as a witness, evidenced by the fact that Babybus had originally intended to call him live at trial. *See* Docket No. 237 at 3 n.2 (Babybus stating that "BabyBus . . . has repeatedly stated that it intends to call *all* of the witnesses on its witness list, and it intends to call them live") (emphasis in original). Babybus has now chosen not to call Mr. Yan. Docket No. 421 at 5 (Babybus explaining that it "narrowed its list of 'must have' witnesses and provided Moonbug with an updated list 'in light of the Court's recent time restrictions and pretrial orders'"). Given Mr. Yan's high position in Babybus, his central role in the matters at trial, and the importance of his credibility to the case, an inference of unfavorable testimony from his absence is a "natural and reasonable one."

Thus, the Court warns Babybus that it intends to give an adverse inference instruction if Mr. Yan is not called. The jury will be instructed that it may conclude that Mr. Yan was accused of submitting fabricated evidence to the Court relating to Babybus' theory of independent development, that Babybus chose to not make Mr. Yan available at trial despite his availability, that Mr. Yan's testimony may have been inconsistent with Babybus' independent development theory, and that Mr. Yan's submission of false information in the DMCA counternotifications may have been made knowingly and in bad faith.

## II.  CONCLUSION

The Court thus **DENIES** Moonbug's Administrative Motion to Compel Naiyong Yan's Attendance and Testimony. Docket No. 416. However, if Mr. Yan does not appear at trial, an adverse inference will be given to the jury, as described above.

This order disposes of Docket No. 416.

**IT IS SO ORDERED**.

Dated: June 28, 2023

_____
EDWARD M. CHEN
United States District Judge

4