Julie E. Schwartz, Bar No. 260624
JSchwartz@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000

Michael C. Bleicher, Bar No. 313892
MBleicher@perkinscoie.com
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: +1.202.654.6200
Facsimile: +1.202.654.6211

Attorneys for Google LLC, d/b/a YouTube

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOONBUG ENTERTAINMENT LIMITED and TREASURE STUDIO, INC., <br><br> Plaintiff, <br><br> v. <br><br> BABYBUS CO., LTD and BABYBUS (FUJIAN) NETWORK TECHNOLOGY CO., LTD, <br><br> Defendant. | Case No. 3:21-cv-06536-EMC <br><br> **NON-PARTY GOOGLE LLC D/B/A YOUTUBE'S NOTICE OF MOTION AND MOTION TO QUASH OR MODIFY SUBPOENA** <br><br> Date: TBD <br> Time: TBD <br> Courtroom: 5, 17th Floor <br> Judge: Hon. Edward M. Chen |

# NOTICE OF MOTION AND MOTION TO QUASH OR MODIFY SUBPOENA

**PLEASE TAKE NOTICE** that on a date to be set by this Court (*see* Motion to Advance Hearing or Shorten Time, filed concurrently), in Courtroom 5, Seventeenth Floor, of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Non-Party Google LLC d/b/a YouTube ("YouTube") will, and hereby does, move to quash or modify the subpoena issued by Plaintiffs Moonbug Entertainment Limited and Treasure Studio, Inc., which seeks documents and testimony from YouTube regarding YouTube's policies and the YouTube accounts of the Defendants in this matter, BabyBus Co., Ltd. and BabyBus (Fujian) Network Technology Co., Ltd., in addition to testimony from a YouTube custodian to authenticate records that YouTube produced in connection with Plaintiffs' earlier subpoena for documents ("Subpoena").

YouTube brings this motion under Federal Rule of Civil Procedure 45(d)(3)(A)(iv), which requires the Court to quash or modify a subpoena that subjects its recipient to undue burden. This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, the Declaration of Michael C. Bleicher, all pleadings and papers on file in this action, and such other matters as the Court may consider.

YouTube respectfully requests that the Court grant its Motion and quash the Subpoena in its entirety, or modify the Subpoena, for three reasons. First, the Subpoena is unduly burdensome because it seeks documents and testimony that are publicly available and/or in the possession, custody, or control of the parties to this action. Second, it is unduly burdensome and unreasonably cumulative or duplicative for YouTube to provide testimony to authenticate records that may be authenticated by certificate under the Federal Rules of Evidence. Third, it is unduly burdensome for YouTube to provide against its will expert testimony about how YouTube works and what YouTube's records mean for Plaintiffs' case.

/ / /

/ / /

/ / /

| | | |
|---|---|---|
| Dated: June 30, 2023 | | **PERKINS COIE LLP** |
| | | By: */s/ Julie E. Schwartz* |
| | | Julie E. Schwartz, Bar No. 260624 |
| | | Michael C. Bleicher, Bar No. 313892 |
| | | Attorneys for Google LLC, d/b/a YouTube |

| | |
|---|---|
| 1 | **MEMORANDUM OF POINTS AND AUTHORITIES** |
| 2 | **I. INTRODUCTION** |

Non-party and movant Google LLC d/b/a YouTube ("YouTube") brings this Motion to Quash or Modify Plaintiffs Moonbug Entertainment Limited and Treasure Studio, Inc.'s ("Plaintiffs") subpoena dated June 13, 2023, for live testimony and documents for use in a California federal court civil proceeding ("Subpoena"). Specifically, Plaintiffs seek documents and testimony from YouTube regarding YouTube's policies and the YouTube accounts of the Defendants in this matter, BabyBus Co., Ltd. and BabyBus (Fujian) Network Technology Co., Ltd. ("Defendants"). Plaintiffs also seek testimony from a YouTube custodian to authenticate records that YouTube produced in connection with Plaintiffs earlier subpoena for documents dated November 10, 2021. *See* Declaration of Michael C. Bleicher ("Bleicher Decl."), Ex. A.[1]

The Subpoena is unduly burdensome to the extent it seeks (1) documents and testimony that are publicly available and/or in the possession, custody, or control of a party to the underlying action (Subpoena, Requests Nos. 1-4 & Topics No. 1-7), *see, e.g.*, *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("[t]here is simply no reason to burden nonparties when the documents sought are in possession of the party defendant"); (2) live testimony from non-party YouTube to authenticate records that may be authenticated by certificate under federal law (Subpoena, Topic No. 8), *see* Fed. R. Evid. 902(11) (permitting authentication by certification); *e.g.*, *Intermarine, LLC v. Spliethoff Bevrachtingskantoor, B.V.*, 123 F. Supp. 3d 1215, 1218 (N.D. Cal. 2015); and (3) testimony about how YouTube works and what YouTube's records may mean to Plaintiffs' case, which Plaintiffs must obtain through party witnesses or a hired technical expert (or in the case of publicly available information, the court may take judicial notice of same) (Subpoena, Topic Nos. 1-7), *see, e.g.*, *Intermarine*, 123 F. Supp. 3d at 1218–19 (quashing subpoena requesting information regarding how files are stored and maintained on Dropbox because such information is publicly available on its website and because

---

[1] All citations to "Subpoena" are to Ex. A to the Bleicher Declaration. Citations to "Requests" are to the document requests set forth in Attachment A to the Subpoena; citations to "Topics" are to the testimony topics set forth in Attachment B to the Subpoena.

--1--

a litigant "is not entitled to elicit expert testimony from [a service provider], particularly where it can retain its own expert witness to explain these issues[,]" and service providers "should not bear the burden of providing testimony in all cases in which [a user's documents] are at issue"); *Am. Marriage Ministries v. Google, LLC*, 2021 WL 1526757, at *2 (N.D. Cal. Apr. 12, 2021) (denying motion to compel testimony to explain or interpret Google Ads and Analytics data and to explain how Google Ads and Analytics work generally as unduly burdensome, where information was publicly available and movant could obtain expert testimony regarding same; observing that "[c]ourts routinely refuse to enforce deposition subpoenas to non-party service providers where the testimony sought would be duplicative of records that have already been produced, or when a party or public source can just as readily provide the same information"); *Audio MPEG, Inc. v. HP Inc.*, 2017 WL 950847, at *6 (N.D. Cal. Mar. 10, 2017) (quashing subpoena where information sought could be obtained from parties to the litigation).

First, forcing YouTube to produce documents and/or testimony, which Moonbug represented, and the Court found, are in BabyBus' possession—or, in the case of YouTube policies, are publicly available—would be unduly burdensome. *Compare* Order Granting (1) Plaintiff's Motion to File Supplemental Complaint, and (2) Plaintiff's Administrative Motion, ECF No. 306, at 2-3 ("The Court finds reasonable Moonbug's contention that the relevant documents (the takedown notice, the counter-notifications, the public reinstatement of the video, and the revenue data for the video) are in BabyBus' possession; BabyBus does not specify any particular documents that it needs but does not have."), *with* Subpoena, Request Nos. 1-4 & Topic Nos. 1-7. Second, YouTube already provided Rule 902(11) certificates ("Certificates") for the documents it produced, which explain in detail how the records were created and kept in the course of YouTube's regularly conducted business activities. Requiring YouTube to provide live testimony would not only be unnecessary and improper, but it would also be cumulative and unduly burdensome as a matter of law. And third, Plaintiffs may not force a YouTube custodian to provide expert testimony against its will, which would likewise be unduly burdensome.

Accordingly, YouTube respectfully requests that the Court quash the Subpoena in its entirety or, at a minimum, quash the Subpoena to the extent it seeks live testimony.

## II. STATEMENT OF FACTS

On about June 16, 2023, YouTube's counsel accepted email service of the Subpoena. *See* Bleicher Decl., Ex. A. The Subpoena seeks:

1. The applicable YouTube policy provisions leading to the removal of the Super JoJo channel located at http://youtube.com/channel/UCHN9P-CQVBQ1ba8o1NQJVCA on or about August 26, 2021.

2. Documents sufficient to show the number of views of the Super JoJo channel, located at http://youtube.com/channel/UCHN9P-CQVBQ1ba8o1NQJVCA, upon its reinstatement from October 2021 to the present.

3. Documents sufficient to show when the video located at https://www.youtube.com/watch?v=PJcG1HnTmcE was taken down following a DMCA notice and when reinstated following a DMCA counternotification.

4. Documents sufficient to show the number of views of the Super JoJo video, located at https://www.youtube.com/watch?v=PJcG1HnTmcE after its reinstatement by YouTube on or around April 3, 2023.

*Id*. It also seeks trial testimony from YouTube on July 5-12, 2023, regarding the following topics:

1. Generally, YouTube's business and platform, including how third parties like Defendant BabyBus monetize videos hosted on YouTube.

2. Generally, YouTube's hosting and distribution of videos, and specifically Super JoJo videos.

3. YouTube's copyright policies and procedures, including its repeat infringer policy and its application of the Digital Millennium Copyright Act, as published on https://www.youtube.com/howyoutubeworks/policies/copyright/, https://support.google.com/youtube/answer/2814000?hl=en, and https://support.google.com/youtube/answer/9142671?hl=en#zippy=%2Ccontent-managercopyright-strikes-policy.

4. YouTube's processing of the following copyright notices submitted by Moonbug:

   a. The July 29, 2021 takedown notice for https://www.youtube.com/watch?v=1fqW56HR4lI

   b. The July 30, 2021 takedown notice for https://www.youtube.com/watch?%20app=desktop&v=hqr46XZhtRg

   c. The July 30, 2021 takedown notice for https://www.youtube.com/watch?v=j4vgLR0gqNw

      d.      The July 30, 2021 takedown notice for
https://www.youtube.com/watch?v=aIyuh90XFSE

      e.      The August 2, 2021 takedown notice for
https://www.youtube.com/watch?v=yQWMdFXEzLQ.

5. Reasons why the Super JoJo channel located at http://youtube.com/channel/UCHN9P-CQVBQ1ba8o1NQJVCA was removed from YouTube on or around August 26, 2021, and the reasons why it was reinstated by YouTube on or around October 5, 2021.

6. Reasons why the Super JoJo video located at https://www.youtube.com/watch?v=PJcG1HnTmcE was removed from YouTube on or around March 20, 2023, the counter notifications received for this video, and the reasons why this video was reinstated by YouTube on or around April 3, 2023.

7. The number of daily views associated with the Super JoJo video located at https://www.youtube.com/watch?v=PJcG1HnTmcE, including but not limited to after it was reinstated by YouTube on or around April 3, 2023.

*See id.*, Ex. A.

On June 21, 2023, YouTube's and Plaintiffs' counsel met and conferred regarding YouTube's objections to the Subpoena. *See id.* ¶ 3. On June 26, 2023, YouTube timely objected, in relevant part, that the Subpoena seeks "documents or information that are in the possession, custody, or control of a party" or publicly available, and "testimony authenticating certain records, despite that . . . certifications have already been provided that authenticate these records." *Id.*, Ex. B. YouTube also objected that testimony "for record interpretation, opinion on what YouTube records may mean to [the] case, or testimony about how YouTube works . . . must be provided by party witnesses or a hired technical expert" and is thus improper and unduly burdensome. *Id.* YouTube's and Plaintiffs' counsel continued to exchange emails in an attempt to resolve YouTube's objections but were unable to do so. *See id.* ¶ 5. This Motion follows.

### III.    LEGAL STANDARD

Federal Rule of Civil Procedure 45(d)(3)(A) provides that a Court must quash or modify a subpoena if it "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iii), (iv). And "[t]he court may, for good cause, issue an order to protect a party or person from annoyance,

embarrassment, oppression, or undue burden or expense, including…forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A).

## IV.    ARGUMENT

### A. The Subpoena is unduly burdensome.

All discovery requests must be relevant to a claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). And non-parties such as YouTube are entitled to heightened protections from the burdens of discovery. *See, e.g.*, *Intermarine*, 123 F. Supp. 3d at 1218-19 ("the Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts"). In particular, courts prohibit burdening non-parties with discovery that can be obtained via party discovery. *See, e.g.*, *Audio MPEG*, 2017 WL 950847, at *6 (quashing subpoena where information could be obtained from parties); *Beaver Cty. Employees' Ret. Fund v. Tile Shop Holdings, Inc.*, No. 16-MC-80076-JSC, 2016 WL 7212308, at *4 (N.D. Cal. Dec. 13, 2016) (sanctioning defendants for issuing overbroad subpoena); *Nidec*, 249 F.R.D. at 577; *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) (quashing subpoena that imposed undue burden, in part because requests "all pertain to defendant, who is a party, and, thus, plaintiffs can more easily and inexpensively obtain the documents from defendant"); *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 410 (C.D. Cal. 2014) ("Courts are particularly reluctant to require a non-party to provide discovery that can be produced by a party. Accordingly, a court may prohibit a party from obtaining discovery from a non-party if that same information is available from another party to the litigation."). Similarly, "[c]ourts routinely refuse to enforce deposition subpoenas to nonparty service providers where the testimony sought would be duplicative of records that have already been produced, or when a party or public source can just as readily provide the same information." *Am. Marriage Ministries*, 2021 WL 1526757, at *2.

All of the information Plaintiffs seek from YouTube can be obtained by less burdensome methods than live testimony or documents from YouTube, and Plaintiffs must use those alternatives instead.

**1. It is unduly burdensome for YouTube to be forced to provide documents and testimony that are publicly available or in the possession or control of the parties.**

The Court should quash or modify the Subpoena as unduly burdensome because Plaintiffs seek documents and testimony that are publicly available, and/or in the possession, custody, or control of the parties to this action. *See* Fed. R. Civ. P. 45(d)(3)(A)(iv); Fed. R. Civ. P. 26(b)(2)(C)(i) ("[T]he court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if … the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."). Courts routinely quash subpoenas in such cases. *E.g.*, *Nidec*, 249 F.R.D. at 577 ("[t]here is simply no reason to burden nonparties when the documents sought are in possession of the party defendant"); *Moon*, 232 F.R.D. at 638; *Amini Innovation Corp.*, 300 F.R.D. at 410.

YouTube will be unduly burdened if it is required to provide the documents and testimony requested by Plaintiffs.[2] All of the documents and testimony requested are already available to Plaintiffs through less burdensome channels: YouTube's Digital Millennium Copyright Act ("DMCA") policies are publicly available, *see* Subpoena, Request No. 1,[3] and Plaintiffs' remaining requests are for documents or testimony regarding BabyBus' channel—documents that Plaintiffs previously represented to the Court are in BabyBus' possession (and thus, no further discovery was necessary). *See* ECF No. 306, at 2-4; Subpoena, Request Nos. 2-4. YouTube should not be subjected to the burden of searching for and producing these records — particularly on the expedited schedule contemplated by the Subpoena. Plaintiffs can likewise obtain its

---

[2] It is also unclear whether the Subpoena seeks information protected by the attorney-client privilege, work product immunity doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery. *See, e.g.*, Subpoena, Topic Nos. 3-6. To the extent that it does seek such information, it is improper for this additional reason.

[3] *See* https://www.youtube.com/howyoutubeworks/policies/copyright/#enforcing-copyright; https://support.google.com/youtube/answer/2814000?hl=en; https://support.google.com/youtube/answer/9142671?hl=en#zippy=%2Ccontent-managercopyright-strikes-policy; https://support.google.com/youtube/answer/12497556?hl=en#zippy=%2Chow-long-do-i-have-to-respond-to-a-counter-notification.

requested testimony—about YouTube's platform, its publicly posted policies, and Babybus' channel—from the parties in this action. *See* Subpoena, Topic Nos. 1-7.

Plaintiffs contend that testimony from YouTube is necessary to prove the "reliance" element of its copyright misrepresentation claim — specifically, to show that YouTube relied on BabyBus' allegedly false statements in BabyBus' counternotifications in reinstating certain videos — in particular, the video located at https://www.youtube.com/watch?v=PJcG1HnTmcE, referred to in Request Nos. 3-4 and Topic Nos. 6-7. But documents in Plaintiffs' possession show that YouTube emailed Plaintiff the same day that BabyBus filed its counternotification regarding this video (March 20, 2023) notifying Plaintiff of the counternotification and that Plaintiffs had "10 US business days to reply to th[e] counternotification." Bleicher Decl., Ex. C at 2. YouTube's email also informed Plaintiffs that, consistent with YouTube's publicly available policies:

> Your response must include evidence that you've taken legal action against the uploader to keep the content from being reinstated to YouTube. Usually, evidence would include a lawsuit against the uploader, which names the YouTube URL(s) at issue and seeks a court order to restrain the alleged infringement….After 10 US business days, if we don't get a response from you, the content at issue may be reinstated to YouTube.

Bleicher Decl., Ex. C at 2; *see* https://support.google.com/youtube/answer/12497556?hl=en#zippy=%2Chow-long-do-i-have-to-respond-to-a-counter-notification. Thus, to the extent this video was reinstated as Plaintiffs allege (ECF No. 307 ¶ 95), it was presumably because Plaintiffs failed to respond within 10 US business days with evidence of legal action taken (*i.e.*, YouTube simply followed its policies).[4]

**2. YouTube has already provided Certifications for the documents at issue and requiring testimony to authenticate the documents is unreasonably cumulative and duplicative.**

There is no need for YouTube to provide testimony regarding the records it produced. Subpoena, Topic No. 8. YouTube has already provided Certificates that comply with federal law. Nothing more is required and forcing YouTube to provide authentication testimony would be

---

[4] YouTube's counsel requested that Plaintiffs' counsel confirm whether Plaintiffs replied to YouTube's March 20, 2023 email within 10 US business days and if so, to provide a copy of any such response. As of the date of this filing, Plaintiffs' counsel has yet to respond or provide copies of any response.

unreasonably cumulative and duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i); *e.g.*, *Intermarine*, 123 F. Supp. 3d at 1218.

The Federal Rules of Evidence permit authentication of business records via several methods. *One* of those methods is live testimony, but another is "a certification of the custodian or another qualified person." Fed. R. Evid. 902(11); *see* Fed. R. Evid. 901(1) (permitting live testimony as one means of authenticating). Rule 902(11) establishes three requirements for authenticating business records via a certification: (1) the documents must meet the requirements for a record of a regularly conducted activity set forth in Federal Rule of Evidence 803(6)(A)-(C); (2) the certification must be made "the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court"; and (3) "[b]efore the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record — and must make the record and certification available for inspection — so that the party has a fair opportunity to challenge them." *Id*.

There is no dispute that the documents are records of a regularly conducted activity under Rule 803(6) or that the Certificates were made by a qualified YouTube custodian.[5] Further, YouTube provided the Certificates in March 2022, which gave Plaintiffs over a year to provide Defendants with the reasonable written notice required by the Rules. Bleicher Decl., Ex. B. YouTube therefore fully complied with federal law regarding the authentication of its business records, and the Certificates are sufficient as a matter of law to admit these business records without live witness testimony. Indeed, courts across the country routinely admit business records from service providers such as YouTube based only on a declaration, without live testimony. *See, e.g.*,

---

[5] Rule 803 permits admission of records of a regularly conducted activity, defined as "[a] record of an act, event, condition, opinion, or diagnosis," provided that the following criteria are met: "(A) the record was made at or near the time by--or from information transmitted by--someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the record was a regular practice of that activity; (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness." Fed. R. Evid. 803(6).

*United States v. Siders*, 712 F. App'x 601, 602 (9th Cir. 2017) (affirming trial court's decision to admit loan documents based on declaration of authenticity from custodian); *United States v. Hassan*, 742 F.3d 104, 133 (4th Cir. 2014) (affirming trial court's decision to admit copies of Facebook pages and YouTube videos based only on "certifications of records custodians of [Meta Platforms, Inc.] and Google, verifying that the Facebook pages and YouTube videos had been maintained as business records in the course of regularly conducted business activities"); *United States v. Yeley-Davis*, 632 F.3d 673, 677–81 (10th Cir. 2011) (affirming admission of phone records authenticated by a declaration from Verizon's records custodian).

Plaintiffs' mere preference to obtain this information via live testimony cannot overcome established protections against unduly burdensome non-party discovery. *See Intermarine*, 123 F. Supp. 3d at 1218 (quashing subpoena seeking authentication testimony as duplicative and unnecessarily burdensome because service provider had already provided Rule 902(11) certification). Because the information Plaintiffs seek is already in its possession, Plaintiffs are not entitled to live testimony.

### 3. Plaintiffs may not obtain expert testimony from YouTube.

Plaintiffs also may not deputize YouTube into providing expert testimony against its will. In federal court, "scientific, technical, or other specialized knowledge" that "will assist the trier of fact to understand the evidence or to determine a fact in issue" must be provided by "a witness qualified as an expert." Fed. R. Evid. 702(a).

Courts agree that it is improper and unduly burdensome to attempt to force a non-party like YouTube to provide expert testimony against its will. *See, e.g.*, *Intermarine*, 123 F. Supp. 3d at 1218-19 (quashing subpoena seeking information regarding how files are stored and maintained on Dropbox because such information is publicly available and a litigant "is not entitled to elicit expert testimony from [a service provider], particularly where it can retain its own expert witness to explain these issues"); *Am. Marriage Ministries*, 2021 WL 1526757, at *2 (denying motion to compel testimony to explain or interpret Google Ads and Analytics data and to explain how Google Ads and Analytics work generally, because information was publicly available and movant could obtain expert testimony regarding same, and observing that "[c]ourts routinely refuse to enforce

-9-

deposition subpoenas to nonparty service providers where the testimony sought would be duplicative of records that have already been produced, or when a party or public source can just as readily provide the same information"); *Mattel Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 814 (9th Cir. 2003) (affirming district court order quashing subpoena for improper expert testimony from non-party); *United States v. Cox*, No. 1:18-CR-83-HAB, 2020 WL 6382536, at *5 (N.D. Ind. Oct. 30, 2020) (rejecting argument that "only a [Meta] employee can explain to a jury how Facebook works" and finding "no reason why [a government agent] and the other investigators cannot provide the testimony the Government seeks"). Indeed, "just because a party wants to make a person work as an expert does not mean that, absent the consent of the person in question, the party generally can do so." *Young v. U.S.*, 181 F.R.D. 344, 346 (W.D. Tex. 1997) (litigant may not deputize non-party to work as an expert without non-party's consent).

Here, Plaintiffs' requested testimony encompasses interpretation of YouTube records, testimony about the records' connection to Plaintiffs' case, and testimony about how YouTube works (including how YouTube applies its publicly available policies). *See* Topic Nos. 1-7. These topics call for technical knowledge about how to interpret YouTube records, what the YouTube records mean to Plaintiffs' case, and how the parties in this case may have used YouTube. Plaintiffs may not force a YouTube custodian to serve as its expert witness against YouTube's will. *See, e.g.*, *Intermarine*, 123 F. Supp. 3d at 1218-19; *Am. Marriage Ministries*, 2021 WL 1526757, at *2. Rather, Plaintiffs must obtain the requested testimony from an expert witness. Finally, to the extent Topics Nos. 1-6 request fact testimony, any such testimony can and should be obtained from party witnesses, and the testimony requested in Topic Nos. 1-3 is publicly available on YouTube's website. *See, e.g.*, *Audio MPEG*, 2017 WL 950847, at *6 (N.D. Cal. Mar. 10, 2017) (quashing subpoena where information sought could be obtained from parties).[6]

## V. CONCLUSION

For these reasons, YouTube respectfully requests that the Court quash the Subpoena in its entirety; or, at a minimum, to the extent it seeks live testimony.

---

[6] *See supra* n.3; *see also* https://support.google.com/youtube/answer/72857?hl=en.

| | | |
|---|---|---|
| Dated: June 30, 2023 | | **PERKINS COIE LLP** |
| | | By: */s/ Julie E. Schwartz* |
| | | Julie E. Schwartz, Bar No. 260624 |
| | | Michael C. Bleicher, Bar No. 313892 |
| | | Attorneys for Google LLC, d/b/a YouTube |