UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOONBUG ENTERTAINMENT LIMITED, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>BABYBUS (FUJIAN) NETWORK TECHNOLOGY CO., LTD, et al.,<br><br>        Defendants. | Case No. 21-cv-06536-EMC<br><br>**ORDER CLARIFYING SCOPE OF § 512(F) CLAIM** |

On July 7, 2023, the parties raised a dispute as to the scope of Plaintiffs' § 512(f) claim. Before this trial began, the Plaintiffs had filed a Motion to File a Supplemental Complaint to add "a narrow and self-contained 512(f) claim to this case." Docket No. 271 at 2. In its motion, Plaintiffs explained that on March 9, 2023, Plaintiffs discovered that Defendants were still displaying and performing Defendants' concededly infringing "Yes Yes Playground" video on its Portuguese language channel on YouTube. Plaintiffs submitted a takedown notice to YouTube. Around this time, Defendants submitted counter-notifications about the hundreds of videos where it still disputed infringement, including a March 20, 2023 counter-notification to YouTube stating that the Portuguese "Yes Yes Playground" video was BabyBus' "original creation and does not infringe the copyrights of any third party." On April 3, 2023, YouTube then reinstated the concededly infringing video. Plaintiffs now allege that Defendants' misrepresentations in the March 20, 2023 counternotification induced YouTube to reinstate the video for public viewing under 17 U.S.C. § 512(f). The Court granted the motion to permit Plaintiffs to amend their complaint with the "narrow, self-contained issue" of copyright misrepresentation. Docket No. 306

1    at 2.  Plaintiffs filed an Amended Complaint with the new allegations.  Docket No. 307.

2    The parties dispute whether the Section 512 claim extends to counternotifications filed by
3    Babybus prior to the stipulation regarding the conceded infringements.  In response to this dispute,
4    the Court now clarifies that the amended complaint encompasses only Defendants' March 20,
5    2023 counternotification and no other counternotifications.  The Court's grant of the motion to
6    supplement was based on, in part, Plaintiffs' representation that the new facts supporting the claim
7    arose only in the preceding few weeks—that, essentially, the March 20, 2023 counternotification
8    catalyzed the § 512(f) claim.  *See, e.g.*, Docket No. 271 at 5 ("The facts at issue in the
9    supplementation *only arose in the last month*, and Moonbug is filing this motion mere days after
10   its claim became ripe.") (emphasis added); *id.* ("Defendants submitted their false counter
11   notification to YouTube *on March 20, 2023*, and YouTube just reinstated the video to the internet
12   for public viewing *on April 3, 2023*.  Thus, the final element in Moonbug's claim pursuant to 17
13   U.S.C. § 512(f) *only arose on April 3, 2023*.") (emphases added).  The basic facts supporting a §
14   512(f) claim that earlier counternotifications were intentionally false, if such were to be asserted,
15   were known to Plaintiffs *prior* to Defendants' admission; thus as to any such claim, there would
16   be a strong argument of an unjustified delay in amending the complaint.  *See Malem Med., Ltd. v.*
17   *Theos Med. Sys., Inc.*, No. C-13-5236 EMC, 2015 WL 270092, at *3 (N.D. Cal. Jan. 20, 2015)
18   (citations omitted) (considering "(1) bad faith, (2) undue delay, (3) prejudice to the opposing
19   party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint"
20   in analyzing whether to permit a supplemental complaint) (citing *In re W. States Wholesale Nat.*
21   *Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013)).  It was the recency of the new March 20,
22   2023 counternotification that gave this Court reason to grant the amendment.

23   That Plaintiffs reference plural "counternotifications" in its amended complaint (*e.g.*,
24   Docket No. 271 at 6) was vague and unspecific and thus failed to give sufficient notice to
25   Defendants and the Court that Plaintiffs intended to incorporate into its Section 512 claim, the
26   counternotifications sent before Defendants conceded the willful infringements.  Nor does the fact
27   that Plaintiffs frame the March 20, 2023 counternotification as an "example" without giving more
28   specific descriptions of other counternotifications.  *See, e.g.*, Docket No. 271-1 (Proposed

Amended Complaint) ¶ 93 ("*For example*, around March 20, 2023, Defendants sent a DMCA counter notification to YouTube regarding a video uploaded by Defendants at the URL https://www.youtube.com/watch?v=PJcG1HnTmcE.") (emphasis added).

Thus, because the amended complaint encompasses only Defendants' March 20, 2023 counternotification, the Court does not permit Plaintiffs to base its Section 512 claim on any other of Defendants' earlier counternotifications.

**IT IS SO ORDERED**.

Dated: July 10, 2023

_____
EDWARD M. CHEN
United States District Judge

3