United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MOONBUG ENTERTAINMENT
LIMITED, et al.,

          Plaintiffs,

    v.

BABYBUS (FUJIAN) NETWORK
TECHNOLOGY CO., LTD, et al.,

          Defendants.

Case No.  21-cv-06536-EMC

**FINAL JURY INSTRUCTIONS**

 

    The following constitute the Court's Final Jury Instructions.

    **IT IS SO ORDERED**.

Dated: July 22, 2023

_____
EDWARD M. CHEN
United States District Judge

# I.     FINAL INSTRUCTIONS

## JURY INSTRUCTION NO. 1

### BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all the evidence, regardless of which party presented it.

**JURY INSTRUCTION NO. 2**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits that are admitted into evidence;

(3) any facts to which the lawyers have agreed; and

(4) any facts that I have instructed you to accept as proved.

# JURY INSTRUCTION NO. 3

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**JURY INSTRUCTION NO. 4**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

# JURY INSTRUCTION NO. 5

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence corroborated or contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Your evaluation of witness testimony should not be influenced by any prejudice or bias,

United States District Court
Northern District of California

6

including unconscious bias.

# JURY INSTRUCTION NO. 6

## COPYRIGHT – DEFINED (17 U.S.C. § 106)

Copyright is the exclusive right to copy. This right to copy includes the exclusive rights to or authorize others to:

1. reproduce the copyrighted works;

2. recast, transform, or adapt the work, that is prepare derivative works based upon the copyrighted works, and to perform publicly derivative works based upon the copyrighted audiovisual works;

3. distribute copies of the copyrighted works to the public;

4. publicly perform copyrighted audiovisual works;

5. display publicly a copyrighted audiovisual or graphic work; and

6. perform a sound recording.

It is the owner of a copyright who may exercise these exclusive rights. The term "owner" includes the author of the work and the exclusive licensee of the work. In general, copyright law protects against reproduction, adaptation, public distribution, public performance, public display of identical or substantially similar copies of the owner's copyrighted work without the owner's permission. An owner may enforce these rights to exclude others in an action for copyright infringement.

**JURY INSTRUCTION NO. 7**

**COPYRIGHT — ELEMENTS — OWNERSHIP AND**

**COPYING (17 U.S.C. § 501(a)–(b))**

On the copyright infringement claim as to each copyrighted work, Plaintiffs first have the burden of proving by a preponderance of the evidence that:

1. Plaintiffs are the owners of a valid copyright; and

2. Defendants copied original expression from the copyrighted work. This includes two elements: "factual copying" and "unlawful appropriation." Factual copying is the fact of copying as the source for a defendant's work (as opposed to independent creation). Unlawful appropriation is the copying of elements that are protected, as I will further explain.

You are instructed that the Court has already determined that Plaintiffs own valid copyrights in the 42 CoComelon Works at issue for element (1) above.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 8**

**COPYRIGHT — SUBJECT MATTER — GENERALLY (17 U.S.C. § 102)**

Plaintiffs are the owners of valid copyrights in 42 CoComelon Works at issue in this case. The CoComelon Works involved in this trial are known as:

1. pictorial works or graphic works, such as two- and three-dimensional works of fine, graphic or applied art;

2. character works, such as characters in comic books, cartoons, movies, or television shows;

3. audiovisual works, such as cartoons or television shows in which a series of related images convey an impression of motion when shown in succession; and

4. sound recordings, which are works that result from fixation of a series of musical, spoken, or other sounds.

Copyright protection in a work extends not only to the work as a whole, but also to sufficiently distinctive elements contained within the work. Characters in comic books, television or motion pictures can be afforded copyright protection if the character satisfies a three-part test, which provides that the character: (1) must generally have physical as well as conceptual qualities; (2) must be sufficiently delineated to be recognizable as the same character whenever it appears by displaying consistent, identifiable character traits and attributes, although it need not have a consistent appearance; and (3) must be especially distinctive and contain some unique elements of expression.

You are instructed that the Court has determined that the character JJ, the main character of the CoComelon works, is a sufficiently distinctive character and is therefore afforded copyright protection.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 9**

**COPYRIGHT — SUBJECT MATTER — IDEAS AND**

**EXPRESSION (17 U.S.C. § 102(b))**

Copyright law allows the owner of an original work to stop others from copying the original expression in the author's work. Only the particular expression of an idea can be copyrighted and protected. Copyright law does not give the author the right to prevent others from copying or using the mere underlying ideas contained in the work, such as any procedures, processes, systems, methods of operation, concepts, principles, or discoveries.

**JURY INSTRUCTION NO. 10**

**COPYRIGHT — SUBJECT MATTER — PROTECTED AND UNPROTECTED**

**MATTER (17 U.S.C. § 102)**

One of the first issues you will determine is whether individual elements or combination of elements in Moonbug's works are protectable under copyright law.  Copyright protection does not necessarily extend to all the elements of a copyrighted work. Only the particular expression of an idea can be copyrighted and protected. Elements to which copyright protection extends are called "protected matter," and other elements are "unprotected matter." Unprotected matter is not entitled to copyright protection and may be copied by another. They include:

1. A portion of the work that is not original to the author;

2. A portion of the work that was in the public domain at the time of creation by the author;

3. An underlying idea, concept, objective fact, or actual event themselves, expressed or described in a work; and

4. Elements that are merely standard, stock, or common to a particular subject matter or medium.

You may find that aspects of Plaintiffs' copyrighted works are protected or not protected. You may also find that a particular selection and arrangement of otherwise unprotected elements is original enough to be protected if those elements are numerous enough and their selection and arrangement are original enough that their combination constitutes an original work of authorship. Mere trivial variations in compilation and arrangement or compilations and arrangements that are an age-old practice, firmly rooted in tradition, and so commonplace that it has come to be expected as a matter of course are not sufficiently original under copyright law to qualify for protection.

**JURY INSTRUCTION NO. 11**

**COPYRIGHT — OWNERSHIP OF VALID COPYRIGHT —**

**DEFINITION (17 U.S.C. §§ 201–205)**

You must first consider copyright ownership.  You are instructed that Plaintiffs are the owners of valid copyrights in 42 CoComelon Works at issue in this case.  The list of those Works will be given to you at trial.

# JURY INSTRUCTION NO. 12

## COPYRIGHT — ORIGINALITY

An original work may include or incorporate elements taken from prior works, works from the public domain, and works owned by others, with the owner's permission. The original parts of the plaintiff's work are the parts created:

    1. independently by the author, that is, the author did not copy it from another work; and

    2. by use of at least some minimal creativity.

In copyright law, the "original" elements of a work need not be new or novel. "Original," as the term is used in copyright, means only that the work was independently created by the author, as opposed to copied from other works, and that it possesses some minimal degree of creativity. A work may be original even though it closely resembles other works so long as the similarity is not the result of copying. A combination that includes unprotectable elements qualifies for copyright protection when the elements are numerous enough and their selection and arrangement are original enough that their combination constitutes an original work of authorship.

# JURY INSTRUCTION NO. 13

## COPYRIGHT — COPYING

As explained earlier, the Plaintiffs must provide evidence of copying by Defendants ("factual copying") for each copyrighted work. To prove factual copying, Plaintiffs may provide direct evidence of copying by Defendants.  The Plaintiffs may alternatively show that the Defendants copied original elements from the Plaintiffs' copyrighted works through circumstantial evidence – *i.e.*:

(1) that the Defendants had access to the Plaintiffs' copyrighted works, and

(2) that there are substantial similarities between the Defendants' works and original elements of the Plaintiffs' works.

Defendants do not dispute that they had access to the Plaintiffs' copyrighted works (element (1) above).

Such copying must be of more than a de minimis amount of the work—that is, not so meager and fragmentary that the average audience would not recognize the appropriation.

If you find that the Plaintiffs have failed to prove copying by Defendants either through direct evidence or circumstantial evidence, then your verdict should be for the Defendants on that work.

If you find by a preponderance of the evidence that Defendants copied any of Plaintiffs' copyrighted works, you must next determine whether Defendants "unlawfully appropriated" Plaintiffs' copyrighted works.

**JURY INSTRUCTION NO. 14**

**COPYRIGHT — UNLAWFUL APPROPRIATION —**

**EXTRINSIC TEST; INTRINSIC TEST**

Now I will explain what "unlawful appropriation" is.  To determine unlawful appropriation,  you must determine for each of the copyrighted works whether each of Defendants' videos share the necessary degree of similarity; the similarity test contains an extrinsic and intrinsic portion that the Court will explain in instructions momentarily.  To show unlawful appropriation, you must apply both of the two separate tests.

a.    Extrinsic Test

The first test is an "Extrinsic Test."  The "extrinsic test" is an objective comparison of specific expressive elements.  There are three steps within this test:

(1) In the first step of the Extrinsic Test, you must identify similarities between each disputed copyrighted work and the accused work(s).

(2) In the second step of the Extrinsic Test, you must filter out all the similarities you identified in Step (1) that are based on elements in Plaintiffs' copyrighted works which are not protected under copyright law.

Protected elements can include plot, themes, dialogue, mood, setting, pace, characters, sequence of events, and other expressive elements that are original to Plaintiffs.

Unprotected elements can include stock or standard concepts, characters, plot, themes, dialogue, mood, setting, pace, colors, animation style, sequence of events, music, and any other features that are commonly used or firmly rooted in the tradition of the genre to which the works belong, as well as other material that is part of the public domain or not original to the Plaintiffs.

A combination of elements that are individually unprotected can collectively be protected expression if those elements are numerous enough and their selection and arrangement original enough that the combination constitutes an original work of authorship. For example, a particular grouping or sequence in which an author

16

combines a significant number of unprotectable elements can itself be a protectable element and can help satisfy the extrinsic test.  Assessing the similarity between two works may require examining similarities between the protected combination of elements of the copyrights work and those of the accused works:  combinations may include characters, relationships between the major characters, animation styles, plot, pace, themes, dialogue, mood, setting, colors, costumes, and sequence of events.

(3) In the third step of the Extrinsic Test, once you filter out any similarities that arise from elements in Plaintiffs' works that are not protected in step (2), you must then determine whether the protected elements (or combination of elements) in the asserted copyrighted works of Plaintiff are substantially similar to any of the accused works of Defendant.

For each copyrighted work, if you find that Plaintiffs have failed to show sufficient similarity to satisfy the Extrinsic Test, then you do not need to consider the intrinsic test and your verdict should be for Defendants.  If you do find that Plaintiffs have shown sufficient similarity to satisfy the Extrinsic Test, then you go onto the Intrinsic Test.

b.    Intrinsic Test

The second test is a subjective one, called the Intrinsic Test.  The Intrinsic Test asks whether an ordinary, reasonable observer would find the "total concept and feel" of the works to be substantially similar to the asserted copyrighted works. Here, you should not take into account the testimony of the expert witnesses. You should not dissect isolated elements of each work to the exclusion of the other elements, combinations of elements, or expressions. Duplication or near identity is not necessary to satisfy the Intrinsic Test.

You must apply both tests. For each copyrighted work, if you determine that Plaintiffs have shown substantial similarity under both the Extrinsic Test and the Intrinsic Test, your verdict should be for the Plaintiffs as to that work.

**JURY INSTRUCTION NO. 17**

**MISREPRESENTATION — PRELIMINARY INSTRUCTION (17 U.S.C. § 512(f)) –**
**THE DMCA TAKEDOWN PROCESS**

The Digital Millennium Copyright Act (DMCA) provides a procedure to address copyright infringement on the internet. It allows copyright owners to request that online platforms remove content posted by others that the copyright owners alleged infringes their copyright. This request to an online platform is referred to as a DMCA takedown notice.

In response, the online platform may remove or disable the allegedly infringing material. The online platform may also notify the user who posted the allegedly infringing material.

In response to a takedown notice, the user who posted the allegedly infringing content has the option to submit a DMCA counter-notification to the online platform, which is sometimes also referred to as a counternotice. This is a statement by the user who posted the allegedly infringement material, signed under penalty of perjury, that the user has a good faith belief that the allegedly infringing material does not infringe the copyright.

The online platform may choose to restore the allegedly infringing material after receiving a DMCA counter-notification. A defendant may be liable for knowingly submitting a false DMCA counter-notification.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 18**

**MISREPRESENTATION — ELEMENTS**

Anyone who knowingly and materially misrepresents that copyright infringement did not occur in a DMCA counter-notification to an online platform is liable for misrepresentation.

On the Plaintiffs' misrepresentation claim, Plaintiffs have the burden of proving by a preponderance of the evidence that:

1. Defendants knowingly misrepresented that their material did not infringe Plaintiffs' copyrights in a DMCA counter-notification (that their material was removed or disabled as a result of mistake or misidentification of the material); and

2. Defendants' misrepresentation was material, *i.e.*, it affected the response of an online platform to a DMCA takedown notice.

If you find that the Plaintiffs have proven that the Defendants knowingly and materially misrepresented that they did not infringe Plaintiffs' copyright in a DMCA counter-notification (that their material was removed or disabled as a result of mistake or misidentification of the material), your verdict should be for the Plaintiffs. If, on the other hand, you find that the Plaintiffs have failed to prove that Defendants made a knowing and material misrepresentation, your verdict should be for the Defendants.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 19**

**MISREPRESENTATION — KNOWLEDGE OF MISREPRESENTATION**

Defendants "knowingly" misrepresented that their material did not infringe Plaintiffs' copyright if they represented that that material did not infringe Plaintiffs' copyright and if any of the following are true:

1. Defendants actually knew that the material infringed Plaintiffs' copyright, without subjective good faith belief that it was not making a misrepresentation;

2. Defendants should have known if they acted with reasonable care or diligence that the material infringed Plaintiffs' copyright; OR

3. Defendants would have had no substantial doubt had they been acting in good faith that the material infringed Plaintiffs' copyright.

# JURY INSTRUCTION NO. 20

## DAMAGES – PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiffs, you must determine the plaintiffs' damages. The plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiffs for any injury you find was caused by the defendants. You should consider the measure of damages stated in the next instruction.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**JURY INSTRUCTION NO. 21**

**COPYRIGHT — ACTUAL DAMAGES (17 U.S.C. § 504)**

If you find for Plaintiffs on Plaintiffs' copyright infringement claim, you must determine the Plaintiffs' damages.

The Plaintiffs are entitled to recover the actual damages suffered as a result of the infringement. While damages need not be exact, they cannot be too speculatively attributable to infringement. The Plaintiffs must prove damages caused by Defendants' infringement(s) by a preponderance of the evidence. You must calculate damages only for the copyrighted works found to be infringed.

**JURY INSTRUCTION NO. 22**

**COPYRIGHT — DAMAGES — ACTUAL DAMAGES**

The Plaintiffs are entitled to recover the actual damages suffered as a result of the infringement(s). Actual damages mean the amount of money adequate to compensate the Plaintiffs for the loss of profits caused by the infringement(s).

The Plaintiffs have the burden of proving the Plaintiffs' lost profits caused by Defendants' infringement(s) by a preponderance of the evidence.

United States District Court
Northern District of California

# JURY INSTRUCTION NO. 23

## COPYRIGHT — DAMAGES — DEFENDANTS' PROFITS

In addition to actual damages (profits lost by the Plaintiffs as a result of Defendants' infringement(s)), the copyright owner is entitled to any profits of the Defendants attributable to the acts of infringement which occurred on a U.S. platform. However, you may not include in an award of profits of the Defendants any amount you awarded in actual damages (profits lost by the Plaintiffs).

You may make an award of the Defendants' profits only if you find that the Plaintiffs showed a causal relationship between the infringement(s) and the Defendants' gross revenue. In addition, you must reduce the award of profits by any amount Defendants prove is attributable to factors other than the infringement(s).

The Defendants' profits are generally determined by deducting all expenses from the Defendants' gross revenue.

The Defendants' gross revenue is all of the Defendants' receipts from the videos containing or using the copyrighted works associated with the infringement(s). The Plaintiffs have the burden of proving the Defendants' gross revenue by a preponderance of the evidence.

Expenses are production costs incurred in producing the Defendants' gross revenue. The Defendants have the burden of proving the Defendants' expenses by a preponderance of the evidence.

Unless you find that a portion of the profit from the use of the videos containing or using the copyrighted work is attributable to factors other than use of the copyrighted works, all of the profit is to be attributed to the infringement(s). The Defendants have the burden of proving the portion of the profit, if any, attributable to factors other than copying the copyrighted work.

**JURY INSTRUCTION NO. 24**

**COPYRIGHT — DAMAGES — STATUTORY DAMAGES**

The Plaintiffs (at their election) may be awarded statutory damages. Under the Copyright Act, statutory damages are intended not only to compensate the Plaintiffs for their losses, which may be hard to prove, but also to penalize the infringer and deter future violations of the copyright laws.

The amount you may award as statutory damages is not less than $750, nor more than $30,000 for each work you conclude was infringed.  In determining the amount of statutory damages, you should be guided by what you believe is just in the particular case, considering the nature of the copyright and the circumstances of the infringement.

However, if you find the infringement was innocent, you may award as little as $200 for each work innocently infringed.  An infringement is considered innocent when a defendant has proved both of the following elements by a preponderance of the evidence:

1. the defendant was not aware that its acts constituted infringement of the copyright; and

2. the defendant had no reason to believe that its acts constituted an infringement of the copyright.

But if you find an infringement was willful, you may award as much as $150,000 for each work willfully infringed. Defendants conceded willful infringement of seven of Plaintiff's works by six of Defendants' videos.

**JURY INSTRUCTION NO. 25**

**COPYRIGHT — DAMAGES — WILLFUL**

**INFRINGEMENT (17 U.S.C. § 504(c)(2))**

An infringement is considered willful when the Plaintiffs have proved both of the following elements by a preponderance of the evidence:

    1. the Defendants engaged in acts that infringed the copyright; and

    2. the Defendants knew that those acts infringed the copyright, or the Defendants acted with reckless disregard for, or willful blindness to, the copyright holders' rights.

Continued use of a work even after a defendant has been notified of his or her alleged infringement does not constitute willfulness so long as the defendant believes reasonably, and in good faith, that it is not infringing. Deductions of some of Defendants' expenses may be denied where the Defendants' infringement is willful or deliberate.

You are instructed that the Defendants conceded willful infringement of seven of the CoComelon Works by six of Defendants' videos.  The specific works and videos are identified in a stipulation by the parties, which will be provided to you.  You should determine whether any infringement of the remaining CoComelon works was willful.

1

2

**JURY INSTRUCTION NO. 26**

**MISREPRESENTATION — DAMAGES**

3

4

If you find for Plaintiffs on Plaintiffs' misrepresentation claim, you must determine the Plaintiffs' damages.

5

6

7

8

9

The Plaintiffs are entitled to recover actual damages caused by the Defendants' misrepresentation, including costs and attorneys' fees incurred by Plaintiffs as a result of YouTube relying on Defendants' misrepresentations (*e.g.*, the cost of the takedown process, time and resources spent dealing with the takedown notifications).  The Plaintiffs must prove damages by a preponderance of the evidence.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## JURY INSTRUCTION NO. 27

### AFFIRMATIVE DEFENSES — DAMAGES — MITIGATION

With respect to actual damages, Plaintiffs have a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

Defendants have the burden of proving by a preponderance of the evidence:

1. that the plaintiff failed to use reasonable efforts to mitigate damages; and

2. the amount by which damages would have been mitigated.

**II.      CLOSING JURY INSTRUCTIONS (GIVEN AT THE END OF THE CASE)**

**JURY INSTRUCTION NO. 28**

**(COURT READS AND PROVIDES**

**WRITTEN INSTRUCTIONS AT END OF CASE)**

Members of the jury: Now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law.  Do not allow personal likes or dislikes, opinions, prejudices, sympathy, or bias, including unconscious biases, influence you.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions.  You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.  Do not be afraid to examine any assumptions you or other jurors have made which are not based on the evidence presented at trial.  You also heard foreign language testimony during this case.  However, you must keep in mind that some concepts do not translate smoothly between English and Chinese.  You must not make any assumptions about a witness, or a party based solely on the use of an interpreter to assist that witness or party or hold against a witness that the words selected to express an idea were unusual.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.

United States District Court
Northern District of California

# JURY INSTRUCTION NO. 29

## EVIDENCE IN ELECTRONIC FORMAT

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.  A computer, projector, printer, and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits.  You will also be provided with a paper list of all exhibits received in evidence.  You may request a paper copy of any exhibit received in evidence by sending a note through the [clerk] [bailiff].)  If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury.  Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with [the clerk] [the bailiff] present for the sole purpose of assuring that the only matter that is discussed is the technical problem.  When the court technician or any non-juror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of the equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case.  You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material.  Do not attempt to alter the computer to obtain access to such materials.  If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials.  Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

## JURY INSTRUCTION NO. 30

## DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases, to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.

Do not be afraid to examine any assumptions you or other jurors have made which are not based on the evidence presented at trial. Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be – that is entirely up to you.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

1
2

# JURY INSTRUCTION NO. 31

## CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY

3   Because you must base your verdict only on the evidence received in the case and on these

4   instructions, I remind you that you must not be exposed to any other information about the case or

5   to the issues it involves.  Except for discussing the case with your fellow jurors during your

6   deliberations:

7   Do not communicate with anyone in any way and do not let

8   anyone else communicate with you in any way about the merits of

9   the case or anything to do with it.  This includes discussing the case

10   in person, in writing, by phone or electronic means, via email, via

11   text messaging, or any internet chat room, blog, website or

12   application, including but not limited to Facebook, YouTube,

13   Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms

14   of social media.  This applies to communicating with your family

15   members, your employer, the media or press, and the people

16   involved in the trial.  If you are asked or approached in any way

17   about your jury service or anything about this case, you must

18   respond that you have been ordered not to discuss the matter and to

19   report the contact to the court.

20   Do not watch any of the parties' videos, including on

21   YouTube or television, whether or not they are at issue in this trial.

22   Do not read, watch, or listen to any news or media accounts or

23   commentary about the case or anything to do with it[, although I

24   have no information that there will be news reports about this case];

25   do not do any research, such as consulting dictionaries, searching

26   the Internet, or using other reference materials; and do not make any

27   investigation or in any other way try to learn about the case on your

28   own.  Do not visit or view any place discussed in this case, and do

United States District Court
Northern District of California

not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved – including the parties, the witnesses or the lawyers – until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 32**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

**JURY INSTRUCTION NO. 33**

**RETURN OF VERDICT**

A verdict form has been prepared for you.  [Explain verdict form as needed.]  After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the Courtroom Deputy that you are ready to return to the courtroom.