JENNIFER KELLY (CSB No. 193416)
jennifer@tyzlaw.com
RYAN TYZ (CSB No. 234895)
ryan@tyzlaw.com
ERIN JONES (CSB No. 252947)
ejones@tyzlaw.com
DEBORAH HEDLEY (CSB No. 276826)
deborah@tyzlaw.com
CIARA MCHALE (CSB No. 293308)
ciara@tyzlaw.com
SEAN APPLE (CSB No. 305692)
sapple@tyzlaw.com
CHIEH TUNG (CSB No. 318963)
chieh@tyzlaw.com
TYZ LAW GROUP PC
4 Embarcadero Center, 14th Floor
San Francisco, CA 94111
Telephone: 415.868.6900

Attorneys for Plaintiffs
Moonbug Entertainment Limited and
Treasure Studio, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

MOONBUG ENTERTAINMENT LIMITED and TREASURE STUDIO, INC.,

Plaintiffs,

v.

BABYBUS CO., LTD and BABYBUS (FUJIAN) NETWORK TECHNOLOGY CO., LTD,

Defendants.

Case No: 3:21-cv-06536-EMC

**PLAINTIFFS' RENEWED MOTION FOR SANCTIONS**

Date: October 5, 2023
Time: 1:30 pm
Judge: Hon. Edward M. Chen
Courtroom: 5, 17th Floor

Supp. FAC Filed: May 9, 2023

Answer Filed: May 23, 2023

# TABLE OF CONTENTS

Page

I. FACTUAL AND PROCEDURAL BACKGROUND ........ 3

A. The Pre-Litigation Letter ........ 3

B. Defendants Create the "2016 BabyBus' DouDou" Image in 2021 ........ 3

C. The "2016 BabyBus' DouDou" Image Did Not Exist in 2016 ........ 4

D. Defendants Repeatedly Submit and Rely on the Fabricated "2016 BabyBus' DouDou" Image ........ 4

E. Defendants Forced Moonbug to Repeatedly Ask the Court to Intervene to Get Discovery About DouDou ........ 7

F. Defendants Resist the Court-Ordered Custodial Depositions, Further Forcing Moonbug to Expend Time and Resources to Secure Them ........ 8

G. Moonbug's Sanctions Motion and Motion in Limine No. 5 ........ 8

H. Testimony and Evidence at Trial Confirms that Defendants Created "2016 BabyBus' DouDou" Image in 2021 ........ 9

II. ARGUMENT ........ 11

A. The Court Should Grant Terminating Sanctions ........ 11

i. Defendants Acted in Bad Faith in Altering the "2016 BabyBus' Doudou" Image in 2021 and Repeatedly Submitting It Under Oath with a False 2016 Date ........ 12

B. The Court Should Also Grant Monetary Sanctions ........ 15

III. CONCLUSION ........ 16

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Am. Rena Int'l Corp. v. Sis-Joyce Int'l Co.*, No. CV126972FMOJEMX, 2015 WL 12732433 (C.D. Cal. Dec. 14, 2015) .......... 14

*Anheuser–Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337 (9th Cir. 1995) .......... 11

*Combs v. Rockwell Int'l Corp.*, 927 F.2d 486 (9th Cir. 1991) .......... 12

*Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091 (9th Cir. 2007) .......... 12

*In re USA Com. Mortg. Co.*, 462 F. App'x 677 (9th Cir. 2011) .......... 15

*Keithley v. Homestore.com, Inc.*, No. C-03-04447 SI EDL, 2009 WL 816429 (N.D. Cal. Mar. 27, 2009) .......... 15

*Lee v. Trees, Inc.*, No. 3:15-CV-0165-AC, 2017 WL 5147146 (D. Or. Nov. 6, 2017) .......... 12

*Leon v. IDX Sys. Corp.*, 464 F.3d 951 (9th Cir. 2006) .......... 11, 15

*Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829 (9th Cir.) .......... 11

*Uribe v. McKesson*, No. 1:08-CV-01285-SMS PC, 2011 WL 3925077 (E.D. Cal. Sept. 7, 2011) .......... 13

*Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585 (9th Cir. 1983) .......... 11, 12

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on October 5, 2023, at 1:30 pm or as soon thereafter as counsel may be heard in the courtroom of the Honorable Edward M. Chen, Courtroom 5 on the 17th floor of the San Francisco Courthouse located at 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiffs Moonbug Entertainment Ltd. and Treasure Studio, Inc. ("Moonbug") will and hereby does renew its motion for sanctions, previously filed at Dkt. No. 382.

This Motion rests on the Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Ciara McHale and Exhibits thereto, other previously filed documents in this action (including Moonbug's previous Motion for Sanctions and supporting declarations at Dkt. Nos. 382–384), the Court's files, the trial record, the arguments of counsel, and any other matter that the Court may properly consider.

## ISSUES TO BE DECIDED

1. Whether the Court should sanction Defendants under its inherent authority for creating and manipulating an image in 2021 and repeatedly submitting it to the Court in sworn statements to support Defendants' independent development defense that falsely claimed that it was from 2016 and was the basis for their JoJo character.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Moonbug renews its motion for sanctions based on Defendants' creation and manipulation of an image of Defendants' DouDou character in 2021 and false representations that this image was from 2016 and was the basis for Defendant's JoJo character. Defendants received Moonbug's letter detailing its allegations of infringement in July 2021. Shortly after that, Defendants significantly altered an image of DouDou to give him new features that did not exist in 2016 and mapped to elements shared by CoComelon's JJ character and Defendants' JoJo character that Moonbug detailed in its letter. Defendants then repeatedly submitted this newly created image of DouDou to the Court in sworn declarations and verified discovery responses to argue that the specific features Defendants added to the newly created DouDou image in 2021 should be filtered out when comparing similarities between JJ and Defendants' JoJo character. In doing so, Defendants made two key factual representations to the Court: that the doctored image was from 2016 and that JoJo evolved from that image. As Defendants knew all along, neither of these statements were true. Yet Defendants continued to submit the image and false representations for nearly two years, only admitted that they created the image in 2021 in response to Moonbug's motion, and even then maintained that they did nothing wrong.

Defendants' deceit has forced Moonbug and this Court to expend unnecessary resources to investigate and, finally, uncover the truth. The Court denied Moonbug's prior motion for sanctions based on this misconduct *without* prejudice, holding that resolution of the motion hinged upon the credibility of witnesses and factual evidence to be presented at trial. The Court also warned Defendants that they had to show that the image of DouDou was "virtually identical" to the depiction of DouDou in the Barber video. Trial is now over, and the jury has returned its verdict for Moonbug, rejecting Defendants' independent development story. And the evidence at trial, taken with Defendants' lack of credibility, was clear: the 2021 DouDou image is nowhere near virtually identical to DouDou from the Barber video, and trial testimony only confirmed Defendants' fabrication. Defendants' bad faith conduct in manufacturing evidence and falsifying the date of that evidence in sworn declarations and discovery responses to bolster their defense goes far beyond the range of permissible litigation conduct and warrants sanctions.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. The Pre-Litigation Letter

On July 20, 2021, before filing this case, Moonbug sent a detailed letter to Defendants alleging infringement of CoComelon and including specific comparisons between Moonbug's copyrighted JJ character and Defendants' infringing JoJo character. *See* Dkt. No. 383-2; *see also* McHale Decl., Ex. 1 (Trial Ex. 1308). This letter detailed extensive visual similarities between JJ and the infringing JoJo, including that both had similar large, rounded heads, tufts of hair above the foreheads, thin rounded eyebrows, large eyes, and two upper front teeth. *See id.* at 2. The next day, after receiving Moonbug's letter, Super JoJo Planning Team Leader Xunjie Zhang sent an internal chat message stating: "What we need to prove now is that BB did it on their own first already and that JO was merely influenced by BB ~ Cocomelon was published later." McHale Decl., Ex. 2 (Trial Ex. 886); *see* Dkt. No. 383-7.

### B. Defendants Create the "2016 BabyBus' DouDou" Image in 2021

In the few weeks after receiving Moonbug's letter in 2021, Defendants then created images of DouDou that they used to apply for a copyright in China. Trial Transcript ("TT") Vol. 4 at 681:21–23. These images included the "2016 BabyBus' DouDou" image at issue here:

**2016 BabyBus' DouDou**

Dkt. No. 24, App'x 1 (Decl. of Sam Stake in Support of Defs. Mot. for TRO) (caption in original).

He Shaojie, the head of BabyBus' business divisions for 2D productions, testified at deposition that he [REDACTED] McHale Decl., Ex. 7 ("He Tr.") at 33:25–34:16. [REDACTED] He Tr. at 36:6–40:18, 42:21–43:10, 47:9–19, 49:1–13, 51:25–52:14. Mr. He stated that he [REDACTED] *Id.* at 49:22–24, 50:2–8, 50:22–24, 51:1–3, 111:19–25. Mr. He also testified that [REDACTED] *Id.* at 104:22–105:10. Defendants never produced Mr. He's files.

### C. The "2016 BabyBus' DouDou" Image Did Not Exist in 2016

The "2016 BabyBus' DouDou" image did not exist in 2016 and did not come from the 2016 Barber video. Rather, Defendants created the "2016 BabyBus' DouDou" image in 2021. *See* TT Vol. 4 at 681:21–23. The "2016 BabyBus' DouDou" image reflects modifications to the teeth, mouth, and hair compared to any image of DouDou from the Barber video. Dkt. No. 385-11 ¶ 11. Mr. Krause reviewed every asset in the Flash file for the Barber video and concluded that it would not have been possible to generate the "2016 BabyBus' DouDou" image from the Barber video without both modifying elements and creating other elements from scratch. *Id.*

### D. Defendants Repeatedly Submit and Rely on the Fabricated "2016 BabyBus' DouDou" Image

With the manufactured "2016 BabyBus' DouDou" image in hand, Defendants then made DouDou the centerpiece of their defense against Moonbug's claims of copyright infringement, claiming they independently developed JoJo based on that DouDou image, not Moonbug's JJ.

First, Defendants registered the image with the Chinese copyright office. According to the Chinese copyright registration submitted by Defendants, they registered a copyright titled "Barber – DouDou (2D)" in China on August 12, 2021. Dkt. No. 23-1; Dkt. No. 383-14 (English translation). That registration included the "2016 BabyBus' DouDou" image and claimed that

the work was completed in 2015 and first published in 2016. *Id.*

At roughly the same time, Defendants first presented their DouDou independent development story in [REDACTED] *See* Dkt. No. 383-3. In that counter notification, Defendants asserted that [REDACTED] Dkt. No. 383-3.

As summarized here and explained in more detail below, Defendants then heavily used and relied on the "2016 BabyBus' DouDou" image throughout this litigation, which they repeatedly asserted was from 2016 and thus predated CoComelon's JJ. Below is an overview of Defendants submission of the "2016 BabyBus' DouDou" image throughout this litigation:

| **Dkt. No.** | **Date** | **Description** | **"2016 BabyBus' DouDou" Image** |
|---|---|---|---|
| 20 | 9/28/2021 | Answer and Counterclaims | Counterclaims ¶¶ 10, 14 |
| 20-1 | 9/28/2021 | Answer and Counterclaims, Ex. A | Page 2 |
| 22 | 9/28/2021 | Motion for TRO | Pages 3, 4 |
| 23 | 9/28/2021 | Yan Decl. ISO Motion for TRO | ¶¶ 4, 5 |
| 23-1 | 9/28/2021 | Yan Decl. ISO Mot. for TRO, Ex. A | Page 2 |
| 24 | 9/28/2021 | Stake Decl. ISO Mot. for TRO | Appendix 1 |
| 36 | 11/9/2021 | Am. Answer and Counterclaims | Counterclaims ¶¶ 12, 16 |
| 43 | 12/8/2021 | Opp. to Motion to Dismiss | Pages 3, 4 |
| 194-9 | 1/4/2023 | Chen Decl. ISO Opp. to MSJ | ¶ 7 |
| 194-15 | 1/4/2023 | Yan Decl. ISO Opp. to MSJ | ¶ 3 |

Defendants also submitted the "2016 BabyBus' DouDou" image in an interrogatory response to Moonbug. McHale Decl., Ex. 5 (Defendants' interrogatory response) at 7–8; *see* McHale Decl., Ex. 3 (Trial Ex. 991, which is excerpted version of this response with the "2016 BabyBus' DouDou" image).

Defendants then asserted their independent development story in their Answer and Counterclaims and Motion for a Temporary Restraining Order, filed on September 28, 2021, where Defendants claimed that "[t]he origin of JoJo began in 2016" and that DouDou was "JoJo Version 1.0." Dkt. No. 20 (counterclaims) ¶ 10; Dkt. No. 22 (Mot. for TRO) at 3; *see* Dkt. No. 24, App'x 1; Dkt. No. 23 ¶ 4. Defendants explained that "2-D Doudou's Evolution Into 3-D JoJo" was a natural consequence of the market trend from 2D to 3D animation. Dkt. No. 22 at 4. Defendants included the "2016 BabyBus' DouDou" image in these filings. *See* Dkt. No. 20

(counterclaims) ¶¶ 10, 14, Dkt. No. 20-1 at 2, Dkt. No. 22 at 3, 4; Dkt. No. 23 ¶¶ 4, 5; Dkt. No. 23-1 at 3; Dkt. No. 24, App'x 1. A declaration from Defendants' counsel, an attorney at Quinn Emanuel Urquhart & Sullivan LLP, attached the "2016 BabyBus' DouDou" image, labeled it as "2016 BabyBus' DouDou," and asserted purported similar elements between that image of DouDou and the JJ and JoJo characters at issue in this case . *See* Dkt. No. 24, App'x 1.

On November 9, 2021, in response to Moonbug's anti-SLAPP motion, Defendants filed their Amended Answer and Counterclaims, which contained many of the same DouDou-related statements as the previous answer and again included the "2016 BabyBus' DouDou" image. *See* Dkt. No. 36 (counterclaims) ¶¶ 12, 16. Defendants added allegations to their amended counterclaims, including describing that "the development of its JoJo character as it evolved from the 2016 2D-model of DouDou into the later 3D-model of JoJo" and emphasizing that Moonbug's JJ character had a "creation date *after* Doudou's publication." Dkt. No. 36 (counterclaims) ¶¶ 25–26 (emphasis in original). Defendants also added allegations that they "first created the DouDou character in or around 2016, which was the basis for the 3-D Model that became JoJo in 2019" to support their affirmative defenses of failure to mitigate damages and laches. *Id.* (affirmative defenses) ¶¶ 2, 5.

On December 8, 2021, Defendants used again used the "2016 BabyBus' DouDou" image in opposition to Moonbug's motion to dismiss their counterclaims. *See* Dkt. No. 43 at 3–5. There, Defendants claimed that "BabyBus began developing its titular JoJo character ***before*** Moonbug was even founded" and that "[t]he earliest version of JoJo dates to 2016," followed by the "2016 BabyBus' DouDou" image. *Id.* at 3 (emphasis in original).

On June 10, 2022, Defendants responded to Moonbug's Interrogatory No. 10 by including the "2016 BabyBus' DouDou" image—with that exact caption—and stating that "the 3D-model of JoJo evolved from BabyBus' own 2D-model of a baby boy DouDou created in 2016—before Moonbug's works—which shares the same features Moonbug now claims to be 'infringing.'" McHale Decl., Ex. 5 at 7–8. The response was signed by Defendants' attorney at Quinn Emanuel Urquhart & Sullivan LLP, *id.* at 10, and verified under penalty of perjury by BabyBus co-founder Naiyong Yan. McHale Decl., Ex. 6. In Mr. Yan's verification, he stated that the response was

based on his "diligent and reasonable effort to obtain information" and that he reserved the right to make changes or supplement the responses "if it appears at any time that errors or omissions have been made or if most accurate or complete information becomes available." *Id.* Defendants never withdrew or corrected this interrogatory response.

Defendants again submitted and relied on the "2016 BabyBus' DouDou" image on January 4, 2023 to oppose Moonbug's Motion for Summary Judgment. This time, Defendants submitted two sworn witness declarations in support of that opposition containing the 2016 BabyBus' DouDou" image. *See* Dkt. No. 194-9 (Chen Decl.) ¶ 7, Dkt. No. 194-15 (Yan Decl.) ¶ 3. Defendants again cited to these declarations and the "2016 BabyBus' DouDou" image to argue in their opposition that JoJo was "initially based on Doudou." *See* Dkt. No. 194 at 5; *see also id.* at 1–2, 14. Mr. Chen had previously testified at deposition that he used the "2016 BabyBus' DouDou" image as the reference to finalize the design of Defendants' Super JoJo character. McHale Decl., Ex. 8 (May 12, 2023 Chen Tr.) at 19:15–17, 19:19–20; *see* Dkt. No. 194-9 ¶ 7. But we now know that image did not exist at that time, and was created years later in 2021.

**E. Defendants Forced Moonbug to Repeatedly Ask the Court to Intervene to Get Discovery About DouDou**

Throughout this case, Moonbug has sought discovery on Defendants' DouDou character, including the "2016 BabyBus' DouDou" image that Defendants repeatedly relied on.

On June 7, 2022, the parties stipulated that Defendants would produce all development documents, including drawings, for each accused Super JoJo video by June 30, 2022. Dkt. No. 103. When Defendants failed to do so, Judge Westmore issued an order finding that Defendants violated the stipulation and that their overly narrow definition of development documents did "not appear to be in good faith." Dkt. 114 at 2. She imposed a September 28, 2022 deadline for Defendants to produce all development documents, including all original and re-used drawings. *Id.* Yet Defendants waited until the last hour of fact discovery and after all depositions had been completed to produce any DouDou-related files. *See* Dkt. No. 142 at 2.

On October 27, 2022, Moonbug raised Defendants untimely production of images of its

DouDou character in a joint discovery letter. *See* Dkt. No. 142. In her Order on this discovery letter, Judge Westmore explained that she tended "to disagree with Defendants regarding the sufficiency of the prior disclosure," but that the decision to exclude the evidence would be more appropriately resolved by the presiding judge on a pretrial motion. Dkt. No. 144.

On January 20, 2023, Moonbug submitted a request in a joint letter to the Court regarding Defendants' late production of the DouDou documents. *See* Dkt. No. 211. On March 7, 2023, the Court ruled on Moonbug's request in its order granting partial summary judgment for Moonbug and ordered Defendants to make relevant custodians available for depositions regarding DouDou videos and images at issue by March 31, 2023. Dkt. No. 242 at 4 n.3.

**F. Defendants Resist the Court-Ordered Custodial Depositions, Further Forcing Moonbug to Expend Time and Resources to Secure Them**

On March 7, 2023, the day that the Court ordered Defendants to make custodians of the DouDou materials available, Moonbug requested that Defendants' counsel provide missing custodian metadata for Defendants' late-produced DouDou images and videos in preparation for the court-ordered custodial depositions. Dkt. No. 262 ¶ 3. The parties met and conferred by email throughout March and by videoconference on March 16, 2023. Dkt. No. 262 ¶¶ 2–16; Dkt. Nos. 261-1 and 261-2. Defendants, however, refused to provide custodial information or make anyone available for deposition by the Court-ordered deadline. Dkt. No. 262 ¶ 17.

On April 3, 2023, Moonbug filed an emergency motion regarding Defendants' failure to identify and produce custodians of the DouDou materials for deposition. *See* Dkt. No. 261. The Court's order on this motion held that "this process should not be dragged on; BabyBus has already run afoul of the Court's deadline of March 31, 2023" and ordered that Defendants must disclose and produce custodians for all DouDou materials by April 13, 2023 or that such materials would be excluded at trial. Dkt. No. 268.

**G. Moonbug's Sanctions Motion and Motion in Limine No. 5**

On May 23, 2023, Moonbug filed a motion in limine concerning use of DouDou to support Defendants' independent development story. Dkt. No. 350 (Mot. in Limine No. 5). On May 28, 2023, Defendants opposed Moonbug's motion in limine. Dkt. No. 375. Defendants for the first

time admitted that the "2016 BabyBus' DouDou" image was created in 2021 in that opposition. *Id.* at 6. Yet Defendants did not explain why they modified the image or why they represented that it was from 2016. Defendants also argued that their submission of the altered image with a false date was not sanctionable because the image was "virtually indistinguishable from the images of Doudou in the Barber video." *Id.* at 1. In the Court's Order on Moonbug's motion, it warned Defendants that they "must prove that the Doudou in the still image in the declaration is virtually identical to the Doudou in the original video." Dkt. No. 413 at 15.

On June 2, 2023, Moonbug moved for sanctions against Defendants. Dkt. No. 383. The Court denied Moonbug's Motion for Sanctions without prejudice, reserving judgment until the conclusion of the trial because the issue hinged "upon the credibility of witnesses and factual evidence to be presented at trial." Dkt. No. 394.

**H. Testimony and Evidence at Trial Confirms that Defendants Created "2016 BabyBus' DouDou" Image in 2021**

The evidence at trial was clear: Defendants manufactured the "2016 BabyBus' DouDou Image" in 2021, after receiving notice of Moonbug's copyright infringement claim. At trial, Mr. Yan testified that "JoJo did not evolve directly from DouDou." TT Vol. 4 at 674:20–24. This testimony came after Mr. Yan was shown Defendants' interrogatory response that he verified that falsely stated the opposite: that JoJo *did* evolve from DouDou. The sworn response also embedded the "2016 BabyBus' DouDou Image" and claimed that the image was created before Moonbug's works in 2016 and shared the same features Moonbug claims to be infringing:

> In fact, the 3D-model of JoJo evolved from BabyBus' own 2D-model of a baby boy DouDou created in 2016—before Moonbug's works—which shares the same features Moonbug now claims to be "infringing":
>
> 

McHale Decl., Ex. 3 (Trial Ex. 991); *see id.*, Ex. 5 at 8; TT Vol. 4 at 672:6–16, 673:7–13. When

asked whether the "2016 BabyBus' DouDou" image existed prior to 2021, Mr. Yan answered that the "character existed already in 2016" and that Defendants "possibly" created the image in 2021. TT Vol. 4 at 675:4–11.  When pressed again, Mr. Yan stated that "[t]he character of DouDou already existed in 2015 and 2016, and this image was simply there to indicate the DouDou character.  I'm not really sure what you're trying to ask." *Id.* at 675:15–21.  The Court intervened and instructed Mr. Yan to state whether the specific image was created in 2021, after which Mr. Yan testified that the "particular image, perhaps, was prepared in 2021." *Id.* at 675:22–676:4. Mr. Yan ultimately testified that the "2016 BabyBus' DouDou" image was created after Defendants received Moonbug's letter in July 2021. *Id.* at 681:21–23.

Mr. Chen, the leader of Defendants' 3D drawing department, also testified about DouDou at trial.  At first, Mr. Chen testified that the "2016 BabyBus' DouDou" image was the same as an image of DouDou from the Barber video.  TT Vol. 8 at 1353:1–6.  However, Mr. Chen later admitted that he had no idea where the "2016 BabyBus' DouDou" image came from.  *Id.* at 1355:6–9.  He later confirmed that the "2016 BabyBus' DouDou" image and the image of DouDou from the Barber video "look different" after the Court instructed Mr. Chen to "answer the question 'yes' or 'no' rather than an explanation." *Id.* at 1356:16–21.  Further, Mr. Chen testified that Defendants did not use the version of JoJo that he allegedly created based on DouDou, as seen in one of Defendants' development documents showing Mr. Chen's model crossed out and replaced by a model of JoJo created by a different team:



*See id.* at 1376:24–1377:8; McHale Decl., Ex. 4 (Trial Ex. 979).

Mr. Krause also testified at trial about the fabricated "2016 BabyBus' DouDou" image. Mr. Krause explained that he reviewed the original animation files for the Barber video Flash file, which consisted of around 1,800 elements. TT Vol. 5 at 833:9–834:12. Mr. Krause compared all of these elements of the Barber video with the "2016 BabyBus' DouDou" image "several times" and did not find any image of DouDou in the Barber video that had the same characteristics as the "2016 BabyBus' DouDou" image. *Id.* at 839:8–15. It was Mr. Krause's opinion as an animator that the only way for Defendants to have created the "2016 BabyBus' DouDou" image from the Barber video would have been to "rescale the head wider, redraw the mouth, redraw the teeth, and rearrange the features on the face." *Id.* at 833:9–834:12. Defendants made no effort to rebut Mr. Krause's testimony.

## II. <u>ARGUMENT</u>

### A. The Court Should Grant Terminating Sanctions

Moonbug requests that the Court grant terminating sanctions against Defendants as an alternative ground to uphold the jury verdict for Moonbug. Defendants' willful fraud on the Court and disregard for the integrity of the judicial system warrants terminating sanctions. The Court can issue terminating sanctions under its "inherent power to control [its] docket . . .", including the power to "dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." *Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir.), *cert. denied* 479 U.S. 829 (1986); *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983) (citations omitted). "[W]illfulness, fault or bad faith" is required to issue terminating sanctions. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006) (citing *Anheuser–Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995)).

In deciding whether to impose terminating sanctions, the court considers the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *See Leon*, 464 F.3d at 958 (citing *Anheuser–Busch*, 69 F.3d at 348). This "'test' is not

mechanical" but rather presents a framework for the judge on how to evaluate a request for terminating sanctions, not a list of conditions precedent to issue such a sanction. *See Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) . To satisfy due process there must be a "relationship between the sanctioned party's misconduct and the matters in controversy such that the transgression 'threaten[s] to interfere with the rightful decision of the case.'" *Lee v. Trees, Inc.*, No. 3:15-CV-0165-AC, 2017 WL 5147146, at *4 (D. Or. Nov. 6, 2017) (citing *Wyle*, 709 F. 2d at 591). As discussed in Moonbug's original motion for sanctions, Dkt. No. 382, and summarized below, this is such a case.

        i.      <u>Defendants Acted in Bad Faith in Altering the "2016 BabyBus' Doudou" Image in 2021 and Repeatedly Submitting It Under Oath with a False 2016 Date</u>

After nearly two years of repeatedly submitting the "2016 BabyBus' Doudou" image to the Court and stating under oath that it was from 2016, Defendants admit that they created the image 2021. *See* Dkt. No. 375 ("The embedded picture and the image of Doudou in the copyright were the same and both were from 2021."); TT Vol. 4 at 681:21–23. The only way for Defendants to have created this image was to intentionally manipulate it. *See* Dkt. No. 384 ¶¶ 7, 11 (the image "appears to have been constructed by re-combining, editing, and modifying various visual elements used in the Barber video"); TT Vol. 5 at 833:9–834:12 (Defendants would have had to "rescale the head wider, redraw the mouth, redraw the teeth, and rearrange the features on the face"). Defendants have never explained why they significantly modified DouDou's appearance when they created the "2016 BabyBus' Doudou" image in 2021 or why they claimed repeatedly the image was from 2016. The submission of fabricated evidence and falsehoods about that evidence warrants terminating sanctions. *See, e.g.*, *Connecticut Gen.*, 482 F.3d at 1094 (affirming terminating sanctions because defendant "knowingly deceived the court and acted in bad faith" by submitting "perjured declarations, fabricated evidence and frivolous pleadings."); *Combs v. Rockwell Int'l Corp.*, 927 F.2d 486, 488 (9th Cir. 1991) (affirming dismissal based on finding of bad faith where plaintiff "attempted to deceive the district court" by changing deposition evidence going to material "issues of central importance in the upcoming summary judgment hearing."); *Uribe v. McKesson*, No. 1:08-CV-01285-SMS PC, 2011 WL 3925077, at *5 (E.D. Cal. Sept. 7,

2011) (granting terminating sanctions based on one false declaration).

Defendants have suggested their submission of the "2016 BabyBus' Doudou" image is defensible because it is "virtually indistinguishable from the images of Doudou in the Barber video" and that it depicts the same DouDou character. *See* Dkt. No. 375 at 1; TT Vol. 4 at 675:15–21. The Court should reject this excuse. First, despite the Court's warning that Defendants "must prove that the Doudou in the still image in the declaration is virtually identical to the Doudou in the original video" at trial, Dkt. No. 413 at 15, Defendants made no attempt to do so. Second, Moonbug presented ample evidence at trial and in its original sanctions motion showing that the differences between the "2016 BabyBus' DouDou" image and DouDou from the Barber video are significant. Defendants rescaled the head, used a different shape for the mouth, drew a line to create two distinct upper-front teeth, used thinner eyebrows, and rearranged the features on the face. *See* Dkt. No. 384 ¶ 7; TT Vol. 5 at 833:9–834:12; *see also* TT Vol. 8 at 1356:16–21 (leader of Defendants' 3D drawing department admits that the images "look different"); Dkt. No. 375 at 7 (Defendants admit that DouDou's "two front teeth had no line"). Defendants did not just make minor or random alterations to the image—Defendants manipulated the DouDou image to map expressive elements to those that were central to this case and identified as similarities between JJ and JoJo in Moonbug's prelitigation letter. Dkt. No. 383-2 (Moonbug's prelitigation letter comparing physical features of JJ and JoJo that Defendants then altered in the DouDou image). Defendants clearly believed those elements were significant when they compared them to JJ and JoJo to support their independent development story. *See, e.g.*, McHale Decl., Ex. 5 at 7–8 (Defendants asserting that the DouDou image was from 2016, pointing to the head and smile of the altered DouDou image, and stating that DouDou "shares the same features Moonbug now claims to be 'infringing.'"). And Defendants used this image to seek substantial and material relief, including using it to (1) apply for a restraining order that would have stripped Moonbug of its rights to submit DMCA notices (Dkt. No. 22), (2) support their SLAPP counterclaims for copyright misrepresentation (Dkt. No. 20 (counterclaims) ¶¶ 10–14, Dkt. No. 20-1), and (3) assert an independent development theory in opposing Moonbug's Motion for Summary Judgment (Dkt. No. 194). That Defendants failed in their attempts to use the image does not excuse their

repeated deception. Third, Defendants have provided no authority holding that submission of altered evidence and making false claims about the date of that evidence is excused if the evidence is close enough to accurate. The Court should reject such a rule, which would encourage litigants to sneak in fabricated evidence knowing that they can avoid repercussions by arguing that their alterations were minor.

Defendants' bad faith is also evidenced by the lack of any affirmative steps to remediate their conduct, even after it was uncovered. To this day Defendants have not withdrawn their false statements claiming that the "2016 BabyBus' Doudou" image was created in 2016 rather than in 2021. *See Am. Rena Int'l Corp. v. Sis-Joyce Int'l Co.*, No. CV126972FMOJEMX, 2015 WL 12732433, at *8 (C.D. Cal. Dec. 14, 2015) (granting terminating sanctions based on submission of false evidence and noting that defendants "have never formally withdrawn the declarations"). Nor did Defendants ever withdraw this contention in its discovery responses. What little Defendants did do—admit that the image was from 2021—was only done after Moonbug caught them, and even then Defendants only offered excuses rather than formally withdrawing the previous false statements. *See* Dkt. No. 375.

Defendants' bad faith is also confirmed by testimony at trial. Mr. Yan repeatedly dodged questioning about the "2016 BabyBus' Doudou" image until the Court intervened, and then only offered the justification that the *character* of DouDou existed in 2016. See TT Vol. 4 at 675:4–676:4. That the DouDou character existed in 2016 does not excuse fabricating evidence to alter the appearance of DouDou and falsely claiming that the image was from 2016. Moonbug would not bring this this motion had Defendants simply used an authentic and accurate image of DouDou from the 2016 Barber video. Defendants did not address the significant differences between the "2016 BabyBus' Doudou" image and DouDou as he existed in 2016, much less offer any alternative explanation for why they altered the image in the ways they did other than to map to the claims made in this litigation.

As explained in Moonbug's original motion for sanctions, all the relevant factors support terminating sanctions. *See* Dkt. No. 382 at 19–23. Defendants' deception required investigation, extensive discovery and pretrial motion practice, six additional post-fact discovery custodial

depositions, and time at trial. Moonbug therefore requests that the Court grant terminating sanctions.

**B. The Court Should Also Grant Monetary Sanctions**

Additionally, Moonbug requests monetary sanctions. First, Moonbug requests attorneys' fees and costs attributable to the misconduct. *See Leon*, 464 F.3d at 961 (affirming attorneys' fees and costs as sanction). Second, Moonbug requests Mr. Krause's expert fees attributable to Defendants' misconduct. *Keithley v. Homestore.com, Inc.*, No. C-03-04447 SI EDL, 2009 WL 816429, at *2 (N.D. Cal. Mar. 27, 2009) (awarding technical expert fees as sanction). Third, Moonbug seeks a finding that Defendants' counsel is jointly and severally liable for any award of monetary sanctions. *See In re USA Com. Mortg. Co.*, 462 F. App'x 677, 680 (9th Cir. 2011) (affirming sanctions against counsel under Court's inherent authority and holding that no evidentiary hearing was required). Defendants' counsel submitted the "2016 BabyBus' Doudou" image with a representation that it was from 2016 in a declaration signed and an interrogatory response signed by counsel. *See* Dkt. No. 24, App'x 1; McHale Decl., Ex. 5 at 7–8, 10. By signing the interrogatory response, Defendants' counsel represented that it was complete and correct based on knowledge, information, and belief formed after a reasonable inquiry. Fed. R. Civ. P. 26(g)(1). However, a reasonably inquiry would have revealed that the image was not in the Barber video or from 2016, and that Defendants never even used the design of JoJo that was allegedly based on DouDou. *See* TT Vol. 8 at 1375:3–1377:8; McHale Decl., Ex. 4 (Trial Ex. 979). Further, counsel did not withdraw the declaration, amend the discovery response, or otherwise take appropriate remedial action, even after learning that the "2016 BabyBus' Doudou" image was created in 2021 and did not accurately reflect multiple elements of the character relied on by Defendants. *See* California Rule of Professional Conduct 3.3 ("If a lawyer, the lawyer's client, or a witness called by the lawyer, has offered material evidence, and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures . . . ."); Fed. R. Civ. P. 26(e)(1)(A) (duty to correct interrogatory response upon learning that it is incorrect).

Moonbug intends to request the specific amounts for these monetary sanctions in its forthcoming motion for attorneys' fees and costs to be filed after the Court issues judgment.

## III. CONCLUSION

Defendants' bad faith misconduct in manufacturing and relying on an image from 2021 while representing to the Court that it was from 2016 and was used to create the JoJo character is inexcusable. Moonbug therefore renews its request for sanctions and requests that the Court grant terminating sanctions and monetary sanctions in an amount to be determined in Moonbug's forthcoming motion for attorneys' fees and costs.

Dated: August 31, 2023

Respectfully submitted,

*/s/ Ciara McHale*
Ciara McHale

Attorneys for Plaintiffs
Moonbug Entertainment Limited and
Treasure Studio, Inc.