1  JENNIFER KELLY (CSB No. 193416)
   jennifer@tyzlaw.com
2  RYAN TYZ (CSB No. 234895)
   ryan@tyzlaw.com
3  ERIN JONES (CSB No. 252947)
   ejones@tyzlaw.com
4  DEBORAH HEDLEY (CSB No. 276826)
   deborah@tyzlaw.com
5  CIARA MCHALE (CSB No. 293308)
   ciara@tyzlaw.com
6  SEAN APPLE (CSB No. 305692)
   sapple@tyzlaw.com
7  CHIEH TUNG (CSB No. 318963)
   chieh@tyzlaw.com
8  TYZ LAW GROUP PC
   4 Embarcadero Center, 14th Floor
9  San Francisco, CA 94111
   Telephone: 415.868.6900

Attorneys for Plaintiffs
Moonbug Entertainment Limited and
Treasure Studio, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| MOONBUG ENTERTAINMENT LIMITED and TREASURE STUDIO, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BABYBUS CO., LTD and BABYBUS (FUJIAN) NETWORK TECHNOLOGY CO., LTD, <br><br> Defendants. | Case No: 3:21-cv-06536-EMC <br><br> **PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT, PRE-JUDGMENT AND POST-JUDGMENT INTEREST** <br><br> Date: October 5, 2023 <br> Time: 1:30 pm <br> Judge: Hon. Edward M. Chen <br> Courtroom: 5 – 17th Floor <br><br> Supp. FAC Filed: May 9, 2023 |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1

II. RELEVANT BACKGROUND ...................................................................................... 1

III. ARGUMENT .................................................................................................................. 3

    A. Moonbug Requests Entry of Judgment in the Amount of $17,718,114.00 in Actual Damages and Profits Awarded by the Jury ........................................... 3

    B. Moonbug Is Entitled to Prejudgment Interest ....................................................... 3

        i. Prejudgment Interest Is Necessary to Make Moonbug Whole ................. 4

        ii. Moonbug Is Entitled to Prejudgment Interest at the Rate Directed by 28 U.S.C. § 1961, Accruing from the Date Infringement Began ......... 5

    C. Moonbug Is Entitled to Mandatory Post-Judgment Interest ................................. 7

IV. CONCLUSION ............................................................................................................... 8

# TABLE OF AUTHORITIES

Page

**CASES**

*Air Separation, Inc. v. Underwriters at Lloyd's of London*
    45 F.3d 288 (9th Cir. 1995) (citing 28 U.S.C. § 1961) .................................................. 7, 8

*Brighton Collectibles, Inc. v. Renaissance Grp. Int'l*
    No. 06-CV-01115-H (POR), 2008 WL 11339958 (S.D. Cal. Nov. 25, 2008) ................. 6

*Excelsior Coll. v. Frye*
    No. 04CV0535WQH, 2007 WL 672517 (S.D. Cal. Feb. 21, 2007) ................................ 5

*Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*
    886 F.2d 1545 (9th Cir. 1989) ........................................................................................ 4

*Hopi Tribe v. Navajo Tribe*
    46 F.3d 908 (9th Cir. 1995) ............................................................................................ 4

*McRoberts Software, Inc. v. Media 100, Inc.*
    329 F.3d 557 (7th Cir.2003) ........................................................................................... 4

*Novelty Textile Inc. v. Wet Seal Inc.*
    No. CV 13-05527 SJO (MRWx), 2015 WL 9690316 (C.D. Cal. Mar. 4, 2015) ............. 7

*Oracle USA, Inc. v. Rimini St., Inc.*
    209 F. Supp. 3d 1200 (D. Nev. 2016)
    *aff'd in relevant part*, 879 F.3d 948 (9th Cir. 2018) ........................................................ 6

*Polar Bear Prods., Inc. v. Timex Corp.*
    384 F.3d 700 (9th Cir. 2004) ...................................................................................... 4, 5

*Robbins Rsch. Int'l Inc. v. Doe 1*
    No. 221CV06065CBMAGRX, 2022 WL 2032314 (C.D. Cal. May 23, 2022) ............ 6, 7

*Star Fabrics, Inc. v. Zappos Retail, Inc.*
    No. CV1300229MMMMRWX, 2013 WL 12123687 (C.D. Cal. Sept. 10, 2013) ........... 6

*Taieb v. RageOn, Inc.*
    No. CV184960MWFMRWX, 2018 WL 11354834 (C.D. Cal. Dec. 6, 2018) ................ 6

*TVT Records v. Island Def Jam Music Group*
    279 F. Supp. 2d 366 (S.D.N.Y. 2003) ............................................................................ 4

*W. Virginia v. United States*
    479 U.S. 305 (1987) ....................................................................................................... 7

**STATUTES**

17 U.S.C. § 504(c)(1) ............................................................................................................ 3

17 U.S.C. § 505 ..................................................................................................................... 1

28 U.S.C. § 1961 ............................................................................................................... passim

Fed. R. Civ. P. 54(d) .................................................................................................................. 1

Fed. R. Civ. P. 58(d) .................................................................................................................. 4

**RULES**

Local Rules 54-1 ........................................................................................................................ 1

Local Rules 54-5 ........................................................................................................................ 1

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on October 5, 2023, at 1:30 pm or as soon thereafter as counsel may be heard in the courtroom of the Honorable Edward M. Chen, Courtroom 5 on the 17th floor of the San Francisco Courthouse located at 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiffs Moonbug Entertainment Ltd. and Treasure Studio, Inc. ("Moonbug") will and hereby do move the Court pursuant to Fed. R. Civ. P. 58(d) for entry of final judgment.

This Motion rests on the Notice of Motion and Motion, the Memorandum of Points and Authorities, other previously filed documents in this action, the Court's files, the trial record, the arguments of counsel, and any other matter that the Court may properly consider.

**ISSUES TO BE DECIDED**

1. Whether the Court should enter judgment consistent with the jury's verdict delivered July 27, 2023, and awarding Moonbug $17,718,114.00 in total damages for Moonbug's copyright infringement and misrepresentation claims, following Moonbug's election of actual damages;.

2. Whether Moonbug is entitled to prejudgment and post judgment interest as permitted under Ninth Circuit law and at a rate calculated as provided in 28 U.S.C. § 1961, compounded annually.

## I. INTRODUCTION

On July 27, 2023, the jury found Defendants liable for willful infringement of 39 of Moonbug's registered copyrights in CoComelon, including CoComelon's beloved JJ character and family and animal characters, and for copyright misrepresentation. Dkt. No. 579. The jury awarded Moonbug $4,168,546 in actual damages, $13,539,568 in Defendants' profits attributable to infringement, and $5.85 million in statutory damages for Moonbug's copyright infringement claim, as well as $10,000 in damages for Moonbug's copyright misrepresentation claim. Following the jury's verdict, on August 18, 2023, Moonbug moved the Court for entry of a permanent injunction permanently enjoining Defendants' exploitation of its infringing Super JoJo content, which is set to be heard October 5, 2023. Dkt. No. 595.

Moonbug now moves for entry of judgment against Defendants, consistent with the jury's verdict, including three components that are the subject of this motion. First, Moonbug seeks entry of judgment of $17,718,114.00 for total damages awarded by the jury for its copyright infringement and misrepresentation claims. Second, Moonbug seeks prejudgment interest on the jury's award at the rate directed by 28 U.S.C. § 1961, commencing June 4, 2019 (the date Defendants published their first infringing Super JoJo video) through the date of entry of judgment, compounded annually. Prejudgment interest is warranted here to compensate Moonbug for the profits it was deprived of throughout the period of Defendants' willful infringement, to fully address Defendants' unjust enrichment from its infringement and delay in ultimately compensating Moonbug, and to deter such infringement and delay. Third, Moonbug seeks mandatory post judgment interest pursuant to 28 U.S.C. § 1961 on Plaintiffs' total damages, including prejudgment interest, as well as costs and attorneys' fees.[1]

## II. RELEVANT BACKGROUND

The Court is familiar with the facts here, which are well-established in the trial record and set forth in detail most recently in Moonbug's Motion for Entry of Permanent Injunction (Dkt.

---

[1] Moonbug will seek its costs and attorneys' fees by separate bill and motion upon entry of judgment, pursuant to Fed. R. Civ. P. 54(d), Local Rules 54-1 and 54-5, and 17 U.S.C. § 505.

No. 595) and Renewed Motion for Sanctions. Those facts are incorporated by reference and set forth briefly here.

Moonbug filed this lawsuit over two years ago to stop Defendants' pervasive and willful infringement of its copyrights in its beloved CoComelon franchise with its knockoff Super JoJo series. Dkt. No. 1 ("Compl.") ¶ 3. Defendants' infringement of CoComelon began in mid-2019: it launched its infringing Super JoJo Nursery Rhymes YouTube channel on May 31, 2019 (Trial Exhibit 116) and published its first infringing Super JoJo video on June 4, 2019. Dkt. No. 194-26. Before suing, Moonbug sent a letter to YouTube on July 20, 2021, with a copy to Defendants, detailing Defendants' infringement. Dkt. No. 383-2. Moonbug also submitted DMCA takedown notices to YouTube requesting removal of infringing Super JoJo videos. Moonbug claimed that the whole Super JoJo series was infringing, including the central JoJo character, his family, and all Super JoJo videos, art (including video thumbnails), and channels. *See id.*; Compl.

Defendants persisted in denying their obvious, comprehensive infringement of CoComelon. Then, a year and a half into the litigation, after Moonbug filed a motion for summary judgment, Defendants conceded that six of their videos willfully infringed seven registered CoComelon works—including an admission that the Super JoJo Bath Song video, first published June 21, 2019, willfully infringes CoComelon's Bath Song episode. Dkt. No. 194-46 (proposed order regarding conceded willfully infringing videos, including Bath Song); Dkt. No. 194-26 (listing first release date of Super JoJo Bath Song as June 21, 2019). Still, Defendants' infringement continued through the litigation and even after the jury delivered its verdict. *See* Dkt. No. 595 (Mot. for Entry of Permanent Injunction) at 4–5.

At trial, Moonbug sought its actual damages, Defendants' profits attributable to infringement, or, at Moonbug's election, statutory damages. *See* Dkt. No. 362 at 4. Moonbug presented evidence of its actual damages in the form of lost profits in the amount of $4,482,308. Trial Transcript ("TT") Vol. 6 at 1060:15–1070:11, 1079:6–1084:16. Moonbug also presented evidence that it was entitled to $14,540,983 in Defendants' profits attributable to their infringement. *Id.* at 1083:4–1084:23. Moonbug also sought, available at its election, statutory damages of $6.3 million. TT Vol. 11 at 1886:4–5.

At the end of a three-week trial, the jury found Defendants liable for willful copyright infringement and copyright misrepresentation. Dkt. No. 579. First, the jury found that Defendants' Super JoJo willfully infringed dozens of Moonbug's registered copyrights in CoComelon, including Moonbug's beloved character JJ, finding Defendants' infringing JoJo character "virtually identical." *Id.* at 7. The jury awarded Moonbug $4,168,546 in Plaintiffs' actual damages, $13,539,568 in Defendants' profits attributable to infringement, and $5.85 million in statutory damages for its copyright infringement claim, as well as $10,000 in damages for its copyright misrepresentation claim. *Id.* at 6. On August 18, 2023, Moonbug moved the Court for entry of a permanent injunction against Defendants. Dkt. No. 595. The Court has not yet entered final judgment.

### III. ARGUMENT

Moonbug is entitled to entry of judgment consistent with the jury's verdict, including the damages awarded by the jury and prejudgment and post judgment interest.

#### A. Moonbug Requests Entry of Judgment in the Amount of $17,718,114.00 in Actual Damages and Profits Awarded by the Jury

On July 27, 2023, the jury returned a verdict for Moonbug. Dkt. No. 579. The jury awarded $4,168,546.00 in Moonbug's actual damages and $13,539,568.00 in Defendants' profits for a total amount of $17,708,114.00, as well as $5,850,000.00 in statutory damages, for Plaintiffs' copyright infringement claim. The jury also awarded $10,000 in damages on Moonbug's copyright misrepresentation claim. Dkt. No. 579.

Moonbug hereby elects the jury's award of $17,708,114.00 in actual damages and Defendants' profits for its copyright infringement claim, and does not elect statutory damages. *See* 17 U.S.C. § 504(c)(1). Accordingly, Moonbug is entitled to judgment consistent with the jury's verdict awarding $17,718,114.00 in total actual damages and profits for its copyright infringement and misrepresentation claims. *Id.*

#### B. Moonbug Is Entitled to Prejudgment Interest

Moonbug is entitled to prejudgment interest on the damages awarded by the jury. "[P]rejudgment interest is a well-established remedy in this circuit." *Hopi Tribe v. Navajo Tribe*,

46 F.3d 908, 922 (9th Cir. 1995). "[M]oney has a time value, and prejudgment interest is therefore necessary in the ordinary case to compensate a plaintiff fully for a loss suffered" in the past. *Id.* (citation and quotation marks omitted).

The Ninth Circuit has held that an award of prejudgment interest "is available under the Copyright Act of 1976" at the Court's discretion. *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 716 (9th Cir. 2004). The purpose of § 504(b), which provides for damages and profits as remedies for infringement under the Copyright Act, "is to compensate fully a copyright owner for the misappropriated value of its property and 'to avoid unjust enrichment by defendants, who would otherwise benefit from this component of profit through their unlawful use of another's work.'" *Id.* at 718 (quoting *TVT Records v. Island Def Jam Music Group*, 279 F. Supp. 2d 366, 410 (S.D.N.Y. 2003)).

Thus, "prejudgment interest may be necessary at times to effectuate the legislative purpose of making copyright holders whole and removing incentives for copyright infringement." *Polar Bear Prods.*, 384 F.3d at 718. Prejudgment interest also discourages "needless delay" by compensating the copyright holder for the time it is deprived of lost profits . . . ." *See id.*; *see also Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*, 886 F.2d 1545, 1551 (9th Cir. 1989) (denial of "prejudgment interest systematically undercompensates victims and underdeters putative offenders").

In recognizing the purposes served by prejudgment interest, the Ninth Circuit has cited the Seventh Circuit's observation that "prejudgment interest is, as a general matter, routinely available for willful violations of federal law." *See Polar Bear Prods., 384 F.3d at 718* (citing *McRoberts Software, Inc. v. Media 100, Inc.*, 329 F.3d 557, 572–73 (7th Cir.2003). While § 504(b) permits recovery of both actual damage and defendant's profits, "the statutory availability of both remedies does not mitigate harm caused by delay in making reparations—a harm the remedy of prejudgment interest is uniquely tailored to address." *Id.* "Simply put, prejudgment interest is a different remedy for a different harm." *Id.*

      i.    <u>Prejudgment Interest Is Necessary to Make Moonbug Whole</u>

Prejudgment interest on Moonbug's copyright infringement and misrepresentation claims

is appropriate here because it would serve each purpose such an award aims to address. While the jury awarded Moonbug's actual damages and Defendants' profits, those remedies do not alleviate or address the harm to Moonbug caused by Defendants' years-long delay in compensating Moonbug for their willful infringement, which began in 2019. *See Polar Bear Prods.*, 384 F.3d at 718.

First, prejudgment interest would help make Moonbug whole for the time it was deprived of profits it lost due to Defendants' willful infringement. *Id.* at 718; *see Excelsior Coll. v. Frye*, No. 04CV0535WQH, 2007 WL 672517, at *4 (S.D. Cal. Feb. 21, 2007) ("an award of prejudgment interest to mitigate harm caused by the delay in making reparations is appropriate").

Second, Moonbug should be awarded prejudgment interest on Defendants' profits to disgorge more fully those profits and compensate Moonbug for the years Moonbug was forced to litigate this case through trial, reversing their unjust enrichment. *Excelsior Coll.*, 2007 WL 672517, at *4 (awarding prejudgment interest applied to a jury award of actual damages and the defendant's profits).

Third, absent an award of prejudgment interest, infringers like Defendants (and Defendants themselves) would be undeterred because they stand to benefit from delay tactics in litigation. This would be a particularly unjust result when, as detailed in Moonbug's sanctions motions, Moonbug and the Court had to expend considerable time and resources to address Defendants' litigation conduct in this case. Dkt. No. 382. Failure to award prejudgment interest would create a perverse incentive where infringing Defendants would be rewarded by retaining interest on their profits from willful infringement by dragging out litigation without a valid defense.

        ii.    <u>Moonbug Is Entitled to Prejudgment Interest at the Rate Directed by 28 U.S.C. § 1961, Accruing from the Date Infringement Began</u>

Once the Court determines that Moonbug is entitled to prejudgment interest, it must address the appropriate rate at which the interest should be set. "In the Ninth Circuit, the starting point for federal prejudgment interest is the post-judgment rate established by 28 U.S.C. § 1961." *Oracle USA, Inc. v. Rimini St., Inc.*, 209 F. Supp. 3d 1200, 1211 (D. Nev. 2016), *aff'd in relevant*

1 *part, vacated in part and rev'd in part on other grounds*, 879 F.3d 948 (9th Cir. 2018), *rev'd in part on other grounds*, 139 S. Ct. 873, (2019), *and vacated in part on other grounds*, 922 F.3d 879 (9th Cir. 2019). "Under 28 U.S.C. § 1961(a), the interest rate is calculated 'at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding [entry of judgment].'"[2] *Robbins Rsch. Int'l Inc. v. Doe 1*, No. 221CV06065CBMAGRX, 2022 WL 2032314, at *3 (C.D. Cal. May 23, 2022) (awarding prejudgment interest from the date infringement began through the date of the judgment at the rate directed by § 1961(a) based on the calendar week preceding entry of judgment).

Here, the Court should follow courts in this Circuit in awarding prejudgment interest as directed by 28 U.S.C. § 1961—that is, at a rate based on the weekly average 1-year constant maturity Treasury yield for the calendar week preceding entry of judgment. *Id.*; *Robbins*, 2022 WL 2032314, at *3; *Taieb v. RageOn, Inc.*, No. CV184960MWFMRWX, 2018 WL 11354834, at *5 (C.D. Cal. Dec. 6, 2018); *Star Fabrics, Inc. v. Zappos Retail, Inc.*, No. CV1300229MMMMRWX, 2013 WL 12123687, at *8 (C.D. Cal. Sept. 10, 2013). The interest should also be compounded annually. *See* 28 U.S.C. § 1961(b) (providing post judgment interest is to be compounded annually); *Brighton Collectibles, Inc. v. Renaissance Grp. Int'l*, No. 06-CV-01115-H (POR), 2008 WL 11339958, at *5 (S.D. Cal. Nov. 25, 2008) (awarding prejudgment interest compounded annually in a copyright case).

As to the accrual period for prejudgment interest, the Court should award prejudgment interest from the time infringement began—here, on June 4, 2019, when Defendants published the first Super JoJo video. *See, e.g.*, *Robbins*, 2022 WL 2032314, at *3 (awarding prejudgment interest from the date infringement began through the date judgment is filed). Setting the accrual period to correspond to the duration of Defendants' infringement further achieves the goal of

---

[2] This data is available from the Board of Governors of the Federal Reserve System at https://www.federalreserve.gov/releases/h15/. For the Court's and parties' convenience, the United States Bankruptcy Court of the Southern District of California also republishes these rates at https://www.casb.uscourts.gov/post-judgment-interest-rates. For example, for judgments entered August 26 through September 3, 2023, the statutory post-judgment interest rate is 5.39%.

compensating Moonbug for the profits it lost and the profits Defendants procured—and the interest on profits that would have accrued—during the period of Defendants' infringement. *See also W. Virginia v. United States*, 479 U.S. 305, 310 n.2 (1987) ("Prejudgment interest serves to compensate for the loss of use of money due as damages from the time the claim accrues until judgment is entered, thereby achieving full compensation for the injury those damages are intended to redress.")

Accordingly, the Court should award Moonbug prejudgment interest on the damages awarded by the jury commencing the date infringement began through the date judgment is entered, at the rate directed by 28 U.S.C. §1961 (the weekly average 1-year constant maturity Treasury yield for the calendar week preceding entry of judgment, compounded annually).

### C. Moonbug Is Entitled to Mandatory Post-Judgment Interest

Post-judgment interest on a district court judgment is mandatory, including in copyright cases. *Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 290 (9th Cir. 1995) (citing 28 U.S.C. § 1961); *Novelty Textile Inc. v. Wet Seal Inc.*, No. CV 13-05527 SJO (MRWx), 2015 WL 9690316, at *4 (C.D. Cal. Mar. 4, 2015). Such interest is "calculated from the date of the entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment." *Id.* Under 28 U.S.C. § 1961, post-judgment interest should accrue on the entire award to Moonbug, including the award of prejudgment interest and costs and attorneys' fees, from the date of entry of judgment to the date of payment by Defendants. As recognized by the Ninth Circuit, "once a judgment is obtained, interest thereon is mandatory without regard to the elements of which that judgment is composed" including principal, prejudgment interest, attorneys' fees, and costs. *Air Separation*, 45 F.3d at 290; *Novelty Textile*, 2015 WL 9690316, at *4 (awarding post judgment interest to the entire judgment, including principal, prejudgment interest, attorneys' fees, and costs); *see also* 28 U.S.C. § 1961 (directing that post-judgment interest be paid "on any money judgment . . .") (emphasis added). Accordingly, Moonbug is entitled to post-judgment interest on its entire award against Defendants

from the date of entry of judgment to the date of payment, at the statutory rate directed by 28 U.S.C. § 1961.

## IV. CONCLUSION

For the foregoing reasons, Moonbug respectfully requests that the Court enter judgment for Moonbug as set forth above, including the total actual damages awarded by the jury and pre and post judgment interest.

Respectfully submitted,
TYZ LAW GROUP PC

Dated: August 31, 2023

/s/Ciara McHale
Ciara McHale

Attorneys for Plaintiffs
Moonbug Entertainment Limited and
Treasure Studio, Inc.