UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOONBUG ENTERTAINMENT LIMITED, et al., | Case No. 21-cv-06536-EMC |
| Plaintiffs, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS IN PART** |
| BABYBUS (FUJIAN) NETWORK TECHNOLOGY CO., LTD, et al., | Docket No. 599 |
| Defendants. | |

## I.      INTRODUCTION

In 2021 after receiving notice of infringement from Moonbug, BabyBus modified a character - DouDou - from its 2016 YouTube video "Barber" to create new images for copyright registration ("2021 DouDou"). To support its argument that its JoJo character was independently developed from the 2016 DouDou character, BabyBus used this 2021 DouDou image to support its argument that its infringing JoJo character was independently developed from the 2016 DouDou character. In several of BabyBus's declarations and direct witness testimonies, the 2021 DouDou image accompanied explanations of how BabyBus creators took inspiration for JoJo from the 2016 YouTube video "Barber." Moonbug moves for sanctions, arguing that BabyBus committed willful fraud, misrepresentation, and falsified evidence using the DouDou image created in 2021 rather than an original 2016 image.

## II.      BACKGROUND

A.      Notice of Copyright Infringement

In 2021, Moonbug sent notice of infringement to BabyBus and YouTube, alleging that their JJ character was being infringed by BabyBus's Super JoJo character ("JoJo"). Docket No.

383-2.  The JJ character features prominently on Moonbug's Cocomelon YouTube channel.

Moonbug submitted DMCA takedown notices to YouTube requesting removal of the infringing

JoJo videos.  *Id.*  Since 2019, BabyBus operated the Super JoJo Nursey Rhymes YouTube channel

that featured the infringing Super JoJo character.  Trial Exhibit 116.

Moonbug then filed a lawsuit against Defendant for copyright infringement of its Cocomelon

franchise, claiming that the whole Super JoJo series was infringing, including the central JoJo

character, his family, all videos, art, thumbnails, and channels.  Docket No. 307 at 1 (Supp. FAC).

B.    Trial and Jury Verdict

On July 27, 2023, the jury found BabyBus liable for copyright infringement and

misrepresentation under Section 512(f) of the Digital Millennium Copyright Act

(DMCA).  Docket. No. 579 (Jury Verdict).  The jury found that BabyBus infringed the registered

copyrights to Cocomelon's JJ character, family and animal characters, and 36 out of 39 specific

works.  *Id.*  The jury also found that BabyBus's infringing JoJo character was also "virtually

identical" to Cocomelon's JJ character.  *Id.* at 7.  For damages for copyright infringement, the jury

awarded Moonbug $4,168,546 in damages suffered by Moonbug, $13,539,568 in Defendants

profits, and $5.85 million in statutory damages. For damages for copyright misrepresentation, the

jury awarded $10,000 in damages.  *Id.* at 6.  The jury found that BabyBus knowingly and

materially misrepresented that they did not infringe Plaintiffs' copyright in a DMCA

counternotification.  *See id.*

C.    The 2016 'Barber' Video DouDou and the Independent Development Theory

As a defense, BabyBus contended that JoJo was not copied from JJ, but was independently

created from DouDou.  In various declarations herein, BabyBus explained that JoJo originated in

2016, when it created and published a children's show on YouTube titled 'Barber' featuring a

baby character named DouDou.  *See* Docket. No. 23 at ¶ 4 (Yan Decl.).  This is the crux of

BabyBus's independent development theory.  In 2021 after receiving the notice of infringement,

BabyBus registered a copyright in China for the character DouDou, which included a "2016

BabyBus' DouDou" image and a claim that it was first published in 2016.  *Id.,* Exh. A; Docket.

No. 383-14 (Jones Decl., Exh. 14, English translation).

1    BabyBus described DouDou as "a baby boy with a big head and comparatively small body,

2    a single color hair tuft on the top of his head, big eyes and thin, rounded eyebrows, and thin lips

3    with a halfmoon smile," and identified the following image as a "true and correct depiction of

4    DouDou." *Id.* BabyBus titled this image "2016 BabyBus' DouDou" in another declaration filed

5    with the Court. Docket. No. 24-1 at 1 (Stake Decl.). However, the image used in the declaration

6    was actually created in 2021, long after the 2016 Barber video. BabyBus's custodian, Mr. He,

7    testified that he assembled the images in 2021 for BabyBus's copyright application. *See* Docket

8    No. 601-2 at104-105 (McHale Decl., Exh. 7 Deposition of He Shaojie, Tr. 20:18:49-20:35). Mr.

9    He testified that he generated the images by checking documents, locating images, and putting

10   them together in an orderly manner. *See* He Tr. 16:54:37-16:56:28. Mr. He testified that he did

11   not modify the figures from the 2016 image in any way. *See* He Tr. 16:58:41-16:59:17.

12   However, the 2021 DouDou image is in fact different from the 2016 'Barber' video

13   DouDou video stills. The modifications are slight, but it appears that they were made to make the

14   DouDou look more like the JoJo character. The following features in the 2021 image are not

15   present at any point in the 2016 'Barber' video: two front teeth with a line between them, a half-

16   moon mouth with pointed corners that is wider than it is tall, a wider head, and thin eyebrows. *See*

17   Docket No. 385-11 at 5 (Krause Decl.). As Moonbug's expert notes, "There is no way that the set

18   of images Defendants used in their DouDou copyright filing could have been made from the

19   Barber video images or the Flash library files... without editing and modifying the images, and

20   creating certain visual elements from scratch." *Id.* at 11. Moonbug's expert witness also testified

21   that "based on my review, and my background and experience as an animator, the 'true and correct

22   depiction of DouDou' appears to have been constructed by re-combining, editing, and modifying

23   various visual elements used in the Barber video. *Id*. at 7. "The figures present in the copyright

24   filing are not present in the Barber video and did not come from that video, but instead were

25   created independently." *Id.* at 10.

26   D.    Procedural Background

27   Previously on June 2, 2023, Moonbug moved for sanctions against BabyBus. Docket No.

28   383. Moonbug argued that significant evidence exists showing that the images are different. *Id.* at

United States District Court
Northern District of California

3

13.  This Court denied the motion without prejudice, reserving judgment until the conclusion of the trial because the issue hinged "upon the credibility of witnesses and factual evidence to be presented at trial."  Docket No. 394 (Order Denying Plaintiff's Motion for Sanctions Without Prejudice).

Moonbug now renews its motion for sanctions post-trial, moving for both terminating sanctions and monetary sanctions.  Docket No. 599 ("Mot.").  For the reasons below, the Court DENIES terminating sanctions and GRANTS monetary sanctions.

## III.     DISCUSSION

A.     Terminating Sanctions

District courts can impose terminating sanctions under their "inherent power to control their dockets. *Thompson v. Hous. Auth. of Los Angeles,* 782 F.2d 829, 831 (9th Cir. 1986).  A terminating sanction is generally a default judgment or dismissal of an action, and is very severe. *See Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).  Only "willfulness, bad faith, and fault" justify terminating sanctions.  *Id.* at 9.

In deciding whether to impose sanctions, the court considers the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."  *Hernandez v. City of El Monte,* 138 F.3d 393, 399 (9th Cir. 1998).  Additionally, the Court has "broad fact-finding powers" with respect to sanctions, and its findings warrant "great deference," *Townsend v. Holman Consulting Corp.,* 929 F.2d 1358, 1366 (9th Cir. 1990).

In *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills,* 482 F.3d 1091 (9th Cir. 2007), the court upheld terminating sanctions upon a finding that the appellees refused to answer questions, responded to discovery in a way that appeared "calculated to prevent plaintiffs from learning and proving the truth," claimed that records were misplaced or lost, and did not reply or confess that they made false misstatements of fact.  *Id.* at 1095.

Courts have issued terminating sanctions when a party intends to deceive the court by fabricating or changing material evidence.  In *Combs v. Rockwell Int'l Corp.,* 927 F.2d 486 (9th

4

1   Cir. 1991), the court affirmed dismissal was an appropriate sanction because the plaintiff

2   "attempted to deceive the district court" on material matters.  *Id.* at 488.  In that case, Combs

3   authorized counsel to alter his deposition and then signing and swearing under the penalty of

4   perjury that he had reviewed the transcript and made the changes himself.  *Id.* changing

5   deposition evidence going to material "issues of central importance in the upcoming summary

6   judgment hearing.").  In *Uribe v. McKesson*, No. 1:08-CV-01285-SMS PC, 2011 WL 3925077, at

7   *5 (E.D. Cal. Sept. 7, 2011) the court found terminating sanctions were warranted because the

8   plaintiff intentionally and in bad faith filed a false declaration of another person without the

9   person's permission.  *Id.* at 4.  No other alternative sanctions were satisfactory.  *Id.* at 5.

10      Here, Moonbug moves to issue terminating sanctions against BabyBus as an alternative

11   ground to uphold the jury verdict.  Mot. at 11.  Moonbug argues that terminating sanctions are

12   warranted given BabyBus's willful fraud, submission of fabricated evidence and falsely admitting

13   statements, falsely stating under oath that the "2016 BabyBus DouDou" image was from 2016,

14   when they admitted it was created in 2021.  *Id.* at 11-12.  Moonbug also argues that BabyBus has

15   had a lack of remedial conduct in withdrawing their false claims that the 2016 DouDou image was

16   created in 2016, rather than 2021.  *Id.* at 14.

17      BabyBus acted with the intentional misrepresentation as seen in *Connectictut Gen.,*

18   *Combs,* or *Uribe.*  BabyBus previously stated, and the Court acknowledged, that it did not intend

19   to rely on the 2021 DouDou image for its independent creation defense.  *See* Docket 413 at 15

20   (Order).  Yet in several places in the record, BabyBus misrepresents or at least misleading

21   suggests that the 2021 copyright DouDou image was the 2016 DouDou image.  *See* Docket No. 24

22   at 7 (Stake Decl.) (image labeled "2016 BabyBus' DouDou" is actually the 2021 copyright

23   DouDou image); Docket No. 194-9 at 3 ¶ 7 (Chen Decl.) (image described as the DouDou in the

24   'Barber' video is the 2021 copyright DouDou image).  Only later did BabyBus later admitt that the

25   DouDou image used in support of its independent development defense was actually created in

26   2021.  *See* Docket No. 375.

27      BabyBus now claims it made an "innocent mistake" in captioning the 2021 image of

28   DouDou as the "2016 BabyBus' DouDou."  Docket No. 610 at 10 ("Opposition").  BabyBus

United States District Court
Northern District of California

5

1   argues this "innocent mistake" is evident by the fact that BabyBus has consistently maintained that

2   the inspiration for JoJo is the DouDou character from the 2016 'Barber' YouTube video, not the

3   2021 DouDou image.  *Id.*  Ms. Zhang testified she believed JoJo was an "original creation of

4   BabyBus" and wrote in a chat message about how they needed to prove that BabyBus was

5   inspired by the earlier DouDou character.  Docket No. 588, Trial Tr. (Vol. 9) 1461:20-1462:25

6           The Court agrees that BabyBus has consistently taken the position that the DouDou

7   character was created for the 2016 'Barber' YouTube video.  However, BabyBus fails to explain

8   why it used the 2021 image instead of true images of DouDou from the 2016 'Barber' YouTube

9   video.[1]  While BabyBus claims this was an "innocent mistake," it provides no coherent and

10  credible explanation why the altered 2021 image, created *after* the notice from Moonbug, was

11  used in the filings with this Court.  The fact that the image was altered  to look more like JoJo

12  further undercuts the notion that use of the altered 2021 image was an innocent mistake.  The

13  claim of an innocent mistake is not credible.

14          In weighing the five factors for sanctions, the first and second factors—about public

15  interest and docket management—are often considered together.  *See In re Phenylpropanolamine*

16  *(PPA) Prod. Liab. Litig.,* 460 F.3d 1217, 1227 (9th Cir. 2006).  Here, BabyBus's knowingly

17  misleading conduct delayed the expeditious resolution of litigation.  Moonbug sought discovery

18  on BabyBus's DouDou character, including the "2016 BabyBus DouDou" image with difficulty

19  and lack of clear cooperation from BabyBus.  *See* Mot. at 7-8.  Moonbug requested BabyBus's

20  counsel provide missing custodian metadata for the DouDou images, filed an emergency motion

21  to identify and produce custodians of the DouDou materials for deposition, filed a motion in

22  limine concerning the use of DouDou to support the independent development story, and

23  previously moved for sanctions.  *Id.* at 8-9.  Moonbug took these numerous actions as a result of

24

25          [1] As an example, Mr. Chen states that he used a copy of the 2016 'Barber' video to discuss
    with colleagues to use the DouDou in the video as a reference for the JoJo character.  *Id.* ¶ 6.
26  Docket No. 194-9 ¶ 7 (Xiaohui Chen Decl.).  The image that accompanies that paragraph in Mr.
    Chen's declaration is the 2021 DouDou image.  *Id.*  Given that Mr. Chen has clearly stated that the
27  video, not that specific image, was the inspiration, then why use the 2021 image?  BabyBus
    provides no good explanation.
28

United States District Court
Northern District of California

1  BabyBus's conduct, delaying the court's ability to expeditiously resolve the case.

2         The remaining factors weigh in favor of sanctions.  As to the third factor, the risk of

3  prejudice to BabyBus is low considering the wrongfulness of its actions.  As to the fourth factor,

4  public policy favors imposing sanctions against BabyBus in addition to ruling against BabyBus on

5  the merits, to serve as a deterrent.  As to the fifth factor, the court finds that sanctions are

6  consistent with the seriousness of BabyBus's misconduct, and no less drastic alternatives are

7  appropriate.

8         However, the Court denies the motion for terminating sanctions as an alternative.  It is

9  unnecessary because the jury has already rendered a verdict in Moonbug's favor.  Moreover, such a

10  draconian sanction is disproportionate to the wrongdoing and its impact on the litigation.  As a

11  more appropriate alternative sanction, the Court considers monetary sanctions for the additional

12  litigation burden imposed by BabyBus' misrepresentation.

13  B.  <u>Monetary Sanctions</u>

14         Under its "inherent powers," a district court may award sanctions in the form of attorneys'

15  fees against a party or counsel who acts "in bad faith, vexatiously, wantonly, or for oppressive

16  reasons."  *Primus Auto. Fin. Servs., Inc. v. Batarse,* 115 F.3d 644, 648 (9th Cir. 1997) (discussing a

17  sanction against an attorney).  The court must make an express finding that the sanctioned party's

18  behavior "constituted or was tantamount to bad faith."  *Id.*

19         Sanctions should be reserved for the "rare and exceptional case where the action is clearly

20  frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose."

21  *Operating Engineers Pension Trust v. A–C Co.,* 859 F.2d 1336, 1344 (9th Cir. 1988).

22  In *Leon v. IDX Sys. Corp.*, 464 F.3d 951 (9th Cir. 2006), the court found that the employee's

23  destruction of data on his employer-owned laptop amounted to willful spoliation of evidence, and

24  that the imposition of a $65,000 monetary sanction against the employee was warranted.  *Id.* at

25  955.  In *Primus Auto. Fin. Servs., Inc. v. Batarse,* 115 F.3d 644 (9th Cir. 1997), the Ninth Circuit

26  held that the conduct at issue fell short of the bad faith requirements' high threshold, despite

27  claims that it was "totally frivolous," "outrageous," and "inexcusable*." Id.* at 649.

28         Mere recklessness, without more, does not justify sanctions under a court's inherent power.

United States District Court
Northern District of California

1   *Fink v. Gomez*, 239 F.3d 989, 993–94 (9th Cir. 2001).  In *Fink*, the Ninth Circuit held that an

2   attorney's reckless misstatements of law and fact are sanctionable when coupled with an improper

3   purpose.  *Id.*

4         Here, Moonbug seeks sanctions for costs attributable to misconduct, including attorney's

5   fees and costs and Mr. Krause's expert fees.  BabyBus seeks joint and several liability for

6   monetary sanction awards against both BabyBus and its counsel.  Mot. at 15.

7         1.    Attorney's fees and costs, expert fees

8         This case is a "rare and exceptional case" where the Defendants engaged in purposeful

9   misrepresentation to assert an affirmative defense as discussed above.  BabyBus modified features

10  to the 2021 DouDou image that were not present in the 2016 'Barber' YouTube video.  BabyBus

11  even concedes that there are differences between the two.  Opposition at 1.

12        BabyBus argues that the images are "virtually indistinguishable" and differences are

13  immaterial, but this is not persuasive for two reasons.  *See id.* at 1, 11.  First, no good faith reason

14  exists to explain why BabyBus made these modifications.  Second, the standard for warranting

15  sanctions is bad faith, not materiality.  *See Primus Auto. Fin. Servs., Inc.,* 115 F.3d at 648.  To

16  reiterate from earlier, BabyBus fails to provide any explanation as to why it did not use an original

17  screenshot, video, or identical representation of the DouDou from the 2016 'Barber' video as part

18  of its independent development theory that JoJo was inspired by the DouDou from that video.

19        The Court finds that BabyBus knowingly misrepresented its independent development

20  theory using the 2021 image rather than original images from the DouDou in the 2016 'Barber'

21  YouTube in advancing its independent development defense.  BabyBus's failure to use the correct

22  images in support of its independent development theory is inexcusable, and not merely an

23  "innocent mistake."  It was used in bad faith with an improper purpose of advancing BabyBus's

24  affirmative defense.  *See Combs v. Rockwell Int'l Corp.*, 927 F.2d 486, 488 (9th Cir. 1991) (finding

25  sanctions appropriate for falsifying evidence); *Uribe v. McKesson*, No. 1:08-CV-01285-SMS PC,

26  2011 WL 3925077, at *5 (E.D. Cal. Sept. 7, 2011) (granting sanctions based on one false

27  declaration).  Such conduct justifies issuing sanctions "to deter repetition of the conduct or

28  comparable conduct by others similarly situated."  Fed. R. Civ. P. 11(c)(4).   Even if the

United States District Court
Northern District of California

8

differences were slight and could have ended up not being material enough to affect the outcome of the litigation, Moonbug acted reasonably in addressing the issue rather than leaving it to chance.

### 2.    Joint and several liability

The court has authority to sanction both litigants and attorneys under Rule 11 and its inherent power.  Fed. R. Civ. P. 11.  A court may sanction a lawyer who recklessly misrepresents the law for an improper purpose.  *Fink v. Gomez,* 239 F.3d 989, 994 (9th Cir. 2001).  In *In re Carlson,* 650 F. App'x 307, 309 (9th Cir. 2016), the court held that sanctions were proper against a lawyer for wrongfully advising his client to conceal information and for later claiming that he had no recollection of the conversation.  *Id.* at 994.

Here, BabyBus's counsel is not jointly and severally liable for the sanctions.  It is true that Counsel submitted the "2016 BabyBus' DouDou" and signed a declaration and an interrogatory response with the misleading image in support of the independent development theory.  *See* Docket. No. 24, App'x 1; Mc Hale Decl., Ex. 5 at 7–8, 10.  However, there is no evidence that counsel knowingly made a misrepresentation or  advised Babybus to mislead the court by submitting the "2016 Babybus' DouDou" image.  Well before trial, Babybus and its counsel acknowledged that the "2016 Babybus' DouDou" image was from 2021.  *See* Docket No. 375 at 6-7.  Babybus and its counsel have been consistent in acknowledging that the image was from 2021.  *See* Opposition at 10.  No reckless misrepresentation is evident under the *Fink* standard. Unlike *In re Carlson* where counsel failed to acknowledge and even denied wrongful conduct, here, counsel did acknowledge a misleading discrepancy in the evidence.  Babybus's counsel's actions do not warrant joint and several liability of sanctions.

## IV.    CONCLUSION

The Court GRANTS IN PART the motion for sanctions: it denies termination sanctions but grants monetary sanctions.  The Court defers ruling on the amount of monetary sanctions. Plaintiffs are ORDERED to file supplementary declarations regarding the amount of monetary sanctions for attorneys' fees and expert fees for sanctions within 14 days of this Order.

Defendants shall respond within 14 days thereafter.

**IT IS SO ORDERED**.

Dated: October 31, 2023

_____
EDWARD M. CHEN
United States District Judge