UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOONBUG ENTERTAINMENT LIMITED, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BABYBUS (FUJIAN) NETWORK TECHNOLOGY CO., LTD, et al.,<br><br>Defendants. | Case No. 21-cv-06536-EMC<br><br>ORDER DENYING DEFENDANT'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL<br><br>Docket No. 659 |

## I.   INTRODUCTION

Plaintiff is Moonbug Entertainment Limited and Treasure Studio Inc. ("Moonbug") and Defendants are BabyBus Co. Ltd. and BabyBus (Fujian) Network Technology Co. Ltd. ("BabyBus"). On October 31, 2023, the Court granted Plaintiff's Motion for Sanctions in Part ("Order"). Docket No. 628. The Court filed it under seal, and then ordered the parties to meet and confer to determine which portions of the Order may be publicly filed. Docket No. 645 ("Order to Meet and Confer"). BabyBus moves to file under seal both the Order and the Joint Brief. Docket No. 659 ("Joint Brief"). Moonbug opposes and argues that both the Order and the Joint Brief should be publicly filed. *Id.;* Docket No. 660.

## II.   LEGAL STANDARD

"A "good cause" showing under Rule 26(c) suffices to keep sealed records attached to non-dispositive motions. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). However, for dispositive motions, the party seeking to seal a judicial record must "articulate compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure, such as the "public interest in understanding the

1  judicial process." *Id.* at 1178–79.  The "compelling reasons" standard applies whenever the

2  motion at issue "is more than tangentially related to the merits of a case."  *Ctr. for Auto Safety v.*

3  *Chrysler Grp., LLC,* 809 F.3d 1092, 1101 (9th Cir. 2016).

### III. ANALYSIS

A.  Order

Assuming the "good cause" standard applies because the Order granting Moonbug's motion for sanctions is technically non-dispositive, BabyBus has not shown "good cause" to seal the Order.  *See Kamakana,* 447 F.3d at 1180.  BabyBus fails to provide any legitimate explanation to seal the Order.  Although BabyBus asserts that the Order contains confidential information, citing to Docket 628 at 3:5-11, BabyBus fails to articulate why this information is confidential.  Joint Brief at 2.  There is no assertion of, *e.g.*, a trade secret or confidential sensitive non-public financial information.  Rather, the information in the Order pertains to trial evidence that was and continues to be available to the public.  The evidence discussed in the Order has always been publicly available, given that the trial and pre-trial and trial briefings were all open to the public.  BabyBus did not seek to seal any of the trial evidence until this current post-trial motion.

BabyBus mainly argues that Moonbug will make misleading statements about the Order if it is unsealed, citing to previous alleged misrepresentations.  Joint Brief at 2.  BabyBus asserts a risk of "tainting the jury" in a new trial.  *Id.* at 4.  However, BabyBus cites no supporting authority which justifies sealing records to prevent potential mischaracterization of the order by a party.  Notably BabyBus did not identify this concern during the meet and confer with opposing counsel prior to filing the briefs herein.

Finally, BabyBus' motion is procedurally defective.  It violates Civ. L. R. 79-5 by not supporting its motion with an explanation or declaration and by not submitting a narrowly tailored proposed order.  Docket No. 659 at 1 (Administrative Mot. To File Under Seal).

For these reasons, BabyBus's request to seal the Order is DENIED.

B.  Joint Brief

The Court also denies BabyBus' Administrative Motion to Seal the Joint Brief for similar

reasons. BabyBus fails to meet the "good cause" standard here, because its argument to seal the Joint Brief is simply a conclusory restatement of Civ. L. R. 79-5(c)(1):

> BabyBus believes this information should be placed under seal because Babybus (1) has a legitimate interest in maintaining the confidentiality of this information; (2) BabyBus faces harm to its standing and reputation if its request for sealing is denied and this selective information is made publicly available; and (3) there is no less restrictive alternative than sealing the portions of these documents that is sufficient to protect BabyBus's interests. See Civ. L. R. 79-5(c)(1). Docket No. 659 at 1.

Further, Babybus's argument that the Joint Brief should be sealed because the Order is under seal is unpersuasive. The Court filed the order under seal temporarily while it ordered the parties to meet and confer to determine which portions of the Order may be publicly filed. Babybus also did not in good faith comply with the meet and confer as to the sealed status of the Order when it filed the motion without notice to opposing counsel. *See* Docket No. 645 (Order to Meet and Confer).

Like with the Motion to seal the Order, here, Babybus also committed procedural violations in this Motion to seal the Joint Brief. It did not provide a supporting declaration, nor did it put forth a proposed order narrowly tailored as required by Civ. L. R. 79-5(c). Docket No. 659 at 1 (Administrative Mot. To File Under Seal).

## IV. CONCLUSION

The Court DENIES Babybus's Administrative Motion to File Under Seal Docket No. 628 (Order Granting Sanctions).  The Court also DENIES Babybus's Administrative Motion to File Under Seal Docket No. 659 (Joint Brief).

**IT IS SO ORDERED**.

Dated: Tuesday, December 26, 2023

EDWARD M. CHEN
United States District Judge