UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOONBUG ENTERTAINMENT LIMITED, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>BABYBUS (FUJIAN) NETWORK TECHNOLOGY CO., LTD, et al.,<br><br>　　　　Defendants. | Case No.  21-cv-06536-EMC<br><br>**ORDER ON ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Docket Nos. 601, 613, 634, 648, 657, 667, 684, 686 |

## I.　　LEGAL STANDARD

The party seeking to seal a judicial record must "articulate compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure, such as the "public interest in understanding the judicial process." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178-79 (9th Cir. 2006).

The Ninth Circuit has clarified that the "compelling reasons" standard applies whenever the motion at issue "is more than tangentially related to the merits of a case." *Ctr. For Auto Safety v. Chrysler Grp., LLC,* 809 F.3d 1092, 1101 (9th Cir. 2016).  In some instances, the proposed filing of documents under seal in connection with motions for preliminary injunction, for sanctions, or *in limine*—though such motions are not dispositive—may be governed by the "compelling reasons test, predicated on the right of access and the need to "provide the public with a more complete understanding of the judicial system and a better perception of its fairness." *Id.* at 1097-1101.  *Harris v. Kyle,* 2019 WL 4596607, at *3 (E.D. Cal., 2019).  For all other non-dispositive motions, a "good cause" showing will suffice. *See* Fed. R. Civ. Pro. 26(c); *Kamakana,* 447 F.3d at 1180.

## II.  ANALYSIS

A.  Documents relating to the Sanctions Order

BabyBus seeks to seal motions and declarations that reference the Court's Order Granting Plaintiff's Motion for Sanctions. Docket No. 628 (Order). These include the following:

- Motion for Attorney Fees. Docket No. 634-1. (Sealing motion Docket No. 634).
- Opposition to Motion for Attorney Fees and Costs. Docket No. 648-1 (Sealing motion Docket No. 648-1).
- Reply in support of Motion for Attorney Fees and Costs and Response to Order Granting Sanctions. Docket No. 657-1 (Sealing motion Docket No. 657).
- Motion to Amend Judgment to Include Prejudgment Interest Award. Docket No. 667-1 (Sealing motion Docket No. 667).

While the Court initially filed the Order under seal and ordered the parties to meet and confer to determine which portions of the Order may be publicly filed, Docket No. 645, it ultimately denied sealing the Order. Docket No. 672. Therefore, the Court ORDERS parties to publicly file all sealed documents and portions of documents pertaining to Docket No. 628.

B.  Documents relating to the Protective Order

Next, Moonbug filed under seal motions, declarations, and exhibits that BabyBus has or may assert is derived from sources designated as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" under the stipulated protective order. Moonbug moves to unseal these documents as it has expressed no interest in sealing them. These include the following:

- Plaintiff's Renewed Motion for Sanctions. Docket No. 601-1. (Sealing motion Docket No. 601).
- Exhibit 7 to the Declaration of Ciara McHale In Support of the Renewed Motion for Sanctions. Docket No. 601-1. (Sealing motion Docket No. 601).
- Exhibits A through B of Declaration of Jennifer Vanderhart In Support of the Reply In Support of the Motion for Entry of Judgment, Prejudgment and Postjudgment interest. Docket No. 613-1.

BabyBus has not set forth any arguments as to why the Court should keep these documents

2

1   or portions of the documents under seal.  It has neither met the "compelling reasons" standard for
2   dispositive motions, nor the "good cause" standard for non-dispositive motions.  Nor has BabyBus
3   opposed Moonbug's motions.  Therefore, the Court ORDERS parties to publicly file the above
4   documents.

5   C.   Documents with sensitive and confidential business information

6   Finally, BabyBus moves to file under seal Exhibit 2 of the Declaration of Ciara McHale In
7   Support of the Motion for Assignment.  Docket No. 684-2 (Sealing motion Docket No. 686).
8   BabyBus explains that Exhibit 2 includes BabyBus's non-public financial information that is
9   confidential and sensitive business information which could result in competitive or commercial
10  injury to BabyBus.  Docket No. 686-1 ¶ 3 (Tang Decl.).  In particular, Exhibit 2 contains non-
11  public information concerning BabyBus's revenues and financial audits; the English translation
12  includes a detailed balance sheet.  Moonbug moves to unseal the document.  Docket No. 684.

13  "A request to seal may be supported by compelling reasons if the documents or portions of
14  documents at issue are "sources of business information that might harm a litigant's competitive
15  standing." *Ctr. for Auto Safety v. Chrysler Grp.,* 809 F.3d 1092, 1097 (9th Cir. 2016); *see also*
16  *Nixon v. Warner Commc'ns, Inc.,*, 435 U.S. 589, 598 (1978).  Confidential business information in
17  the form of "license agreements, financial terms, details of confidential licensing negotiations, and
18  business strategies" can be "compelling reasons" to prevent competitors from leveraging this
19  information to harm the designating parties in future negotiations.  *See Exeltis USA Inc. v. First*
20  *Databank, Inc.*, No. 17-cv-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. 2020) (citation
21  omitted); *In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D.
22  Cal. 2017).

23  Here, the Court finds that the release of confidential business information in Exhibit 2,
24  which includes BabyBus's internal financial statements, could harm BabyBus.  As such,
25  compelling reasons exist to keep these figures under seal.  Moreover, the sealing only of Exhibit 2
26  is narrowly tailored to exclude only sealable material under Civil L. R. 79-5(b).

27  The Court GRANTS BabyBus's motion to seal Exhibit 2, Docket No. 684-2 and DENIES
28  Moonbug's motion to unseal.  Also, while Moonbug filed Exhibit 1 under seal, BabyBus does not

move to file it under seal. Therefore the Court ORDERS Moonbug to publicly file the unredacted version of Exhibit 1, Docket No. 684-1.

### III.   CONCLUSION

The Court DENIES sealing of Docket Nos. 634-1, 657-1, 667-1 and ORDERS Moonbug to publicly file unredacted versions. The Court DENIES sealing of Docket Nos. 601-1, 631-1 and ORDERS Moonbug to publicly file unredacted versions. The Court GRANTS sealing of Docket No. 684-2 and ORDERS Moonbug to publicly file the unredacted version of 684-1.

Moonbug shall publicly file the required documents by August 14, 2024.

**IT IS SO ORDERED**.

Dated: August 6, 2024

_____
EDWARD M. CHEN
United States District Judge