UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOONBUG ENTERTAINMENT LIMITED, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BABYBUS (FUJIAN) NETWORK TECHNOLOGY CO., LTD, et al.,<br><br>Defendants. | Case No. 21-cv-06536-EMC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR ASSIGNMENT AND RESTRAINING ORDER**<br><br>Docket No. 714 |

## I.   FACTUAL BACKGROUND

On July 27, 2023, a jury found that Babybus infringed Moonbug's registered copyrights to Cocomelon's JJ character, family, and animal characters for 36 out of 39 works at issue.  Docket No. 579.  Further, the jury found Babybus liable for copyright infringement and misrepresentation under Section 512(f) of the Digital Millennium Copyright Act (DMCA).  *Id.*  On October 30, 2023, the Court entered judgment in favor of Moonbug in the amount of $17,718,114.  Docket No. 627.  Later, on January 10, 2024, the Court issued a writ of execution in the amount of $17,908,246.35 with daily interest thereafter in the amount of $2,640.72.  Docket No. 675.  The Court denied Babybus's motion for a new trial and judgment as a matter of law on May 15, 2024.  Docket No. 680.  On May 23, 2024, Moonbug filed a motion for an assignment of assets and a restraining order, which the Court denied without prejudice.  Docket No. 682; Docket No. 711.

Now, Moonbug moves for an emergency assignment of assets from Babybus to Moonbug and a restraining order to restrict Babybus.  For the following reason, the Court **GRANTS** Moonbug's motion and orders the assignment of Babybus's certain rights to payments from the following third parties from Babybus to Moonbug.  It also **GRANTS** a restraining order to prevent Babybus from any other assignment of any of the listed assets to any other entity.

## II. DISCUSSION

A. Assignment

    1. Legal Standard

Federal Rule of Civil Procedure 69(a)(1) states that the federal court must follow state law when applying the procedures for the execution of judgment. Under California Code of Civil Procedure section 708.510, a judgment creditor may ask the court to "order the judgment debtor to assign to the judgment creditor . . . all or part of a right to payment due or to become due, whether or not the right is conditioned on future developments." Cal. Civ. Proc. § 708.510(a). Section 708.510 "provides an optional procedure for reaching assignable forms of property that are subject to a levy, such as accounts receivables, general intangibles, judgments, and instruments." § 708.510, Leg. Comm. Cmts. Section 708.510 is a remedy that can be "used alone or in conjunction with other remedies. *Id.* Judgment creditors have the choice to exercise this "optional procedure for reaching assignable forms of property that are subject to a levy," and this measurement of collection can be used "alone or in conjunction with other remedies provided." *Id.*

An assignment is available "where a judgment creditor can identify a person or entity who is obligated to make payment to the judgment debtor, and where that right to payment is assignable." *Icho v. PacketSwitch.com, Inc.*, 2012 WL 4343834, *1 (N.D. Cal. 2012). To successfully request an assignment, the judgment creditor must "describe [the source of the right to the payment] with sufficient detail so that [d]efendants can file a claim of exception or other opposition" even though the statute does not require "detailed evidentiary support." *Id.* at *1. From this identification, the Court can grant an assignment if the judgment creditor "identified specific entities that are reasonably believed to be obligated to make assignable payments to" the judgment debtor. *Blue Grass Mfg. Co. of Lexington, Inc. v. Beyond A Blade, Flush-Cut, & Paws Off Tools, LLC.*, 2011 U.S. Dist. LEXIS 70556, *10 (N.D. Cal. 2011). Further, while the statute allows the Court to assign future payments, the statute requires "some degree of concreteness to the expected payment." *Legal Additions LLC v. Kowalski*, 2011 WL 3156724, *2 (N.D. Cal. 2011). Ultimately, if the judgment creditor has successfully identified the specific sources

obligated to make payments, then the "court has broad discretion in determining whether to order an assignment." *Telecom Asset Mgmt., LLC v. FiberLight, LLC.*, 2016 WL 7188008, *1 (N.D. Cal 2016). There is no requirement for an extraordinary showing in order to obtain an assignment.

  2. <u>Third-Party Entities and Other Platforms Moonbug Identifies for an Assignment</u>

Moonbug's identification of YouTube, Apple, Google, Spotify, Amazon, Pandora, and The Roku Channel and the accompanying evidence establishes that Babybus uploaded content on these platforms. *See* Docket No. 714 at 6-10. Generally, an assignment can be granted "where a judgment creditor can identify a person or entity who is obligated to make payment to the judgment debtor." *Icho*, 2012 WL 4343834 at *1. In *Blue Grass*, the court granted an assignment order to the judgment creditor because the judgment creditor identified the defendants' products as "available for sale on Amazon.com" and other similar websites. *Blue Grass*, U.S. Dist. LEXIS 70556 at *7. Because these platforms were reasonably "believed to sell" the defendant's products based on their existence on these sites, the court granted an assignment order. *Id.* at *7, *10. Similarly, based on the nature of these platforms, the Court finds it "reasonably believed" that the existence of Babybus content on YouTube, Apple, Google, Spotify, Amazon, Pandora, and The Roku Channel indicates that these platforms are generating a source of compensation to Babybus, payments that may properly be subject to an assignment order. *See Blue Grass*, U.S. Dist. LEXIS 70556 at *1; Docket No. 714 at 6-10.

Moonbug has identified PayPal to be a third-party obligor with assignable future payments. *See* Docket No. 714 at 9. In *Cadence Design Sys. v. Pounce Consulting, Inc.*, the judgment debtor used "UCF as an account receivable vendor and, accordingly, directs its customers to pay UCF." *Cadence Design Sys. v. Pounce Consulting, Inc.*, 2019 U.S. Dist. LEXIS 126157, *6 (N.D. Cal. 2019). Similar to the accounts receivable vendor in *Cadence Design*, Moonbug has established that Babybus's website directs VIP payments for Baby Panda World through PayPal. *See Cadence Design*, 2019 U.S. Dist. LEXIS 126157 at *9; Docket No. 714 at 9; Docket No. 683 at Ex. 57. Thus, the Court reasonably believes that PayPal is a third party from which an assignable, future payment is owed to Babybus. *See Blue Grass*, U.S. Dist. LEXIS 70556 at *1.

Moonbug identified, from Babybus's December 2019 financial statements, GOOGLE,

Beijing Baidu Netcom Science and Technology Co., Ltd., Shenzhen Tencent Computer System Co., Ltd., IRONSOURCE, Beijing Yulotong Network Technology Co., Ltd, and Japan Babybus Co., Ltd. as "accounts receivables with significant arrears at the end of the year." Docket No. 684, Ex. 2 at 5. In *Icho*, the court denied an assignment order to "future proceeds 'arising out of [the judgment debtor's] activities as an entertainer, television and theatrical performer, singer'" and other similar jobs because these were only "future, hypothetical performances." *Icho*, 2012 WL 4343834 at *1, *2. In contrast to a "hypothetical" performance, Moonbug has produced documents identifying payments from these third parties in Babybus's own financial disclosures. *See id.*; Docket No. 684, Ex. 2 at 5. Although these receivables were for 2019, the existence of prior payments provides "some degree of concreteness" that Babybus may continue to receive revenues from these entities, revenues that qualify for an assignment. *See Icho*, 2012 WL 4343834 at *2.

The evidence Moonbug provides in the case of iQiyi, Toutiao Pangolian, Youku, and Himalaya identifies these entities as third-party licensees to Babybus's content. Docket No. 714 at 10. In *Mentor Capital, Inc. v. Bhang Chocolate Co.*, the court reasoned that section 708.510 permits an assignment of licensing fees as the statute's comments identify "Royalties," "Payments due from a patent or copyright," "accounts receivable," and "general intangibles" as assignable property. *Mentor Capital, Inc. v. Bhang Chocolate Co.*, 2017 U.S. Dist. LEXIS 123702, *7 (N.D. Cal. 2017). Here, Moonbug provides Babybus's own financial documents identifying iQiyi, Toutiao Pangolian, Youku, and Himalaya as third-party licensees, which creates "some degree of concreteness to the expected payment." *Icho*, 2012 WL 4343834 at *2; Docket No. 683, Ex. 42 at 8.

Similarly, Moonbug also points to evidence that establishes Sohu, MangoTV, Wasu TV, LeTV, and PPTV as platforms that showed Babybus's content online and disseminated through the television platforms. Docket No. 684, Ex. 1. Similar to "royalties" and "payments due from a patent or copyright," Moonbug points to a list of TV platforms from Babybus's financial documents that were established during the litigation; this list shows Super JOJO seasons and other Babybus content will generate future payments from these platforms to Babybus. *See*

4

*Mentor Capital*, 2017 U.S. Dist. LEXIS 123702 at *7; Docket No. 684, Ex. 1.  The Court thus reasonably believes that Babybus expects payment from these platforms for the use of Babybus's intellectual property.  *See Blue Grass*, 2011 U.S. Dist. LEXIS at *10.

      Although the statute does not require "detailed evidentiary support" to establish proof of payment, the Court finds Moonbug's evidence to be lacking in the case of Instagram and Facebook.  *See Icho*, 2012 WL 4343834 at *1.  While Moonbug does establish the existence of a Babybus Facebook and Instagram account, the Court needs more evidence to establish the existence of *payments* from Instagram or Facebook to Babybus.  *See* Docket No. 714 at 9.  The fact of an account does not inherently suggest monetary obligations owed to Babybus.  Unlike other platforms like Amazon or Spotify where an expected payment can be "reasonably believed," Instagram and Facebook are not necessarily "obligated to make payments" to Babybus.  *See Blue Grass*, U.S. Dist. LEXIS 70556 at *7. Absent a further showing, Moonbug has "failed to identify any specific source of money to be assigned" from Facebook or Instagram through the existence of Babybus Facebook and Instagram accounts alone.  *See Garden City Boxing Club, Inc. v. Briano*, 2007 WL 4463264, *1 (E.D. Cal. 2007); Docket No. 714 at 9.

      Further, the Court cannot extend an assignment to Singapore Babybus, Pte. Ltd. because Moonbug has failed to establish an expected payment from the entity.  While Moonbug has shown that Babybus identifies Singapore BabyBus Pte. Ltd. as a subsidiary of Babybus, this does not establish an assignable right of payment from this entity to Babybus.  Docket No. 714 at 6.  In *Legal Additions*, the court rejected an assignment over third parties that only had an association with the defendant through book reviews and being "named on the website" of the judgment debtor.  *Legal Additions*, 2011 WL 3156724 at *2.  The court found that these identifications "say nothing about whether or not the people or entities owe [the judgment debtor] money." *Id.*  While the statute does not require "*detailed* evidentiary support," the motion must establish more than an association between the entities like Moonbug has shown here.  *See id.*; Docket No. 714 at 6.  Because the identification of Singapore BabyBus Pte. Ltd as a subsidiary of Babybus does not establish the likelihood of payments owed to Babybus, absent further evidence, the Court does not find that Moonbug has met the standard required for an assignment here.  *See Legal Additions*,

5

2011 WL 3156724 at *2.

Similarly, Moonbug cannot be granted an assignment from payments from Fuzhou Zhi Yong Information Technology Co., Ltd. because the information provided does not clearly identify that Fuzhou Zhi Yong Information Technology Co., Ltd. has a source of revenue owed to Babybus. *See* Docket No. 714 at 6. While "[r]evenues from monetization of Defendants' content on YouTube" could be a clear establishment of expected future payments, the evidence provided to the Court needs further clarification and establishment to meet this standard. Docket No. 714 at 6; *see Icho*, 2012 WL 4343834 at *1.

The Court orders an assignment of Babybus's right to payments from Japan Babybus Co., Ltd., YouTube, Apple, Google, PayPal, Spotify, Amazon, Pandora, Baidu, The Roku Channel, Tencent, iQiyi, Toutiao Pangolin, Youku, Himalaya, Sohu, MangoTV, Wasu TV, LeTV, PPTV, ironSource Ltd., and Beijing Youletong Network Technology Co. to Moonbug.

B.  Restraining Order

The Court has established an assignment of Babybus's right of payment from Japan Babybus Co., Ltd., YouTube, Apple, Google, PayPal, Spotify, Amazon, Pandora, Baidu, The Roku Channel, Tencent, iQiyi, Toutiao Pangolin, Youku, Himalaya, Sohu, MangoTV, Wasu TV, LeTV, PPTV, ironSource Ltd., and Beijing Youletong Network Technology Co. To prevent Babybus from avoiding enforcement of this order, the Court also grants a restraining order on Babybus to prevent Babybus from further assigning the right to payment from Japan Babybus Co., Ltd., Apple, Google, PayPal, Spotify, Amazon, Pandora, Baidu, The Roku Channel, Tencent, iQiyi, Toutiao Pangolin, Youku, Himalaya, Sohu, MangoTV, Wasu TV, LeTV, PPTV, ironSource Ltd., and Beijing Youletong Network Technology Co.

Once a Court has found a reason for an assignment order, the threshold for a grant of a restraining order is "relatively low." *Telecom*, 2016 WL 7188008 at *2 (citing *Legal Additions LLC v. Kowalski,* 2011 WL 3156724, *3 (N.D. Cal. 2011)). When a court has ordered an assignment, a restraining order can be proper if the "judgment debtors have refused to voluntarily satisfy the judgment against them and have avoided making any payment." *Cadence Design*, 2019 U.S. Dist. LEXIS 126157 at *10. Like the judgment debtors in *Cadence Design*, Babybus

6

has failed to make any payment on the judgment and has "refused to voluntarily satisfy the judgment" by avoiding depositions pursuant to Fed. R. Civ. P. 30(b)(6) and failing to motion for a stay or post a bond contrary to its earlier representations to the Court. *See id.*; Docket No. 714 at 4. Moreover, the Court orders this restraining order to stop Babybus from changing the account names of any of the above-mentioned accounts or reassigning the rights of those accounts or platforms to anyone else.

### III. CONCLUSION

Moonbug's motion for assignment and retraining order is granted as to the third-party obligors identified herein.

**IT IS SO ORDERED**.

Dated: September 30, 2024

_____
EDWARD M. CHEN
United States District Judge