**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<div style="float:right">

FILED

NOV 6 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

</div>

| | |
|---|---|
| MOONBUG ENTERTAINMENT LIMITED; TREASURE STUDIO, INC., | No. 24-3748; 24-6757 |
| Plaintiffs - Appellees, | D.C. No. 3:21-cv-06536-EMC |
| v. | MEMORANDUM* |
| BABYBUS CO., LTD.; BABYBUS (FUJIAN) NETWORK TECHNOLOGY CO., LTD, | |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted September 17, 2025
San Francisco, California

Before: HAMILTON, R. NELSON, and BUMATAY, Circuit Judges.**

BabyBus Co. Ltd. and BabyBus (Fujian) Network Technology Co., Ltd.

(collectively, Appellants) appeal the district court's final judgment for Moonbug

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable David F. Hamilton, United States Circuit Judge for the Court of Appeals, 7th Circuit, sitting by designation.

Entertainment Limited and Treasure Studio, Inc. (collectively, Appellees) after a jury trial, challenging the district court's jury instructions and verdict form. Appellants also challenge the district court's decision granting partial summary judgment to Moonbug on the copyrightability of the JJ character. The district court had jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), and we have jurisdiction under 28 U.S.C. § 1291. We affirm the district court.

"We review de novo whether a district court's jury instructions accurately state the law, and we review for abuse of discretion a district court's formulation of jury instructions." *Hung Lam v. City of San Jose*, 869 F.3d 1077, 1085 (9th Cir. 2017). Instructional error does not require reversal if "the error is more probably than not harmless." *Swinton v. Potomac Corp.*, 270 F.3d 794, 805 (9th Cir. 2001) (cleaned up). The grant of summary judgment is reviewed de novo. *DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 982 (9th Cir. 2017).

1. The district court properly instructed the jury on filtering. The jury instructions "adequately distinguish[ed]" between protected and unprotected elements of the CoComelon works by listing the kinds of components that are not entitled to copyright protection. *See Harper House, Inc. v. Thomas Nelson, Inc.*, 889 F.2d 197, 207–08 (9th Cir. 1989). This court has never required district courts to identify for the jury specific, unprotected elements in the allegedly infringed work. Appellants agreed with this very proposition in proposed jury instructions submitted

before trial.  The district court did not err by listing categories of protected and unprotected material and then tasking the jury with determining which case-specific elements corresponded to those categories based on testimony elicited at trial.  *See Harper House*, 889 F.2d at 208.

There was also no error in the district court's guidance on *scenes a faire*, merger, and thick/thin protection.  The district court's instructions on *scenes a faire* gave adequate guidance and tracked existing case law.  *See Swirsky v. Carey*, 376 F.3d 841, 850 (9th Cir. 2004).  Appellants preferred slightly different language, but a district court "need not incorporate every proposition of law suggested by counsel so long as [it] adequately covers the principles necessary for jury guidance."  *Van Cleef v. Aeroflex Corp.*, 657 F.2d 1094, 1099 (9th Cir. 1981).

Likewise, the district court did not abuse its discretion when it forwent a merger instruction based on insufficient evidence.  The district court determined that the instruction would be redundant with other instructions explaining which elements are unprotected.  Even if Appellants were correct that the merger doctrine should apply because there are a "limited number of ways" to express the idea of a "cartoon baby in a happy family brushing their teeth," any such error would have been harmless.  *See Swinton*, 270 F.3d at 805.

The district court also did not err by finding thick protection and applying the substantial similarity standard.  Even if some visual elements are inherent in the

24-3748

genre of animated babies, there is still a wide range of possible creative expression. In any case, the jury found that JoJo was "not only substantially similar[] but also virtually identical" to JJ. In other words, the jury also found illicit copying under the thin-protection standard Appellants would have preferred. So even if the district court had erred in finding broad protection, the error would have been harmless.

2.   There was no error in the district court's selection and arrangement instruction. Even if we assumed Appellants were correct that filtering is always required in cases such as this one, the district court's instructions provided adequate filtering guidance by distinguishing between the kinds of elements that are typically protected versus those that are not. *See Harper House*, 889 F.2d at 208 (finding error where the district court failed to instruct the jury on general categories of unprotected elements, like "blank forms" and "utilitarian aspects of useful items"). Contrary to Appellants' assertions, Appellees presented sufficient evidence on how individual unprotected elements were "particularly selected and arranged" to warrant the instruction. *Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1075 (9th Cir. 2020) (en banc).

3.   The district court did not improperly grant partial summary judgment to Appellees on the copyrightability of the JJ character. JJ has several unique characteristics that, when viewed in combination, render him "especially distinctive." *See DC Comics v. Towle*, 802 F.3d 1012, 1019 (9th Cir. 2015). The

24-3748

best example is his signature "Wow!" gesture, but his clothing, physical features, character traits, and unique popularity also render him "especially distinctive." There is no genuine dispute of material fact that JJ is an especially distinctive character.

4.   The district court did not abuse its discretion in formulating the verdict form.   The form did not request individual findings for each video accused of infringement.   But "the key is not the number of questions on the verdict form, but whether the jury announces the ultimate legal result of each claim."   *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1031 (9th Cir. 2003).   That standard is satisfied.

The jury concluded (1) that Appellants willfully infringed the registered copyright in JJ's visual rendering, and (2) that JoJo is "virtually identical" to JJ, and each of Appellants' 368 Super JoJo videos focuses on JoJo as the main character. From the verdict form, the jury found that each Super JoJo video willfully infringed at least one of Appellees' registered copyrights.   The district court acted within its discretion in crafting a verdict form that avoided the need for individual findings on each of 368 videos accused of infringing the CoComelon copyrights.

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

## Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate electronic filing system or, if you are a pro se litigant or an attorney with an exemption from the electronic filing requirement, file one original motion on paper.

**Petition for Panel Rehearing and Petition for Rehearing En Banc (Fed. R. App. P. 40; 9th Cir. R. 40-1 to 40-4)**

**(1) Purpose**
   **A. Panel Rehearing:**
   - A party should seek panel rehearing only if one or more of the following grounds exist:
       - A material point of fact or law was overlooked in the decision;
       - A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
       - An apparent conflict with another decision of the Court was not addressed in the opinion.
   - Do not file a petition for panel rehearing merely to reargue the case.

   **B. Rehearing En Banc**
   - A party should seek en banc rehearing only if one or more of the following grounds exist:
       - Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
       - The proceeding involves a question of exceptional importance; or

1

> ➢ The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2) Deadlines for Filing:**
- A petition for rehearing or rehearing en banc must be filed within 14 days after entry of judgment. Fed. R. App. P. 40(d).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(d). The deadlines for seeking reconsideration of a non-dispositive order are set forth in 9th Cir. R. 27-10(a)(2).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- See Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-4.

**(3) Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4) Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms*.
- Attorneys must file the petition electronically via the appellate electronic filing system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms*.

**Attorneys Fees**
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-8000.

**Petition for a Writ of Certiorari**
- The petition must be filed with the Supreme Court, not this Court. Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov.

**Counsel Listing in Published Opinions**
- Please check counsel listing on the attached decision.
- If there are any errors in a published opinion, please send a letter **in writing within 10 days** to:
  - ➤ Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Maria Evangelista, maria.b.evangelista@tr.com);
  - ➤ **and** electronically file a copy of the letter via the appellate electronic filing system by using the Correspondence filing category, or if you are an attorney exempted from electronic filing, mail the Court one copy of the letter.

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 10. Bill of Costs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form10instructions.pdf

**9th Cir. Case Number(s)**

**Case Name**

The Clerk is requested to award costs to *(party name(s))*:

I swear under penalty of perjury that the copies for which costs are requested were actually and necessarily produced, and that the requested costs were actually expended.

**Signature**                                                    **Date**
*(use "s/[typed name]" to sign electronically-filed documents)*

| COST TAXABLE | REQUESTED *(each column must be completed)* | | | |
|---|---|---|---|---|
| DOCUMENTS / FEE PAID | No. of Copies | Pages per Copy | Cost per Page | TOTAL COST |
| Excerpts of Record* | | | $ | $ |
| Principal Brief(s) *(Opening Brief; Answering Brief; 1st, 2nd , and/or 3rd Brief on Cross-Appeal; Intervenor Brief)* | | | $ | $ |
| Reply Brief / Cross-Appeal Reply Brief | | | $ | $ |
| Supplemental Brief(s) | | | $ | $ |
| Petition for Review Docket Fee / Petition for Writ of Mandamus Docket Fee / Appeal from Bankruptcy Appellate Panel Docket Fee | | | | $ |
| | | | **TOTAL:** | $ |

***Example:*** *Calculate 4 copies of 3 volumes of excerpts of record that total 500 pages [Vol. 1 (10 pgs.) + Vol. 2 (250 pgs.) + Vol. 3 (240 pgs.)] as:*
*No. of Copies: 4; Pages per Copy: 500; Cost per Page: $.10 (or actual cost IF less than $.10); TOTAL: 4 x 500 x $.10 = $200.*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*