JENNIFER KELLY (CSB No. 193416)
jennifer@tyzlaw.com
RYAN TYZ (CSB No. 234895)
ryan@tyzlaw.com
ERIN JONES (CSB No. 252947)
ejones@tyzlaw.com
CIARA MCHALE (CSB No. 293308)
ciara@tyzlaw.com
SEAN APPLE (CSB No. 305692)
sapple@tyzlaw.com
CHIEH TUNG (CSB No. 318963)
chieh@tyzlaw.com
TYZ LAW GROUP PC
1 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: 415.868.6900

Attorneys for Plaintiffs
Moonbug Entertainment Limited and
Treasure Studio, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MOONBUG ENTERTAINMENT LIMITED and TREASURE STUDIO, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BABYBUS CO., LTD and BABYBUS (FUJIAN) NETWORK TECHNOLOGY CO., LTD, <br><br> Defendants. | Case No: 3:21-cv-06536-EMC <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ADDITIONAL ATTORNEYS' FEES** <br><br> Date: March 5, 2026 <br> Time: 1:30 p.m. <br> Judge: Hon. Edward M. Chen <br> Courtroom: 5, 17th Floor |

# TABLE OF CONTENTS

Page

I. RELEVANT BACKGROUND ................................................................................................ 1

    A. Moonbug's Victory and the Court's Initial Fee Award ......................................... 1

    B. Moonbug Incurred Additional Fees Defending against BabyBus' Unsuccessful Appeal ................................................................................................ 2

    C. Moonbug Incurred Additional Fees to Collect the Judgment ............................... 3

II. ARGUMENT ............................................................................................................................ 4

    A. Moonbug is Entitled to Recover its Reasonable Fees Incurred Defending BabyBus' Unsuccessful Appeal ............................................................................... 4

    B. Plaintiff Is Separately Entitled to Recover Attorneys' Fees Incurred Enforcing and Collecting the Judgment ................................................................. 7

    C. Moonbug's Requested Fees are Reasonable ......................................................... 8

III. CONCLUSION ..................................................................................................................... 10

# TABLE OF AUTHORITIES

Page

**CASES**

*Cabrales v. Cnty. of Los Angeles*,
 935 F.2d 1050 (9th Cir. 1991) ................................................................................................ 6

*Erickson Prods. Inc. v. Kast*,
 No. 13-CV-05472-DMR, 2021 WL 3887797 (N.D. Cal. Aug. 31, 2021) .............. 7, 8, 10

*Erickson Prods. Inc. v. Kast*,
 No. 13-CV-05472-DMR, 2022 WL 408436 (N.D. Cal. Feb. 10, 2022) ........................ , 10

*Fantasy, Inc. v. Fogerty*,
 94 F.3d 553 (9th Cir. 1996) .................................................................................................. 1

*Glacier Films (USA), Inc. v. Turchin*,
 896 F.3d 1033 (9th Cir. 2018) ............................................................................................. 7

*Graham-Sult v. Clainos*,
 719 F. App'x 562, (9th Cir. 2017) ....................................................................................... 5

*In re PersonalWeb Techs., LLC*,
 No. 18-CV-00767-BLF, 2023 WL 8701304 (N.D. Cal. Dec. 15, 2023) .......................... 7

*Kirtsaeng v. John Wiley & Sons, Inc.*,
 579 U.S. 197 (2016) ............................................................................................................... 6

*Maljack Prods., Inc. v. GoodTimes Home Video Corp.*,
 81 F.3d 881 (9th Cir. 1996) .................................................................................................. 5

*Orthopaedic Hosp. v. Encore Med., L.P.*,
 No. 19-CV-00970, 2021 WL 5449041 (S.D. Cal. Nov. 19, 2021) .................................... 9

*SOFA Ent., Inc. v. Dodger Prods., Inc.*,
 709 F.3d 1273 (9th Cir. 2013) ............................................................................................. 6

*Spanski Enters., Inc. v. Telewizja Polska S.A.*,
 278 F. Supp. 3d 210 (D.D.C. 2017),
 *aff'd*, No. 18-7050, 2018 WL 11413156 (D.C. Cir. Nov. 27, 2018) ................................. 6

*Um Corp. v. Tsuburaya Prods. Co.*,
 No. 15-CV-03764, 2018 WL 11242020 (C.D. Cal. Aug. 1, 2018),
 *aff'd in relevant part*, 793 F. App'x 511 (9th Cir. 2019) .................................................... 9

**OTHER AUTHORITIES**

Federal Rule of Civ. Proc. 30(b)(6) ................................................................................................ 3

U.S.C. 17 § 505 ......................................................................................................................... 1, 7, 8

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on March 5, 2026, at 1:30 pm or as soon thereafter as counsel may be heard in the courtroom of the Honorable Edward M. Chen, Courtroom 5 on the 17th floor of the San Francisco Courthouse located at 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiffs Moonbug Entertainment Ltd. and Treasure Studio, Inc. ("Moonbug") will and hereby do move for an award of additional fees and costs incurred in prosecuting this lawsuit post-verdict in the amount of $933,148.

This Motion rests on the Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Ciara McHale and Exhibits thereto, the Declaration of Eric Boorstin and Exhibits thereto, other previously filed documents in this action, the Court's files, the arguments of counsel, and any other matter that the Court may properly consider.

# ISSUES TO BE DECIDED

1. Whether Moonbug may recover its additional reasonable attorneys' fees incurred since the Court's order awarding Moonbug its fees and costs. Dkt. No. 711.

2. The amount of Moonbug's additional reasonable attorneys' fees and costs that the Court should award.

# MEMORANDUM OF POINTS AND AUTHORITIES

Moonbug seeks an award of its additional reasonable attorneys' fees and costs incurred in defending against BabyBus' unsuccessful appeal and enforcing the judgment against it.

This Court has already determined that Moonbug is the prevailing party under Section 505 of the Copyright Act and awarded Moonbug fees and costs incurred as of July 22, 2024. Dkt. No. 711 ("Fee Award Order"); Dkt. No. 705. Applying the *Fogerty* factors, the Court found, among other things, that Moonbug achieved "nearly perfect success at trial" and that "several . . . . aspects of BabyBus's defense were objectively unreasonable," including its concession of willful infringement after a year of denial and its assertion of an independent development defense based on fabricated evidence. *Id.* at 6–7. BabyBus did not appeal the Fee Award Order.

Since the Fee Award Order, Moonbug has incurred additional fees and costs defending against BabyBus' appeal and enforcing the judgment. On appeal, the Ninth Circuit affirmed this Court's judgment in a memorandum disposition and soundly rejected BabyBus' petition for rehearing by the panel or en banc. Dkt. No. 796. While the appeal was pending, Moonbug also incurred extensive fees enforcing the judgment while BabyBus evaded collection. BabyBus told Moonbug and the Court it would post a bond, then claimed it would satisfy the judgment, all while dodging post-judgment discovery. It fought Moonbug's successful motions to assign assets to Moonbug and to add as judgment debtor an affiliate that held those assets.

Consistent with the Court's prior Fee Award Order, the relevant factors favor awarding Moonbug its additional fees and costs incurred because of BabyBus' further litigation conduct. The Court should grant the motion, award Moonbug its additional fees and costs, and amend the judgment to reflect the total fees and costs awarded.

## I. RELEVANT BACKGROUND

The Court is familiar with the facts of this case. *See, e.g.*, Dkt. No. 680 at 1–10, Dkt. No. 242 at 1–7.

### A. Moonbug's Victory and the Court's Initial Fee Award

Following a resounding jury verdict for Moonbug and entry of judgment and a permanent injunction against BabyBus, Moonbug moved for its attorneys' fees and costs under the Copyright

Act. Dkt. No. 630.  The Court granted Moonbug's motion for attorneys' fees, awarding Moonbug $6,657,490.57 in total fees and costs.  Fee Award Order at 20.  Applying the *Fogerty* factors, the Court found, among other things, that (1) "Moonbug achieved nearly complete success on the merits;" (2) BabyBus' complete denial of copyright infringement for over a year, only to concede willful infringement of videos that it copied frame-by-frame, was unreasonable; and (3) BabyBus' independent development defense was unreasonable because BabyBus fraudulently relied on fabricated evidence and otherwise lacked evidence to support the theory.  *Id.* at 4–7.  The Court also determined that Moonbug's requested fees were reasonable.  *Id.* at 11 (finding time entries "overall reasonable" and noting Moonbug's "relatively sparse team of nine attorneys compared to BabyBus's team of at least seventeen attorneys") *Id.* at 11.  BabyBus did not appeal the Fee Award Order.

### B. Moonbug Incurred Additional Fees Defending Against BabyBus' Unsuccessful Appeal

BabyBus filed an appeal from the Court's orders denying its motions for judgment as a matter of law and for new trial, the Court's final judgment and permanent injunction, and underlying orders, decisions, and rulings.  Dkt. No. 690.  The appeal focused on purported errors regarding jury instructions, summary judgment finding as to the protectability of Moonbug's central JJ character, and the verdict form.  *See* Dkt. No. 796 ("Appeal Order").

On November 6, 2025, the Ninth Circuit affirmed the judgment and related rulings in their entirety in a short memorandum disposition.  *Id.*  The Ninth Circuit held that this Court "properly instructed the jury on filtering," noting that the Ninth Circuit "has never required district courts to identify for the jury specific, unprotected elements in the allegedly infringed work" as BabyBus argued.  *Id.* at 2.  The court likewise found no error in this Court's "guidance on *scenes a faire*, merger, and thick/thin protection," its selection and arrangement instruction, its verdict form, or its summary judgment finding that JJ is a protectible character.  *Id.* at 3–5.  The Ninth Circuit then denied BabyBus' petition for rehearing by the panel or en banc, with no judge requesting an en banc vote.  McHale Decl. Ex. 6.  The mandate issued December 29, 2025.  Dkt. 797.

Following the affirmance, Moonbug moved for its fees incurred in defending the appeal

and requested that the fees consideration be transferred to this Court. *See* McHale Decl. ¶ 57, Ex. 7. The Court granted Moonbug's request and transferred the question on December 31, 2025. *Id.* Moonbug seeks a total of $535,155.25 in fees in relation to BabyBus' appeal. *Id.* ¶ 19, Exs. 1, 2.

## C. Moonbug Incurred Additional Fees to Collect the Judgment

BabyBus spent over a year refusing to request a stay of the judgment while doing everything in its power to thwart collection. Initially, BabyBus suggested to the Court and Moonbug that it would seek a stay and post a bond, but never did. *See* McHale Decl. ¶¶ 26–28, 31. In May 2024, after the Court denied BabyBus' post-trial motions and lifted an interim stay, BabyBus argued the stay was still in place, despite having never posted bond. *Id.* ¶ 29. When Moonbug's counsel repeatedly asked BabyBus whether it would seek a stay and post a bond, it refused to answer for months. *Id.* ¶ 27. When the Court questioned BabyBus about its failure to post a bond at a hearing in September 2024, BabyBus told the Court and Moonbug for the first time and without substantiation that it could not secure a bond, proposing a nebulous escrow account as a bond substitute. *Id.* ¶ 29. Still, BabyBus did not follow through with any stay motion at that time.

Instead, BabyBus focused its efforts on stalling Moonbug's ability to collect on the judgment. In response to Moonbug's levies to Google, Japan BabyBus (through BabyBus' counsel) tried to assert a superior interest to funds subject to the levies. *See id.* ¶ 30; Dkt. 714. From May to December 2024, BabyBus opposed Moonbug's motions for assignment and to amend the judgment to add Japan BabyBus, both of which the Court later granted. Dkt. Nos. 691, 721, 745 (oppositions); Dkt. Nos. 733, 765 (orders granting motions).

In parallel, BabyBus made every effort to evade postjudgment discovery, including making repeated representations about its imminent satisfaction of the judgment to stall. It stonewalled Moonbug's written discovery and deposition requests, refusing to respond to targeted document requests and interrogatories or provide a witness regarding its assets subject to the judgment. *See* Dkt. Nos. 772, 773; McHale Decl. ¶ 36, Ex. 5. It provided an unprepared witness at a Court-ordered 30(b)(6) deposition. McHale Decl. ¶ 32. When Moonbug exhausted meet and confer efforts and prepared submissions to Magistrate Judge Westmore regarding BabyBus'

discovery tactics, BabyBus' counsel then told Moonbug's counsel that BabyBus would instead satisfy the judgment. McHale Decl. ¶¶ 36–37. In reliance on these representations, Moonbug agreed to toll submission of the discovery letters for months and worked with its expert to calculate the remaining balance owed to Moonbug. *Id.* ¶¶ 38–39. But BabyBus did not satisfy the judgment. And during this time, Moonbug learned that BabyBus also told Google on multiple occasions that it would satisfy the judgment imminently, so that Google would pause payments to Moonbug, contrary to applicable levies and court orders. *Id.* ¶ 40.

When BabyBus failed to follow through on its promise to satisfy the judgment, Moonbug resumed discovery efforts. *Id.* ¶ 47. In April 2025, Magistrate Judge Westmore ordered the parties to confer further but noted that Moonbug's discovery efforts went "squarely to [its] collection efforts" and "generally appear[ed] to be relevant to collecting on the judgment," and that a deposition of Mr. Yan "appear[ed] . . . warranted." Dkt. 777.

With the specter of impending further discovery into its assets, BabyBus filed a months-late motion to stay enforcement of the judgment. Dkt. 775. In its motion, it claimed again that it could not obtain an adequate bond and proposed an inadequate alternative security in the form of a U.S. savings account held by its counsel. *Id.* at 1. Faced with Moonbug's opposition detailing its post-judgment misconduct and with discovery looming, BabyBus then finally relented, paying the remaining amount owed to Moonbug at the time and withdrawing its stay motion. Dkt. No. 783; McHale Decl. ¶ 52–54. Moonbug's acknowledgment of payment made clear it reserved all rights to seek further attorneys' fees and costs and amendment of the judgment to reflect them. Dkt. 785. Moonbug seeks $397,992.75 in fees relating to its efforts to enforce the judgment against BabyBus since the Fee Award Order. McHale Decl. ¶ 20, Ex. 3.

Having defended its victory on appeal and gone to great pains to collect the fruits of that victory, Moonbug now brings this motion to seek its further fees incurred in those efforts.

II.  **ARGUMENT**

  A.  **Moonbug is Entitled to Recover its Reasonable Fees Incurred Defending BabyBus' Unsuccessful Appeal**

The Court should award Moonbug its fees incurred prevailing on BabyBus' appeal.

1  Courts routinely award prevailing copyright plaintiffs fees incurred on appeal in successfully
2  defending the judgment. *See Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 561 (9th Cir. 1996) (awarding
3  attorneys' fees under 17 U.S.C. § 505 for successfully defending appeal); *Maljack Prods., Inc. v.
4  GoodTimes Home Video Corp.*, 81 F.3d 881, 890 (9th Cir. 1996) (same).

5        Because the Court already determined that fees were appropriate, it should grant
6  Moonbug's request for additional fees incurred on appeal for the same reasons. *See Graham-Sult
7  v. Clainos*, 719 F. App'x 562, 568 (9th Cir. 2017) (affirming grant of attorneys' fees under the
8  Copyright Act and granting attorneys' fees on appeal "[f]or the same reasons").

9        While unnecessary for an award of fees on appeal, as the Court has already applied the
10 *Fogerty* factors to find fees appropriate, Moonbug's victory in this appeal also further supports
11 its request for additional fees. BabyBus' appeal arguments were unreasonable considering
12 controlling Ninth Circuit law. BabyBus quibbled with many of the jury instructions because it
13 "preferred slightly different language" even though they "gave adequate guidance and tracked
14 existing case law." Appeal Order at 3. BabyBus also argued that this Court was required to
15 determine and filter out specific unprotectable elements as a matter of law, and then instruct the
16 jury with a list, even though it originally argued the opposite to the district court. *Id.* at 2–3; Dkt.
17 No. 336 at 58 (arguing in its proposed jury instructions that "[i]t is well settled" that "the fact
18 finder must 'filter out' the unprotectable elements of the plaintiff's work"); Dkt. No. 425 at 20
19 (proposing an instruction to the jury that "[y]ou must determine whether each other element is
20 protected or not."). BabyBus also made this argument even though it was contrary to well-settled
21 Ninth Circuit precedent. The Ninth Circuit's order affirming the judgment confirmed it: "This
22 court has never required district courts to identify for the jury specific, unprotected elements in
23 the allegedly infringed work." Appeal Order at 2. BabyBus likewise argued unreasonably on
24 appeal that the district court should have used an unwieldy verdict form comparing each of
25 Moonbug's dozens of copyrights to 368 accused videos. *See id.* at 5. BabyBus' arguments were
26 disposed of in a mere 5-page memorandum that it deemed unnecessary to publish as precedent,
27 presumably because it believed that existing precedent supported Moonbug's positions. *See*
28 Appeal Order at 1; 9th Cir. R. 36-2 (an opinion shall be published if it clarifies a rule of federal

1  law or calls attention to a rule that appears to have been generally overlooked). The Ninth Circuit has acknowledged that it is rare for a litigant to not "lose some skirmishes on the way to winning the war" because lawsuits "usually involve many reasonably disputed issues." *See Cabrales v. Cnty. of Los Angeles*, 935 F.2d 1050, 1053 (9th Cir. 1991). But this is precisely one of those rare cases—Moonbug suffered no adverse rulings on the many issues raised by BabyBus because the disputes were unreasonable. BabyBus' arguments on appeal were thus unreasonable because it "should have known from the outset that its chances of success . . . were slim to none." *See SOFA Ent., Inc. v. Dodger Prods., Inc.*, 709 F.3d 1273, 1280 (9th Cir. 2013).

Moreover, BabyBus' conduct on appeal followed BabyBus' egregious and unreasonable behavior in the district court case, which in part formed the basis for the Fee Award Order and warrants an award of Moonbug's additional fees incurred since that order. This behavior included BabyBus' fabrication of evidence for trial—conduct that this Court sanctioned and cited in its Fee Award Order. *See Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 209 (2016) ("[A] court may order fee-shifting [under the Copyright Act] because of a party's litigation misconduct, whatever the reasonableness of his claims or defenses."). An award of the additional fees here would be appropriate because "conduct that goes beyond infringement to undermine the judicial process itself—such as submission of intentionally falsified evidence—necessarily interferes, on a fundamental level, with the purposes of the Copyright Act" by decreasing the reliability of legal recourse to enforce the Copyright Act's provisions. *See Spanski Enters., Inc. v. Telewizja Polska S.A.*, 278 F. Supp. 3d 210, 215–16 (D.D.C. 2017), *aff'd*, No. 18-7050, 2018 WL 11413156 (D.C. Cir. Nov. 27, 2018).

Awarding Moonbug its appellate fees would also deter BabyBus and other willful infringers from committing extensive willful infringement and then mounting unreasonable defenses and meritless appeals to compound the harm they cause. As the jury found, BabyBus built its entire infringing Super JoJo series by willfully violating Moonbug's copyrights. But BabyBus' positions have been unreasonable throughout the case—one of the Ninth Circuit panel judges even noted at oral argument that he had "never seen copying evidence quite as compelling as this record." Oral Argument, available at

https://www.ca9.uscourts.gov/media/video/?20250917/24-3748/, at 10:45). Awarding fees in such circumstances, including additional fees incurred on appeal, thus promotes the purposes of the Copyright Act by encouraging a party that is correct to litigate a case all the way to the end and incentivizing an "infringer with no reasonable defense . . . to give in quickly, before each side's litigation costs mount." *See Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1043 (9th Cir. 2018). BabyBus instead denied its obvious, willful infringement until the bitter end, forcing Moonbug to expend immense resources to vindicate its copyrights and ultimately prevail against a meritless appeal. Awarding appellate fees would therefore promote the purposes of the Copyright Act by discouraging egregious infringers from compounding the harm of their infringement by turning a straightforward copyright case into a war of attrition, as BabyBus did here. For these reasons, Moonbug requests an award of its additional fees in the amount of $535,155.25 in attorneys' fees based on 726.5 hours of work on the appeal. McHale Decl. ¶ 16, 18, Exs. 1, 2.

**B.     Plaintiff Is Separately Entitled to Recover Attorneys' Fees Incurred Enforcing and Collecting the Judgment**

The Court should also award Moonbug its reasonable fees incurred in enforcing the judgment against BabyBus in the face of BabyBus' efforts to avoid collection. Courts in the Ninth Circuit have awarded reasonable post-judgment enforcement fees where a federal statute permits it. *In re PersonalWeb Techs., LLC*, No. 18-CV-00767-BLF, 2023 WL 8701304 (N.D. Cal. Dec. 15, 2023) (awarding post-judgment fees under the Patent Act and noting "with grave displeasure" the "overriding theme" of party's "post-judgment conduct has been one of bad-faith evasion of the Court's judgment."). The Copyright Act allows for recovery of "full costs," including attorneys' fees, and thus permits the Court to award Moonbug its fees incurred collecting the judgment. 17 U.S.C. § 505; *Erickson Prods. Inc. v. Kast*, No. 13-CV-05472-DMR, 2021 WL 3887797, at *7 (N.D. Cal. Aug. 31, 2021) (*Kast I*) (finding supplemental fees under the Copyright Act would be appropriate and further the objectives of the Copyright Act, noting infringer's "unreasonable positions in the collection efforts . . . may both justify a supplemental fee award as well as deter [infringer] from similar future behavior"); *Erickson Prods. Inc. v. Kast*,

1  No. 13-CV-05472-DMR, 2022 WL 408436 (N.D. Cal. Feb. 10, 2022) (*Kast II*) (subsequently
2  awarding fees incurred relating to judgment enforcement and collection).

3        Here, BabyBus' extensive efforts to thwart collection of the judgment necessitated
4  Moonbug's enforcement efforts. Moonbug had to pursue targeted written discovery and
5  depositions to learn the scope of BabyBus' assets. When BabyBus stonewalled, Moonbug had to
6  seek court intervention, both to obtain the reasonable discovery it had sought and to uncover and
7  transfer assets BabyBus was withholding. *See generally* McHale Decl. ¶¶ 25–50. Only after
8  Moonbug had won those motions and ensured more discovery did BabyBus relent and pay. *Id.*¶
9  53. In the face of BabyBus' tactics, Moonbug's efforts were reasonable and ultimately forced
10 BabyBus to make payment. Denying enforcement fees would render the Court's prior fee award
11 incomplete and undermine the goal of the Copyright Act in deterring conduct like BabyBus'
12 actions here. *See Erickson Prods.*, 2021 WL 3887797.

13       For these reasons, Moonbug requests an award of additional attorneys' fees in the amount
14 of $397,992.75 in attorneys' fees based on 521.1 hours spent relating to work in the district court
15 action enforcing and collecting on the judgment and seeking its related fees. McHale Decl. Ex. ¶
16 20, Ex. 3.

17       **C.    Moonbug's Requested Fees Are Reasonable**

18       Because the Court has already exercised its discretion to award Moonbug its fees under
19 Section 505, the remaining inquiry is limited to whether Moonbug's additional fees are
20 reasonable. Moonbug's request for $933,148 in total attorneys' fees based on 1,247.6 hours of
21 work is reasonable. Moonbug's fees and costs are broken down as follows.

|  | Hours | Fees and Costs |
|---|---|---|
| Appeal | 726.5 | $535,155.25 |
| Judgment Enforcement | 519.7 | $397,992.75 |
| TOTAL | 1,246.2 | $933,148.00 |

McHale Decl. ¶ 19, 22. To the extent that BabyBus challenges the reasonableness Moonbug's
request for fees, the Court should order that BabyBus submit the time entries and rates of its

attorneys in this appeal and in opposing Moonbug's judgment enforcement efforts.

First, the rates of Moonbug's attorneys and paralegals, between $382.50–$1,125.00, are reasonable. This Court already found Moonbug's attorneys' rates to be reasonable in awarding Moonbug its pre-appeal fees. *See* Fee Award Order; Dkt.84 at 3. BabyBus did not challenge the reasonableness of these rates in the district court or appeal the Moonbug's award of pre-appeal fees. Although Moonbug's attorneys' rates have slightly increased since this case began nearly five years ago, they are still commensurate with the rates previously found to be reasonable and far below the market rate for BabyBus' attorneys and comparable attorneys. *See, e.g., Orthopaedic Hosp. v. Encore Med., L.P.*, No. 19-CV-00970, 2021 WL 5449041, at *14–15 (S.D. Cal. Nov. 19, 2021) (awarding fees at hourly rates as high as $1,260 for work performed by attorneys at Quinn Emanuel Urquhart & Sullivan, LLP); *Um Corp. v. Tsuburaya Prods. Co.*, No. 15-CV-03764, 2018 WL 11242020, at *12 (C.D. Cal. Aug. 1, 2018), *aff'd in relevant part*, 793 F. App'x 511 (9th Cir. 2019) (approving hourly rates as high as $960 in a copyright action six years ago, "which were allegedly 20% lower than what Quinn Emanuel would typically charge").

Second, the time Moonbug's attorneys spent was reasonable. As for the appeal, the time Moonbug's attorneys spent was reasonable in proportion to the judgment of $25,730,144.57 that was at stake. Dkt. 768. Reversal of the district court judgment would have threatened not only the sizable judgment but also the permanent injunction Moonbug secured following the jury's resounding verdict in its favor. *Id.* It was therefore critical and appropriate that counsel make every effort to secure affirmance of the judgment with their appellate presentations. BabyBus also alleged a slew of errors by the district court that required extensive work to oppose. BabyBus claimed that the district court erred in: (1) holding that the JJ character was protected by copyright on summary judgment, (2) jury instructions on filtering, (3) jury instructions on scenes a faire, (4) jury instructions on selection and arrangement, (5) jury instructions on substantial similarity and the finding of "thick" protection, (6) lack of jury instructions on merger, and (7) the verdict form. *See* Appeal Order. Moonbug's attorneys' time incurred was reasonable given that these numerous fact-intensive issues involved unique issues of copyright law and review of a formidable record, including fourteen volumes of transcripts of trial proceedings spanning

thousands of pages, and hundreds of trial exhibits. McHale Decl. ¶ 17.

Moonbug's attorney's time spent in the district court matter after the Court's Fee Award was also reasonable. While BabyBus ultimately completed payment to Moonbug, it did so only after Moonbug's counsel worked tirelessly for over a year to secure payment. *See generally* McHale Decl. ¶ 23–55. Moonbug's counsel had to spend time preparing the materials for writ of execution and to secure appropriate levies for collection of the judgment and seek discovery aimed at determining the scope of BabyBus' assets. *See id*. Moonbug's counsel also had to expend significant resources for Moonbug to file targeted motions to force transfer of BabyBus' assets when BabyBus would not identify or turn them over voluntarily. *See id.* And Moonbug's counsel was forced to spend time exhausting good faith efforts to work with BabyBus on collecting payment at multiple junctures, finally raising the issues for Court intervention only when necessary. *See id*. The Court repeatedly agreed with Moonbug and forced BabyBus to cooperate in discovery and assign assets, confirming Moonbug's efforts were warranted. *See, e.g.,* Dkt. Nos. 718, 732, 733, 765, 777. Thus, the additional fees that Moonbug requests are reasonable and warranted here.

### III. CONCLUSION

Moonbug respectfully requests that the Court enter a total award of $933,148 in attorneys' fees and costs and amend the judgment accordingly. *See Kast II*, 2022 WL 408436, at *6 (indicating issuance of an amended judgment with further fee award); *Erickson Prods. Inc. v. Kast*, No. 13-CV-05472-DMR, 2024 WL 5011954, at *9 (N.D. Cal. Dec. 6, 2024) (awarding fees for a third time and indicating an amended judgment would issue). Moonbug reserves the right to seek additional fees and costs for work done after the filing of this motion.

Respectfully submitted,
TYZ LAW GROUP PC

Dated: January 14, 2026

*/s/ Ciara McHale*
Ciara McHale

Attorneys for Plaintiffs
Moonbug Entertainment Limited and
Treasure Studio, Inc.